**RANDY J. RISNER**
Interim City Attorney, SBN 172552
**BY:     MEERA BHATT**
Assistant City Attorney, SBN 259203
**KATELYN M. KNIGHT**
Assistant City Attorney, SBN 264573
**FARRAH HUSSEIN**
Deputy City Attorney, SBN 305726
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Tel:     (707) 648-4545
Fax:     (707) 648-4687
Email: Meera.Bhatt@cityofvallejo.net
Katelyn.Knight@cityofvallejo.net
Farrah.Hussein@cityofvallejo.net

Attorneys for Defendants CITY OF VALLEJO and JARRETT TONN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NEFTALI MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; NORA MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; MICHELLE MONTERROSA, individually; ASHLEY MONTERROSA, individually,<br><br>    Plaintiff,<br><br>   vs.<br><br>CITY OF VALLEJO, a municipal corporation; JARRETT TONN, individually, and, Vallejo police officers DOES 1-25, inclusive,<br><br>    Defendants. | Case No:   **2:20-cv-01563-TLN-DB**<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DIMISS AND STRIKE COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>**Date:     December 3, 2020**<br>**Time:    2:00 p.m.**<br>**Ctrm.:   2** |

# Table of Contents

I. INTRODUCTION ................................................................................................ 7

II. FACTUAL BACKGROUND ............................................................................. 7

III. ARGUMENT .................................................................................................... 9

    A.   Legal Standard ............................................................................................. 9

    B.   The Third Cause of Action Fails as to Ashley and Michelle Monterrosa Because Siblings Cannot State a Claim for Violation of the Right to Familial Relationship, the Complaint Does Not Plead an Intent to Violate that Right, and the Involved Officer is Entitled to Qualified Immunity .............................................................................................. 10

    C.   The Fourth Cause of Action for First Amendment Right of Association by Plaintiffs Michelle and Ashley Monterrosa Fails Because the Facts Alleged Do Not Support this Claim and the Involved Officer is Entitled to Qualified Immunity ..................................................... 15

    D.   The Court Should Strike Paragraph 4 of the Prayer for Relief as it Seeks Relief for Statutory Violations that are Not Pled and are thus Immaterial ................................................ 16

IV. CONCLUSION ................................................................................................ 18

1

2

**Table of Authorities**

3

4

**Cases**

5

*Akhtar v. Mesa,* No. 2:09-cv-2733 MCE AC P (E.D. Cal. Apr. 25, 2013).................................. 13

*Ashcroft v. Iqbal,* 556 U.S. 662 (2009) ............................................................................. 9, 13

*Austin B. v. Escondido Sch. Dist.*, 149 Cal.4th 860, 883 (2007); ................................................ 17

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556-557 (2007)..................................................... 9

*Bell v. City of Milwaukee,* 746 F.2d 1205, 1246 (7th Cir. 1984)................................................ 10

*Cates v. Stroud*, U.S. App. LEXIS 30633 No. 18-17026 (9th Cir. Sep. 25, 2020)..................... 14

*Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-775 (9th Cir. 1994) ..................................... 9

*Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) ......................................................... 9, 15

*Fantasy v. Fogerty,* 984 F.2d 1524 (9th Cir. 1993). ........................................................................ 16

*Griffin v. Strong,* 983 F.2d 1544, 1548, (10th. Cir. 1993) ........................................................... 13

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ........................................................................ 14

*Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1149 ....................................... 17

*J.B v. Walsh County*, 127 F.3d 919 (10th. Cir. 1997 .................................................................. 12

*Lowery v. County of Riley,* 522 U.S. F.3d 1086 (10th. Cir. 2008)............................................... 14

*Marina Point, Ltd. V. Wolfson* (1982) 30 Cal.3d 721 ................................................................ 17

*Marsh v. County of San Diego*, 680 F.3d 1148 (9th Cir. 2012).................................................... 14

*Mitchell v. Forsyth*, 472 U.S. 511 (1985) ............................................................................. 14, 16

*Morley v. Walker,* 175. F.3d 756 (9th. Cir. 1999)....................................................................... 13

*Roberts v. United States Jaycees,* 468 U.S. 609, 617-18 (1984) ................................................ 15

*Sanchez v. Marquez,* 457 F. Supp. 359, 362 (D. Colo. 1978)..................................................... 10

*Saucier v. Katz*, 553 U.S. 194, 200 (2001). ............................................................................... 13

*Sidney-Vinstein v. A.H. Robins Co.,* 679 F.2d 880 (9th Cir. 1983 ................................................ 9

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). ........................................ 9

*Stamps v. Superior Court,* 136 Cal.App.4th 1441 (2006)........................................................... 17

*Trujillo v. Board of County Comm'rs,* 768 F.2d 1186, 1190 (10th Cir. 1985)(............................. 11

*Ward v. San Jose*, 967 F.2d 280 (9th Cir. 1992)..................................................................... 7, 10

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Statutes

42 U.S.C. § 1983 ................................................................................................ 15

Civil Code section 51 .......................................................................................... 18

Civil Code section 51.5 ....................................................................................... 18

Civil Code section 51.7 ....................................................................................... 18

Civil Code section 51.9 ....................................................................................... 18

Civil Code section 52 ............................................................................... 17, 18, 19

Civil Code section 52.1 ............................................................................ 17, 18, 19

Federal Rule of Civil Procedure Rule 12(b)(6) ............................................... 8, 10

Federal Rule of Civil Procedure Rule 12(f). ................................................... 8, 17

Federal Rule of Civil Procedure Rule 8(a) ......................................................... 10

Federal Rules of Civil Procedure Rule 12(g) ...................................................... 11

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on December 3, 2020  at 2:00 p.m. in Courtroom 2 of the United States Courthouse located at 501 I Street, Sacramento, California, Defendants City of Vallejo and Vallejo Police Officer Jarrett Tonn (collectively, "Defendants"), by and through their counsel of record, will move this Court for an order dismissing without leave to amend the third cause of action for "Fourteenth Amendment substantive due process right to familial relationship" and the fourth cause of action for "First Amendment right of association with Decedent Sean Monterrosa" by decedent's siblings, Plaintiffs Michelle and Ashley Monterrosa. Additionally, Defendants will move this Court for an order striking paragraph 4 of the Prayer seeking relief for violation of Civil Code sections 52 and 52.1.

Good cause exists to dismiss the third and fourth causes of action without leave to amend under Federal Rules of Civil Procedure Rule 12(b)(6) and to strike Paragraph 4 of the Complaint pursuant to Rule 12(f) on the following grounds:

(1) The third cause of action fails to state a claim upon which relief can be granted.  First, siblings do not possess constitutionally protected rights to each other's companionship. Second, even if they did, this claim would still fail. The Complaint does not allege that Defendants intended to interfere with any protected familial relationship or that their conduct was directed towards any such relationship.  Nor does the Complaint allege any facts that reasonably give rise to such an inference. Third, qualified immunity applies and is a complete defense, justifying dismissal before discovery begins.

(2) The fourth cause of action also fails to state a claim upon which relief can be granted. The sparse allegations do not provide notice as to the basis of the claim (i.e., whether Plaintiffs intend to allege violation of the freedom of association based on the constitutional right to engage in expressive activity or based on the constitutional right to maintain certain intimate relationships, as the law permits).  If Plaintiffs intend to base this claim on alleged violation of the right to maintain intimate relationships, this claim will fail.  The Complaint does not and cannot allege that

1  Defendants intended to interfere with this right, and even if they did, such intrusion

2  was justified.  Moreover, Defendants are entitled to qualified immunity.

3  (3) Paragraph 4 of the Prayer should be stricken as immaterial under Federal Rules of

4  Civil Procedure Rule 12(f) because it seeks relief for statutory violations that are not

5  pled.

6  This motion is based on this notice of and motion and motion, the memorandum of points

7  and authorities, the pleadings and other matters on file in this case, and any argument or evidence

8  as may be presented to the Court at the hearing of this matter.

10  DATED:  October 6, 2020                     Respectfully submitted,

12                                              */s/ Meera Bhatt*
                                                MEERA BHATT
13                                              KATELYN M. KNIGHT
                                                FARRAH HUSSEIN
14                                              Attorneys for Defendants
                                                CITY OF VALLEJO and JARRETT TONN

## MEMORANDUM OF POINTS & AUTHORITIES

### I.

### INTRODUCTION

Defendants respectfully move this Court for an order dismissing the third and fourth causes of action without leave to amend under Federal Rules of Civil Procedure Rule 12(b)6) and striking paragraph 4 of the Prayer under Federal Rules of Civil Procedure Rule 12(f).  These claims fail for several reasons.

The third cause of action for violation of Plaintiffs Ashley and Michelle Monterrosa's right to familial association under the Fourteenth Amendment fails because (1) it is well established that siblings do not have a constitutionally protected interest in their sibling's companionship (*Ward v. San Jose*, 967 F.2d 280 (9th Cir. 1992)); (2) the complaint does not allege facts demonstrating an intent to interfere the right to a familial relationship; (3) even if an intent could be supported, Defendants' interest in ensuring public safety and self-protection outweighs the competing interest, and (4) qualified immunity applies and justifies dismissal.

The fourth cause of action for violation of the right of association under the First Amendment fails because the allegations do not provide notice as to the basis of these claims, and do not support the claim on any theory.  The cause of action also fails because the involved officer is entitled to qualified immunity.  Finally, Plaintiffs' prayer seeking relief for violation of Civil Code sections 52 and 52.1 should be stricken as immaterial as Plaintiffs do not assert a cause of action for violation of either statute. For all of the reasons discussed herein and explained below, good cause exists to grant this motion in full.

### II.

### FACTUAL BACKGROUND

This case arises from an officer-involved shooting that took place on June 2, 2020. In the wake of the civil unrest following the killing of George Floyd, caravans of looters planned to target Vallejo and were systematically burglarizing pharmacies, marijuana dispensaries, and gun stores before recklessly fleeing at high speeds.  Portions of Vallejo City Hall were set on fire.

The City of Vallejo, along with most other Bay Area cities and counties[1], declared a local emergency and imposed a curfew. Despite the curfew, the City of Vallejo experienced an unprecedented onslaught of organized criminal activity on the night of the incident. Even with support from allied agencies, the City's police force was overwhelmed.

Just after midnight, a police captain assisting with patrol saw a group of looters breaking into the Walgreens at 1050 Redwood Street in downtown Vallejo. The Vallejo Police Department had received multiple 911 calls reporting criminal activity at that location and had already responded to two burglaries in progress. The captain called for assistance and three detectives from the Vallejo Police Department's specialized crime reduction unit in an unmarked police vehicle responded. Together, the team developed a plan to approach the parking lot from both sides to block in the looters' vehicles and take them into custody.

As the officers were pulling into the parking lot, the police captain saw one of the looters acting as a lookout with one hand to his mouth and his arm extended down holding what appeared to be a weapon—he broadcast over the radio that the suspects were "armed, possibly armed". The officers in the unmarked SUV activated their red and blue police lights and as they entered the parking lot, looters immediately began piling into two vehicles to flee the scene. At that moment, the officers in the SUV saw one of the suspects run from the Walgreens toward a black sedan waiting in the parking lot. Instead of entering the vehicle, the suspect abruptly stopped and turned toward the officers in a crouching down half-kneeling position as if in preparation to shoot and moved his hands toward what appeared to be the butt of a handgun near his waist. The officer seated in the rear of the SUV fired five shots at the suspect through the windshield. One of those shots hit the suspect, who was found to have the butt of a hammer protruding from the front pocket of his hooded sweatshirt, and who succumbed to the injury approximately an hour later. At the same time, the black sedan fled the scene and rammed into

---

[1] Including City of Oakland, City of San Jose, City of Palo Alto, City of Santa Clara, City of Pittsburg, City of Walnut Creek, City of Lafayette, City of Moraga, City of Orinda, City of Fremont, City of San Francisco, City of Berkeley, City of Alameda, City of Hayward, City of San Leandro, City of Antioch, City of Danville, City of Pleasant Hill, City of Concord, City of American Canyon, City of Santa Rosa, City of Windsor, Napa County, Solano County, Contra Costa County, San Mateo County, and Alameda County.

the police captain's vehicle, causing the airbag to deploy.

The National Guard deployed 8,000 troops throughout the State of California in late May and early June to combat the violence and criminal activity occurring around this time.  Troops were deployed to the City of Vallejo on June 2, 2020 and stayed for almost a week.

### III.

### ARGUMENT

**A.    Legal Standard**

A motion to dismiss is proper when the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. 12(b)(6).  A Rule 12(b)(6) motion tests the sufficiency of a complaint's allegations.  While the Court accepts as true well-pleaded factual allegations, "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Under Federal Rule of Civil Procedure Rule 8(a), pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556-557 (2007).

Pleadings must provide "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  In ruling on a motion to dismiss, the Court is not required to accept as true allegations that "are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). See also *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-775 (9th Cir. 1994) (same).

Regarding motions to strike, Federal Rules of Civil Procedure Rule 12(f) permits the Court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues." *Sidney-Vinstein v. A.H. Robins Co.,* 679 F.2d 880 (9th Cir. 1983).  The motion to dismiss and motion to strike are properly joined here pursuant to Federal Rules of Civil Procedure Rule 12(g)("a motion under

this rule may be joined with any other motion allowed by this rule.").

**B.  The Third Cause of Action Fails as to Ashley and Michelle Monterrosa Because Siblings Cannot State a Claim for Violation of the Right to Familial Relationship, the Complaint Does Not Plead an Intent to Violate that Right, and the Involved Officer is Entitled to Qualified Immunity**

This claim fails for several reasons.  First, siblings do not retain constitutionally protected rights to a familial relationship with each other.  This issue was expressly decided in *Ward v. San Jose*, 967 F.2d 280 (9th Cir. 1992). As in this case, in *Ward* the decedent's parents and siblings filed a 1983 wrongful death suit.  In affirming dismissal of the decedent's siblings, the Ninth Circuit found that neither the legislative history nor precedent supported finding a cognizable legal interest in the siblings' loss of companionship with the decedent.  *Id.* at 284.

Other circuits have similarly held that a sibling has no standing to bring a civil rights claim for loss of familial relationship.  In *Bell v. City of Milwaukee*, the Court reversed an award of damages to the decedent's siblings in a section 1983 action on the grounds that siblings had no constitutional interests in the loss of their sibling's society and companionship.  *Bell v. City of Milwaukee,* 746 F.2d 1205, 1246 (7th Cir. 1984).  The Court explained the basis for its holding.

> … if we were to hold that the federal Constitution entitles the siblings to recover for loss of society and companionship, there could be no principled way of limiting such a holding to the immediate family or perhaps even to blood relatives. Obviously many human relationships stem from the emotional attachments that derive from the intimacy of daily association, but we are unwilling to attach constitutional significance to such attachments outside the closely guarded parent-child relationships."

*Id.* at 1247.

While the bond between siblings may be great, the sibling bond materially differs from the parent-child bond.  In *Sanchez v. Marquez*, decedent's siblings filed a 1983 claim, alleging that defendants, an officer and sheriff, wrongfully killed their brother. The siblings alleged they had been constitutionally deprived of their rights to a familial relationship with decedent. *Sanchez v. Marquez,* 457 F. Supp. 359, 362 (D. Colo. 1978).  In granting defendants' motion to dismiss, the District Court stated:

> … where the right to raise, educate, and associate with one's own child may rise to constitutional dimension, the right of siblings to have their brother or sister continue living does not. The relationship between a parent and its offspring and the relationship between brother and sibling is not a difference in degree; it is a

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> difference in kind. Though one has a constitutional right to have or
> not have a child, one does not have constitutional right to have or
> not have a brother. The Fourteenth Amendment does not furnish
> plaintiffs' theory with an anchorage.

*Id.* at 363.

Based on established precedent, Plaintiffs' third cause of action should be dismissed as to plaintiffs Ashley and Michelle Monterrosa on the grounds that the law does not recognize a constitutional interest in loss of a sibling's companionship.

Second, even assuming the law recognized such an interest, this claim would still fail. The intent to interfere with a protected relationship is an essential element of a 1983 claim alleging deprivation of the right to familial association. The alleged conduct "will work an unconstitutional deprivation of the freedom of intimate association only if the conduct was *directed at that right*." *Trujillo v. Board of County Comm'rs,* 768 F.2d 1186, 1190 (10th Cir. 1985)(emphasis added). In *Trujillo,* the Court affirmed dismissal of plaintiffs' claim for loss of familial association in a section 1983 suit where the complaint did not allege that defendants intended to deprive plaintiffs of their right to protected relationships or directed their conduct towards that right. The Court explained the rationale for the intent requirement. Were intent not required, this would "permit a section 1983 claim by a parent whose child is negligently killed in an automobile accident with a state official, a result expressly disapproved [by the U.S. Supreme Court]. As the Seventh Circuit recognized in *Bell*, we must provide a logical stopping point for such claims." (*Id.*).

Here, the complaint does not allege defendants intended to deprive plaintiffs of any constitutionally protected relationship with decedent or directed their conduct towards any familial relationship. Nor does it allege facts that give rise to a reasonable inference of this. In fact, the allegations give rise to a contrary inference. The Complaint shows that the involved officer was motivated by his duty as a police officer to ensure public safety – not to intentionally deprive Plaintiffs of their relationship with decedent. For example, the Complaint alleges that:

- Defendant Officer Tonn[2] is employed as a police officer and was acting under color of state law and in the course and scope of employment in engaging in the conduct at issue. (Compl. ¶¶ 8, 10).
- Defendant Officer Tonn suspected decedent of looting.  (Compl. ¶ 11).
- Defendant Officer Tonn exclaimed that he believed the axe found in the decedent's sweatshirt was a gun to which another officer responded, "I thought he was armed too." (Compl. ¶ 15).

The Complaint's allegations lead to only one logical conclusion: the involved officer's conduct was directed at maintaining public safety and his own and others' protection – not to intentionally deprive Plaintiffs' family of decedent's companionship.  The Complaint does not and cannot allege that the involved officer intended to deprive Plaintiffs of their relationship with decedent.

*J.B v. Walsh County* is analogous to this case.  In *J.B.*, county employees acting under judicial order seized a child to question her for eighteen hours about her father's alleged sexual abuse of her. *J.B v. Walsh County*, 127 F.3d 919 (10th. Cir. 1997).  Granting defendants' summary judgment on plaintiff's claim that the government had impermissibly interfered with his Fourteenth Amendment right to familial association, the Court explained "not every statement or act that *results* in interference with the rights of intimate association is actionable. The conduct or statement must be directed at the intimate relationship with knowledge that the statements or conduct will adversely affect that relationship." *Id.* at 928 (emphasis in original). In ruling for defendants, the Court recognized the government's strong interest in protecting children from child abuse and stated:

> … we agree with the district court that while the County's objectives might have been accomplished within a shorter period, there is no evidence that the County officials intended to direct their conduct in this matter at the familial relationship … with knowledge that such conduct would adversely affect the relationship as required by law. Absent such evidence of

---

[2]  As discussed above, despite Plaintiffs' allegation that Officer Tonn was the responsible officer in this matter, the identity of the officer has not been released by the City of Vallejo to date, and a preliminary injunction issued by the Superior Court prohibits the City from releasing the officer's identity.

1

2

3

> willfulness or intent, the district court appropriately determined
> that no genuine issue of material facts exists as to plaintiff's
> substantive due process claims. We similarly conclude that the
> County officials' conduct did not impermissibly interfere with
> plaintiffs' right of familial association.

4   *Id.* at 928.

5   Like *J.B.*, the involved officer in this case had a strong interest in ensuring public safety

6   and protecting himself and his fellow officers.  The Complaint's allegations give rise to a

7   reasonable inference that the involved officer believed Monterrosa posed a threat of imminent

8   harm as Monterrosa was looting and the officer had information that he was possibly armed with

9   a gun.  As in *J.B.*, there is no evidence that the involved officer's conduct was directed at

10  decedent's family relationship, justifying dismissal.

11  Further, even assuming the Complaint alleged an intent to deprive Plaintiffs of the right

12  to familial companionship, that right is not absolute.  Where the government's interest outweighs

13  the interest in familiar association, the right to familial companionship must give way.  See

14  *Griffin v. Strong,* 983 F.2d 1544, 1548, (10th. Cir. 1993) (reversing district court's denial of

15  defendant's motion for directed verdict on a familial association claim under section 1983 on the

16  grounds that even though defendants intended to intrude on right of intimate association, the

17  right was not absolute. The government's interest in protecting children from abuse outweighed

18  the competing interest in the right of family association.)  Defendants' interest in ensuring public

19  safety and the community's safety and welfare is compelling and under the facts of this case,

20  Plaintiffs' cannot prevail.

21  Third and finally, the third cause of action fails because defendants are entitled to

22  qualified immunity.  Qualified immunity is a complete defense to section 1983 claims and

23  entitles defendants "not to stand trial or face the other burdens of litigation." *Saucier v. Katz*,

24  553 U.S. 194, 200 (2001).  The Supreme Court has instructed that qualified immunity "be

25  resolv[ed] … at the earliest possible stage in litigation.  *Id.*  It is well established that a Court

26  may grant a motion to dismiss based on qualified immunity.  *Ashcroft v. Iqbal,* 556 U.S. 662

27  (2009) (reversing denial of defendant's motion to dismiss based on qualified immunity); *Morley*

28  *v. Walker,* 175. F.3d 756 (9th. Cir. 1999); *Akhtar v. Mesa,* No. 2:09-cv-2733 MCE AC P (E.D.

Cal. Apr. 25, 2013).  As the Supreme Court has stated, "unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery."  *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985); *see also Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding that government officials performing discretionary functions are "entitled to qualified immunity so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.")

Evaluating a qualified immunity defense involves a two prong inquiry into: (1) whether the facts, taken in the light most favorable to the non-moving party, demonstrate that the officials violated a constitutional right, and (2) whether the right was clearly established at the time of the challenged conduct.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  The prongs may be evaluated in either order.  *Id.* at 236.  If the Court determines that the right was not clearly established at the time the conduct occurred, the official is entitled to immunity and the Court need look no further.  *See Marsh v. County of San Diego*, 680 F.3d 1148, 1152 (9th Cir. 2012). Recently, the Ninth Circuit affirmed summary judgment on the grounds that a police officer was protected by qualified immunity where the plaintiffs could not show a violation of a clearly established right, noting that there was no controlling precedent in the Ninth Circuit or sufficiently robust consensus of persuasive authority in other circuits. *Cates v. Stroud*, U.S. App. LEXIS 30633 No. 18-17026 (9th Cir. Sep. 25, 2020).

Here, Defendants are entitled to dismissal based on qualified immunity because Plaintiffs' third cause of action fails to state a violation of a clearly established law.  This was the case in *Lowery v. County of Riley*, where the Court of Appeals reversed a denial of qualified immunity on a loss of familial association claim.  *Lowery v. County of Riley,* 522 U.S. F.3d 1086 (10th. Cir. 2008).  In *Lowery*, the plaintiff was convicted of various crimes. However, his convictions were vacated a decade later when DNA testing proved his innocence.  The plaintiff and his daughter filed suit under 42 U.S.C. § 1983 alleging loss of familial association. Defendants sought summary judgment on the basis of qualified immunity, which the trial court denied.  In reversing denial of summary judgment, the Tenth Circuit noted that plaintiffs had

produced no evidence that any of the defendants directed their conduct at the familial

relationship or intended to interfere with a particular relationship.

The defects in this claim cannot be cured by amendment.  As noted, decedent's siblings

do not have a cognizable legal interest in decedent's companionship.  The complaint does not

allege nor can it allege (based on the contrary allegations) that defendants intended to interfere in

decedent's relationship with his parent or directed their conduct towards that relationship.

Further, the defense of qualified immunity applies.  These reasons compel dismissal.

**C.     The Fourth Cause of Action for First Amendment Right of Association by Plaintiffs Michelle and Ashley Monterrosa Fails Because the Facts Alleged Do Not Support this Claim and the Involved Officer is Entitled to Qualified Immunity**

Pleadings must provide "fair notice of what the claim is and the grounds upon which it

rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005).  As the Supreme Court has

explained:

> Our decisions have referred to constitutionally protected "freedom of association" in two distinct senses. In one line of decisions, the Court has concluded that choices to enter into and maintain certain intimate human relationships must be secured against undue intrusion by the State because of the role of such relationships in safeguarding the individual freedom that is central to our constitutional scheme. In this respect, freedom of association received protection as a fundamental element of personal liberty. In another set of decisions, the Court has recognized a right to associate for the purpose of engaging in those activities protected by the First Amendment – speech, assembly, petition for the redress of grievances, and the exercise of religion. The Constitution guarantees freedom of association of this kind as an indispensable means of preserving other individual liberties.

*Roberts v. United States Jaycees,* 468 U.S. 609, 617-18 (1984).  Here, Plaintiffs' threadbare

allegations do not provide notice as to the basis of this claim, leaving Defendants to speculate.

Are Plaintiffs intending to allege that Defendants violated Michelle and Ashley

Monterrosa's rights to associate with decedent for purposes of engaging in activities protected by

the First Amendment (i.e., speech, assembly, petition for redress of grievances)?  If so, the

Complaint is devoid of any allegations to support that claim.  In what way were Plaintiffs denied

these rights, by whom, and when?  The complaint does not allege any expressive purpose to the

siblings' associations with decedent or reveal any political, social, economic, etc. cause to their

associations with decedent.  All the Complaint alleges is that the involved officer killed the

decedent and thus deprived his siblings of the right of association.  Such sparse allegations do not provide Defendants with fair notice of the claim they must defend against.

Alternatively, are Plaintiffs intending to allege that Defendants impermissibly interfered with their right to maintain a relationship with decedent against undue intrusion?  If so, such a claim would fail as a matter of law.  In *Trujillo v. Board of County Comm'rs*, plaintiffs' claim that the decedent's wrongful death deprived them of the right of association was brought under both the First and Fourteenth Amendment. [3]  As discussed above, the law requires plaintiffs prove defendants intended to interfere with plaintiffs' right to a protected relationship and directed their conduct at the relationship.  Again, not only is the Complaint silent on this point but the allegations show the involved officer's actions were motivated by concerns for public safety and the safety of himself and fellow officers.

Regardless of which theory Plaintiffs pursue (i.e., freedom of association based on expressive activity protected by the First Amendment or the right to maintain certain human relationships), the allegations "do not state a claim of violation of clearly established law and [thus] a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell v. Forsyth*, 472 U.S. 511 (1985).

**D.    The Court Should Strike Paragraph 4 of the Prayer for Relief as it Seeks Relief for Statutory Violations that are Not Pled and are thus Immaterial**

While motions to strike are generally disfavored, a Court may order stricken from the pleading any immaterial matter.  Fed. R. Civ. Proc. 12(f).  "Immaterial" matter is matter that has no bearing on the controversy before the Court.  *Fantasy v. Fogerty*, 984 F.2d 1524 (9th Cir. 1993).  Here, paragraph 4 of the Prayer seeks relief for "violation of California Civil Code sections 52 and 52.1, statutory damages, and reasonable attorney's fees." However, the complaint does not state a cognizable claim under these statutes.

Civil Code section 52.1 is also known as the Bane Civil Rights Act.  It applies when a

---

[3]    The Trujillo court explained the allegation as framed by plaintiffs, noting that prior to *Roberts v. United State Jaycees,* 468 U.S. 609 (1984), some courts interpreted the First Amendment to protect relationships. *Trujillo v. Board of County Comm'rs*, 768 F.2d 1186, 1188 n.4 (10th Cir. 1985).

"person … whether or not acting under color of law, interferes by threat, intimidation or coercion, or attempts [to do so] … with the exercise or enjoyment by any individual … of rights secured by the Constitution or laws of the United States." To allege a Bane Act claim, Plaintiffs must plead allegations demonstrating: (1) defendants interfered with or attempted to interfere with plaintiff's constitutional or statutory right: (2) the plaintiffs reasonably believed if they exercised their constitutional right defendants would commit violence against them, or the defendants injured plaintiffs to prevent them from exercising their constitutional rights; (3) the plaintiffs were harmed; and (4) the defendants' conduct was a substantial factor in causing the plaintiffs' harm. *Austin B. v. Escondido Sch. Dist.*, 149 Cal.4th 860, 883 (2007); *Stamps v. Superior Court,* 136 Cal.App.4th 1441 (2006). There are no allegations that would support a claim defendants interfered by threat, intimidation, or coercion with plaintiffs' constitutional rights.

Civil Code section 52 is the enforcement mechanism for the Unruh Civil Rights Act codified in Civil Code section 51. It provides various remedies for violations of sections 51, 51.5, 51.6, 51.7, and 51.9. *Harris v. Capital Growth Investors XIV* (1991) 52 Cal.3d 1142, 1149. However, the complaint does not allege violations of any of these statutes, which prohibit arbitrary discrimination by business establishments. *Marina Point, Ltd. V. Wolfson* (1982) 30 Cal.3d 721.

For example, Civil Code section 51 provides that "all persons… are entitled to the full and equal accommodations … in all business establishments" "no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, etc." Civil Code section 51.5 states that "no business establishment … shall discriminate against, boycott or blacklist, or refuse to buy from … any person of any account [based on the protected classifications set forth in Civil Code section 51]." Civil Code section 51.6 is known as the Gender Tax Repeal Act. Civil Code section 51.7 prohibits violence or intimidation or threat of violence because of political affiliation or position in a labor dispute. Civil Code section 51.9 relates to sexual harassment. As the complaint does not allege how or in what way defendants violated any of the above statutes, the prayer seeking relief based on these violations is immaterial and should be

1    stricken.

2                                    **IV.**

3                              **CONCLUSION**

4           Defendants respectfully request the Court dismiss the third and fourth causes of action

5    without leave to amend.  As to the third cause of action, decedent's siblings do not have a

6    Constitutionally-protected interest in their sibling's companionship.  Further, the complaint does

7    not allege that Defendants intended to interfere with decedent's right to familial relationships or

8    any facts that reasonably give rise to such an inference.  In fact, such allegations would be

9    contrary to the complaint.  Moreover, even if such an inference could be supported, Defendants'

10   interest in ensuring public safety, his safety, and the safety of his fellow officers outweighs the

11   competing interest.  Finally, qualified immunity applies and justifies dismissal.

12          As to the fourth cause of action for right of association, the allegations do not provide

13   notice as to the basis of this claim.  If Plaintiffs intend to allege that Defendants violated the right

14   of association by violating Plaintiffs' right to maintain their relationship with decedent, such a

15   claim fails as the complaint does not and cannot allege an intentional interference with the right

16   to a protected relationship.  Further, the involved officer is entitled to qualified immunity.

17   Regarding the prayer seeking relief for violation of Civil Code sections 52 and 52.1, this prayer

18   should be stricken as immaterial as Plaintiffs do not allege violations of either statute.

19

20   DATED:  October 6, 2020                    Respectfully submitted,

21

22                                              /s/ Meera Bhatt
                                                MEERA BHATT
23                                              KATELYN M. KNIGHT
                                                FARRAH HUSSEIN
24                                              Attorneys for Defendants
                                                CITY OF VALLEJO and JARRETT TONN
25

26

27

28