UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NEFTALI MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; NORA MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; MICHELLE MONTERROSA, individually; ASHLEY MONTERROSA, individually,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; JARRETT TONN, individually, and, Vallejo police officers DOES 1-25, inclusive,<br><br>Defendants. | Case No:   2:20-cv-01563-TLN-DB<br><br>[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER |

Defendants City of Vallejo and Jarrett Tonn's motion for a protective order pursuant to *Gentile v. State Bar of Nev.*, 501 U.S. 1030 (1991) and *Levine v. U.S. Dist. Court for Cent. Dist. of California*, 764 F.2d 590, 591 (9th Cir. 1985) came on for hearing in this Court on December 3, 2020 at 2:00 p.m. in Courtroom 2, before the Honorable Troy Nunley, United States District Court Judge.  Assistant City Attorneys Meera Bhatt and Katelyn Knight appeared on behalf of Defendants.  Attorneys John Burris and Ben Nisenbaum appeared on behalf of Plaintiffs.

Having considered the Defendants' motion for protective order, the other pleadings and documents on file in this case, arguments, and evidence submitted by the parties, the Court finds good cause exists to issue an order GRANTING Defendants' motion for protective order.

The Court further finds that good cause exists to issue an order prohibiting Plaintiffs' counsel from making further public statements during the pendency of this action regarding:

(1) the character, credibility, or reputation of a party;

(2) the identity of a witness or the expected testimony of a party or a witness;

(3) the contents of any pretrial confession, admission, or statement given by a party or that person's refusal or failure to make a statement;

(4) the identity or nature of physical evidence expected to be presented or the absence of such physical evidence;

(5) the strengths or weaknesses of the case of either party;

(6) the character, credibility, or reputation of the Vallejo Police Department; and

(7) any other information counsel knows or reasonably should know is likely to be inadmissible as evidence and would create a substantial risk of prejudice if disclosed.

IT IS SO ORDERED.

Dated: _____          _____
                                         The Honorable Troy Nunley