JOHN L. BURRIS, Esq., State Bar #069888
BENJAMIN NISENBAUM, Esq., State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:   (510) 839-5200
Facsimile:    (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEFTALI MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; NORA MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; MICHELLE MONTERROSA, individually; ASHLEY MONTERROSA, individually,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>CITY OF VALLEJO, a municipal corporation; JARRETT TONN, individually, and Vallejo police officers DOES 1-25, inclusive,<br><br>　　　　　Defendants.<br>_____/ | Case No.  2:20-cv-01563-TLN-DB<br><br>**PLAINTIFFS' MOTION FOR SANCTIONS FOR NECESSITATING OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND OPPOSITION TO MOTION FOR CHANGE OF VENUE**<br><br>Time:　　2:00 p.m.<br>Date:　　January 7, 2021<br>Courtroom: 2<br><br>Honorable Judge Troy Nunley |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 7, 2021, at 2:00 p.m., Plaintiffs by and through their attorneys, will move this Court for sanctions, including an award of expenses and attorneys' fees pursuant to FRCP 11(c)(2), for necessitating the instant Oppositions to 1) Defendants' frivolous and intentionally misleading Motion for Protective Order and 2) their frivolous Motion for Change of Venue.

1

Plaintiffs' counsel met and conferred with defense counsel, who remained recalcitrant to their obligations under Rule 11 to not misrepresent information to this Court. Sanctions are necessary to deter repetition of Defendants' abuse of process.

This motion is based on the Memorandum of Points and Authorities, the Declaration of Benjamin Nisenbaum filed in support of this Motion and the concurrent Oppositions to Defendants' Motion for Protective Order and Motion for Change of Venue, and all documents and records filed in the case, and on such further written and/or oral argument and evidence as may be submitted.

## MEMORANADUM OF POINTS AND AUTHORITIES

### I.   FACTUAL AND PROCEDURAL BACKGROUND

1.  On June 2, 2020, Defendants held a press conference regarding the subject incident. A copy of the video is lodged with the Court in support of Plaintiff's Opposition to Defendants' Motion for Protective Order as Exhibit 1 to Ben Nisenbaum Declaration ("Nisenbaum Decl.").

2.  On June 5, 2020, the Vallejo Police Officers' Association (VPOA) released a press statement regarding the incident. A copy of the statement is attached to the Declaration of Ben Nisenbaum in Support of Plaintiff's Opposition to Defendants' Motion for Protective Order as Exhibit 2 to Nisenbaum Decl.

3.  On July 8, 2020, Defendants held a press conference regarding the subject incident. A copy of the video is lodged with the Court in support of Plaintiffs' Opposition to Defendants' Motion for Protective Order as Exhibit 4 to Nisenbaum Decl.

4.  On July 8, 2020, Defendants also released a press video containing body cam footage of the incident. A copy of the video is lodged with the Court in support of Plaintiffs' Opposition to Defendants' Motion for Protective Order as Exhibit 5 to Nisenbaum Decl.

5.  On October 6, 2020, Defendants filed a Motion for Protective Order and a Motion to Change Venue. Defendants' motions are premised on press attention of the subject incident that they contend was generated by Plaintiffs holding a press conference and making public statements on social media. Defendants' Motions are woefully deficient and never acknowledge Plaintiffs' counsel's First Amendment rights, as set forth in Plaintiffs' Oppositions to them. More significantly,

Plaintiffs' Motion for Sanctions re: Opposition to Motion for Protective Order and Opposition to Motion for Change of Venue
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

Defendants totally fail in their motions to inform the Court that Defendant WILLIAMS, presumably also speaking for Defendant CITY, *first* conducted press conferences and issued media releases, which assert as "factual" and "accurate," information that Defendant WILLIAMS does not have personal knowledge of, and which is contradicted by Defendant WILLIAMS' own press statements, as set forth in Plaintiffs' Oppositions to Motion for a Protective Order and Motion for Change of Venue.  In addition, Defendants released video not just of the subject-incident shooting of Decedent, but also inflammatory video of subjects unrelated to the subject-incident shooting of Decedent vandalizing a security camera in—yet another—obvious effort to malign improperly Decedent SEAN MONTERROSA publicly.

   6.   There are essentially two periods of public media contact by Defendant WILLIAMS at issue.  Defendant WILLIAMS initially, *on the date of the subject incident*, spoke to the *media at a press conference* that Decedent SEAN MONTERROSA was on his knees with his hands above his waist (and the only object being found: a hammer in his sweatshirt pocket), meaning his hands were empty when he was shot.  The Vallejo Police Officers' Association (VPOA) then *released its own* press account claiming that Decedent turned on Defendant TONN's police vehicle in a crouching, shooting position.  Subsequently, in the next set of media accounts, Defendant WILLIAMS, while claiming he had never said anything contrary, essentially adopted the factual account set forth by the VPOA.  Defendants entirely omit their own public media efforts from their motion, even as those public events were obviously designed to disseminate misinformation to the public.  The failure to include this relevant information in their motion is a clear effort to blind and mislead this Court in violation of Rule 11.  Defendants are guilty of the conduct of which they accuse Plaintiffs' counsel: trying to mislead the public through various media accounts.  Moreover, they have requested that this Court bar Plaintiffs' counsel's First Amendment rights while they have wantonly exercised their own First Amendment rights.  Most significantly, they have deliberately failed to inform this Court of their own exercise of their First Amendment rights and feign ignorance; as if Plaintiffs' counsel's public statements occurred in a vacuum.

   7.   Plaintiffs' counsel notified Defendants three days after the subject incident of their representation of Plaintiffs in the instant case, on June 5, 2020, and demanded preservation of

3

Plaintiffs' Motion for Sanctions re: Opposition to Motion for Protective Order and Opposition to Motion for Change of Venue
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

evidence by the same June 5 correspondence (See Exhibit 6 to Nisenbaum Decl.). Defendant CITY's police department subsequently destroyed evidence including the windshield Defendant TONN fired through, which contained discoverable relevant evidence, without providing Plaintiffs' counsel an opportunity to inspect it.  Defendants omit this June 5, 2020 correspondence from their instant motion, and instead misrepresent to the Court that the first demand to preserve evidence from Plaintiffs' counsel came on July 9, *after* the destruction of the windshield was made public. Defendants' failure to identify the June 5 initial demand to preserve evidence, and to pretend that Plaintiffs took advantage of the media reports of the windshield destruction, is yet another effort to misguide this Court.

8. On October 27, 2020 Plaintiffs' counsel initiated a meet-and-confer, via email, with defense counsel after Defendants filed the instant Motion for Protective Order and Motion for Change of Venue. (See Exhibit 7 to Nisenbaum Decl., email chain between counsel entitled: "Monterrosa Meet and Confer: Rule 11 issues"). Included in that October 27 email was a specific statement to Defense counsel to withdraw their baseless Motion for Protective Order and Motion for Change of Venue that would require Plaintiffs' counsel to prepare oppositions:

> "Before I invest significant time in opposing them, I ask that you withdraw both your Motion for Protective Order and your Change of Venue Motion. They are both sorely wanting. Defendants do not get to be the only party that speaks publicly. The effort to impose prior restraint and infringe on Plaintiffs' First Amendment rights, while the Defense has wantonly exercised its own First Amendment rights in this case, is unconscionable and baseless, particularly in light of Defendants' own actions and conduct."

7. On November 3, 2020, Defendants' counsel responded to Plaintiffs' counsel's meet-and-confer. Defendants' counsel refused to withdraw their motions, and claimed that the police-media statements were responsive to public information requests.  Defendants' counsel feigned outrage in her responsive meet-and-confer at the notion that the instant motions would have been filed at the prompting of the Vallejo police union. Plaintiffs' counsel's meet-and-confer merely pointed out that if that were the case, it would not be sufficient to satisfy the Rule 11 standard (just as signing a motion is not sufficient on its own for a filing to satisfy Rule 11, instead it is a warranty that the filing does not violate Rule 11).  Given the VPOA's press release in this case, and the Chief's subsequent about-face regarding whether Mr. MONTERROSA was on his knees when he was shot,

4

as set forth in Plaintiff's Opposition to the instant Motion for Protective Order, and the Vallejo City Attorney's instant filings intended to silence Plaintiffs' counsel in violation of Plaintiffs' counsel's First Amendment rights, Plaintiffs attach as Exhibit 9 to Nisenbaum Decl., an article serendipitously published in the New Yorker recently, on November 16, 2020: "How A Deadly Police Force Ruled A City *After Years of Impunity, the Police in Vallejo, California, Took Over The City's Politics And Threatened Its People.*"

8. Attorneys in our office have incurred significant attorney fee time in opposing Defendants' Motion for Protective Order and Motion for Change of Venue. The time I have spent is itemized as follows:

| Date | Activity | Time (hours) |
|---|---|---|
| 10/8/20 | Brief review Motions for Protective Order and change of Venue | 0.75 |
| 10/27/20 | Research Motions for Protective Order and Change of Venue, google Search Williams and VPOA public statements | 1.6 |
| 10/27/20 | Draft M&C email to Defendants' Counsel | 0.75 |
| 10/27/20 | Begin draft Opp to Protective Order | 1.1 |
| 11/03/20 | Review Defendants' Counsels' email response | 0.1 |
| 11/9/20 | Continue draft Opp to Protective Order | 3.25 |
| 11/10/20 | Continue draft Opp to Protective Order | 1.4 |
| 11/16/20 | Continue draft Opp to Protective Order | 4.5 |
| 11/17/20 | Draft Opposition to Motion for Change of Venue | 3.7 |
| 11/18/20 | Finish drafts, research sanctions | 2.0 |
| 11/18/20 | Final draft, prep declaration, prep motion for sanctions | 4.5 |
| 11/19/20 | Complete sanctions motion, finish all docs | 2.5 |
| | Total hours: | 26.15 |

My colleague, Ayana Curry, has spent 29.40 hours opposing Defendants' Motion for Change of Venue and the instant Motion for Sanctions. Ms. Curry's itemized hourly billing is attached to the Nisenbaum Decl. as Exhibit 12. Plaintiffs' counsel anticipates further expenses and attorneys' fees will be incurred if this matter continues to a hearing, and will provide updated expense and attorneys' fees information at the Court's convenience.

9. Both attorneys Nisenbaum and Curry's most recent fee petitions, submitted recently in connection with Plaintiffs' verdict in *Tindle v. Mateu,* is attached to the accompanying Declaration of Benjamin Nisenbaum (as Exhibits 10 and 11 (exhibits omitted)) in support of Plaintiffs' counsels'

5

Plaintiffs' Motion for Sanctions re: Opposition to Motion for Protective Order and Opposition to Motion for Change of Venue
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

hourly rate of $750. Both attorneys Nisenbaum and Curry's most recent fee award in this District is $280 per hour. See *Tan Lam v. City of Los Banos*, No. 215CV00531MCEKJN, 2019 WL 2103407, at *2 (E.D. Cal. May 14, 2019). Defendants should be sanctioned the amount of work they necessitated Plaintiffs' counsel to needlessly incur by Defense counsel's misguided efforts to manipulate the Court into issuing a protective order against Plaintiffs and to change venue by withholding their own media efforts to manipulate the public, in a total amount of $41,662.50 to date.

## II.   ARGUMENT

By presenting to this Court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. FRCP 11(b).

A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses that result directly from the violation. FRCP 11(c)(4).

The instant motions for a protective order and to change venue in this case are both frivolous and both materially mislead the Court:  They omit Defendants' own media efforts while they try to silence Plaintiffs' counsel in violation of Plaintiffs' counsel's First Amendment rights.  When given the opportunity to correct the record, Defendants' counsel declined to do so.

Defendants knew of the defects in their motions when they filed them, because they are the ones who made and distributed their public statements and information, and they are the ones who failed to include in their motions their own public media efforts. Defense counsel had received the

6

Plaintiffs' Motion for Sanctions re: Opposition to Motion for Protective Order and Opposition to Motion for Change of Venue
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

June 5, 2020 letter of representation and demand to preserve evidence (attached to Decl. Nisenbaum Ex. 6), but misrepresented to the Court—identifying only the July 9th communication from Ms. Nold—to make it falsely appear to the Court as if Plaintiffs' counsel was taking advantage of the media report of the destroyed windshield.  The June 5 letter of representation and demand to preserve evidence was sent to the Interim City Attorney himself, whose office filed these motions.  Defense counsel's conduct in filing these motions while excluding the reality of their own media efforts is duplicitous and merits sanctions under Rule 11. When given the opportunity to correct the error of their ways, Defense counsel declined to do so.  What happens when less-able counsel are confronted with similar conduct by defendants and defense counsel? Is this implicit permission for Defense counsel to present such misrepresentations to the Court?  Has defense counsel committed similar violations of Rule 11 that have not been contested?  Plaintiffs' counsel has not looked into that, but if the instant-motions are any indication, the answer may well be in the affirmative. Rule 11 requires an objective assessment of an attorney's action to determine whether an abuse of judicial process exists, and impose an appropriate sanction to deter the misconduct.  *Fed.R.Civ.P.* 11, see also *O'Brien v. U.S. Dept. of Justice* 927 F.Supp. 382, 385 (USDC D. Arizona, July 13, 1995).

### (a). Defendants' Counsels' Arguments are Frivolous and in Bad Faith

"Rule 11 sanctions may be imposed 'if the [pleading] filed in district court and signed by an attorney or an unrepresented party is frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.'" *Samuel v. Michaud*, 980 F. Supp. 1381 (D. Idaho 1996) quoting *Zaldivar v. City of Los Angeles,* 780 F.2d 823, 831 (9th Cir.1986).

In *Samuel*, the Court imposed sanctions on plaintiff for filing a frivolous appeal. The Court found that Plaintiff should have known their filing was without merit. Here, like in *Samuel,* counsel for Defendants knew their Motion for Protective order was in bad faith because they omitted their own pre-emptive media efforts from the Motion and it is, at the very least, frivolous and without merit. While bad faith is not required for Rule 11 sanctions, sanctions may be imposed if a party merely files a frivolous pleading. In this case, counsel for Defendants frivolously pled a Motion for Protective Order and filed it in bad faith, as fully set forth in Plaintiffs' Oppositions to Defendants'

7

Plaintiffs' Motion for Sanctions re: Opposition to Motion for Protective Order and Opposition to Motion for Change of Venue
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

Motions for a Protective Order and to Change Venue. Defendants wholly omitted their own extensive media efforts, which demonstrated an effort to malign decedent SEAN MONTERROSA.

On June 2, 2020, Vallejo Police Department held a press conference to release information about the case (Nisenbaum Decl., Exh. 1). Then on July 8, 2020, Defendants held another press conference (after being notified of Plaintiffs' counsel's representation and demand to preserve evidence on June 5, 2020). During each of these conferences, Defendants sought to establish certain facts about the case in the eyes of the public (though inconsistent facts). For example, the Vallejo Police Chief initially described the shooting as happening when Mr. MONTERROSA was on his knees, with his hands at his waist level, indicating that nothing was in his hands. However, the Chief later retracted his initial statement, apparently after being prompted by the police union for Vallejo Police Officers, and instead claimed that Mr. MONTERROSA was in a crouched position as if he were attacking the patrol vehicle. (See Nisenbaum Decl., Exh. 2; Exh. 4, at 1 min:55 sec-2 min:13 sec.) It is apparent that the City of Vallejo is attempting to shield the truth on a matter that concerns the public. Then, on October 6, 2020, Defendants filed their Motion for Protective order and Motion to Change Venue. In their motion, they allege Plaintiffs' counsel sought to taint the jury pool by speaking with the press, which appears to be exactly what Defendants have done. Defendants' are wantonly asserting their own First Amendment right, while trying to silence Plaintiffs' counsel in violation of their First Amendment rights.

**(b). Defendants' Counsel Withheld Evidence from the Court**

"Rule 11 imposes a duty on parties to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and 'not interposed for any improper purpose.' Before filing a complaint, a party has an 'affirmative duty' to conduct reasonable inquiry into both the facts and the law asserted. *Lloyd v. Schlag,* 884 F.2d 409, 412 (9th Cir. 1989). If a violation is determined, sanctions must be imposed. *Townsend v. Holman Consulting Corp.,* 929 F.2d 1358, 1362 (9th Cir.1990) (en banc)." *Samuel.*

Here, Defendants' counsel failed to provide factual evidence to the court that contradicted their Motion for Protective Order and Motion to Change Venue. Defendants' counsel possessed evidence of Defendants' press conferences and certainly knew of Defendants own conduct. Even if

8

Plaintiffs' Motion for Sanctions re: Opposition to Motion for Protective Order and Opposition to Motion for Change of Venue
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

defense counsel did not know of their client's conduct (unlikely as that prospect is), any reasonable lawyer would have checked with their clients or even just checked google to see what public efforts Defendant CITY and WILLIAMS had made. Of course, the information they hid from the Court moots the arguments in their Motion for Protective Order and Motion for Change of Venue. In Defendants' Motions, they argue that Plaintiffs' are tainting the jury pool. They sought to prevent Plaintiffs' counsel from speaking about the case in an alleged attempt to prevent the jury pool from being tainted. However, it is counsel for Defendants that initially spoke to the press and continued media efforts. Defendants' instant motions are baseless and made in bad-faith, as evidenced by the failure to inform the court of their own media efforts.

### (c). Defendants' Counsel Failed to Correct or Withdraw Their Motions

A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion. FRCP 11(c)(2).

Here, on October 27, 2020, Plaintiffs' counsel contacted Defendants' counsel regarding Defendants' Motion for Protective Order and Motion for Change of Venue. Plaintiffs' counsel specifically requested Defendants' counsel correct the omissions in their motions. See Exh. 7. However, on November 3, 2020 counsel for defendants stated they would not withdraw or correct their motions.

"The Court in *Townsend* noted that sanctions must be imposed if either (a) the paper is filed for an improper purpose or (b) the paper is frivolous. 929 F.2d at 1362. The word 'frivolous' is shorthand used to denote a filing that is both (i) baseless and (ii) made without a reasonable and competent inquiry. *Id.* In determining whether a filing is baseless and whether an inquiry is reasonable, the Court looks to 'all the circumstances of [the] case.' *Id.* at 1364 (quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 401, 110 S. Ct. 2447, 2458, 110 L. Ed. 2d 359 (1990))." *Samuel.*

9

Plaintiffs' Motion for Sanctions re: Opposition to Motion for Protective Order and Opposition to Motion for Change of Venue
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

Here, Defendants' counsels' motions are both baseless and made without a reasonable and competent inquiry. Defendants' motions were filed for the improper purpose of limiting Plaintiffs' counsels' First Amendment right to free speech, while simultaneously participating in the behavior they seek to prevent. Furthermore, Plaintiffs have met their burden of proof in showing that Defendants' counsel intentionally misled the Court by withholding evidence of their own actions as well as misrepresenting Ms. Nold's actions.

## CONCLUSION

Defendants' counsels' motions are premised on actions that they themselves participated in and initiated.  As a result of Defendants' frivolous and misleading Motions for a Protective Order and to Change Venue, counsel for Plaintiffs' counsel has incurred significant time in opposing their motions. Plaintiffs' counsel meet-and-conferred, requesting that Defendants withdraw their Motions, and Defendants' counsel flatly refused.  Plaintiffs respectfully ask this Court to impose sanctions in the amount of $41,662.50 against Defendants' counsel for their sham Motions.

Dated:  November 19, 2020

Respectfully submitted,

**Law Offices of John L. Burris**

/s/Benjamin Nisenbaum
Ben Nisenbaum
Attorney for Plaintiffs

Plaintiffs' Motion for Sanctions re: Opposition to Motion for Protective Order and Opposition to Motion for Change of Venue
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB