**VERONICA A.F. NEBB**
City Attorney, SBN 140001
**BY:   MEERA BHATT**
Assistant City Attorney, SBN 259203
**KATELYN M. KNIGHT**
Assistant City Attorney, SBN 264573
**FARRAH HUSSEIN**
Deputy City Attorney, SBN 305726
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687
Email: Meera.Bhatt@cityofvallejo.net
Katelyn.Knight@cityofvallejo.net
Farrah.Hussein@cityofvallejo.net

Attorneys for Defendants CITY OF VALLEJO and JARRETT TONN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NEFTALI MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; NORA MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; MICHELLE MONTERROSA, individually; ASHLEY MONTERROSA, individually,<br><br>         Plaintiff,<br><br>    vs.<br><br>CITY OF VALLEJO, a municipal corporation; JARRETT TONN, individually, and, Vallejo police officers DOES 1-25, inclusive,<br><br>         Defendants. | Case No:   2:20-cv-01563-TLN-DB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER**<br><br>Date:    December 3, 2020<br>Time:   2:00 p.m.<br>Crtrm:  2 |

A.  **The Issue Before the Court is Whether Counsel's Speech Presents a Substantial Likelihood of Prejudicing the Integrity of the Pending Proceedings**

This is a motion for a protective order to limit pre-trial publicity. The issue before the Court is whether the Burris Firm's publicity campaign presents a substantial likelihood of prejudicing the integrity of the pending proceedings. *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1032, 1074-75 (1991); *Levine v. U.S. Dist. Court for Cent. Dist. of California*, 764 F.2d 590, 596 (9th Cir. 1985). The extensive press conferences, interviews, social media postings, and commentary by the Burris Firm, submitted by Defendants in support of this motion, are of such an inflammatory and unfairly prejudicial nature that they are substantially likely to prejudice the integrity of these proceedings. The Court has a duty to make any orders necessary to minimize that prejudice, and Defendants respectfully request that the Court grant this motion for protective order. *See Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979)("To safeguard the due process rights of the accused, a trial judge has an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity…And because of the Constitution's pervasive concern for these due process rights, a trial judge may surely take protective measures even when they are not strictly and inescapably necessary.")

Plaintiffs' counsel argues that the Defendants are also attempting to control the public narrative, asserting that the City of Vallejo made statements to the media through its Chief of Police during two press conferences. First, unlike Plaintiffs' counsel, as a government agency, the City owes the public transparency and accountability. The City is subject to the requirements of the Public Records Act and Penal Code § 832.7. Under Penal Code § 832.7, the City is legally required to release records related to officer-involved shootings. Consistent with those obligations, the Chief of Police held a short press conference shortly after the officer-involved shooting at issue, and a second press conference on July 8, 2020 to answer questions regarding the release of video footage. The video footage depicting the incident was required to be released within 45 days of the incident pursuant to Government Code § 6254(f)(4)(A)(ii). The City released the video footage because it was legally required to do so as a government agency. Plaintiffs' assertion that the City released the footage in an effort to further some purported agenda is unfounded.

Case No. 2:20-cv-01563-TLN-DB                REPLY ISO MOTION FOR
                                              PROTECTIVE ORDER
-2-

Second, the City's limited release of information related to the underlying incident drastically differs from the sweeping media campaign led by the Burris Firm. The City has released basic information about what occurred[1] consistent with its legal obligations, and has responded to questions from the public and media, while reiterating that the investigation into the matter is in its early stages and only limited information could be shared. Plaintiffs' attorneys, by contrast, have spoken at length about the evidence and the background and character of the parties, given multiple press interviews, and held a 46-minute press conference whereby they effectively tried their case in the media to a prospective jury pool. During this lengthy press conference, Plaintiffs' counsel held up demonstrative exhibits, explaining to the prospective jury pool what they believe the evidence at trial will prove. Plaintiffs' counsel went even further, by baselessly accusing the City of destroying video footage[2] and engaging in a "cover up"[3], and making repeated inflammatory statements about the department and Officer Tonn. The City's communications and those of Plaintiffs' counsel are not comparable.

Third, Plaintiffs' accusation that the City is itself trying to control the public narrative has no bearing on the issue of whether a protective order is needed to protect Defendants' right to a fair trial. If Plaintiffs believe they need a protective order limiting Defendants' speech, they have a remedy. Defense counsel even offered to stipulate to a protective order binding all parties, however Plaintiffs' counsel did not accept. Defense counsel would have no objection to Court granting Defendants' request for a protective order, but making it a mutual order binding on all counsel or on all parties.

Ironically, while accusing the City of trying the public narrative, Plaintiffs' counsel also complains that the City is shrouding in secrecy the truth of a matter of public interest. Plaintiffs'

---

[1] For example, see the City of Vallejo's press release the day following the incident: https://www.cityofvallejo.net/city_hall/departments___divisions/police/public_information/officer_involved_shooting__june_2__2020

[2] Knight Decl., Exs. 14, 21.

[3] Knight Decl., Ex. 17. *See also* Retweet from July 16, 2020 "**I cannot stress enough that the Vallejo Police Department is engaged in a coverup of their murder of unarmed Sean Monterrosa**. American policing is rotten to the core. Don't wait to speak up until it happens to somebody you know. #Justice4Sean" and tweet from July 17, 2020 "But fyi @SpeakerPelosi **Vallejo PD has been murdering people, destroying evidence and covering up their own crimes for decades.** This isn't a new problem in Vallejo. Justice for... #SeanMonterrosa #WillieMcCoy #AngelRamos #AntonBarrett #RonellFoster #MarioRomero And on and on..." Knight Decl., Ex. 19 (emphasis added).

counsel does not represent the public at large. They represent the Monterrosa family in a legal action for damages. Further, as noted above, the City cannot keep the incident or surrounding circumstances secret. As soon as the criminal investigation and review of the underlying incident are complete, the entire case file will be released to the public pursuant to California Penal Code § 832.7(b)(1)(A)(i). This motion is not about maintaining the secrecy of matters, which will ultimately be public record. It is about protecting the integrity of the judicial process by stopping Plaintiffs' counsel from making statements that are likely to unfairly sway public opinion, taint the jury pool and/or leverage a larger settlement from City officials than the case otherwise warrants.

Defendants' limited release of information stands in stark contrast to Plaintiffs' counsel's media blitz. Plaintiffs' counsel contends that they have spoken only about information that is a matter of public record. That is not the case. Plaintiffs' counsel has attacked the credibility of witnesses, leveled baseless accusations that the Police Department destroyed video footage and engaged in a cover-up of the incident, and met with the District Attorney in an attempt to influence her to charge the involved officer, among other things. Plaintiffs' counsel's actions go far beyond merely conveying factual information that is a matter of public record.

**B. The Burris Firm's First Amendment Right to Speech Cannot Infringe Upon Defendants' Fifth Amendment Right to Due Process**

Counsel's right to free speech on matters of public debate under the First Amendment is not without limitation. As attorneys, they also have certain restrictions on those rights and an obligation not to engage in public debate that has a substantial likelihood of prejudicing ongoing proceedings. *Neb. Press Ass'n v. Stuart*, 427 U.S. 539, 601, n.27 (1976); California Rules of Professional Conduct, Rule 3.6. Further, the right to free speech must always be balanced against the right to due process of law under the Fifth Amendment. It is well established that a protective order limiting speech by those participating in a pending court proceeding is appropriate where the activity restrained poses either a clear and present danger or a serious and imminent threat to a protected competing interest. *Levine v. U.S. Dist. Court for Cent. Dist. of California*, 764 F.2d 590, 596 (9th Cir. 1985).

Defendants have demonstrated that Plaintiffs' counsel's speech poses a clear and present

danger to Defendants' right to fair trial by an impartial jury.  Plaintiffs' counsel has spoken to the District Attorney and asked her to prosecute the involved officer, or recuse herself from the criminal review.  (Knight Decl., Ex. 13.)  She recused herself from the criminal review less than two weeks later.[4]  Plaintiffs' counsel made baseless statements to the media asserting that the City destroyed video footage of the incident.  (Knight Decl., Ex. 14, 21.)  Upon learning that the vehicle from which the officer fired was placed back in service, Plaintiffs' counsel immediately told the San Francisco Chronicle that the City had destroyed evidence of the shooting, then told the media that a lieutenant was trying to misdirect the investigation by destroying the windshield, stating: "The lieutenant must have thought it had significance because he destroyed it" and "someone did this deliberately".  (Knight Decl., Exs. 15, 17; https://abc10.com/embeds/video/103-0534f309-a348-468d-972c-c00b06a492c6/iframe?jwsource=cl.)

Plaintiffs' counsel has characterized Officer Tonn, whom they believe to be the shooting officer, as "potentially homicidal"[5], "trigger-happy"[6], and "scared to death by any little thing, shooting at anything that moved with a rifle"[7].  Plaintiff's counsel also attempted to influence the public and provoke a fear reaction (a well-known reptile theory technique), stating: "right now we don't know who the next person that he's going to shoot or kill is.  We don't know when that will happen, but the odds are very good there is going to be another person, and probably more than one if it keeps it up."  (Knight Decl., Ex. 1 at 38:38-38:52.)  Plaintiffs' counsel made other statements attempting to discredit the witness officers: "I find it hard to believe that the officers in the front seat of the car saw what they thought (the officer who fired the rifle) saw, because why didn't they shoot?" and "Why didn't the passenger shoot if they saw a guy point a gun at them? Obviously they didn't, because he didn't have a gun."  (Knight Decl., Ex. 18.)

These are just some of the examples of statements made by Plaintiffs' counsel to the public and the media regarding this case.  The Supreme Court has recognized that statements

---

[4] https://www.youtube.com/watch?v=QVdgk9MVZ6k

[5] Knight Decl., Ex. 1 at 15:16-15:22
[6] Knight Decl., Ex. 1 at 15:16-15:22
[7] Knight Decl., Ex. 1 at 29:03-29:18

made by legal counsel involved in a case pose a particular danger of prejudice because they are likely to be received as especially authoritative. *Gentile v. State Bar of Nev.*, 501 U.S. 1030, 1074 (1991).  And indeed, there is already evidence that the Burris Firm's media campaign has had a prejudicial impact.  As noted above, the District Attorney made an announcement that she would recuse herself from criminal review of the incident due to a "perceived conflict" shortly after Plaintiffs' counsel asked her to do precisely that[8], there is an online petition for the termination of Officer Tonn with more than 5,000 signatures,[9] and on July 17, 2020, Speaker of the House Nancy Pelosi called for an FBI investigation into the incident, citing "[r]ecent reports that key evidence in the investigation was destroyed"[10].  In just the few months since the shooting, Plaintiffs' counsel has ensured that any google search related to the incident will yield in a barrage of highly prejudicial statements and media reports, made without a fair analysis of the underlying evidence or issues.

In their opposition to this motion, Plaintiffs rely heavily on *Hurvitz v. Hoefflin*, 84 Cal. App. 4th 1232 (2000), a California case wherein a cosmetic surgeon was accused of having engaged in inappropriate conduct with respect to his anesthetized patients, some of whom were celebrities.  The trial court granted a protective order prohibiting the parties from disclosing the identities of the patients, however the appellate court reversed in part, finding that the privacy interests of the patients did not justify a prior restraint on speech, and that the trial court's speculation that the information might prejudice potential jurors was not equivalent to a finding that a substantial risk of prejudice existed.  *Id.* at 1242-43("The trial court based its order in part on its finding 'needless dissemination of this privileged information . . . might prejudice potential jurors.' This does not constitute a finding a risk of prejudice actually exists, and indeed there is no evidence in the record to support such a finding.").

Unlike *Hoefflin*, the Defendants have produced hundreds of pages of evidence of highly-prejudicial statements made by Plaintiffs' counsel to the media and to the public directly.

---

[8] https://www.youtube.com/watch?v=QVdgk9MVZ6k
[9] https://www.change.org/p/chief-shawny-williams-fire-and-arrest-officer-jarrett-tonn-of-vallejo-pd-for-the-murder-of-sean-monterrosa
[10] https://www.speaker.gov/newsroom/71720-0

| Case No. 2:20-cv-01563-TLN-DB | REPLY ISO MOTION FOR PROTECTIVE ORDER |
|---|---|

Additionally, California Superior Court Judge E. Bradley Nelson has granted a temporary restraining order and preliminary injunction prohibiting the City of Vallejo from identifying the officer involved in the shooting, based on a finding that disclosure would pose a significant danger to his physical safety.  Further, the issues presented in this case is very different from *Hoefflin*, which concerned only release of the identities of the third-party patients alleged to have been harmed by the defendant's conduct.  Had the attorneys in *Hoefflin* instead been commenting extensively on the credibility of the witnesses and evidence, the court would have reached a different result.

Plaintiffs argue that a protective order is not needed because any jurors with knowledge of the incident can be weeded out through voir dire.  As the Ninth Circuit has recognized, "voir dire cannot alleviate the harm to the integrity of the judicial process caused by the extrajudicial statements of trial participants." *Levine v. United States Dist. Court for Cent. Dist.*, 764 F.2d 590, 600 (9th Cir. 1985); *see also San Diego Comic Convention v. Dan Farr Prods.*, 2017 U.S. Dist. LEXIS 114269, *13-14 (S.D. Cal. 2017)("the Court finds it inadequate to simply instruct the jurors to base their decisions only on the evidence presented at trial as the Court cannot run the risk of thinking the jury will do as the Court says. This is especially significant in light of the vast amount of publicity already generated in the instant matter.")  There is tremendous difficulty in enforcing orders not to read newspapers or google information about a pending case, and repeated questioning on whether jurors have read anything about the case can have the negative effect of inciting their curiosity. *See Silverthorne v. United States*, 400 F.2d 627, 643-644 (9th Cir. 1968).  Further, tainting the jury pool is not the only way that Plaintiffs' counsel's statements can prejudice the Defendants' right to due process.  For example, Plaintiffs' counsel's conduct in seeking to influence the District Attorney to press criminal charges against the involved officer or recuse herself impacts the officer's right to due process in both the criminal proceeding, and the present action. Additionally, Plaintiffs' counsel's media campaign is likely to influence the public at large (as evidence by the petition for Officer Tonn's termination), and particularly those who live in Vallejo, who will then put pressure on their elected officials in the City Council to settle the case for more money than is merited by

Plaintiffs' legal claims.

Protective orders like the one requested here have been granted and upheld many times. *See, e.g., Levine v. U.S. Dist. Court for Cent. Dist. of California*, 764 F.2d 590, 591 (9th Cir. 1985)(upholding protective order based on statements to the media regarding the merits of the case); *United States v. Aldawsari*, 683 F.3d 660, 665 (5th Cir. 2012)(upholding protective order based on media coverage following unsealing of a complaint that focused on alleged radical Islamist views, bomb-making activities, and targeting of former President George W. Bush); *United States v. Tijerina*, 412 F.2d 661 (10th Cir. 1969)(upholding protective order prohibiting public statements on the merits of the pending case); *In re Application of Dow Jones & Co.*, 842 F.2d 603 (2d Cir. 1988)(upholding protective order based on prejudicial statements made to the press). And trial courts have "an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity." *Gannett Co. v. DePasquale*, 443 U.S. 368, 378 (1979).

Defendants have produced extensive evidence of statements, interviews, press conferences, and social media postings by Plaintiffs' counsel that pose a substantial likelihood of prejudicing Defendants' right to a fair trial under the Fifth Amendment. For these reasons, Defendants respectfully request that the Court grant the present motion and issue an order prohibiting Plaintiffs' counsel from making public statements during the pendency of this action regarding (1) the character, credibility, or reputation of a party; (2) the identity of a witness or the expected testimony of a party or a witness; (3) the contents of any pretrial confession, admission, or statement given by a party or that person's refusal or failure to make a statement; (4) the identity or nature of physical evidence expected to be presented or the absence of such physical evidence; (5) the strengths or weaknesses of the case of either party; (6) the character, credibility, or reputation of the Vallejo Police Department; and (7) any other information the lawyer knows or reasonably should know is likely to be inadmissible as evidence and would create a substantial risk of prejudice if disclosed.

///

///

///

DATED:  November 30, 2020                Respectfully submitted,


                                         */s/ Katelyn M. Knight*
                                         MEERA BHATT
                                         KATELYN M. KNIGHT
                                         FARRAH HUSSEIN
                                         Attorneys for Defendants
                                         CITY OF VALLEJO and JARRETT TONN