1  **VERONICA A.F. NEBB**
City Attorney, SBN 140001
2  **BY:    MEERA BHATT**
Assistant City Attorney, SBN 259203
3  **KATELYN M. KNIGHT**
4  Assistant City Attorney, SBN 264573
**FARRAH HUSSEIN**
5  Deputy City Attorney, SBN 305726
**CITY OF VALLEJO**, City Hall
6  555 Santa Clara Street, 3rd Floor
7  Vallejo, CA  94590
Tel:    (707) 648-4545
8  Fax:    (707) 648-4687
9  Email: Meera.Bhatt@cityofvallejo.net
Katelyn.Knight@cityofvallejo.net
10  Farrah.Hussein@cityofvallejo.net

11  Attorneys for Defendants CITY OF VALLEJO and JARRETT TONN

12

13                    **UNITED STATES DISTRICT COURT**

14
          **EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION**
15

16  NEFTALI MONTERROSA, individually and          **Case No:   2:20-cv-01563-TLN-DB**
as co-successor-in-interest to Decedent SEAN
17  MONTERROSA; NORA MONTERROSA,                  **REPLY IN SUPPORT OF**
individually and as co-successor-in-interest to   **DEFENDANTS' MOTION TO DISMISS**
18  Decedent      SEAN      MONTERROSA;           **AND STRIKE COMPLAINT**
MICHELLE MONTERROSA, individually;
19  ASHLEY MONTERROSA, individually,             **Date:    December 3, 2020**
20                                                **Time:    2:00 p.m.**
          Plaintiff,                              **Crtrm: 2**
21
        vs.
22
23  CITY    OF    VALLEJO,    a    municipal
corporation; JARRETT TONN, individually,
24  and, Vallejo police officers DOES 1-25,
inclusive,
25
26          Defendants.

27

28

---

Case No. 2:20-cv-01563-TLN-DB                     **REPLY ISO MOTION TO DISMISS**
                                                  **AND STRIKE COMPLAINT**

**-1-**

**A.      Under Ninth Circuit Precedent, Siblings Do Not Have Standing to Assert a Claim for Violation of Familial Rights Under the Fourteenth Amendment**

In *Ward v. San Jose*, 967 F.2d 280 (9th Cir. 1992), the Ninth Circuit Court of Appeals held that siblings cannot assert a claim for violation of the right to familial association.  The Ninth Circuit's holding in *Ward* is binding in this circuit and has not been overturned.  *Ward* involved a wrongful death action arising from an officer-involved shooting.  The decedent's estate, parents, and siblings brought a civil rights action asserting federal claims under 42 U.S.C. § 1983 and claims under state law.  The District Court dismissed the decedent's siblings, finding that they did not have a cognizable liberty interest in their brother's companionship.  The Ninth Circuit affirmed.

The Ninth Circuit in *Ward* evaluated a sibling's standing to bring a claim for loss of familial association as a question of first impression in the circuit.  The Court noted that the question had been considered by the Seventh Circuit in *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984), where the Court concluded that siblings do not have a cognizable right to familial association, and by the Tenth Circuit in *Trujillo v. Board of County Comm'rs*, 768 F.2d 1186 (10th Cir. 1985), where the Court concluded that siblings could state a cognizable legal interest in familial association, but only where they could demonstrate a wrongful intent directed specifically at them.  After evaluating the issue, the Ninth Circuit held that siblings do not have standing to state such a claim, specifically finding that "[n]either the legislative history nor Supreme Court precedent supports an interest for siblings consonant with that recognized for parents and children."  *Ward* at 284.

*Ward*'s holding has been reaffirmed multiple times.  *See, e.g., J.P. v. Cty of Alameda*, 803 Fed. Appx. 106, 109 (9th Cir. 2020)("In *Ward v. City of San Jose,* 967 F.2d 280, 283 (9th Cir. 1991), as amended, we explicitly ruled that siblings do not possess a cognizable liberty interest to assert a loss of familial association claim under the Fourteenth Amendment."); *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1058 (9th Cir. 2018)("Few close relationships - even between blood relatives - can serve as a basis for asserting Fourteenth Amendment loss of companionship claims. *See Ward v. City of San Jose*, 967 F.2d 280, 284 (9th Cir. 1991) (finding siblings could

1   not maintain a claim for loss of their brother's companionship)."); *Piper v. Cabillo*, 670 Fed.

2   Appx. 507, 507 (9th Cir. 2016)("Although § 1983 allows a parent to recover damages for the

3   state's interference with the 'constitutionally protected liberty interest in the companionship and

4   society of his or her child,' *Kelson v. City of Springfield*, 767 F.2d 651, 655 (9th Cir. 1985), this

5   right does not extend to other family members…").

6          Notably, Plaintiffs do not address or even cite to *Ward* in their opposition brief.  Instead,

7   Plaintiffs argue that adult co-habitating siblings may state a claim for loss of familial association

8   because the Court in *IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1193 (9th Cir. 1988)

9   characterized the Fourteenth Amendment as protecting familial and "other highly personal

10  relationships", and the Court in *Mann v. City of Sacramento*, 748 Fed. Appx. 112, 115 (9th Cir.

11  2018) stated "In *Ward*, this court held that adult, non-cohabitating siblings do not 'possess a

12  cognizable liberty interest in their brother's companionship."  Neither case rescues Plaintiffs'

13  claims from the Ninth Circuit's clear and binding holding in *Ward*.

14          *IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1193 (9th Cir. 1988) was decided in 1988,

15  four years before the *Ward* decision.  Further, the Court in *IDK, Inc.* did not consider the specific

16  issue of whether a sibling has a cognizable interest in loss of familial association.  Instead, the

17  Court evaluated the relationship between an escort and client.  By way of introduction to the

18  topic, the Court stated, "[t]he relationships protected by the fourteenth amendment 'are those that

19  attend the creation and sustenance of a family' and similar 'highly personal relationships",

20  quoting *Roberts v. United States Jaycees*, 468 U.S. 609 (1984).  However, the portion of *Roberts*

21  quoted speaks only generally about the types of interests protected by the bill of rights.  It does

22  not vest a right to familial association in any individual who has a highly personal relationship

23  with the deceased.

24          The characterization of *Ward*'s holding in *Mann v. City of Sacramento*, 748 Fed. Appx.

25  112 (9th Cir. 2018) similarly does nothing to change the legal effect of *Ward*.  Although the

26  Court in *Mann* stated "In *Ward*, this court held that adult, non-cohabitating siblings do not

27  'possess a cognizable liberty interest in their brother's companionship", *Ward* makes no

28  distinction between cohabitating siblings and non-cohabitating siblings.  The Ninth Circuit in

Case No. 2:20-cv-01563-TLN-DB                    REPLY ISO MOTION TO DISMISS
                                                 AND STRIKE COMPLAINT

1   *Ward* held simply that siblings do not have a cognizable liberty interest in a brother or sister's

2   companionship.  *Ward v. San Jose*, 967 F.2d 280, 283-84 (9th Cir. 1992).  That ruling has

3   consistently been held to bar claims of a right to familial association brought by siblings.  *See,*

4   *e.g., Falcon v. Richmond Police Dep't*, 1999 U.S. App. LEXIS 23183 (9th Cir. 1999); *Penilla by*

5   *& Through Penilla v. City of Huntington Park*, 115 F.3d 707 (9th Cir. 1997); *Estate of Sanchez*

6   *v. Cty. of Stanislaus*, 2019 U.S. Dist. LEXIS 66526 (E.D. Cal. 2019); *Estate of Bonilla v. Cty. of*

7   *Merced*, 2019 U.S. Dist. LEXIS 53281 (E.D. Cal. 2019); *Chang v. City of Pacifica*, 2018 U.S.

8   Dist. LEXIS 234689 (N.D. Cal. 2018).  The *Ward* holding has never been limited to non-

9   cohabitating siblings.

10           As noted in the moving papers, the only circuit to hold that siblings can state a claim

11   based on familial association under the Fourteenth Amendment limited such claims to situations

12   where the conduct at issue was specifically directed at that right.  *Trujillo v. Board of County*

13   *Comm'rs*, 768 F.2d 1186, 1190 (10th Cir. 1985)(affirming dismissal of plaintiffs' claim for loss

14   of familial association where the complaint did not allege facts showing that defendants intended

15   to deprive plaintiffs of their right to protected relationships or directed their conduct towards that

16   right.)  Here, Plaintiffs argue the involved officer's conduct was "directed" at the right to familial

17   association because the officer allegedly intended to end decedent Sean Monterrosa's life.  As a

18   threshold matter, the Complaint does not allege the officer involved intended to end decedent's

19   life or intended to deprive Plaintiffs of familial relationships.  Plaintiffs strain to create a

20   connection between the involved officer's conduct and the right to familial association (which

21   does not exist) to rescue this claim.  At minimum, entertaining this notion would require the

22   Court to incredulously assume the officer involved knew of the nature and depth of decedent's

23   relationships.  The Complaint cannot and does not allege this.

24           Simply put, the involved officer's conduct is not directed at familial rights.  Rather, the

25   involved officer's conduct was motivated by a duty to ensure public safety.  The Complaint

26   alleges the officer suspected decedent of looting and believed the hammer found in decedent's

27   sweatshirt was a gun.  *Trujillo* warned of the rationale behind the intent requirement–were intent

28   not required, this would permit a section 1983 claim based on negligence.  As the Court

Case No. 2:20-cv-01563-TLN-DB                         REPLY ISO MOTION TO DISMISS
                                                      AND STRIKE COMPLAINT

-4-

1  recognized, "we must provide a logical stopping point for such claims." *Id.* at 1190. Plaintiffs'

2  argument of inferring intent to interfere with a familial relationship based on a purported (but not

3  pled) intent to end a life lacks merit.

4      Further, because the Tenth Circuit did not identify the type of conduct that might meet

5  this requirement of "conduct directed at" the familial relationship and there is no authority

6  finding a constitutional violation under similar circumstances, the involved officer would be

7  entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009)(qualified

8  immunity applies when plaintiffs do not plead a violation of a constitutional right that was

9  clearly established at the time of the challenged conduct.)

10  **B.      Siblings Also Lack Standing to Assert a Claim for Violation of Familial Rights Under the First Amendment**

11
12      As discussed above, the Ninth Circuit held in *Ward v. San Jose*, 967 F.2d 280 (9th Cir.

13  1992) siblings cannot assert a claim for violation of familial rights.  The Ninth Circuit made no

14  distinction between claims for violation of familial rights brought under the Fourteenth and First

15  Amendments. The Court has since stated in two unpublished decisions that siblings do not have a

16  cognizable right to familial association under the First Amendment.

17      The issue was first evaluated in *Mann v. City of Sacramento*, 748 Fed. Appx. 112 (9th

18  Cir. 2018), a wrongful death case arising from an officer-involved shooting and brought by the

19  siblings of the decedent.  The siblings alleged they were deprived of their right of association

20  under the First Amendment when the defendant officers shot and killed their brother.  The

21  District Court denied defendants' motion to dismiss the claim.  The Ninth Circuit reversed and

22  remanded, finding that 1) Plaintiffs' allegations that they shared a close relationship and bond

23  with their brother did not establish the kind of expressive or intimate association protected by the

24  First Amendment, and 2) *Ward* held that siblings cannot bring a claim for loss of familial

25  association, regardless of whether that claim is brought under the Fourteenth or First

26  Amendments.  *Mann* at 115 ("Because we analyze the right of intimate association in the same

27  manner regardless of whether we characterize it under the First or Fourteenth Amendments,

28  *Ward* necessarily rejected any argument that adult, non-cohabiting siblings enjoy a right to

intimate association.")

The Ninth Circuit reached the same conclusion in *J.P. v. Cty of Alameda*, 803 Fed. Appx. 106 (9th Cir. 2020), reversing the District Court's denial of a motion to dismiss sibling claims for loss of familial association brought under the First Amendment.  The Court held unequivocally:

> No viable loss-of-familial-association claim exists for siblings under the First Amendment. A familial relationship grounds the loss of familial association claims under the First and Fourteenth Amendments. *See Roberts*, 468 U.S. at 618-20. Thus far, that familial relationship has been limited to that between a parent and child. *See Smith v. City of Fontana*, 818 F.2d 1411, 1418 (9th Cir. 1987), rev'd on other grounds in *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1040 n.1 (9th Cir. 1999). In *Ward v. City of San Jose*, 967 F.2d 280, 283 (9th Cir. 1991), as amended, we explicitly ruled that siblings do not possess a cognizable liberty interest to assert a loss of familial association claim under the Fourteenth Amendment. No basis exists to disregard this precedent simply because the claim is raised under the First Amendment rather than the Fourteenth Amendment.

*J.P.* at 109.

In *Estate of Sanchez v. Cty. of Stanislaus*, 2019 U.S. Dist. LEXIS 66526 (E.D. Cal. 2019), the District Court applied *Mann* and discussed *J.P.* in dismissing plaintiffs' claim for loss of familial association.  *Sanchez* noted that *Mann* had extended *Ward's* holding in concluding that the plaintiffs' claims under the First Amendment based on their rights of association were foreclosed as plaintiffs were adult, non-cohabitating siblings of decedent and thus, "did not enjoy an intimate association with him." *Id.* at *20.

Just as plaintiffs cannot maintain their claim for violation of familial rights under the Fourteenth Amendment, they cannot do so under the First Amendment. Siblings have no legal right to familial association with each other under *Ward* and its progeny, regardless of whether they live together or not.

**C.       Defendant Officer Tonn is Entitled to Qualified Immunity**

Qualified immunity is a complete defense to Section 1983 claims and entitles a defendant not to stand trial or face the other burdens of litigation.  *Saucier v. Katz*, 533 U.S. 194, 200 (2001).  Officer Tonn is entitled to qualified immunity and the third and fourth causes of action against him should be dismissed from this suit.

Case No. 2:20-cv-01563-TLN-DB

REPLY ISO MOTION TO DISMISS
AND STRIKE COMPLAINT

Public officials are immune from suits brought under 42 U.S.C. § 1983 in all cases except those where the official's conduct violates a clearly established constitutional or statutory right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  To defeat qualified immunity, Plaintiffs must plead facts which, if proven, would violate a constitutional right that was so clearly established at the time, existing precedent placed the issue beyond debate.  *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018).  As shown above, Plaintiffs have not pled a violation of a constitutional right that was clearly established at the time of the alleged conduct at issue.  *Pearson v. Callahan*, 555 U.S. 223, 232 (2009).  The Complaint alleges Officer Tonn believed decedent was looting and was armed immediately before the shooting.  There is no legal authority holding that an officer who fires his service weapon under these circumstances violates a sibling's right of familial association.  Thus, even if decedent's siblings had a right to familial association under the First Amendment, (which they do not), Officer Tonn would be entitled to qualified immunity based on the facts alleged.

**D.      Plaintiffs Improperly Pray for Relief Under Civil Code section 52.1 (Bane Civil Rights Act) Without Pleading the Elements of the Bane Act**

Plaintiffs seek damages available in connection with a cause of action under Civil Code § 52.1, however Plaintiffs have not asserted a cause of action under that section.  If Plaintiffs believe they can assert a cause of action under the Bane Act and wish to do so, they may seek leave to amend under Rule 15 of the Federal Rules of Civil Procedure.  "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law."  *Alcaraz v. Wachovia Mortgage*, FSB, 2009 U.S. Dist. LEXIS 34009, *27 (E.D. Cal. 2009) (citing *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996)).  Plaintiffs are not entitled to recover damages that are only recoverable in connection with a cause of action they have not pled.

**E.      Conclusion**

Defendants respectfully request this Court issue an order dismissing the third and fourth causes of action without leave to amend and striking the improper prayer for relief.  Ninth Circuit precedent establishes that Decedent's siblings do not have a cognizable interest in decedent's companionship.  The Complaint does not allege Defendants intended to interfere with

Case No. 2:20-cv-01563-TLN-DB

REPLY ISO MOTION TO DISMISS AND STRIKE COMPLAINT

1   Plaintiffs' rights to familial relationship, nor can it. Even assuming Plaintiffs could clear this

2   hurdle, qualified immunity applies.

3

4   DATED:  November 30, 2020                          Respectfully submitted,

5

6                                                      */s/ Meera Bhatt*_____
                                                       MEERA BHATT
7                                                      KATELYN M. KNIGHT
                                                       FARRAH HUSSEIN
8                                                      Attorneys for Defendants
                                                       CITY OF VALLEJO and JARRETT TONN
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:20-cv-01563-TLN-DB                          **REPLY ISO MOTION TO DISMISS
                                                       AND STRIKE COMPLAINT**

**-8-**