JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
JAMES COOK, Esq./State Bar #300212
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200/Facsimile: (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEFTALI MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; NORA MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; MICHELLE MONTERROSA, individually; ASHLEY MONTERROSA, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; JARRETT TONN, individually and in his official capacity as a police officer for the CITY OF VALLEJO, and, Vallejo police officers DOES 1-25, inclusive,<br><br>Defendants.<br>/ | Case No. 2:20-cv-01563-TLN-DB<br><br>**FIRST-AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND WRONGFUL DEATH.**<br><br>**JURY TRIAL DEMANDED** |

**INTRODUCTION**

On June 2, 2020, at about 12:37 a.m., Defendant JARRETT TONN, a Vallejo Police officer fired his AR-15 semi-automatic rifle at Decedent SEAN MONTERROSA 5 times from

the back seat of a moving, unmarked Vallejo Police Department vehicle, through the front windshield killing Mr. MONTERROSA. One shot went through Mr. MONTERROSA's neck, with a bullet fragment exiting through the back of his head.  Mr. MONTERROSA was suspected at most of looting, but he had not been identified by anyone as a suspect in any crime. Mr. MONTERROSA was not wanted by police, was not armed, and according to the first statement given by the Vallejo Chief of Police, Shawny Williams, Mr. MONTERROSA was on his knees with his hands being raised above his waist, with no object in his hands, when Defendant TONN shot and killed him.  According to Chief Williams, a hammer was later found in Mr. MONTERROSA's sweatshirt pocket.

Subsequently, the police union for Vallejo Police Department and Defendant TONN, gave its own public statement, contradicting Chief Williams, claiming that Mr. Monterrosa was in a crouched position and was reaching toward his waist at the time he was shot.  Inexplicably, Chief Williams then adopted the police union's statement. Defendant TONN has a shocking history of shooting his gun at civilians as a police officer, including 2 shootings in a six week span in 2017, and another shooting in 2015 where he fired his gun 18 times in 2 seconds at a person he claimed was ramming his vehicle with a stolen vehicle.[1]

After the shooting, Defendant TONN told bystanders that Mr. MONTERROSA had pointed a gun at "us", and then claimed that the object was a "gun" but was instead an axe, and further  claimed that Mr. MONTERROSA "came right at us."  But even before lying to bystanders about seeing a gun, Defendant TONN and the fellow Vallejo police officer who drove the vehicle he fired from were on video talking to each other. One officer, believed to be Defendant TONN, asked the other officer: "What'd he point at us?" The other officer, believed to be the driver, responded: "I don't know, man." Defendant TONN then told bystanders, contrary to the prior discussion and the reality that Mr. MONTERROSA had no weapon and nothing in his hands, "Hey, he pointed a gun at us."  Defendant TONN, with his 3 prior officer involved shootings, said in the minutes after the shooting, "this is not what I fucking needed

---

[1] Unlike Mr. MONTERROSA, Defendant TONN did not kill any of the other people who shot at.

FIRST-AMENDED COMPLAINT FOR DAMAGES
*Monterrosa v. City of Vallejo, et al.*

tonight." Defendant TONN never expressed remorse for killing Mr. MONTEROSSA on the video. Troublingly, a Vallejo Police Captain at the scene of the shooting tried to comfort Defendant TONN, telling him, "you're gonna be alright man. You've been through this before."

There is no comfort for Mr. MONTERROSA, for his parents, and for his two sisters. They have not been through this before and will never be alright again, because Defendant TONN was trigger-happy, could not see accurately through the unmarked police car windshield, and murdered their son and brother, who was only 22 years old.

## JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of Vallejo, County of Solano, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein NEFTALI MONTERROSA, is and was at all times herein mentioned a naturalized citizen of the United States residing in the City of San Francisco in California. He is the father and Co-Successor-in-Interest to Decedent SEAN MONTERROSA, who died intestate, unmarried and without issue.

3. Plaintiff herein, NORA MONTERROSA, is and was at all times herein mentioned a legal resident of the United States residing in the City of San Francisco in California. She is the mother and Co-Successor-in-Interest to Decedent SEAN MONTERROSA, who died intestate, unmarried and without issue.

4. Plaintiffs NORA MONTERROSA and NEFTALI MONTERROSA, as Decedent SEAN MONTERROSA's biological parents, are his only Successors-in-Interest as defined in California Code of Civil Procedure section 377.11 and succeed to Decedent SEAN MONTERROSA's interest in the instant action pursuant to California Code of Civil Procedure section 377.32. Plaintiffs NORA MONTERROSA and NEFTALI MONTERROSA have

1  complied with the requirements of California Code of Civil Procedure section 377.22 to establish their standing.

5. Plaintiff herein, MICHELLE MONTERROSA, is and was at all times herein mentioned a citizen of the United States residing in the City of San Francisco in California. Plaintiff MICHELLE MONTERROSA is 24- years-old, and she is the older sister of Decedent SEAN MONTERROSA who was 22- years-old when he was killed. Decedent SEAN MONTERROSA had lived in the same household with his parents and his two sisters, Plaintiff MICHELLE MONTERROSA and ASHLEY MONTERROSA, his entire life. Plaintiffs MICHELLE MONTERROSA and ASHLEY MONTERROSA, along with their parents, Plaintiffs NEFTALI MONTERROSA and NORA MONTERROSA, interacted with Decedent SEAN MONTERROSA on a daily basis, and supported each other in an emotional and familial way on a daily basis.  All Plaintiffs herein were a very tightly knit family.

6. Plaintiff herein, ASHLEY MONTERROSA, is and was at all times herein mentioned a citizen of the United States residing in the City of San Francisco in California. She is 20-years-old, and is the younger sister of Decedent SEAN MONTERROSA, who was 22- years-old when he was killed.

7. Defendant CITY OF VALLEJO ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. Under its authority, the City operates the Vallejo Police Department.  Defendant CITY is being sued directly under section 1983 *Monell*, and under principles of *respondeat superior* for Plaintiffs state law wrongful death claim.

8. At all times mentioned herein, Defendant JARRETT TONN ("TONN") was employed by Defendant CITY as a police officer.  He is being sued in his individual capacity for Plaintiffs Federal claims against him, and in his individual and official  capacities for Plaintiffs' state law wrongful death claim.

9.      Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe and therefore allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein.  Plaintiffs will amend their complaint to state the names and capacities of DOES 1-25, inclusive, when they have been ascertained.

10.     In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

11.     Plaintiffs are required to comply with an administrative tort claim requirement under California law.  Plaintiff has complied with all such requirements: Plaintiffs served the claim on Defendant CITY on August 21, 2020. More than 45 days have passed since the service of the claim on Defendant CITY. The claim is therefore rejected by operation of law.

## STATEMENT OF FACTS

11. On June 2, 2020, at about 12:37 a.m., Defendant JARRETT TONN, a Vallejo Police Officer, killed 22 year-old Decedent SEAN MONTERROSA in his fourth Officer-Involved Shooting in 5 years, when Mr. MONTERROSA was unarmed, on his knees, and Defendant TONN was holding his AR-15 semi-automatic rifle at the ready while in the backseat of an unmarked Vallejo Police Department vehicle.  Mr. MONTERROSA was suspected of possibly looting,(a property crime), but when shot and killed, he had nothing in his hands. No warnings were given that lethal force, or any force, would be used.  The unmarked police vehicle was still moving forward when Defendant TONN started shooting Mr. MONTERROSA, and it stopped around the time Defendant TONN fired his fifth and last shot. All shots were fired through the

front windshield of the unmarked vehicle, and those shots struck and killed Mr. MONTERROSA. Plaintiffs allege Mr. MONTERROSA endured conscious pain and suffering from the shooting before he died.

12.  The shooting happened in front of a Walgreen's store on the 1000 block of Redwood Street in Vallejo, and police responded to a report of possible looting. Defendant TONN carried his AR-15 rifle. Defendant TONN did not see Mr. MONTERROSA come out from inside the Walgreen's, and according to Shawny Williams, the Chief of Police for the City of Vallejo, only a hammer was recovered from Mr. MONTERROSA. The hammer was recovered from Mr. MONTERROSA's sweatshirt pocket. He had not pulled it out of his sweatshirt pocket during his encounter with the police. Chief Williams initially described the shooting as happening when Mr. MONTERROSA was on his knees, with his hands at waist level— meaning nothing was in his hands. However, Chief Williams changed his initial media representations of the shooting, apparently at the prompting of the police union for Vallejo Police officers, which had given its own media statement contradicting Chief Williams' initial account. Chief Williams then revised his public statement to line up with the police union's claims that Mr. Monterrrosa was in a crouched position as if he were attacking the patrol vehicle Defendant TONN fired his AR-15 from. Defendant CITY has not explained the basis for the change in the Chief's position, and it is unclear how the police union would be in greater privity than Chief Williams to the evidence collected in the course of the Officer-Involved Shooting investigation.

13.  Defendant TONN and the officer who drove the unmarked police vehicle activated their body cams after the shooting, capturing events inside the police vehicle without audio 30 seconds prior to the shooting. According to Defendant CITY, there is no video footage of Decedent actually being shot. The audio portion of the body cam recordings begin shortly after the shooting and the officers exit the patrol vehicle.

14. Defendant TONN and the officer who drove the unmarked police vehicle exited said vehicle after the vehicle and Defendant TONN's own shooting stopped. Defendant TONN frantically asked: "What did he point at us?" The officer who drove the unmarked police vehicle responded: "I don't know man." A moment later, Defendant TONN then announced, contrary to his own stated question, and likely for the benefit of his body-cam recorder, the following lie: "Hey, he pointed a gun at us!" Mr. MONTERROSA had no gun, and a hammer was later found in his sweatshirt pocket.

15. Defendant TONN, in a panic after this, his fourth officer-involved shooting in five years, talking to himself, said either, "I'm stupid," or "fucking stupid." The body cam continued recording, and Defendant TONN explained, "he came around, came right at us." Concerned about himself, Defendant TONN later, while still recording himself, said: "This is not what I fucking needed tonight." Further in the recording, Defendant TONN offered another explanation to another officer at the scene: "I thought that fucking axe was a gun!" The other officer responded, "I thought he was armed too. I saw him going like this. I was on the radio." A Vallejo police captain who came to the scene told Defendant TONN: "You're gonna be alright, man. You've been through this before."

16. Indeed, Defendant TONN has been in at least three other Officer-Involved Shootings within the past 5 years. The shootings include:

    a. In 2015, Defendant TONN fired his gun 18 times in two seconds while trying to arrest Gerald Brown, who was allegedly in a stolen vehicle ramming Defendant TONN's police vehicle. Mr. Brown survived.

    b. In May 2017, Defendant TONN and former Vallejo Police Department officer Sean Kenney shot Kevin DeCarlo while trying to serve an arrest warrant. Mr. DeCarlo survived.

c.  Six weeks later, in July 2017, Defendant TONN pursued a suspected carjacker, Victor Hurtado, and fired three gunshots at him. Mr. Hurtado survived.

17. In addition, Defendant TONN was sued by Robert Strong in 2018 for using excessive force against Strong in an apparent retaliation for Mr. Strong filming a minor traffic stop. Defendant TONN allegedly put Mr. Strong in a chokehold and scraped his forehead against the ground.

18. Plaintiffs allege on information and belief that Defendant TONN was never disciplined and never subject to re-training or remediation following the three earlier shootings and the alleged use of excessive force against Mr. Strong, even though Defendant CITY was on notice that Defendant TONN accounted for nearly 10% of the 32 people shot by Defendant CITY OF VALLEJO police officers since 2010 and repeatedly demonstrated a propensity to use excessive force in his capacity as a police officer. Furthermore, Defendant CITY hired Defendant TONN after he left the City of Galt police department in 2014, following the killing of his cousin, a fellow City of Galt police officer, in the line of duty. Defendant TONN reportedly was one of the first Galt police officers at the scene of his cousin's killing. Defendant TONN, who graduated Modesto Junior College Police Academy in 2003 and was hired by the Galt Police Department in 2007, had no reported shootings as a Galt police officer. His shootings did not begin until after he was hired by Defendant CITY OF VALLEJO.

19. Furthermore, Defendant CITY interfered in the OIS investigation and the anticipated civil litigation by intentionally destroying relevant evidence after Plaintiffs demanded Defendant CITY preserve the evidence:  the windshield of the patrol vehicle that Defendant TONN fired his AR-15 through 5 times, and returning the unmarked vehicle to active duty, all before providing counsel with the opportunity to examine the windshield or the unmarked vehicle.  Plaintiffs were thereby deprived of the opportunity for a reconstruction expert of their own to examine said relevant physical evidence.  In destroying said relevant physical evidence,

FIRST-AMENDED COMPLAINT FOR DAMAGES
*Monterrosa v. City of Vallejo, et al.*

8

Defendant CITY ratified and condoned Defendant TONN's malicious, unreasonable, deliberately and criminally indifferent shooting and killing of Decedent SEAN MONTERROSA.

20. The shooting and killing of Decedent SEAN MONTERROSA described herein was brutal, malicious, and done without just provocation or cause, proximately caused Plaintiffs' injuries and resulting damages.

**DAMAGES**

21. Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent SEAN MONTERROSA's wrongful death, including, but not limited to, the loss of decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses, pursuant to C.C.P. Sections 377.60 and 377.61.

22. Plaintiffs NORA MONTERROSA and NEFTALI MONTERROSA are entitled to recover wrongful death damages pursuant to C.C.P. Sections 377.60 and 377.61 and Probate Code Section 6402(b).

23. Pursuant to C.C.P. Sections 377.30, 377.32, and 377.34, Plaintiffs NORA MONTERROSA and NEFTALI MONTERROSA are further entitled to recover for damages incurred by decedent before he died as the result of being assaulted and battered by excessive force, damages for decedent's loss of life and loss of enjoyment of life in violation of the Fourth Amendment to the United States Constitution, causing Decedent's death by excessive force under section 1983, and to any penalties or punitive damages to which decedent would have been entitled to recover, had he lived. Plaintiffs are further entitled to recover for Decedent's own pain and suffering and emotional distress incurred as a consequence of Defendants' section 1983 violations, preceding Decedent's death.

24. The conduct of the defendant officers was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said individual defendants.

25. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights, and the rights of decedent, under the law. Plaintiffs are therefore entitled to recover all attorneys' fees incurred in relation to this action pursuant to Title 42 United States Code section 1988.

## FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983- Unreasonable Seizure Excessive Force)
(Plaintiffs NEFTALI MONTERROSA and NORA MONTERROSA as Successors-in-interest to Decedent SEAN MONTERROSA against Defendant Officers TONN and DOES 1-10)

26. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 25 of this Complaint.

27. In doing the acts complained of herein, Defendants TONN and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

28. Said rights are substantive guarantees under the First, Fourth, Fifth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983- *Monell*)
(Plaintiffs NORA MONTERROSA and NEFTALI MONTERROSA individually and as Successors-in-interest to Decedent SEAN MONTERROSA Against Defendants CITY and DOES 11-25)

29. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 28 of this Complaint.

30. Plaintiffs are informed and believe and thereon allege that high ranking City of Vallejo officials, including Chief Williams, high ranking police supervisors, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendant Officers TONN and DOES 1-10, and/or each of them.

31. Plaintiffs are further informed and believe and thereon allege that high ranking City of Vallejo officials, including Chief Williams and high ranking police supervisors, DOES 11-25, and/or each of them, knew and/or reasonably should have known that their police officers, including Defendants TONN and DOES 1-10, were either untrained or improperly trained and that Defendant CITY maintained deficient customs in the use of force in the following areas:

a. Permitting police officers who demonstrate a pattern of using unreasonable force, such as Defendant TONN who had 3 prior Officer Involved Shootings in five years and a separate, non-shooting excessive force complaint, to continue on patrol and pose a danger to the public of continuing to use excessive force without remediation, retraining, or discipline.

b. That reasonable available less lethal weapons are required to be used against subjects who do not pose an imminent threat of serious injury or harm even if one less-lethal weapon has been used unsuccessfully;

c. That where reasonable opportunities for de-escalation of potentially threatening subjects exist, including the reasonable redeployment and/or re-location of police officers; the use

of effective communication that is not confrontational, escalating, or demanding; reasonably creating time and distance to help de-escalate, to allow the use of effective communication, and to allow the continuing opportunity to use less-lethal weapons, they must be employed to defuse a potential threat in place of lethal force.

   d. Plaintiffs allege the destruction of relevant evidence and the premature return of the unmarked vehicle to service were ordered by high-ranking CITY OF VALLEJO police command staff who knew or should have known the windshield and unmarked vehicle were relevant evidence, and happened only after Plaintiffs notified Defendant CITY that they are represented by counsel in the instant-matter and demanded in writing the preservation of all relevant evidence in this matter. Said conduct is demonstrative of policy, practice and training within the VALLEJO Police Department that engages in and conducts the destruction and or misuse of evidence for purposes of covering up overt misconduct by Vallejo police officers.

  32. These policy, practice and training failures were a substantial factor and moving force in the violation of Mr. MONTERROSA's rights culminating in his shooting death on June 2, 2020 by Defendant Officers.

  33. Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants CITY, Williams and DOES 11-25, and/or each of them, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by Vallejo Police Department officers.

  34. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants TONN, and DOES 1-10, each of them, and the policy, practice and training deficiencies identified

FIRST-AMENDED COMPLAINT FOR DAMAGES
*Monterrosa v. City of Vallejo, et al.*

12

herein, Defendants CITY, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiffs' rights as alleged herein.

35. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Vallejo officials, including, Chief Williams, high ranking City of Vallejo Police Department supervisors, Defendants DOES 11-25, and each of them resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

36. Said rights are substantive guarantees under the Fourth, Fifth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. section 1983
14th Amendment Substantive Due Process- Right to Familial Relationship)
(All Plaintiffs Against Defendants TONN and DOES 1-10)

37. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 36 of this Complaint.

38. Defendants TONN and DOES 1-10, acting under color of law, and without due process of law deprived Plaintiffs of their right to a familial relationship with Decedent by use of unreasonable, unjustified deadly force and violence, causing injuries which resulted in decedent's death, all without provocation, in violation of the Fourteenth Amendment to the

United States Constitution. Defendants TONN and DOES 1-10 acted with an intent to harm Decedent unrelated to legitimate law enforcement purposes in killing Decedent.

39. As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
(42 U.S.C. section 1983
First Amendment Right of Association with Decedent SEAN MONTERROSA)
(Plaintiffs MICHELLE MONTERROSA and ASHLEY MONTERROSA against Defendants TONN and DOES 1-10)

40. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 39 of this Complaint.

41. Defendants TONN, and DOES 1-10, inclusive, killed Mr. MONTERROSA in violation of the 4th and 14th Amendments to the United State Constitution, as set forth herein, depriving Plaintiffs MICHELLE MONTERROSA and ASHLEY MONTERROSA of their United States Constitution First Amendment Rights of Association with Decedent SEAN MONTERROSA.

42. These Defendants' conduct was neither privileged nor justified under statute or common law.

43. As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(Wrongful Death- Negligence and Battery)
(Plaintiffs NEFTALI MONTERROSA and NORA MONTERROSA Against all Defendants)

44. Plaintiffs NEFTALI MONTERROS and NORA MONTERROSA incorporate

by reference herein paragraphs 1 through 43 of this complaint.

45. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons and was a battery, proximately causing plaintiffs and plaintiff's decedent to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to said Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

46. As a proximate result of Defendants' conduct as set forth herein, Plaintiffs suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, loss of care, comfort, society, familial support, financial support, and damages. Plaintiffs are entitled to recover wrongful death damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

47. Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5. For the costs of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

///

1 | Dated:  December 14, 2020 **LAW OFFICES OF JOHN L. BURRIS**

/s/ Benjamin Nisenbaum
Ben Nisenbaum
Attorneys for Plaintiffs