JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./ State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:   (510) 839-5200
Facsimile:    (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEFTALI MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; NORA MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; MICHELLE MONTERROSA, individually; ASHLEY MONTERROSA, individually,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF VALLEJO, a municipal corporation; JARRETT TONN, individually, and Vallejo police officers DOES 1-25, inclusive,<br><br>Defendants.<br>_____ / | Case No.  2:20-cv-01563-TLN-DB<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION FOR SANCTIONS FOR NECESSITATING OPPOSITION TO DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND OPPOSITION TO MOTION FOR CHANGE OF VENUE**<br><br>Time: January 2, 2021<br>Date: 2:00 p.m.<br>Courtroom: 2<br><br>Honorable Judge Troy Nunley |

## I.    INTRODUCTION

On November 19, 2020 Plaintiffs' Counsel filed a motion for Sanctions. Plaintiff's Counsel alleged Counsel for Defendants' Motion for Protective Order was both meritless and misled the Court by omitting defendants' own public statements, thereby painting Plaintiffs' statements in a false light out of context. On December 24, 2020 Counsel for Defendants filed an Opposition to Plaintiffs' Rule 11 motion. Plaintiffs now respectfully submit this reply brief.

## II.    ARGUMENT

1

Plaintiffs' Reply to Defendants'' Opposition to Motion for Sanctions
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

A.   **Legal Standard**

By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and] (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. FRCP 11(b).

B.   **Plaintiffs' Counsel Complied with Rule 11 Safe Harbor Requirements**

i.   <u>Defendants' Counsel Had 21 Days to Fix their Sanctionable Motions</u>

Rule 11 sanctions are governed by "an objective standard of reasonable inquiry." [*De Borja citing*] *Chambers*, 501 U.S. at 47. The court considers whether the complaint is legally or factually baseless from an "objective perspective." [*De Borja* citing] Christian *v*. *Mattel*, *Inc*., 286 F.3d 1118, 1131 (9th Cir. 2002)." *De Borja v. Razon*, Case No. 3:18-cv-01131-YY (D. Or. Sep. 30, 2020).

Under Rule 11, motions for sanctions "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." FED. R. CIV. P. 11(c)(2). The rule also contains a safe harbor: the party served with the motion must be given 21 days after service to withdraw or correct the challenged conduct. *Id*.

In *Borja,* the Court determined "Defendants' motion for sanctions complies with Rule 11's safe harbor requirement, as defendants provided plaintiffs and their counsel with a draft of the motion 21 days before filing it with the court...Having found the motion for Rule 11 sanctions is properly before the court and that Rule 11 has been violated, the court next must decide what, if any, sanction should be awarded." *Id.*

Here, like in *Borja,* Plaintiffs sent a draft of their sanctions motion to Counsel for Defendants more than 21 days before Plaintiffs' Counsel filed their Rule 11 motion: Plaintiffs meet and confer

2

Plaintiffs' Reply to Defendants'' Opposition to Motion for Sanctions
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

was extensive, gave clear warning to defendants that sanctions would sought if they did not correct the omissions in their motion, and Defendants responded that they would flatly refuse to do so. No more could be done by Plaintiffs, and no clearer warning of the sanctions motion could have been given. In that October 27, 2020 meet and confer, Counsel for Plaintiffs provided a draft of their arguments regarding the defects in Defendants motions. On November 19, 2020, Plaintiffs filed their Rule 11 motion, after defendants had more than 21 days to correct their sanctionable motion. Plaintiffs filed their motion 23 days after Counsel for Plaintiff served their draft on Defendants. See Exh. 7 to Plaintiffs Motion for Sanctions.

In this draft, Plaintiff specifically argued that "Defendants intentionally omit Chief Williams press conference and the video presentation released publicly from their motion. It is galling that Defendants accuse Plaintiffs of doing exactly what Defendants have themselves done, and totally omitted Defendants' own public statements from their motion. In our view, this is a material, intentional omission sanctionable under Rule 11." Exh. 7. These are the same arguments presented in Plaintiff's final Rule 11 motion. Plaintiffs' Rule 11 Motion argues Counsel for Defendants "omit Defendants' own media efforts while they try to silence plaintiffs' counsel in violation of Plaintiffs'. *Id* pg. 6 lns. 23-25.

Defendants acknowledge this fact in their opposition to Plaintiffs' Rule 11 motion. Counsel for Defendants state:

> "On October 27, 2020, Plaintiffs' counsel Ben Nisenbaum sent an e-mail to defense counsel demanding that both motions be withdrawn. Mr. Nisenbaum argued that the motions violate Rule 11 of the Federal Rules of Civil Procedure because they omit a press conference by Chief Williams and public disclosure of video footage of the incident. Mr. Nisenbaum stated, "Defendants do not get to be the only party that speaks publicly", essentially what Plaintiffs argue in this motion." *Id* pg. 5 lns. 7-12.

Plaintiff's specifically requested Defendants withdraw or correct their motions more than 21 days before Plaintiffs' Counsel filed the Rule 11 motion. Plaintiffs' counsel stated to Defendants: "Correct the omission of Defendants public statements immediately. Your motion is substantively and materially misleading without such inclusion. If that is not done in short order, I will file a

3

Plaintiffs' Reply to Defendants'' Opposition to Motion for Sanctions
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

motion for sanctions for violating Rule 11 along with our oppositions when they are due." Exh. 7. However, on November 3, 2020 counsel for defendants refused to withdraw or correct their motions. Instead, Counsel for Defendants claims "Not only is the motion for protective order meritorious, it is clear that such an order is necessary in this case to protect Defendants' right to a fair trial."

Further, the Court in *Nisenbaum v. Milwaukee County*, 333 F.3d 804, 808 (7th Cir. 2003) held that "party-initiated sanctions under Rule 11 depend on the filing of a motion under Rule 11(c)(1)(A). This motion must be served, but it may not be filed with the court until the opposing party has had three weeks to decide whether to withdraw the supposedly offending pleading. Only if the adverse party maintains its position may the movant inform the court and request sanctions. When denying the motion under Rule 11, the magistrate judge stated that defendants had failed to comply with Rule 11(c)(1)(A). In a footnote, however, the magistrate judge revealed that any noncompliance was technical: the defendants sent Nisenbaum's lawyer a "letter" or "demand" rather than a "motion." Before turning to the court, defendants alerted Nisenbaum to the problem and gave him more than 21 days to desist; he decided to press on. Defendants have complied substantially with Rule 11(c)(1)(A) and are entitled to a decision on the merits of their request for sanctions under Rule 11." *Nisenbaum.*

Here, like in *Nisenbaum* (a different Nisenbaum, and unknown to Plaintffs' instant counsel)*,* Counsel for Plaintiffs sent Defendants' lawyers a "letter" or "demand" to fix the sanctionable pleading. Counsel for defendants had more than 21 days to desist. However, Counsel for Defendants decided to press on.

Thus, Counsel for Plaintiffs complied with the Rule 11(c)(2) safe harbor requirements by serving a draft of their arguments for their Rule 11 motion at least 21-days before filing the motion.

### ii.  Request for Leave to Refile

"The purpose of the safe harbor ... is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions*." *Barber v. Miller,* 146 F.3d 707, 710 (9thCir.1998).

4

Plaintiffs' Reply to Defendants'' Opposition to Motion for Sanctions
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

Here, Plaintiffs' Counsels' intention was to avoid having to oppose a motion that is intentionally deceptive and intended to mislead the court. Defendants could have escaped the sanctions by withdrawing their motion. However, the sanctions motion requiring 21 days can not apply here. Plaintiffs' opposition to Counsel for Defendants' sanctionable motion was due to be filed. Since our opposition was due, and the defense remained recalcitrant, the 21 days safe harbor provision was not feasible at the time. However, the defense easily had safe harbor and could have escaped sanctions, as shown above.

As such, Counsel for Plaintiffs respectfully requests leave to be permitted to refile the motion for sanctions after the court rules on the sanctionable motions. Provided the court find the Defendants' tactics here deceptive and misleading by omitting material facts to frame our conduct in a false way to the Court, Plaintiffs' Counsel should be permitted to refile their sanctions motion.

Alternatively, the Court has its own prerogative to issue an order to show cause as to why defendants did not modify their motion to include the omitted material facts, and explain why their motion was not misleading to the Court in omitting those material facts. Should Defendants' Counsel fail to show cause in a satisfactory manner, the Court should impose the same sanctions on the Defendants.

Thus, Plaintiff's Counsel respectfully requests leave to refile their Rule 11 Motion in the event it was preemptively filed.

**C.     The Challenged Pleadings Violate Rule 11**

Rule 11 (b) states: By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

5

Plaintiffs' Reply to Defendants'' Opposition to Motion for Sanctions
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Here, Defendants contend their motions were warranted under existing law as prescribed by Rule 11 (b)(2). Counsel for Defendants claim they filed their motions to prevent Plaintiff's from speaking to the press. Defendants state: "Because both of the challenged motions were made for a proper purpose, have evidentiary support, and request relief warranted by existing law, they are compliant with Rule 11 and Plaintiffs' motion should be denied." However, Plaintiff's counsel contends their intentional omission was meant harass Plaintiffs and wrongfully silence Plaintiff, and to wrongfully mislead the Court. This is further shown by Defense Counsels failure to fix the defects in their sanctionable motions. Counsel for Defendants had a duty to adhere to all of the provisions laid out in Rule 11(b). By failing to include their own press conferences in their motions, Counsel for Plaintiffs effectively submitted their motions for an "improper purpose" in violation of Rule 11(b)(1).

Counsel further argues that "the City's limited release of information related to the underlying incident is not material to Defendants' motions because it drastically differs from the sweeping media campaign led by the Burris Firm." *Id pgs. 10-11 lns. 28-2*. Defendants argue "Plaintiffs' counsel launched a campaign to influence the media and the community from which potential jurors would be drawn. *Id.* pg. 4 lns. 5-6. As Plaintiffs previously argued, Defendants held their own conferences which were apparently meant to influence the media and potential jurors. However, they intentionally omitted this act to the Court, while simultaneously asking the court to impose restrictions on Plaintiffs for the same behavior.

Thus, the Court should sanction Defendants' Counsel for actions of omitting facts that were material to the outcome of their motions.

6

### D.     The Court Should Not Award Attorney's Fees to Counsel for Defendants

Counsel for Defendants requested the court award attorney's fees to Defense counsel. To support their position, Defendants cite *Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014). The Court *Smith* stated "Smith's counsel filed a Rule 11 motion purportedly to correct four misrepresentations in a memorandum that Appellees filed in support of their motion for attorneys' fees.... The district court thus concluded that "[n]one of the four grounds raised by [Smith] in her Rule 11 motion present[s] significant concerns in the context of this particular case, and none comes close to warranting the imposition of Rule 11 sanctions." Based on these findings, the district court determined Smith's counsel filed the Rule 11 motion both to harass Appellees, and to file what was effectively an unauthorized reply brief to Appellees' motion for fees. It awarded Appellees attorneys' fees on that basis. *Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1260 (11th Cir. 2014)

Here, unlike in *Smith,* Plaintiffs Rule 11 motion raises significant concerns about Defendants misrepresentations to the court. In *Smith,* the Court found Smith's arguments in her Rule 11 motion to be "of no real consequence and did not warrant sanctions." Here, however, Defendants' Counsels' misrepresentations to the court warrant sanctions under Rule 11 for the reasons argued here within.

Further, as argued above, Plaintiffs complied with the "safe harbor" clause in Rule 11. October 27, 2020, Plaintiffs contacted Defendants in good faith to resolve the outstanding flaws in Defendants motions. However, on November 3, 2020 counsel for defendants expressly stated they would not withdraw or correct their motions.

Thus, Plaintiff's substantially complied with the requirements of Rule 11. Defendants should not be awarded attorney's fees.

### **CONCLUSION**

Plaintiffs' Counsel sufficiently adhered to the safe harbor requirements of Rule 11. Plaintiffs respectfully request leave to refile should the Court find Plaintiffs' Rule 11 motion premature. Further, Defendants' motions mislead the Court regarding material facts, and Defendants' Counsel

7

Plaintiffs' Reply to Defendants'' Opposition to Motion for Sanctions
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB

should be sanctioned accordingly. Finally, Counsel for Defendants are not entitled to attorney's fees, as Defendants have engaged in sanctionable conduct, not Plaintiffs or their counsel.

                                                Respectfully submitted,

Dated:  December 30, 2020          **The Law Offices of John L. Burris**

                                          /s/Benjamin Nisenbaum
                                          Ben Nisenbaum
                                          Attorney for Plaintiff

Plaintiffs' Reply to Defendants'' Opposition to Motion for Sanctions
*MONTERROSA, et al. v. CITY OF VALLEJO*, et al. 2:20-cv-01563-TLN-DB