**JOHN COYLE, Esq.**
McELDREW PURTELL
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800

Attorney for Plaintiffs.

IN TH UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEFTALI MONTERROSA, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, ET AL.,<br><br>Defendant. | Case No:   2:20-cv-01563-DAD-DB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND SECOND MOTION TO ENFORCE NONPARTY SUBPOENA FOR PRODUCTION OF DOCUMENTS**<br><br>Date:   October 13, 2023<br>Time:  10:00 a.m.<br>Judge: Hon. Deborah Barnes |

PLEASE TAKE NOTE that on October 13, 2023, at 10:00 a.m. or as soon thereafter as the matter may be heard, before the Honorable Judge Deborah Barnes, Plaintiffs will and hereby does move to enforce the subpoena served upon the Vallejo Police Officers Association.

Pursuant to Rule 251(e), because there "has been a complete and total failure to respond to a discovery request," the Plaintiffs bring this motion on fourteen days' notice without a joint statement regarding this discovery disagreement. Counsel for the parties met and conferred. No party opposes this request.  The motion is based on this notice of motion, the accompanying memorandum of points and authorities, the entire record of the action, any oral argument as the Court may receive, and other matters that the Court deems just and proper.

1 | DATED: August 28, 2023

Respectfully submitted,

*/s/ John J. Coyle*
JOHN J. COYLE
Attorney for Plaintiffs
McELDREW PURTELL
123 South Broad Street
Suite 2250
Philadelphia, PA 19109
(215) 545-8800
jcoyle@mceldrewpurtell.com

Carla M. Wirtschafter
Reed Smith LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067
310-734-5253
cwirtschafter@reedsmith.com

# CERTIFICATE OF SERVICE

I, John J. Coyle, Esq., Counsel for Plaintiffs in this matter hereby certifies that a copy of the foregoing Notion of Motion and Second Motion to Enforce, as well as its attachments, including the Plaintiffs' Memorandum of Points and Authorities in Support of the Motion was sent via certified and electronic mail to Vallejo Police Officers Association at the address shown below:

Vallejo Police Officers Association
1040 Colusa Street
Vallejo, CA 94590

Michael L. Rains, Esq
MRains@rlslawyers.com

DATED:                                                         Respectfully submitted,

                                                                                         */s/ John J. Coyle*
                                                                                         JOHN J. COYLE
                                                                                         Attorney for Plaintiffs
                                                                                         McELDREW PURTELL
                                                                                         123 South Broad Street
                                                                                         Suite 2250
                                                                                         Philadelphia, PA 19109
                                                                                         (215) 545-8800
                                                                                         jcoyle@mceldrewpurtell.com

                                                                                         Carla M. Wirtschafter
                                                                                         Reed Smith LLP
                                                                                         1901 Avenue of the Stars
                                                                                         Suite 700
                                                                                         Los Angeles, CA 90067
                                                                                         310-734-5253
                                                                                         cwirtschafter@reedsmith.com

JOHN COYLE, Esq.
McELDREW PURTELL
123 South Broad Street, Suite 2250
Philadelphia, PA 19109
(215) 545-8800

Attorney for Plaintiffs.

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEFTALI MONTERROSA, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, ET AL.,<br><br>Defendant. | Case No:   2:20-cv-01563-DAD-DB<br><br>**MEMORANDUM IN SUPPORT OF THE PLAINTIFFS' SECOND MOTION TO ENFORCE A NONPARTY SUBPOENA FOR PRODUCTION OF DOCUMENTS**<br><br>Date:   October 13, 2023<br>Time:  10:00 a.m.<br>Judge: Hon. Deborah Barnes |

**MEMORANDUM OF POINTS AND AUTHORITIES**

On March 7, 2023, this Honorable Court Ordered the Vallejo Police Officers Association (hereinafter "VPOA"), a non-party, to comply with Plaintiffs' Subpoena for production of documents pursuant to Fed. R. Civ. P. 45. In response, the VPOA did not file objections, ask for an extension of time or file a motion to quash. Instead, the VPOA still refuses to produce any responsive documents. This Court should compel the VPOA, for a second time, to respond to the Subpoena.

**Factual Background**

This case arises from the officer-involved shooting death of Sean Monterrosa by Vallejo Police Officer Jarrett Tonn ("Officer Tonn") on June 2, 2020. Mr. Monterrosa was unarmed and kneeling on the ground when Officer Tonn, without warning, fired his silenced military style assault

rifle from the back seat of an unmarked Vallejo PD truck and through the windshield, striking Mr. Monterrosa in the back of the head and killing him.

In the aftermath of the shooting, the City of Vallejo ("the City") retained OCR group to investigate the shooting. That investigation and subsequent review by Vallejo Police Chief Shawny Williams determined that Officer Tonn's use of force was unreasonable, and this led the City to seek his termination. Through further investigations it was uncovered that there was a thriving culture of excessive unreasonable violence among the Vallejo Police Department, and that the department had a "siege mentality," with allegations of a badge bending practice where Vallejo officers would bend the points of their badge when they killed a citizen.

As a part of this investigation, the VPOA, in a letter written by their attorney, confirmed the badge bending practices but attempted to frame the reason for the practice as a celebration by officers of surviving a dangerous situation. Through more recent limited testimony in the Solano County Superior Court, the transcript reflects that the badge bending report includes testimony from former Vallejo Officer Tribble that he and Officer Gary Jones bent the badge of Jarrett Tonn. VPOA has since remained evasive to further inquiry.

Plaintiffs filed their complaint against the named Defendants on August 6, 2020, followed by Plaintiffs First Amended Complaint on December 22, 2020, and Plaintiffs Second Amended Complaint on March 11, 2021.

On February 2, 2022, Plaintiffs noticed the City of Vallejo with nine subpoenas for production of documents from individuals and entities associated with the City of Vallejo or the underlying investigation of the incident, with one to the VPOA (hereinafter "the Subpoena"). The Subpoena requests all correspondence, emails, communications, messages, documents, interviews or reports relating in any way to Jarrett Tonn, John Whitney, and/or the practice of badge bending by union members. Counsel for the City of Vallejo and Plaintiffs met and conferred by phone on February 2, 2022.  The City of Vallejo did not object to the Subpoena to the Vallejo Police Officers' Association

at that time, nor any time since then. The following week, on February 9, 2022, Counsel for Plaintiffs, John J. Coyle, Esq., emailed Michael L. Rains, Esq., who, based on information and belief is Counsel for the VPOA, a courtesy copy of the Subpoena. *See* Exhibit 1. Mr. Rains never responded to this email.

The VPOA was formally served with the Subpoena on July 5, 2022. *See* Exhibit 2. According to the process server's affidavit, the subpoena was served personally on Christy Her, identified as "Deputy Clerk." *Id.*

Due to the VPOA's failure to respond in any way to the Subpoena, Plaintiffs filed their First Motion to Enforce on January 24, 2023. *See* Exhibit 3.

This Honorable Court granted Plaintiffs' First Motion to Enforce on March 7, 2023 and ordered the VPOA to respond within seven days with responsive documentation. *See* Exhibit 4.

On March 8, 2023, Plaintiffs' Counsel, Amanda Jonas Lorentson, Esq., provided Mr. Rains with an emailed copy of the Subpoena and the March 7, 2023 Order. *See* Exhibit 5.That same day, Mr. Rains responded that Michael Nichelini, the President of the Vallejo Police Officer's Association, would be following up on the Subpoena. *Id.*

On March 28, 2023, Mr. Nichelini emailed Plaintiffs' counsel and denied service of the subpoena and accused Plaintiffs of conspiring with the media to "trash[ ]" their name for "failing to respond to a subpoena." *See* Exhibit 6. Mr. Nichelini refused to respond to the subpoena until it was "properly" served and claimed he had no responsive records—both of which are untrue. *Id.* In response, Mr. Coyle again provided another copy of the Subpoena to Mr. Nichelini, reiterated the VPOA's obligations based on prior service and notice and requested that the VPOA comply with this Honorable Court's Order. *Id.*

After months of no response, and despite having already effectuated service on the VPOA twice and mailing multiple courtesy copies of the subpoena, Plaintiffs served the VPOA *again* on July 18, 2023, this time, personally serving VPOA President, Mr. Nichelini. *See* Exhibit 7.

The VPOA's responses are now a year overdue.

**Argument**

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas. Under Rule 45(a)(1)(D) a party may issue a subpoena compelling a non-party to produce documents and tangible things. Federal Rules of Civil Procedure 45 requires the subpoena's recipient to produce the requested information and materials, and while they may object to all or part of a subpoena, the objection must be adequately supported. Fed. R. Civ. P. 45(c)(2) and 45(e). The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B). Assuming that a subpoena is properly constituted and served, and no objections are raised, Rule 45 requires the subpoena's recipient to produce the requested information and materials.

Even if the subpoena is objected to, this Court may compel production if the issuing party shows (1) a substantial need for the material sought, (2) it cannot otherwise be obtained without undue hardship, and (3) reasonable compensation is paid to the person addressed in the subpoena. Fed. R. Civ. P. 45(d)(3)(C); *see U.S. v. CBS, Inc.*, 666 F.2d 364, 368-89 (9th Cir. 1987). However, because the VPOA did not object, let alone object with adequate support in a timely manner, there is no discernable justification for their refusal to comply.

Even if the VPOA were correct in claiming deficient service, which they are not, they have waived any right to object by their own intentional inaction. If a non-party has actual notice of a subpoena, that non-party's failure to timely object constitutes as a waiver of all defects including ***insufficiency of service.*** *See Scruggs v. S. Vance*, No. 2:06-cv-0633 KJM KJN P, 2011 U.S. Dist. LEXIS 145667, at *28-29 n.5 (E.D. Cal. Dec. 19, 2011) (reversed on other grounds); *E. & J. Gallo Winery v. EnCana Energy Serv., Inc.*, 2005 U.S. Dist. LEXIS 40141, 2005 WL 3710352, at *4 (E.D.

Cal. Aug. 15, 2005). Here, the VPOA has had actual notice of the subpoena for over a year as Plaintiffs have provided numerous copies via email and mailed correspondence to the VPOA. Despite this notice, the VPOA has consistently chosen to remain silent and simply ignore the Subpoena and this Honorable Court's Orders. They cannot now at the eleventh-hour use a claimed defect in service as an excuse for a year of noncompliance.

In keeping, Plaintiffs are entitled to requested materials and information as: (1) this Honorable Court ordered production on March 7, 2023; (2) these documents are directly relevant to the *Monell* claims at issue in this litigation; (3) the sought after information is directly relevant to the central issue of whether Officer Tonn or anyone else at the time of the shooting was in fact in fear of immediate threat of death or bodily injury; (4) due to the nature of the information requested, there are no other means for Plaintiffs to obtain them; and (5) the VPOA waived any objections to any hypothetical defects in service by failing to timely object.

Here, the Court should issue a Second Order compelling compliance with the Subpoena. The VPOA was served with a valid subpoena, Counsel for the VPOA and VPOA leadership were put on notice of that Subpoena. This Court Ordered compliance on March 7, 2023. The VPOA has failed to serve objections or file a motion to quash. The VPOA's noncompliance has led all parties to incur unnecessary costs and deprived the Plaintiffs of relevant evidence.

## Conclusion

In light of the above, Plaintiffs respectfully ask this Court to grant their Second Motion to Enforce the Subpoena to Vallejo Police Officers Association.

DATED: August 28, 2023                                          Respectfully submitted,

|   |   |
|---|---|
| 1 | /s/ John J. Coyle |
| 2 | JOHN J. COYLE |
|   | Attorney for Plaintiffs |
| 3 | McELDREW PURTELL |
|   | 123 South Broad Street |
| 4 | Suite 2250 |
|   | Philadelphia, PA 19109 |
| 5 | (215) 545-8800 |
| 6 | jcoyle@mceldrewpurtell.com |

Carla M. Wirtschafter
Reed Smith LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067
310-734-5253
cwirtschafter@reedsmith.com