DERICK E. KONZ, ESQ., SB No. 286902
   Email: dkonz@akk-law.com
JACOB J. GRAHAM, ESQ., SB No. 340295
   Email: jgraham@akk-law.com
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone: (916) 564-6100
Telecopier: (916) 564-6263

Attorneys for Defendant JARRETT TONN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEFTALI MONTERROSA, et al., | Case No.: 2:20-CV-01563-DAD-DB |
| Plaintiffs, | **REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT JARRETT TONN'S MOTION TO STAY DISCOVERY** |
| vs. | |
| CITY OF VALLEJO, et al., | DATE:    November 7, 2023 |
| | TIME:    1:30 p.m. |
| Defendants. | DEPT:    4, 15th Floor |

Defendant Jarrett Tonn ("Tonn") submits the following Reply to Plaintiffs' Opposition (ECF No. 70) to Tonn's Motion to Stay (ECF No. 69):

## REPLY

**I.** **LACK OF AN INDICTMENT IS NOT FATAL; THE ATTORNEY GENERAL'S CRIMINAL INVESTIGATION IS NOT IN DISPUTE BASED ON PLAINTIFFS' COUNSEL AUGUST 2023 RESPONSES TO SUBPOENAS.**

Plaintiffs ask the Court to deny the motion on the sole ground that Tonn has not been indicted. However, the cases they cite do not help them. *Ebay, Inc. v. Dig. Point Sols.*, Inc., No. C 08-4052 JF (PVT), 2010 U.S. Dist. LEXIS 23253 (N.D. Cal. Feb. 25, 2010), which Plaintiffs oddly rely on, explicitly notes, "courts will not categorically deny a stay solely because the defendant has not yet been indicted." *Id* at *10 (internal citations and quotations omitted). The

1   other cases merely state the need for a stay is weaker when there is no indictment.

2   As noted in the opening brief, the mere possibility of criminal prosecution is all that is necessary for the Fifth Amendment privilege against self-incrimination to be invoked. *See Matter of Seper*, 705 F.2d 1499, 1501 (9th Cir. 1983). Thus, where the issues in the criminal and civil case overlap, courts will stay the civil proceeding even before the indictment issues. *See also Chao v. Fleming*, 498 F.Supp.2d 1034, 1039 (W.D. Mich. 2007); *Doe v. Sipper*, 869 F.Supp.2d 113, 116 (D.D.C. 2012). This is consistent with the Supreme Court's repeated holding that "one of the Fifth Amendments basic functions is to protect innocent men who otherwise might be ensnared by ambiguous circumstances." *Ohio v. Reiner*, 532 U.S. 17, 21 (2001) (internal citations and quotations omitted.)

Here, Attorney General Bonta's criminal investigation, which Tonn asks the Court to take judicial notice of, concerns the same shooting being challenged by Plaintiffs and therefore implicates Tonn's Fifth Amendment right against self-incrimination in this civil case. One could not seriously dispute this overlap, regardless of whether the Attorney General's announcement mentions Tonn's name or not. Perhaps recognizing this, Plaintiffs object to Tonn's request for judicial notice, arguing whether Tonn is being investigated at all is "very much in dispute." However, Plaintiffs' counsel has no basis for opposing this request or denying the existence of the Attorney General's investigation where he provided responses to subpoenas on August 29, 2023, effectively acknowledging its existence. *See* Decl. Graham in support of Reply, ¶ 2, Ex. B at ¶ 4 (withholding communications between the Attorney General's Office and the Monterrosa family based on knowledge and belief there is an open criminal investigation).

Per Plaintiffs' authority, the court may not take judicial notice of the contents of public records "to the extent th[ose] contents are in dispute." No such dispute appears to exist here. The "open criminal investigation" by the Attorney General means Tonn has a valid Fifth Amendment claim in this civil case. He has not waived his Fifth Amendment rights as explained below.

**II.   TONN FULLY RETAINS HIS FIFTH AMENDMENT RIGHTS IN THIS CASE**

Plaintiffs contend Tonn waived or at the very least narrowed his Fifth Amendment rights by voluntarily participating in Arbitration and civil discovery in this case.

As to the former, Plaintiffs' argue Tonn cannot have it both ways: testifying during an Arbitration hearing and later asserting his Fifth Amendment rights in this case. But, Tonn can have it both ways since "waiver of the Fifth Amendment privilege is limited to the particular proceeding in which the waiver occurs." *United States v. Licavoli*, 604 F.2d 613, 623 (9th Cir. 1979); *See Torres v. Zamanizadeh*, No. 3:17-cv-01270-AC, 2019 U.S. Dist. LEXIS 205230 at *9-10 (D. Or. Nov. 26, 2019) (deeming defendant's provision of documents during a criminal investigation irrelevant to his ability to invoke the Fifth Amendment in the civil action); *Walters v. Dale (In re Flint Water Cases)*, 53 F.4th 176, 205 (6th Cir. 2022) ("a single testimonial event is its own proceeding for purposes of a waiver."). Whether Tonn testified in a separate Arbitration proceeding is irrelevant to the analysis.

As to the latter, Plaintiffs specifically argue Tonn waived his Fifth Amendment rights by attending other peoples' depositions and providing three responses to requests for admission. The cases Plaintiffs cite for this argument, again, do not help them. Each case found waiver where the defendant provided verified interrogatory responses. Unlike interrogatories, responses to requests for admission do not require a verification.

Plaintiffs in effect ask the Court to find Fifth Amendment waiver for the remainder of these proceedings based on three unverified responses to requests for admission prepared by Tonn's counsel. One of these responses merely restates a medical finding by the coroner. Unlike the cases Plaintiffs cite, Tonn "has not made any sworn statements in this matter," and therefore has not waived his Fifth Amendment rights. *See Taylor, Bean & Whitaker Mortg. Corp. v. Triduanum Fin.*, Inc., 2009 U.S. Dist. LEXIS 60849 at *7 (E.D. Cal. July 15, 2009); *see also Walters*, *supra*, 53 F.4th at 205; *Emspak v. United States*, 349 U.S. 190, 198 (1955) (repeating "courts must 'indulge every reasonable presumption against waiver of fundamental constitutional rights.'").

With respect to Plaintiffs' other remaining waiver argument, it is entirely unclear how Tonn waives his Fifth Amendment rights by attending other peoples' depositions. To waive the Fifth Amendment right against self-incrimination, a person must voluntarily relinquish that right by making a statement or providing testimony. *See Walters*, 53 F.4th at 193-4 and fn. 3. Attending someone else's deposition, without providing any testimony or making self-incriminating

statements, does not meet that criteria.

### III. *KEATING* FACTORS WEIGH IN FAVOR OF GRANTING A STAY

Although a stay is not constitutionally required, the ultimate question is whether the Court should exercise its discretion to grant a stay to avoid placing Tonn in the position of having to choose between waiving his Fifth Amendment rights and losing this civil case. At least one district court has said it is encumberment upon a defendant in these circumstances to seek the court's protection. *See First Bank Bus. Capital, Inc. v. Agriprocessors, Inc.*, No. 08-CV-1035-LRR, 2010 U.S. Dist. LEXIS 3755 at *24 (N.D. Iowa Jan. 19, 2010) (citing *United States v. Certain Real Property and Premises known as 4003-4005 Fifth Ave., Brooklyn, NY*, 840 F. Supp. 6, 7 (E.D.N.Y. 1993)); *Cf. In re Phenylpropanolamine*, 460 F.3d 1217, 1227 (holding "[a] defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.").

Additionally, although the analysis is case-specific, courts often consider the same general concepts with respect to each *Keating* factor. This is clear from the parties' briefing. Thus, Tonn will not repeat all of his arguments in reply.

As to the balance of the arguments in opposition, Plaintiffs simultaneously assert the existing protective adequately resolves Tonn's Fifth Amendment concerns while disputing the applicability and scope of Tonn's Fifth Amendment rights in this case. This seemingly contradictory argument only supports Tonn's point that a stay would be more efficient for the parties and the Court. Instead of the parties fighting over confidentiality designations pursuant to the terms of the protective order, which appears likely given Plaintiffs' position on this motion, a stay would "allow civil discovery to 'proceed unobstructed by concerns regarding self-incrimination'" *In re Zinnel*, No. 2:12-cv-00249-MCE, 2013 U.S. Dist. LEXIS 46114 at *14-5 (E.D. Cal. Mar. 28, 2013).

Regarding Plaintiffs' remaining concern about a potentially indefinite stay and Tonn's memory fading, Tonn's opening brief noted he was not opposed to the Court ordering a stay for a period it deems appropriate. Courts have considered a temporary stay, with subsequent status reports from the parties regarding the decision to extend or lift the stay, appropriate in these

circumstances. *See Taylor, Bean & Whitaker Mortg. Corp.*, 2009 U.S. Dist. LEXIS 60849 at *10; *Mann v. Garcia*, No. 1:21-cv-00764-AWI-EPG (PC), 2022 U.S. Dist. LEXIS 24603 at *16 (E.D. Cal. Feb. 9, 2022) ("Defendants are directed to file a status report 14 days after a resolution in the pending state criminal case or one year from the date of this order, whichever is sooner.")

## **CONCLUSION**

A stay would protect Tonn's Fifth Amendment rights and prevent Plaintiffs from gaining an unfair advantage due to the pending criminal investigation by the Attorney General. Tonn respectfully requests the Court to grant his motion for a stay until the completion of the Attorney General's investigation or for a period the Court deems appropriate.

Dated:  October 10, 2023               ANGELO, KILDAY & KILDUFF, LLP

                                                            */s/ Jacob J. Graham*
                                                       By:_____
                                                            DERICK E. KONZ
                                                            JACOB J. GRAHAM
                                                            Attorneys for Defendant JARRETT TONN