UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEFTALI MONTERROSA, et al., | No. 2:20-cv-01563-DAD-DB |
| Plaintiffs, | |
| v. | ORDER GRANTING DEFENDANT TONN'S MOTION TO STAY DISCOVERY, IN PART, AND STAYING DISCOVERY AS TO DEFENDANT TONN FOR NINETY DAYS |
| CITY OF VALLEJO, et al., | |
| Defendant. | |
| | (Doc. No. 69) |

This matter came before the court on November 7, 2023 for a hearing on defendant Jarrett Tonn's motion to stay discovery directed at him—specifically to stay his deposition and his deadline to respond to written discovery—until after the California Attorney General completes a related criminal investigation into the fatal police shooting that gave rise to this civil rights action brought by the decedent's successors-in-interest. (Doc. No. 69.) Attorney John Coyle appeared by video on behalf of plaintiffs Neftali and Nora Monterrosa.[1] Attorney Jacob J. Graham

---

[1] The court notes that, on February 11, 2021, the court dismissed the claims that were brought in the first amended complaint by plaintiffs Michelle Monterrosa and Ashley Monterrosa (the decedent's adult siblings), without leave to amend, though the docket was not updated at that time to reflect their termination as plaintiffs from this action. (Doc. No. 33.) Consistent with that order, in the operative second amended complaint, Michelle and Ashley Monterrosa are not named as plaintiffs. (Doc. No. 34.) Accordingly, the court will direct the Clerk of the Court to update the docket to reflect that plaintiffs Michelle Monterrosa and Ashley Monterrosa were terminated from this action on February 11, 2021.

1

appeared by video on behalf of defendant Tonn, and assistant city attorney Katelyn Knight appeared by video on behalf of defendant City of Vallejo.  For the reasons explained below, the pending motion to stay discovery directed at defendant Tonn will be denied.

## BACKGROUND

This case arises from the fatal shooting of plaintiffs' son by defendant Jarret Tonn, a detective with the Vallejo Police Department, on June 2, 2020.  (Doc. No. 34.)  On August 6, 2020, plaintiffs initiated this civil rights action against defendant Tonn and defendant City of Vallejo ("the City"), as well as unnamed Doe defendants 1–25, alleging that defendant Tonn shot their son in the back of the head while he was unarmed and kneeling in a Walgreens parking lot. (Doc. No. 1.)  On March 11, 2021, plaintiffs filed the operative second amended complaint, which defendants answered on March 25, 2021.  (Doc. Nos. 34, 35.)

In June 2021, an administrative investigation report was issued by the OIR Group, an independent team of police practices experts, to whom the City and the Vallejo Police Department had delegated responsibility for conducting an administrative investigation into the shooting.  (Doc. Nos. 70 at 2; 70-1 at 2.)  As part of that investigation, on February 25, 2021, OIR investigators interviewed defendant Tonn, and he provided a detailed account of the shooting. (Doc. No. 70-1 at 30–44.)  The investigators' summary of defendant Tonn's interview spans fifteen pages of their report.  (*Id.*)

On March 20–21, 2023, defendant Tonn participated in an arbitration hearing in which the arbitrator was asked to resolve the issue of whether there was "just cause for the termination of [defendant] Tonn from the Vallejo Police department; and if not, what is the appropriate remedy." (Doc. No. 70 at 3; 70-1 at 70.)  As reflected in the arbitrator's opinion and award, defendant Tonn gave extensive and detailed sworn testimony, subject to cross examination, regarding the shooting.  (Doc. No. 70 at 3; 70-1 at 100 –109.)  The arbitrator concluded that just cause did not exist for the discharge of defendant Tonn and directed that he be reinstated in his position with the Vallejo Police Department.  (Doc. No. 70-1 at 128.)

On May 13, 2021, California's Attorney General announced that the California Department of Justice would conduct an independent review of the shooting to determine whether

criminal charges were warranted.  (Doc. No. 69-1 at 2; 69-2 at 2.)[2]  Plaintiffs dispute whether defendant Tonn is in fact being investigated by the California Department of Justice.  (Doc. No. 70 at 11.)  However, in responding to discovery requests on August 29, 2023, former plaintiffs (the decedent's sisters) objected to producing "any communications with investigating authorities absent approval from said authority" because, to the best of their knowledge and belief, "there is an open criminal investigation into the incident."  (Doc. No. 71-1 at 4–7.)  Those responses were signed by plaintiffs' counsel, so it is not clear on what basis plaintiffs now question the existence of a criminal investigation, at least at some point in time.  (*See id.*)

On August 28, 2023, plaintiffs served a deposition notice on defendant Tonn, noticing his deposition for September 19, 2023, though the parties subsequently had discussions regarding rescheduling that deposition.  (Doc. No. 69-3 at 4.)

On September 15, 2023, defendant Tonn filed the pending motion to stay his "deposition and all written discovery directed at him until the criminal investigation is complete" or "for a period of time the court deems appropriate."  (Doc. Nos. 69 at 1; 69-1 at 2, n.2.)  Defendant Tonn asserts that such a stay is necessary because he "plans to invoke his Fifth Amendment rights" and doing so would prejudice his defense in this civil case.  (Doc. No. 69-1 at 2.)  Defendant Tonn

---

[2] Defendant Tonn requests that the court take judicial notice of the California Attorney General's announcement which was posted on publicly accessible websites, including as a press release on the Attorney General's website.  (Doc. No. 69-2.)  Plaintiffs oppose defendant Tonn's request for judicial notice to the extent it is offered as proof that defendant Tonn is in fact being investigated and will face criminal charges—a fact that plaintiffs dispute, especially in light of defendant Tonn's recent reinstatement to the Vallejo Police Department.  (Doc. No. 70 at 11.)  The press release announcement is a public record made available on the website of a governmental entity and is thus properly the subject of judicial notice.  *See* Fed. R. Evid. 201(b); *see also Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).  For this reason, courts should not take judicial notice of a fact contained within a document if that fact "is subject to varying interpretations, and there is reasonable dispute as to what [the document] establishes."  *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1193 (9th Cir. 2011).  Accordingly, the court will grant defendant Tonn's request for judicial notice (Doc. No. 69-2) and will take judicial notice of the existence of the press release announcing that the California Department of Justice "will conduct" an independent review of the shooting, but the court does not accept as truth, based on this press release alone, that an independent review has in fact been undertaken.

also acknowledged that the current deadline for fact discovery is December 11, 2023, and thus, if a stay is granted, he "is open to agreeing to an extension of the discovery deadlines." (*Id.* at 3.)

On September 29, 2023, plaintiffs filed an opposition to the pending motion. (Doc. No. 70.) On October 10, 2023, defendant Tonn filed his reply thereto. (Doc. No. 70.) Defendant City did not file a response to the pending motion. At the hearing on November 7, 2023, defendant City clarified that it does not oppose the pending motion. Rather, defendant City supports defendant Tonn's motion and agrees that discovery should be stayed until the California Department of Justice's investigation is completed and defendant Tonn is either charged or cleared of wrongdoing.

Also, at the November 7, 2023 hearing, the court expressed its inclination to deny the requested stay given the lack of evidence presented to the court of an ongoing criminal investigation into defendant Tonn's shooting of plaintiffs' son. In response to the court's expressed concerns, counsel for defendant City stated that it could provide the court with supplemental declarations that would confirm the existence of an ongoing criminal investigation. In light of this representation, the court set a deadline for the filing of supplemental declarations, as well as a deadline for plaintiffs to file a response thereto.

On November 14, 2023, defendant City filed a declaration by City Attorney Veronica A.F. Nebb.[3] (Doc. No. 74.) In her declaration, City Attorney Nebb states that she spoke to members of the Attorney General's Office on the morning of November 14, 2023 "regarding the status of the criminal investigation into [defendant Tonn's] shooting of Sean Monterrosa," and based on those discussions, defendant City requests that discovery be stayed as to defendant Tonn for a period of three months, though she notes that "the Attorney General's Office cannot provide a promised timeline at this time." (Doc. No. 74 at ¶ 2.) City Attorney Nebb further states in her declaration that she will "be seeking a personal meeting with Attorney General Bonta regarding this matter," and "[i]f at the end of three months the Attorney General's Office has not issued a

---

[3] Defendant City also filed a declaration by Vallejo Police Department Captain Drew Ramsay, but the statements therein relate to the California Attorney General's May 13, 2021 announcement of an investigation—not whether there is an active and ongoing criminal investigation by the California Department of Justice. (Doc. No. 75.)

4

decision charging or clearing [defendant] Tonn," she will provide "the name of the appropriate individual to subpoena for additional information." (*Id.* at ¶ 3.)

Also on November 14, 2023, defendant Tonn filed a supplemental declaration from his counsel, attorney Graham, who stated that he called the California Department of Justice's Public Inquiry Unit on November 7, 2023, asked the unit representative specifically "about the status of the Monterrosa criminal investigation," and was told by the representative that "any information about the investigation's status" could not be provided because the investigation "was still ongoing." (Doc. No. 76 at ¶ 2.) Attorney Graham also states that he accessed a YouTube video on November 8, 2023 in which the Attorney General makes a public announcement regarding Vallejo Police Department consent decree, and in which the Attorney General answered the question "are there any ongoing criminal investigations by your office" by stating, "we are looking into Monterrosa, of course, as you all know." (*Id.* at ¶¶ 3–4.) Further, attorney Graham clarifies that defendant Tonn is now only seeking a three-month stay of discovery, not an indefinite stay as initially requested in the pending motion. (*Id.* at ¶ 5.)

On November 21, 2023, plaintiffs filed a response thereto, in which plaintiffs state only that they "rely upon the arguments previously raised in their opposition" and "request the court deny the motion." (Doc. No. 77.)

**LEGAL STANDARD**

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Off. of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995) (citing *Fed. Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989)). "A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326. "In the absence of substantial prejudice to the rights of the parties involved, simultaneous parallel civil and criminal proceedings are unobjectionable under our jurisprudence," though "a court may decide in its discretion to stay civil proceedings when the interests of justice seem to require such action." *Id.* at 324 (internal brackets and quotation marks omitted).

/////

"The decision whether to stay civil proceedings in the face of a parallel criminal proceeding should be made 'in light of the particular circumstances and competing interests involved in the case.'" *Id.* at 324 (quoting *Molinaro*, 889 F.2d at 902 (9th Cir. 1989)). Courts should first consider "the extent to which the defendant's fifth amendment rights are implicated." *Molinaro*, 889 F.2d at 902. Courts also consider the following factors, when applicable:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating*, 45 F.3d at 324–25.

## ANALYSIS

In the pending motion, defendant Tonn argues that his Fifth Amendment right against self-incrimination is implicated here "[b]ecause the Attorney General's criminal investigation concerns the same shooting alleged by plaintiffs" and "there is a possibility for prosecution based on the same facts and circumstances in this civil case." (Doc. No. 69-1 at 4.) Defendant Tonn acknowledges that he does not currently face any criminal charges, but he contends that "the Attorney General makes clear in his announcement that the purpose of his investigation is [to] determine whether such charges are warranted and that he *will* conduct this investigation to a completion." (*Id.*) Defendant Tonn also asserts, largely in conclusory fashion, that consideration of the *Keating* factors weigh in favor of granting the requested stay.

In opposing the pending motion, plaintiffs emphasize that "stays of civil proceedings are an extraordinary remedy not meant to shield civil litigants from discovery obligations merely because yet-unidentified criminal charges may be issued sometime in the future." (Doc. No. 70 at 2.) Plaintiffs also contend that defendant "Tonn has already narrowed his Fifth Amendment rights by participating in civil discovery and offering sworn testimony on the underlying events at multiple publicly disclosed proceedings." (*Id.*) Plaintiffs further argue that consideration of the

/////

6

*Keating* factors demonstrates that defendant "Tonn has failed to show substantial prejudice and cannot prove to this court that a stay of any length, much less an unlimited one, is required." (*Id.*)

The court will address the parties' respective arguments with regard to the extent to which defendant Tonn's Fifth Amendment rights are implicated and then turn to consideration of the *Keating* factors.

**A.      Fifth Amendment Concerns**

"The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *In re Zinnel*, No. 2:12-cv-00249-MCE, 2013 WL 1284339, at *3 (E.D. Cal. Mar. 28, 2013) (citing *Molinaro*, 889 F.2d at 903).  Whereas "[t]he case for staying civil proceedings is 'a far weaker one' when 'no indictment has been returned, and no Fifth Amendment privilege is threatened.'" *Molinaro*, 889 F.2d at 903 (brackets and citation omitted).  "The potential prejudice to a civil defendant facing a parallel criminal investigation is 'more remote' than it is for an indicted defendant, and the delay to the plaintiff is 'potentially indefinite.'" *eBay, Inc. v. Digital Point Sols., Inc.*, No. 08-cv-4052-JF-PVT, 2010 WL 702463, at *3 (N.D. Cal. Feb. 25, 2010) (citation omitted).  Though, even if charges have not been filed, "the court may still order a stay if there is substantial overlap between a criminal investigation and the allegations in the civil lawsuit." *Williams v. Dumaguindin*, No. 2:20-cv-09042-VAP-AS, 2021 WL 4464189, at *2 (C.D. Cal. Aug. 26, 2021) (concluding that the defendant officer's Fifth Amendment interests were implicated in a civil rights action where the allegations in that complaint significantly overlapped with the district attorney's criminal investigation into that officer's involvement in a fatal shooting because "the shooting under investigation is the same as that from which the present lawsuit arises"); *but see Christian v. Rutkowski*, No. 2:14-cv-08924-ODW-MRW, 2015 WL 5456600, at *2 (C.D. Cal. Sept. 17, 2015) ("Although the Court recognizes the significant overlap between the allegations in this case and any criminal charges that [defendant] Officer Rutkowski might face, there is no evidence that such charges are imminent" and "the court cannot conclude that not staying the case would substantially interfere with his Fifth Amendment rights.").

While courts recognize that denying a stay of civil proceedings will often "force [a defendant] to choose between testifying in [the civil] case and asserting his Fifth Amendment privilege against self-incrimination," courts emphasize that "the gravity of the choice is substantially lessened" where "there is no concrete showing that [the defendant] will be criminally charged." *Christian*, 2015 WL 5456600, at *3; *see also Moog Inc. v. Skyryse, Inc.*, No. 2:22-cv-09094-GW-MAR, 2023 WL 3432213, at *6 (C.D. Cal. Apr. 14, 2023) (acknowledging the individual defendants' valid concern that, absent a stay, they "will be forced to make the choice of defending the civil action at the risk of waiving their Fifth Amendment rights" but concluding that "this concern does not carry as much weight as if the individual defendants had already been criminally charged"); *Verrecchia v. Aviss*, No. 17-cv-317-DMG-SP, 2017 WL 9486151, at *8 (C.D. Cal. Nov. 8, 2017) (denying motion to stay where "[t]here is no evidence [] that a criminal indictment is looming or that a criminal investigation is in progress"); *Herd v. Cnty. of San Bernardino*, No. 17-cv-02545-AB-SP, 2018 WL 5816175, at *2 (C.D. Cal. Sept. 17, 2018) (noting that the district attorney's office investigates all officer-involved shootings and finding "no basis in either law or reason to create a blanket rule requiring a stay of civil proceedings where there is a mere possibility of criminal charges against the involved officers").

Here, there is no dispute that defendant Tonn has not been indicted on any criminal charges related to the shooting of plaintiff's son. (Doc. Nos. 70 at 5; 71 at 1.)  Though there appears to be some dispute among the parties as to whether a criminal investigation is in fact underway (*see* Doc. No. 71 at 2), there is no dispute that, on May 13, 2021, the California Attorney General announced that the California Department of Justice would conduct an independent review of the shooting to determine whether criminal charges were warranted, (Doc. No. 70 at 7).  Assuming that such a review began shortly after the Attorney General's announcement, that review has now been pending for nearly two and a half years without the filing of any criminal charges.  In the initial moving papers, defendant Tonn did not point to any announcements or press releases by the Attorney General regarding the status of that review. Notably, defendant Tonn did not promptly seek a stay of discovery in this case following the

8

Attorney General's announcement, even though that announcement forms the basis for defendant Tonn's belief that his Fifth Amendment interests are implicated. Rather, defendant Tonn waited over two years before requesting a stay of discovery by filing the pending motion on September 15, 2023. In addition, defendant Tonn has not offered any evidence indicating that he has been interviewed in connection with such a review or that he is aware of the status or progress of that investigation. Thus, even if one assumes that there is substantial overlap between the California Department of Justice's review of the shooting and the allegations underlying plaintiffs' claims against defendant Tonn—an assumption that would be reasonable despite the fact that defendant Tonn is not mentioned by name in the Attorney General's announcement—there is no evidence that criminal charges are imminent, or even likely. Moreover, as plaintiffs point out in their opposition, before he filed the pending motion, defendant Tonn was recently reinstated to his position in the Vallejo Police Department as part of the arbitrator's opinion and award. (*See* Doc. No. 70 at 11; 70-1 at 128). While not conclusive on the question of whether criminal charges will be filed, defendant Tonn's reinstatement as a police detective tends to suggest that he may not be criminally charged in connection with the shooting.

In light of the significant passage of time since the June 2, 2020 shooting and the California Attorney General's May 21, 2021 announcement of a Department of Justice review into the shooting, coupled with defendant Tonn's recent reinstatement with the Vallejo Police Department, the court concludes defendant Tonn has "real but diminished Fifth Amendment interests which must be considered in light of the other *Keating* factors" in determining if a stay is appropriate. *See Gen. Elec. Co. v. Liang*, No. 13-cv-08670-DDP-VBK, 2014 WL 1089264, at *4 (C.D. Cal. Mar. 19, 2014) (concluding that "[o]n balance, given the lack of a criminal indictment or any information concerning the status or scope of the criminal investigation," the defendant "has real but diminished Fifth Amendment interests"); *see also Williams*, 2021 WL 4464189, at

/////
/////
/////
/////

9

*3 ("while the Court finds that [defendant's] Fifth Amendment interests are implicated, this factor only weighs in favor of partially staying discovery for a definite and limited period").[4]

**B.    *Keating* factors**

      1.      <u>Plaintiffs' Interest</u>

In their briefing, both parties acknowledge that civil plaintiffs have an interest in having their cases resolved quickly. (Doc. No. 69-1 at 4) (citing *ESG Cap. Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014); (Doc. No. 70 at 7) (citing *Christian*, 2015 WL 5456600, at *3). Defendant Tonn contends, however, that any prejudice to plaintiffs' interests in resolving this case quickly is mitigated by the fact that his motion seeks to stay discovery only as to him; he does not seek "a complete halt of the case or all discovery" since "[a]ll other discovery can continue unimpeded." (Doc. No. 69-1 at 4.) Defendant Tonn also asserts that granting the requested stay would minimize discovery motion practice regarding discovery disputes that would potentially arise from him invoking the Fifth Amendment in response to plaintiffs' discovery requests and at his deposition. (*Id.*) Plaintiffs, on the other hand, argue that the prejudice to them "is particularly acute[] because the absence of an indictment means that [defendant] Tonn is seeking an indefinite stay of these civil proceedings." (Doc. No. 70 at 8) (citing *Sw. Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 809 (N.D. Cal. 1989) ("Witnesses relocate, memories fade, and persons allegedly aggrieved are unable to seek vindication or redress for indefinite periods of time on end.") (citation omitted)). Further, plaintiffs contend that staying discovery in this action even as to defendant Tonn alone would still

---

[4] Plaintiffs also argue that defendant Tonn's Fifth Amendment rights would not be significantly impacted under the circumstances because he was forthcoming during his interview with the OIR Group investigators, whose investigation report is publicly available; he already testified in the arbitration hearing regarding all aspects of the shooting, as summarized in the arbitrator's opinion and award; and he answered plaintiffs' requests for admission in this case. (Doc. No. 70 at 6–7.) This argument is misplaced, however, because defendant Tonn has not been deposed in this action or offered sworn statements in this proceeding. *See United States v. Licavoli*, 604 F.2d 613, 623 (9th Cir. 1979) ("It is settled that a waiver of the Fifth Amendment privilege is limited to the particular proceeding in which the waiver occurs."); *see also Jones v. Conte*, No. 04-cv-5312-SI, 2005 WL 1287017, at *1 (N.D. Cal. Apr. 19, 2005) ("In the current case, defendant has not submitted deposition testimony or sworn statements in any 'proceeding'; therefore, defendant retains full protection under the Fifth Amendment.").

10

impede their progress in litigating this case overall because, "as the person responsible for shooting [the decedent], [defendant] Tonn is a crucial and essential fact witness to plaintiffs' *Monell* claims" brought against the only other named defendant—defendant City. (*Id.*) Defendant Tonn's only response to this argument in his reply is that he is not opposed to a temporary stay for a period of time that the court deems to be appropriate. (Doc. No. 71 at 4.) In his counsel's supplemental declaration, defendant Tonn clarifies that he now seeks only a temporary stay of three months, not an indefinite stay.

While it is true that this action has already been pending for over three years—the shooting at issue occurred nearly three and a half years ago, and plaintiffs promptly filed this civil action just two months after the shooting—a delay of just three months will not substantially prejudice plaintiffs given that the trial in this case is not scheduled to begin until January 27, 2025. (*See* Doc. No. 66.) Thus, the court finds that consideration of this factor—plaintiffs' interests—is neutral in light of defendant Tonn's narrowed request of a three-month stay of discovery, neither weighing in favor or against the granting of a stay of discovery.[5]

    2.     <u>Burden on Defendant Tonn</u>

Defendant Tonn argues that the burden on him, absent a stay, is significant for several reasons. First, he may be barred from testifying at trial in this case if he invokes the Fifth Amendment during his deposition.[6] (Doc. No. 69-1 at 5). Second, he would be hampered in

---

[5] The court notes, however, that plaintiffs' interests would weigh heavily against the granting of an *indefinite* stay as initially requested. *See Elena v. City of Los Angeles*, No. 2:22-cv-07651-JLS-KS, 2023 WL 4763327, at *3 (C.D. Cal. June 20, 2023) (denying stay where "it has already been eighteen months since the shooting" and "[s]taying discovery for an indefinite period of time until [the district attorney's] investigation is complete would prejudice plaintiffs' ability to discover evidence and make their case"); *Herd*, 2018 WL 5816175, at *3 (denying stay where "approximately fifteen months have already passed since the May 31, 2017 shooting giving rise to this lawsuit" and "any further delay of discovery would result in prejudice to plaintiffs who lack knowledge of facts and evidence within defendants' control") (citing *Blue Cross & Blue Shield of Ala. v. Unity Outpatient Surgery Ctr., Inc.*, 490 F.3d 718, 724 (9th Cir. 2007) ("Even if litigation may eventually resume, such stays create a 'danger of denying justice by delay.'") (citation omitted)).

[6] "Trial courts generally will not permit a party to invoke the privilege against self-incrimination with respect to deposition questions and then later testify about the same subject matter at trial." *Nationwide Life Ins. Co. v. Richards*, 541 F.3d 903, 910 (9th Cir. 2008).

11

opposing any motion for summary judgment because he may not rely on his own testimony to support his version of the events if he previously invoked his "Fifth Amendment right not to answer questions concerning that very same issue." (*Id.*) (quoting *Pedrina v. Chun*, 906 F. Supp. 1377, 1398 (D. Haw. 1995), *aff'd*, 97 F.3d 1296 (9th Cir. 1996)). Third, he would face adverse inferences from the jury because "the Fifth Amendment does not forbid adverse inferences against parties to civil actions." (Doc. No. 69-1 at 5) (quoting *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976)).

Plaintiffs counter, first and foremost, that defendants do not have an absolute right to be relieved of those burdens—a right to not "be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." (Doc. No. 70 at 8) (quoting *Keating*, 45 F.3d at 326). Moreover, plaintiffs emphasize that defendant Tonn has not identified "any particular issue where he faces a Fifth Amendment dilemma" that would make his burdens more substantial than those faced by defendants in any other parallel proceedings. (*Id.*) (citing *Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 578 (S.D.N.Y. 2001) (denying a stay where the defendants could "point to nothing that suggests that the dilemma they face is more pointed or difficult than in any other case of parallel proceedings, and it is universally agreed that the mere pendency of a criminal investigation standing alone does not require a stay"). In addition, plaintiffs note that defendant Tonn has not explained why the protective order entered in this action is insufficient to ameliorate his concerns. *See Applied Materials, Inc. v. Semiconductor Spares, Inc.*, No. 95-cv-20129-RMW-EAI, 1995 WL 261451, at *3 (N.D. Cal. Apr. 26, 1995) (noting that "the court may deny a stay where less drastic remedies can protect defendants' fifth amendment privileges, such as by answering with truthful information that does not incriminate the defendant, with protective orders, and coordination of discovery").

In light of the facts that defendant Tonn has not been indicted, that he has already provided extensive and publicly available statements regarding all aspects of the shooting, and that he can avail himself of the provisions of the existing protective order in this case, the court finds that consideration of this factor weighs against the granting of a stay. *See Elena*, 2023 WL 4763327, at *3 (finding that consideration of the defendant officer's burden weighed against

granting a stay because "his Fifth Amendment interests are not as strong as cases where there are parallel ongoing criminal proceedings" and "there are measures short of a stay that can be taken to lessen any burden on defendants and permit discovery to proceed").

### 3. Convenience of the Court and Judicial Efficiency

"Courts have recognized that this *Keating* factor normally does not favor granting a stay, because 'the court has an interest in clearing its docket.'" *ESG Cap. Partners LP*, 22 F. Supp. 3d at 1046) (quoting *Molinaro*, 889 F.2d at 903). In the pending motion, defendant Tonn simply asserts that the court's interests are served by granting the requested stay and quotes a district court decision stating that "[s]taying the case makes efficient use of judicial resources by 'insuring that common issues of fact will be resolved and subsequent civil discovery will proceed unobstructed by concerns regarding self-incrimination.'" (Doc. No. 69-1 at 5) (quoting *Jones*, 2005 WL 1287017, at *2). However, unlike defendant Tonn, the defendant in *Jones* was under indictment in an ongoing criminal case and the court had ordered that the civil and criminal cases be related and assigned to the same district judge. Here, in contrast, defendant Tonn has not been charged in state court or elsewhere, and "the extent to which common issues would be resolved in a criminal proceeding is speculative when no criminal charges actually are pending." *eBay, Inc.*, No. 08-cv-4052-JF-PVT, 2010 WL 702463, at *6; *see also Gen. Elec. Co.*, 2014 WL 1089264, at *6 (rejecting the defendant's argument "that if the civil case goes forward, the court is likely to be burdened with various discovery motions involving [defendant's] invocation of his Fifth Amendment rights" and concluding "that the consequence of a stay would be unclear in the absence of an indictment").

However, as noted above, a stay of discovery for three months will not impact the trial schedule in this case or otherwise impact the court's ability to clear its docket. Moreover, the granting of a stay "may eliminate the need for discovery motions related to [defendant's] assertion of Fifth Amendment privilege" and perhaps conserve scarce judicial resources.

Accordingly, the court finds that consideration of this factor weighs in favor of granting the narrowed requested stay of only three months.

/////

        4.       <u>Interests of Non-Parties</u>

The parties have not pointed to any interests of non-parties, apart from the interests of the public at large. Accordingly, this factor does not apply in this case.

        5.       <u>Interests of the Public</u>

Defendant Tonn merely asserts that granting the requested stay would serve the public interest in maintaining the integrity of the criminal process, but he does articulate how denying a stay would impact the integrity of the criminal process. (Doc. No. 69-1 at 5.) Plaintiffs rebut this assertion, arguing instead that "the public interest does not weigh in favor of a stay where no indictment exists." (Doc. No. 70 at 10) (citing *Gen. Elec. Co.*, 2014 WL 1089264, at *6 (noting that where "the timing and scope of any potential indictment are unknown, the risk of an unfair criminal proceeding must be given less weight because such concerns are necessarily speculative") (internal quotation marks and citation omitted)). Plaintiffs also emphasize that the public interest "favors speedy disposition of cases on their merits, particularly in civil rights cases," and this interest is heightened here because this case arises from an officer-involved fatal shooting that received national attention and has become a case of national importance. (Doc. No. 70 at 10) (quoting *Herd*, 2018 WL 5816175, at *4). The court agrees that under the circumstances of this case, the public's interest would weigh against the granting of an indefinite stay. But the court finds that consideration of this factor is neutral as to the requested temporary stay of three months.

In sum, having considered the *Keating* factors and the competing interests at stake, including defendant Tonn's Fifth Amendment concerns, the court concludes that the granting of a stay of discovery directed solely at defendant Tonn for a three-month period is warranted under the circumstances. *See Williams*, 2021 WL 4464189, at *2 (finding that a "definite, limited" stay of discovery for 90 days was warranted in a case involving a fatal police shooting in the Summer of 2020, even though the officer defendant had not been indicted). The court emphasizes that this three-month stay is not likely to be renewed or extended, absent defendant Tonn's compelling showing of extraordinary good cause.

/////

14

Accordingly, the court will grant the pending motion, in part, and stay discovery as to defendant Tonn for a period of 90 days from the date of entry of this order.

## CONCLUSION

For the reasons explained above,

1. Defendant Tonn's request for judicial notice (Doc. No. 69-2) is granted but only to the extent that the existence of the California Attorney General's announcement is judicially noticed;

2. Defendant Tonn's motion to stay discovery directed to him (Doc. No. 69) is granted in part;

    a. Discovery directed at defendant Tonn shall be stayed for a period of 90 days from the date of entry of this order;

3. The parties shall file a joint status report at the end of that 90-day period to provide the court with the parties' proposal for the setting of new discovery deadlines that do not impact the final pretrial conference date and trial date already scheduled in this case (*see* Doc. No. 66); and

4. The Clerk of the Court is directed to update the docket to reflect that plaintiffs Michelle Monterrosa and Ashley Monterrosa were terminated from this action on February 11, 2021. (*See* Doc. No. 33).

IT IS SO ORDERED.

Dated: **November 21, 2023**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE