**[& - 9th]**                                                                Page 1

| & | 2 | 2020 21:21,24 | 50-53 3:14 |
|---|---|---|---|

**&**

**&** 2:14

**0**

**01563** 1:4

**1**

**1** 3:13 24:22
  25:5 26:20
  48:23
**10:01** 45:20
**10:49** 68:3
**10th** 95:19
**11** 99:3
**11:38** 92:4
**11th** 81:11
**12** 26:9 48:19
  48:23 73:20
**123** 2:4
**13** 15:9
**14** 54:20
**15** 16:22
**150** 2:16
**1564** 95:22
**160** 57:1
**166** 57:12
**17** 16:22
**17th** 25:22
  26:22
**18** 4:13
**19109** 2:5
**1993** 10:16
**1997** 12:9
**1998** 12:10

**2**

**2** 3:14 28:1,6
**20** 16:15 46:1
  58:24
**2000** 10:7
**2002** 13:9,11
  14:21
**2008** 14:22,22
  15:2
**2009** 15:3,7
**2012** 15:7
  82:22,24 84:17
  84:18,19 89:7
  89:8
**2013** 15:8 89:5
  89:6
**2014** 25:22
  26:22 27:23
  28:19 29:20
  31:14
**2015** 16:9 46:2
  62:2
**2017** 16:15
  17:1,2 39:3,8
  39:12 56:4
  57:17 61:23
  62:1 72:9
  76:22
**2018** 17:3,4
  22:18 36:15
  38:8
**2019** 17:5,6
  21:16,21 22:9
  22:17 81:12

**2020** 21:21,24
  22:2 69:17,17
**2024** 1:9 95:19
  98:16 99:3
**20th** 57:17
**215.545.8800**
  2:5
**2250** 2:4
**22nd** 46:2 62:2
**25** 3:13
**28** 3:14
**29th** 39:12
**2:20** 1:4
**2nd** 27:23
  28:19 29:20

**3**

**3** 3:15 25:14
  32:6 39:23
  40:4 68:8
**30** 96:14 99:16
**30th** 39:3,8
**31** 86:3
**31st** 56:4 62:1

**4**

**4** 3:16 48:4,11
  54:22
**40** 3:15
**48** 3:16
**4th** 36:15

**5**

**5** 3:17 48:24
  56:24 57:7
**50** 28:2

**50-53** 3:14
**53** 28:2
**555** 2:10
**57** 3:17

**6**

**6** 3:4,18 63:7
  63:11
**601** 2:15
**63** 3:18
**6780513** 99:5
**68** 39:23
**68-96** 3:15

**7**

**7/9/2024** 99:5
**70** 43:1
**707.648.4388**
  2:11
**71** 42:24 43:1

**8**

**86** 48:14
**8th** 61:23

**9**

**9** 1:9
**916.564.6100**
  2:17
**92** 3:5
**93** 4:13 10:22
**94590** 2:10
**95825** 2:16
**96** 39:24
**9:06** 1:13
**9th** 81:10

| a | | | |
|---|---|---|---|
| **a.m.** 1:13 45:20 45:21 68:3,4 92:4,5 94:7 | **actions** 43:19 47:21 54:10 67:3 | 68:14 69:10 70:6,21 71:1 71:11 72:11 | **ahead** 24:5 31:22 34:16 44:22 73:3 91:3 |

**a.m.** 1:13 45:20
  45:21 68:3,4
  92:4,5 94:7
**ability** 14:2
  19:20,23 44:11
  45:2,8 47:19
**able** 59:3 60:24
  80:11 87:8,10
**above** 99:6
**absent** 54:1
**absolutely**
  45:17
**academy** 12:11
  12:12,19,21
**accepted** 61:8
  61:12
**access** 51:6
**accompany**
  56:16
**accompanying**
  58:3
**accountability**
  9:9,12
**accuracy** 99:9
**accurate** 30:22
  64:13 74:7
  90:16 96:17
**acknowledge**
  5:4,7
**acknowledg...**
  98:1 99:12
**acted** 90:6
**action** 34:9
  91:16 95:15

**actions** 43:19
  47:21 54:10
  67:3
**activated** 27:7
**activating**
  83:22
**activation** 56:2
**actual** 21:1
**actually** 11:23
  13:23 14:15
  20:15 22:13
  75:4
**adam** 26:14
  78:9,10,11
**add** 8:7
**adding** 92:21
**additional** 8:6
  26:12 35:22
  37:12 38:23
  53:21 62:19
  65:6 85:21,22
**adequate** 29:8
**adjustment**
  66:20,24
**adjustments**
  66:1
**administer** 5:9
  87:4
**administered**
  5:8
**administrative**
  9:6 16:12,12
  16:20 26:5
  38:6 46:23
  56:23 64:5

68:14 69:10
  70:6,21 71:1
  71:11 72:11
  77:12,15,17
  81:24 86:12,14
  86:15
**administrativ...**
  25:15 26:10
  52:15
**advanced** 66:1
  91:9
**advantage** 84:3
  85:14
**affairs** 16:17
  16:21,23 17:7
  17:8,10,11
  18:23,24 19:10
  21:5 23:4
  27:20 28:18
  29:4,5 30:6
  36:17,20 37:18
  39:19 40:22
  42:19 47:2,11
  48:2 56:8,19
  71:22,23
**afield** 20:19
**aforesaid** 95:4
**agency** 13:24
  14:4,6 15:13
  21:14 56:14,14
**agree** 5:11
**agreed** 34:5
**agreement** 9:15
  9:16,20,22
  69:16

**ahead** 24:5
  31:22 34:16
  44:22 73:3
  91:3
**aided** 95:12
**aids** 69:6
**airborne** 11:5
  11:22 12:1,4
**airlines** 11:2
**akk** 2:17
**al** 1:3,6 99:4,4
**alicia** 1:14
  95:23
**aligned** 18:19
**allegations**
  17:13 21:7,11
**alleged** 34:5
**allotted** 99:19
**allow** 90:15
**allowed** 56:9
**allows** 35:17
  90:22
**alongs** 59:17
**alternative**
  80:12 85:19
**ambiguous**
  32:18 69:22
**analysis** 50:13
**analyst** 9:8
**analyzing**
  62:18
**andrew** 26:13
  78:6,8,14
**angel** 26:13
  73:24

**[angelo - based]**                                                      Page 3

**angelo** 2:14
**answer** 4:3
  7:24 8:2,9,22
  20:18 37:22
  41:13 49:14
  51:12 59:13
  88:21
**answers** 7:20
  98:6
**anthony** 25:23
  26:20 27:5
**anticipate** 7:24
**anyway** 36:9
**apologies** 78:13
**apologize** 13:16
  39:5,5 48:17
  67:20 69:2,24
  80:2 89:9
**appear** 61:14
**applicable** 43:7
  99:8
**application**
  32:10 33:3
**applications**
  32:8,24
**appreciate** 94:1
**apprehension**
  90:23,24 91:1
**approach** 79:1
**appropriate**
  32:13 33:7
  96:5
**approval** 37:7
  40:9 41:1
  53:19,19 92:23

**approve** 65:2,3
**approved**
  19:17 20:9
  49:3 52:15
  93:13
**approximately**
  13:6
**area** 74:19
  75:15 83:6
  85:3 90:13
**arising** 6:6
**armed** 65:14
  77:13,22
**arrest** 15:13,17
  18:13 42:13
**arrested** 27:17
**arrived** 27:14
  90:3
**asked** 27:11
  29:20
**asking** 23:21
  24:8 49:16
  59:24
**asleep** 80:15
**aspect** 50:16
  71:11
**aspects** 58:8,14
  76:9
**assault** 79:2
**assigned** 14:22
  39:16,18 42:2
  59:17
**assignments**
  14:15,18

**associated** 30:4
  30:18 34:1
  50:10 83:8,19
**assume** 31:5
  51:16
**assuming** 31:9
**atlantic** 1:24
  11:24
**attached** 96:11
  98:9 99:11
**attempt** 74:6
**attempting**
  60:15
**attention** 31:3
  54:20
**attorney** 8:19
  10:12 37:20
  58:17,20 59:9
  96:13 99:13
**attorney's**
  46:18
**attorneys** 5:2
  59:16,17
**audio** 49:23,24
  50:7 51:4
**august** 15:9
  39:12
**author** 53:18
**authored** 65:1
**automatic**
  54:14,17
**automatically**
  38:5
**available** 30:20
  35:10 47:23

  58:4 99:6
**avenue** 2:15
  34:5
**aware** 79:18

**b**

**b** 3:9 31:16
  87:18
**back** 15:8 17:2
  21:22 22:9
  36:3,8 38:8
  44:3,11 45:3
  65:16 71:17
  81:5 84:17
  85:20 92:14
**background**
  6:12 10:1
  78:21
**backing** 53:2
**backtrack**
  12:20 14:16
  61:22
**baggage** 11:3
**balcony** 74:23
  75:2,17
**bankruptcy**
  15:3
**barred** 10:11
**barreto** 59:23
  60:3
**barricaded**
  80:18
**based** 24:24
  32:24 43:6
  52:19 78:2

**basic** 15:18 26:23
**basically** 24:8 57:21 60:13 68:20
**basis** 25:16 26:6,11 38:9 51:14,17 74:7
**bassett** 45:6
**bates** 28:2 39:23 42:24
**bee** 16:1
**began** 9:22 11:10 78:20
**beginning** 1:13 10:24 48:23
**begins** 46:6 48:20 60:9
**begun** 9:19 27:19
**behalf** 8:13 26:4
**believe** 12:1 18:10 26:13 31:15,16 56:15 58:22 60:8 74:1,22 76:15 78:4 82:21 83:24 84:15,18 85:2,2 89:7
**believed** 60:14 74:6
**best** 34:5 52:18 91:14

**better** 20:22 59:6,6 75:24 80:16 85:13,19 91:5
**big** 25:8
**binding** 8:14
**bird** 83:18
**bit** 9:24 68:9 73:21 90:21
**black** 89:21,23
**board** 22:23 23:16 24:9 50:6,9,18,24 52:3,12,14 53:10,15 54:10 55:14 57:11,14 57:20 58:1,6,6 58:21 59:4 61:4,6,11,14 62:6 63:4 64:18,19,20,22 65:2,5 67:1 68:11,22,24 69:14,20 70:2 70:10,20 71:3 71:16 72:2,12 72:16 73:4,12 75:20 76:21 77:20 79:8,20 80:6 81:8,11 81:20,22 85:9 85:10,12 86:1 86:7,9,19,23 87:2,4 88:9,19 89:1,14 91:12

**board's** 52:17
**boards** 17:15
**bodily** 52:24
**body** 18:18 19:2,4,7 30:19 31:4,10,13,18 32:2 36:7,9 37:4 42:18 43:6,17 44:7 44:12,20 45:7 45:8,13 50:10 55:3,10,13,17 55:21 58:3,7 76:10 77:2,3 82:1 84:16,19 89:9
**booked** 49:21 50:1
**bottom** 40:14
**bouncing** 39:4
**box** 18:11
**break** 8:18,21 8:23 45:16
**brief** 29:15
**broad** 2:4
**broaden** 46:24
**brought** 6:5
**brown** 3:16 46:3 48:6 49:17 51:8 52:4,9 53:1 55:6 56:8 62:1
**brown's** 51:10
**buffer** 90:19

**bureau** 9:6 40:24
**burglary** 83:5 83:12

**c**

**c** 2:1 60:4 87:18 95:1,1
**california** 1:1 1:13 2:10,16 10:16 12:24 13:17 15:4
**call** 29:23 30:20 33:9 34:14
**called** 15:14
**calling** 34:8
**callout** 46:24
**calls** 14:2 37:20
**camera** 18:18 19:2,4,7 30:19 31:4,10,16,18 32:2 36:7,9 37:4 43:6,18 44:7,12,20 45:7,8,13 50:10 55:3,11 55:13,17 58:3 58:7 76:10 84:16 89:9
**cameras** 31:6 31:13 42:18 55:21 77:2,3 84:19
**canine** 90:3,14 90:15,15,20

91:2,4
**canines** 90:10
**captain** 1:1,11
  3:3 5:20 9:4
  16:5 20:10
  22:7 64:19
  91:20 94:2
  99:5
**captains** 40:24
  45:11 65:5
**car** 27:4,11
  53:2,2 55:5
  80:7 81:6 83:1
  83:3,17,22
  85:20
**care** 66:13
**carefully** 96:3
**carpenter** 27:5
  27:9
**case** 30:24 34:6
  36:5,5 41:4,12
  41:18,20 42:1
  42:6 49:17,22
  51:3 54:2,2,12
  56:7,8 58:12
  58:16,17 60:23
  61:4 86:20
  87:1 88:16,22
**category** 25:14
  26:9 51:13
  68:8 73:20,21
**caused** 89:21
**center** 12:23
**certain** 27:8
  58:10,11 61:6

61:11,18
**certainly** 8:4
  31:24 33:23
  46:9 73:19
**certificates**
  15:16,17
**certify** 95:3
  98:4
**chain** 53:19
**chair** 64:18
**change** 67:1
  69:15 70:17
  97:2,5,8,11,13
  97:16,19,22
**changed** 15:24
  66:11
**changes** 16:7
  65:3 79:10
  91:9 96:10
  98:8 99:10
**charges** 18:12
**chief** 20:10
  21:9 41:1 44:5
  64:20 69:11,12
  70:1,14,18
  72:24 73:5
**chief's** 64:23,24
**children** 65:20
**chose** 69:13
**cirb** 81:10,16
**circumstances**
  32:12 33:5
  52:20 54:10
**citizen** 17:13
  21:10 39:10,14

39:17
**citizen's** 29:10
  34:22 41:8
  43:5
**citizens** 65:20
**city** 1:6 2:9,12
  6:5,9 8:13,14
  13:14 25:17
  26:4,7,12 28:1
  38:14 48:5
  58:17,19 59:9
  59:16 99:4
**city's** 63:14
**cityofvallejo....**
  2:11 99:2
**civil** 37:16,17
  66:4
**claim** 38:10,14
**clara** 2:10
**clarification**
  47:20 92:11
**clarify** 38:22
**class** 54:15
**clear** 72:9 76:4
  87:5
**cleared** 93:12
**clerk** 28:22
**client** 37:20
  40:19
**close** 19:8
**closed** 19:17
  36:5 93:13
**coffee** 78:24
**coleman** 78:17
  79:4

**collectively**
  48:4
**come** 27:11
  39:18 47:3
**comes** 38:15
  39:15 40:17
  43:21 66:19
  70:11
**command**
  53:19
**commander**
  22:6 46:11
**commands**
  32:9 33:2 76:5
**commission**
  98:18
**committee** 23:6
**common** 32:1
**communication**
  76:3 89:20
**communicati...**
  7:18 10:18
  76:5,6
**complainant**
  29:23 30:16,21
  32:14 33:10
  42:3
**complaining**
  30:2
**complaint**
  27:20,22 28:13
  28:13,14,17
  29:2,6,10,14,15
  29:16,21 30:5
  30:22 34:2,13

**[complaint - county]**                                                    Page 6

34:22 35:11,24
36:11 39:10,15
39:17 40:10,11
40:12 41:9,15
41:19,22 42:12
42:21 43:6,16
43:20,22 44:6
**complaints**
17:14 21:11
40:19
**complete**  35:5
44:16
**completed**  35:6
99:16
**compliance**  9:9
9:11 19:16
20:4
**compliant**
30:18 42:1,2
**composition**
64:18
**comprises**  9:7
**computer**  15:5
24:21 95:12
**concept**  9:23
**concern**  90:9
**concerns**  90:4
91:7,17
**concluded**  33:8
33:21 94:6
**conclusion**
33:20 35:16
44:17 52:13
**conclusions**
79:19

**conclusive**
43:18
**concurrent**
71:11
**concurrently**
46:23
**conduct**  69:13
70:6,15
**conducted**  47:9
49:2 56:11
57:13 64:15
70:18
**conducting**
20:12,15
**confidential**
93:22
**conformance**
53:6
**confrontation**
80:24
**confusion**
89:22
**conjunction**
86:19
**consider**  62:8
86:1,7
**consideration**
66:3
**considered**
55:13 62:11
63:3
**considering**
62:18 72:17
**considers**  62:6
62:6

**constituted**
52:24
**consult**  89:16
**contacted**
27:10
**contacting**
30:15
**contain**  85:22
**containment**
80:14
**contemporan...**
38:13
**continue**  15:23
21:18 35:5
**continued**  27:6
27:8
**contra**  12:6,7
13:2,18 56:13
**contracted**
69:11
**contractor**  69:8
**control**  15:13
15:17 18:8
22:15 30:11
32:10 33:3
**convened**  22:23
57:17 71:16
73:4 81:11
**convenes**  58:6
**conversation**
33:21,24
**copies**  99:14
**copy**  51:3,4
**corporal**  15:10
15:10 59:23

60:4
**corporate**  6:10
24:22
**correct**  13:8
16:24 22:11
23:18 24:16,19
28:15 31:12
37:10,11,14
39:13 43:10
44:1,2 47:10
47:18 50:4
52:15 53:12,21
56:1,11 59:22
60:1,5 62:15
63:19 67:19
68:10,13,17,18
69:9 70:22,23
73:10,14 74:2
76:23 82:17,22
82:24 83:2
84:9,14,24
85:2 98:5
**corrections**
96:4,6 98:7
**correctly**  18:20
95:9
**costa**  12:6,8
13:2,18 56:13
**counsel**  5:10
25:13 95:14
99:14
**counseling**  54:5
82:8
**county**  13:19
46:17 56:13,13

71:7
**couple** 23:13
**course** 15:19,20
  46:10 54:7
**court** 1:1 5:2
  6:21 7:10,13
  34:6 96:17
**courtesy** 8:3
**cov** 3:14,15
  39:23 42:24
**cover** 55:4
  85:21
**coyle** 2:3 3:4
  6:2,4 20:20
  21:2 24:7 25:7
  28:8 32:5,21
  33:17 34:3,21
  38:3 40:6 45:5
  45:17,23 48:13
  49:15 51:13,18
  54:23,24 57:9
  59:19 63:13
  67:20 68:6
  69:23 70:8
  78:12 81:18
  92:7 93:16
  94:1
**created** 9:14
**creating** 9:19
**crest** 83:8,20
**crime** 14:23
  15:3 47:6
  67:14,16,18
**crimes** 15:5,6

**criminal** 12:22
  46:20,22 47:9
  47:17 49:5
  51:5 56:10,18
  64:3,6 71:11
  86:13,20 87:1
  87:7 88:3,11
**critical** 17:14
  22:16,20,22
  23:15 24:9,18
  46:7,12 50:5
  50:18,24 51:22
  51:24 52:3,11
  52:14 53:10,14
  55:14 57:11
  58:20 59:3
  62:5 63:4 65:2
  68:10,22 69:4
  69:13,19 70:1
  70:10,15,19
  71:2,15 72:2
  72:11 75:20
  76:20 77:17,19
  79:8,20 81:7
  81:10,19,21
  85:8,24 86:6,9
  86:18,22 87:2
  87:3 88:8,19
  88:24 89:14
**critically** 66:15
**critique** 65:8
**cs** 99:15
**cuffed** 30:13
**current** 9:2
  90:7,7

**currently** 9:4
  87:7
**custody** 85:23
**customer** 12:2
**cut** 60:2
**cv** 1:4

**d**

**d** 3:1
**danger** 65:22
**dangerous**
  76:17
**data** 93:9
**date** 81:7,9
  96:8 98:12
**dates** 88:13
**davis** 10:16,23
  11:2
**day** 11:20
  95:19 98:16
**days** 96:14
  99:16
**deadly** 60:16
**death** 53:1
**deaths** 21:14
**decarlo** 3:17
  56:5 60:15,21
  61:24 62:14
**december**
  21:21 22:2
  27:23 28:19
  29:20 31:14
  57:17
**decided** 58:19
  70:1

**deciding** 24:11
**deem** 65:3
**deemed** 32:15
  96:16
**defendant** 2:12
  2:18
**defendants** 1:7
**defense** 66:3
**degree** 10:5,8
  10:17
**degrees** 10:19
  10:20
**delay** 39:5
  55:12
**delivered** 27:16
**department** 9:3
  9:5,13,16,19
  10:2 13:15
  23:3,17 24:2
  31:14 53:7
  57:2 59:18
  61:9 66:11
  68:16 69:7,8
  69:15 71:12
**departments**
  38:4
**depending**
  43:16
**depends** 30:5
**deponent** 95:7
  95:9 98:1
  99:13
**deposing** 96:13
  99:13

**[deposition - entrance]**  Page 8

**deposition**  1:11 3:13 4:1 5:3,5 5:6 6:9,14,16 24:23 93:21 94:6 95:12 96:3,11,15,16
**depositions**  7:5
**depth**  19:9 59:7
**derick**  2:15 93:16
**described**  16:20 18:7
**description**  3:11 4:8 83:17
**designate**  93:21
**designated**  6:9 25:1 58:1,11
**designee**  6:10 24:22
**designees**  23:9
**desk**  28:22,22
**despite**  13:17
**details**  29:24 61:3 79:18
**detectives**  24:3 46:15 56:16,19 56:21 59:22 63:19 87:17 88:2
**determination**  31:7 35:17 37:7 77:21,23
**determine**  33:13 38:11 42:20 77:24

**determined**  33:24 38:19 72:23 84:8 85:10,12
**determining**  73:12
**deters**  90:20
**dialed**  73:16
**dictated**  54:11
**different**  56:13 65:12 68:10
**direction**  4:3
**directly**  82:14
**disapproval**  41:2
**disarm**  81:6
**discharge**  67:9 74:8 77:7,10 83:14
**discharged**  52:20 84:21,23
**discharges**  76:18
**discharging**  47:13 85:5
**discipline**  82:7
**discretion**  55:21 77:3,4
**discuss**  25:14 59:7
**discussed**  57:17 70:21 75:24
**discussion**  71:23

**disposition**  29:8
**district**  1:1,1 46:18
**division**  1:24 9:7,8,10,12,13 14:21 16:10 27:23 46:16 47:1 71:13
**dkonz**  2:17
**document**  25:3 28:4 31:11 34:16 40:2 48:9,20 54:20 55:8 57:1,5 63:9
**documented**  44:13 67:13,17 93:3
**documents**  4:7 39:4 49:6
**dog**  90:24
**doing**  17:21 64:8 96:7
**door**  67:21 79:1 80:7
**downward**  74:10 78:3
**draw**  54:19
**drew**  49:3
**driver**  12:5
**driving**  27:5
**due**  81:1
**duly**  5:21 95:7

**duty**  16:6

**e**

**e**  2:1,1 3:1,9 95:1,1 97:1
**earlier**  39:21 55:10 77:1
**easily**  7:8
**eastern**  1:1
**economic**  15:6
**edges**  18:7
**edification**  14:8
**education**  10:4
**effectively**  34:12 49:1 69:18 91:6
**eight**  32:9 33:2
**either**  41:1,6 51:22
**emergency**  27:7
**employed**  82:5
**employment**  10:23
**encounter**  55:9
**ends**  35:20
**enforcement**  11:7,9,10,12 14:9
**engaged**  65:14
**ensued**  46:19
**ensure**  66:2
**enter**  74:23
**entire**  57:19
**entrance**  74:23

entrusted 44:15
entry 76:4,7 93:9
envy 12:17
errata 96:6,7 96:10,13 98:9 99:11,13,16
especially 59:17
esq 99:1
esquire 2:3,9 2:15
essence 38:16 47:6
essentially 18:5 19:1 41:5 93:10
establish 90:14 91:5
et 1:2,6 99:4,4
evaluation 65:7
events 30:15,21
eventually 64:24 82:9
evidence 43:7 49:21 50:1,2,7 50:13,16,16 85:4
evolution 58:23
evolved 70:12 71:20 72:5
exact 64:16
exactly 16:17 30:9 57:15

examination 5:24
examined 5:21 61:4
example 36:7 45:7 54:3
excellent 26:19
except 98:7
excessive 26:21
excused 94:4
exhibit 3:11,13 3:14,15,16,17 3:18 24:22 25:5 26:20 28:1,6 39:23 40:4 48:4,11 54:22,23 56:24 57:7 63:7,11
exhibits 25:9
existence 12:24
exists 61:18 93:1
exit 55:7
exoneration 44:1
expect 31:17
expected 35:4
experience 14:17
expires 98:18
explain 17:20 40:16 52:17 61:10
explained 30:7 35:14

explaining 32:6 33:7
explains 32:23
exposed 85:14
express 11:6,22 12:2,4
extend 8:3
extended 88:14
extent 25:16 26:6,11 37:20
external 16:14
extremely 27:10
eyewitness 86:7 87:23 88:17 89:1
eyewitnesses 86:2
eyewitnesss 86:16,24

**f**

f 10:5 95:1
facility 50:3
facts 52:22
fail 96:15
fails 99:18
fair 20:20 34:14 50:20
fall 59:8
far 13:20 20:19 36:24 38:17 76:15 83:9 85:11 90:2 91:11 93:1

fatal 6:6 22:23 23:1 55:8 71:7
february 46:1,1 62:2 81:10
fedex 11:5 12:5
felix 3:14 25:23 26:20 27:5,15 27:20,21 28:15 29:20 30:8 32:7 34:7,13 35:7,13,19 39:14
felix's 41:12,19 42:6
felt 52:21 65:15
field 15:11
fifty 84:21 85:3
file 19:17 41:5 49:22 50:6 51:3 57:14,19 86:23
filed 28:15 37:16,23 38:5 39:11
filing 37:17 38:22
fill 18:3
filled 37:2
fills 22:19
finally 27:9
find 61:11 82:23
finding 92:23
findings 44:1 68:21,22,23

75:19 81:8
85:8 89:13
**fine**  8:20
**finished**  8:2
**firearm**  51:9,15
51:19 52:8,11
60:7 65:17
67:8,10,17
**firearms**  15:19
54:7 60:18
**fired**  60:7,10
65:15 86:4
**firing**  60:10
**first**  5:21 6:15
6:22,23 7:9,16
11:10,12,24
29:16 32:15
33:9,21 34:14
40:21 59:2,15
60:9 65:14
73:1
**five**  6:20 26:12
73:23 91:20
**flashed**  67:8
**flashlight**  76:15
**fleeing**  60:22
65:19
**flipped**  12:4
**focus**  86:10
**follow**  56:9
66:19 93:15
**followed**  58:15
66:23
**following**  63:18

**follows**  5:22
63:17
**foot**  67:9
**footage**  30:19
31:5 32:2 37:4
43:18 44:8,12
44:20 45:13
58:3,8 84:16
**force**  15:5
17:12 18:1,3,3
18:8,11,19,21
19:7,12,15,16
19:17,20 20:5
21:11 25:15,22
26:10,21,24
31:7 32:7,16
32:23 33:8,14
33:15 35:14,15
35:16 36:16,19
36:21 37:1,2,6
37:8,10 38:11
38:16 42:21
54:15 58:13
59:10 78:1,1
79:13 85:17
92:17,18,22
93:11
**forced**  15:15
**forces**  17:19
62:9
**forcibly**  30:10
**ford**  48:6 83:18
**foregoing**  98:4
**foremost**  7:9

**forget**  25:9
**form**  18:3,4,13
18:17,21 19:2
29:2 37:2,6
40:10 42:5,8,9
98:8
**forming**  9:8,11
**fortin**  1:14
95:23
**forward**  63:17
**forwarded**
92:19
**forwards**  41:7
**foster**  22:10,15
**found**  54:10
61:6,14 74:21
75:14 77:9
80:6 81:14,24
91:12
**four**  11:17,18
13:6 59:21
**fourth**  55:1
**frame**  93:24
**friends**  13:23
**front**  28:21,22
75:5 79:1 81:1
90:23,24
**full**  8:9 11:15
11:16 50:19
**further**  5:7,11
20:1 27:12
34:9 35:21
41:2 45:4 92:8
**future**  66:4

## g

**gain**  84:3 85:13
**galios**  78:18
79:4
**gamut**  21:12
**general**  81:16
**generally**  10:1
19:6 20:9
44:14 65:4
66:5 90:21
**geography**
13:17
**gerald**  46:3
48:6,6 49:17
52:3 56:7 62:1
**getting**  20:18
50:7,14
**give**  7:3 18:6
19:8 49:1
91:20
**given**  6:15 7:4
29:3,4 32:8
33:2 57:20
95:13 98:6
**go**  6:12 7:5
9:24 12:21
13:12 17:7
18:22 19:1
20:1 24:4
31:22 34:16
36:8,14,23
39:19 40:24
44:3,11,22
51:24 52:4,6
54:15 59:16

[go - incident]

73:3 80:10,16
87:17 91:3,21
**goal**  55:8
**goes**  7:7 34:4,7
36:1 53:15
63:17
**going**  7:2,5
11:20 12:12,13
14:9 20:16
23:12 24:20
39:22 43:23
44:3 55:7
57:10 69:15
70:2,17 73:20
74:6 92:14
**good**  6:3 95:4
**government**
2:9
**graduate**  10:20
**graduated**  10:6
10:16,22 12:19
**graduating**
11:2
**graduation**
13:1
**great**  13:16
67:24
**greatly**  85:14
**ground**  27:15
**group**  68:16,21
69:19 70:3,5
**guess**  8:12 24:9
29:18 41:20
59:21 62:12
73:16 75:18

77:19 79:16
86:13
**guesses**  8:15
**gun**  55:7 65:11
76:16 84:1,4
84:14 85:5,16

**h**

**h**  3:9 6:24
25:18 60:4
**half**  29:16
**hand**  32:10
33:3 74:10
76:15 79:2
84:5 95:18
**handle**  34:8,24
35:7,20
**handler**  11:3
**handling**  76:14
82:6
**hands**  30:10
**happen**  41:14
83:14
**happened**
24:11 44:13
76:22
**happening**
58:24
**happens**  70:21
72:10,11 88:15
**harm's**  90:18
**he'll**  35:20
**head**  7:17
**hear**  69:1 87:8
**heard**  7:3 60:2

**hearing**  5:18
**held**  50:3
**hey**  45:15
**high**  14:1 80:17
81:5
**highest**  10:3
**highly**  13:24
**hindsight**  65:13
**hired**  12:6,7,10
**hiring**  16:13
**history**  62:8
**hit**  64:16
**holding**  65:17
**holds**  18:8
32:10 33:3
**hollis**  43:2
**homework**
57:21
**hood**  85:13
**hot**  14:24
**house**  74:24
**huey**  26:15
89:5,21
**huh**  7:16
**human**  7:23
**hurtado**  3:18
61:23 63:6,15
64:12 65:16,19
67:7,11 72:10
**hypothetical**
31:22

**i**

**ia**  19:14,22
20:11 21:15
22:8,19 23:14

24:16 33:13
36:3 37:12
38:2 42:18
47:18 63:18,24
64:8 87:6,8,15
88:4 92:15,20
93:12
**iapro**  19:14
29:3 93:4,6,8
**idea**  20:22
**identification**
25:4 28:5 40:3
48:10 57:6
63:10
**identity**  15:6
**imagine**  16:6
42:7,8
**immediately**
38:12
**imminent**
52:23
**impact**  15:18
18:9
**imperative**
96:12
**implement**  80:8
**implemented**
73:9 76:1
**improved**
58:15 59:8
**improvements**
79:22,22
**inability**  81:4
**incident**  22:16
22:22 23:15

24:9,18 25:23
26:21,24 27:3
27:18 36:16
37:15 38:8,13
38:13 39:4,7
42:11 45:9
46:6,8,12 48:7
50:5,18,24
51:7,23 52:1,3
52:11,14 53:10
53:12,14 55:10
55:14,18 56:3
56:12 57:11,18
58:20 59:3,20
60:11,19 61:20
61:21 62:5,13
63:4,7 64:11
64:19 65:2,8,9
66:9,17 67:6
68:7,10,12,22
69:5,14,20,24
70:2,10,16,19
71:2,8,15,17
72:2,12 75:20
76:20 77:17,20
78:15,19 79:8
79:20 80:24
81:8,9,10,17,19
81:21 84:17
85:7,8,24 86:6
86:9,18,22
87:2,3 88:9,19
89:1,6,10,14
92:17,22 93:5

incidents  20:22
22:20 25:17
26:13 62:23,23
63:3 82:15
include  71:20
77:13
included  58:17
includes  51:4
including  21:11
65:20
incomplete
31:22
incorporated
66:6,10,16
increase  80:23
increases  81:3
independent
30:8
index  4:1
indicated  65:11
95:6
indicating  27:7
93:16
individual
34:23 47:12
inform  19:23
informal  28:12
29:14
information
65:7 87:20
initial  64:3
initially  16:9
30:3
injured  61:1

injuries  18:14
31:2 93:11
injury  53:1
innocence  34:6
insight  61:17
instruction
15:16
instructions
6:13 7:4 96:1
instructive
19:5
instructor
15:12,16,19,20
15:22 16:1
integrity  9:9,12
intensity  80:23
81:4
intention  8:8
14:8
interdiction
14:24
interested
95:15
interject  47:20
87:10
internal  16:14
16:17,21,23
17:7,8,9,11
18:23,24 19:10
21:5 23:4
27:20 28:18
29:4,5 30:6
36:17,20 37:18
38:18 39:19
40:22 42:19

47:2,11 48:1
56:8,19 71:22
71:23
interrupt  8:6,8
interview  43:4
47:8,15,17,22
48:1,16 49:9
49:11,19,20,21
50:8,17 51:1,2
65:10 87:14,15
87:16 88:4,8
88:18
interviewed
42:13,14,15
43:9,11,13,21
86:17 87:1,23
88:2
interviewing
47:13
interviews  47:7
47:16 56:10
58:4 64:1,9
87:9,9
intimated
25:13
investigate
46:19 71:10
investigated
15:5 21:6,10
22:9 29:10
34:23 39:9
83:5
investigating
22:20 29:6
84:11

**investigation**
3:15 17:22
19:18,21 20:8
20:15 24:15,17
27:19 28:20
29:23 32:15
35:1,3,6,21
36:17,19,21
37:13,18 38:2
38:6,18,21,24
40:9 41:6,9
42:2 43:14,24
44:17,24 45:4
46:2,6,15,16,19
46:21,22,23
47:5,17 49:5,8
50:22 51:5
52:2 56:10,15
56:23 57:12,13
58:2 59:6
62:24 63:16,22
64:4,5,6,15
68:15 69:11
70:7,22 71:2
71:12 72:11
75:21 77:13,16
77:18 83:4,10
86:13,14,15
87:6,7 88:3,11
88:17 92:16
93:1
**investigations**
20:12 21:1
38:16 40:20,20
71:14 82:10

**investigative**
86:23
**investigator**
29:18 32:14
33:7,19 39:15
47:9 71:1
81:24 87:8,15
**investigator's**
33:13
**investigators**
46:17 56:9,19
63:18,24 64:8
**invoke** 46:12
**invoked** 71:7
**involved** 21:13
22:24 46:10,12
47:7 53:23
54:14 56:21
59:22 61:7
62:3 71:6 74:1
78:15 84:8
87:10 93:10,11
**involving** 25:23
36:16 40:10,12
56:5 78:15,19
82:15
**irrelevant** 42:4
**isolated** 62:10
**issue** 20:6,7
58:14 90:1
**issued** 28:14
**issues** 36:2,4
59:18 61:15
76:14 79:21,24
81:3 89:19

**items** 91:16

**j**

**j** 2:3 6:24 60:4
**jacobsen** 74:1,5
76:9 77:6
**jacobsen's**
77:10,24
**jail** 27:17
**jaksch** 59:23
**january** 12:10
17:3
**jared** 26:14
89:5
**jarrett** 2:18 6:6
48:16
**jcoyle** 2:6
**jd** 10:9,10,20
**job** 11:10,12
33:13 42:19
**jobs** 11:1,7,19
**joe** 87:24
**john** 2:3 6:4
10:5 45:15
54:21 93:15
**joined** 14:11,19
**jones** 27:14,15
**jose** 36:16
37:15
**joseph** 83:16
83:23
**judge** 34:8,24
35:7,20
**july** 1:9 13:10
39:3,8 61:23
69:17 95:19

99:3
**jumbled** 8:1
**jump** 7:24
**jumped** 85:13
**june** 69:16 89:6
89:8
**jurisdiction**
71:10
**justice** 9:17
12:23 69:16
**justified** 54:16

**k**

**k** 6:24 60:4
**katelyn** 2:9
99:1
**katelyn.knight**
2:11 99:2
**keep** 7:15 78:14
**kennedy** 10:6
**kenney** 59:23
60:3 83:16,16
84:23 85:12
**kept** 19:13
**kevin** 56:5
61:24
**kick** 30:12
**kilday** 2:14
**kilduff** 2:14
**kin** 95:14
**kind** 14:1,23
15:24 16:1,3
80:9 81:5
90:15,17
**kitchen** 74:19
75:15

**[knee - make]**                                          Page 14

**knee** 27:16
30:12 32:11
33:4
**knife** 74:13,16
74:18 75:1
**knight** 2:9 3:5
20:16 24:4
31:21 32:17
33:11,22 34:15
37:19 40:21
44:21 45:15
49:12 51:11
54:21 59:12
67:24 69:21
70:4 78:10
81:15 91:23
92:9,10,13
93:14,19 99:1
**knives** 74:18,21
75:14
**knocking** 67:21
**know** 8:7,9
14:1,5,15 31:1
31:15 34:17,18
35:22 38:9
41:13 42:14
49:13,18 50:21
51:19,21 52:4
52:8 54:14
55:15 56:15
58:24 59:1,15
60:18,20 61:19
62:8,12 66:2
68:19 71:21
73:24 75:3,3,4

84:22 85:16
87:24 88:20
89:11,12
**knowledge**
20:7 36:22
59:14
**konz** 2:15
91:23 92:9
93:18
**krav** 15:18

**l**

**lacking** 45:3
**lapd** 15:17
**law** 7:10 10:5,8
10:24 11:7,9
11:10,10,12,13
11:14,20 12:13
12:18 14:9,9
**law.com** 2:17
**lawsuit** 6:5
37:23 38:5,23
**layer** 92:22
**lead** 16:1 56:14
76:18
**leads** 8:1
**learning** 24:12
**leaving** 13:12
**led** 44:17 67:9
78:22 82:11,16
86:14
**left** 13:8,10,10
14:3 15:3
55:20 65:5
71:21,23 77:2
77:4

**legal** 1:23
99:23
**lengthier** 57:1
**lethal** 18:11
78:1 85:17
**letter** 68:8
**level** 10:3 41:4
**levels** 18:7
**lieu** 5:8
**lieutenant**
14:18 16:2
19:24,24 20:2
21:22 22:5
36:1,2,2,6
40:23 45:6
47:3
**lights** 27:7
**limited** 80:9
**line** 4:4,8,12,17
40:21,22 55:2
97:2
**list** 36:15 79:15
82:18
**listed** 53:16
54:4
**listening** 50:19
51:2 87:14
**lists** 43:1 93:10
**little** 9:24 19:15
20:19 68:9
73:21 90:16
**lives** 42:3 52:23
**load** 11:3
**located** 12:23

**lodge** 20:16
**log** 19:13 45:12
**long** 13:4 15:21
21:18 22:3
**longer** 12:24
82:5
**look** 53:10,17
55:1 58:7 63:6
66:15 70:11
71:17 93:6
**looked** 49:7
62:16,17 67:2
**looking** 44:7
62:13,14 65:16
72:3 89:23
**looks** 34:12
87:4
**looming** 81:3
**los** 12:22
**lost** 48:17
**lot** 38:15 73:18
**loud** 26:1

**m**

**m** 6:24
**machine** 95:10
**made** 55:23
62:19 66:1,24
86:1 96:6
**maga** 15:18
**majority** 11:6
**make** 7:6,7
18:18 23:11
30:22 31:7
35:17 64:7
77:20,23 90:22

91:21 96:4
**makes** 64:22
**making** 27:12
  76:4,7
**male** 89:21,23
  89:24
**man** 76:7
**management**
  16:2
**mandated** 56:2
**mandatory**
  53:24
**manner** 5:16
**march** 22:6
  56:4 62:1
**mario** 26:14
  82:18
**mark** 24:21
  28:1 39:23
  48:3 63:7
**marked** 3:11
  4:16 25:4
  26:19 28:5
  40:3 48:10
  57:6 63:10
**master** 11:3
**master's** 10:19
**material** 30:4
  34:1 35:10
  58:6
**math's** 13:8
**matter** 54:6
  92:15
**mccoy** 26:14
  79:17

**mceldrew** 2:3
**mceldrewyou...**
  2:6
**mcmahon** 82:5
  82:11,15
**mcmahon's**
  22:10
**mean** 31:1
  33:15 50:2
  51:13 66:14
  81:16
**medanos** 12:22
**medical** 31:3
**meeting** 57:16
  57:16,22 68:11
  70:20 81:8
  88:10
**meets** 62:6 63:4
**member** 57:20
**members** 23:6
  57:24 61:3
  76:3
**mention** 31:5
  52:10
**mentioned**
  65:13 66:6
**merit** 29:7
**met** 80:6
**mid** 1:24 15:3
**midatlantic**
  99:15
**mind** 7:15
  67:22 72:9
  75:7

**minutes** 67:22
  67:23 91:21
**misconduct**
  17:13,13 21:1
  21:3,7 38:19
**misidentifica...**
  89:20
**misstates** 44:21
  69:21
**modules** 91:9
**momentarily**
  6:11
**monitor** 47:4,7
  47:8
**monterrosa** 1:2
  6:5,7 68:8,12
  72:7,21 73:11
  99:4
**monterrosa's**
  72:16,21
**morning** 6:3
**motion** 74:9,10
  78:3,4
**motivation**
  13:21
**move** 13:22
  39:2 45:16
  78:6
**movements**
  27:12
**multi** 71:10
**multiagency**
  46:18
**multilevel**
  40:18

**multiple** 47:16
  65:20 67:8
  90:4
**mychael** 39:3,7
  39:11

**n**

**n** 2:1 3:1 6:24
**name** 6:4,22,23
  6:24 74:12
  78:5
**narrative** 19:15
**nature** 7:23
  29:21 38:10
  43:16
**near** 55:5 75:18
**necessarily**
  43:23
**necessary**
  41:22 65:3
  96:4
**need** 8:18 25:24
  36:4 38:21
  66:1 80:7,13
  87:17
**needed** 35:6
  87:20
**needs** 62:19
**neftali** 1:2 6:4
  99:4
**neighborhood**
  83:9
**neither** 95:14
**nelson** 3:15
  39:3,7,11
  40:12 41:18

42:11,12
**nervous** 27:11
**new** 9:13 38:23
  73:8
**night** 11:15,16
  11:21 12:13,18
**nods** 7:16
**non** 53:19
**nonfatal** 23:1
**nora** 6:4
**normal** 7:17
**normally** 68:15
  71:4,5
**north** 84:21
**northern** 15:4
**notary** 1:15
  5:12,14 95:3
  95:23 98:24
**note** 93:20
  99:10
**noted** 20:23
  96:10 98:8
**notes** 25:8 80:1
  89:9 91:21
**notice** 1:12
  3:13 6:14
  24:23 95:5
**notified** 43:22
**november**
  25:22 26:22
  36:15
**nuance** 73:18
**number** 3:11
  7:4 11:23 14:2
  25:5 28:6 40:4

40:11 42:1,3
48:11 57:7
63:11 73:7
82:15 83:6

**o**

**oath** 5:8,9 7:10
**object** 49:12
**objection** 5:16
  20:17 24:4
  31:21 32:17
  34:15 37:19
  44:21 51:11
  59:12 69:21
  81:15
**objectionable**
  32:24 52:22
**objections**
  33:11,22 70:4
**objective** 44:16
**obligated** 7:10
**obligation**
  33:19
**obviously**
  30:17 79:17
**occasion** 65:14
**occasions** 67:8
**occupants**
  83:11
**occur** 38:20
  69:7 71:4,5
  87:19
**occurred** 22:14
  22:14,17,18
  47:24 48:16
  56:12 68:11

83:10 84:6
89:7
**occurring** 90:2
**occurs** 54:1
**office** 2:9 12:6
  12:8 13:2,5,13
  14:6 46:18
  58:23
**officer** 14:13,17
  14:21 15:11
  18:14 19:7
  21:13 22:10,24
  27:4,9,14,15
  43:2,2,2 46:9
  46:12 47:13
  48:24 49:1
  53:21,23 54:7
  55:2,9,12,20
  56:5,20 61:1
  62:3 64:12
  65:10,13,15,18
  65:24 67:4,7
  71:6 74:1,5
  76:9,14 77:2,4
  77:6,10,24
  78:17,18 79:4
  79:4 80:14,22
  82:5,11,15
  83:15,16,16,23
  84:5,23 85:12
  85:15
**officer's** 43:18
  62:8,17 63:2
**officers** 19:4
  30:8,15 32:10

33:3 34:10
37:1 42:14
43:1,5,8,13,21
47:7,21 52:20
53:3,5 54:11
59:22 60:6,7
60:10,14,22,24
61:7 64:1 66:2
67:4 77:7
78:14,23,24
79:3,13 80:9
81:1 83:5,15
84:21 85:1
86:8,16 87:10
89:23 90:16,18
93:10
**official** 40:16
  95:18
**oh** 26:2
**oir** 68:16,21,24
  69:18 70:2,5
**okay** 8:3,16
  9:18 16:5
  22:12 23:10
  24:1 25:21
  26:2 27:24
  28:17 29:13
  36:14 39:5
  41:11 42:10
  43:20 44:18
  46:3,4 48:20
  50:23 51:24
  52:1,7,8,13
  54:13,19 56:3
  56:6,18,24

**[okay - point]**

60:9 61:20
63:16 66:18
69:18 70:9,19
72:1,22 73:19
74:20 75:11,13
75:16 78:6
79:15 82:13,20
88:23 89:4
91:20,24 92:1
92:7
**once** 35:24 42:1
**opened** 20:8
21:7,8
**operating**
63:23
**opine** 58:18
**opinions** 8:15
**opportunity**
23:2 87:16
**opposed** 14:6
80:19 81:6
**option** 65:16
**options** 15:15
**order** 19:20
60:24 87:19
93:23
**original** 96:13
**originated**
36:18
**outcome** 95:16
**outside** 20:17
49:13 51:11
59:12
**outsourced**
68:16

**overseen** 16:3
**own** 14:7 64:8
80:7
**ownership** 80:8

**p**

**p** 2:1,1
**pace** 81:4
**packet** 58:2
88:9
**page** 3:11 4:4,8
4:12,17 7:7
18:4 29:16,17
44:4 48:17,19
48:23,23 52:5
52:6 54:20
57:12 97:2
**pages** 28:13,14
48:14 57:1
98:4
**paragraph**
32:6 55:1
**paralleling**
64:4,5
**parallels** 68:20
**park** 65:20
**parked** 55:5
**part** 17:16
21:14,24 23:4
23:23 24:18
33:12 35:18
46:24 49:21
53:13 56:20,23
86:12 88:2,9
**participate**
23:15

**participating**
5:3
**particular** 30:5
66:13 80:8
93:5
**parties** 5:10
93:22
**party** 5:15 30:2
95:15
**passenger**
83:24
**past** 62:9,9
**path** 63:17
**patrol** 14:21,22
15:9 17:3,4
18:16 21:23
22:4,5 55:5
83:24 85:20
**pd** 38:10
**pdt** 1:13 45:21
68:4 92:5
**pellet** 84:14
85:5,16
**pennsylvania**
2:5
**people** 17:21
58:10
**perception**
78:3
**perfectly** 8:20
**period** 72:1
88:14
**person** 5:8 41:3
41:7 76:6

**personal** 8:15
55:3
**personnel** 16:2
16:13
**perspective**
23:16 61:5
**persuaded**
34:12
**ph** 31:16 87:24
**philadelphia**
2:5
**phone** 33:9
34:14
**photos** 31:2
**physically** 5:4
**piece** 50:16
**pistol** 15:19
**pittsburg** 12:23
**pivot** 80:11
**place** 26:5
37:24 38:7
55:16,19 66:7
69:16 80:11
95:6
**plaintiffs** 1:4
2:6
**plan** 80:8,10,10
80:12
**play** 23:5 40:17
81:3
**please** 5:17
96:3,7
**point** 8:5,21
18:21 30:1
38:19 47:21

67:3 72:15
76:7 84:4
92:11
**points**  24:13
**police**  9:3,5
10:2 13:15
14:2,6,13,17,20
19:3 21:9
30:18 37:3
41:1 42:17
43:7,17 44:5
44:11 53:7
57:2 59:16,18
61:8 65:24
69:12,13 70:18
71:12 72:24
73:5,6
**policies**  50:11
53:11 62:7,15
87:12
**policing**  14:24
**policy**  19:11
20:4,9 23:3
24:12 28:13
29:14 31:8
33:14,15 35:14
35:16 37:8
38:12,20 42:22
53:5,15 55:16
55:19,20 56:2
61:5 62:20
65:4 66:19,24
67:2,2,4 69:5,6
70:7,13,16
71:3,18,21,21

71:22 72:4,13
72:17 73:12
77:2,9 78:2
79:9,13,21
81:13,23 82:4
82:10 85:11
86:11 87:11,20
87:21 90:7
91:9,13
**political**  10:17
**poorly**  69:3
**portions**  93:21
**positioning**
80:14,18,22,24
**possible**  32:1
**post**  72:6
**postolaki**  43:3
**potential**  55:8
66:3
**potts**  29:19
31:1 32:22
34:4,12,20
35:4 36:8
**powell**  26:14
78:7,9,10,11,16
78:20 79:1
**poyser**  49:3
**practice**  64:10
87:22
**practices**  61:8
61:13 62:15
**prepared**  26:3
26:16 49:2
57:22

**presence**  90:19
**present**  5:5
34:6 65:21
**presentation**
35:21
**presented**
44:10 65:21
87:2
**pretty**  73:22
**previous**  84:9
84:12
**previously**
60:21
**prior**  9:20,23
45:1 62:17,22
62:23 63:2,17
**privilege**  37:21
**proactive**  14:24
**probably**  6:19
7:3 15:2,9
**procedure**
63:23
**proceed**  5:18
**proceeding**
45:20 68:3
92:4
**proceeds**  48:24
**process**  9:18
18:1 19:1
20:21 23:4,24
24:10 28:19
30:14 35:18
37:9,13,22
38:10 39:14,20
40:19 42:4

44:14 53:14
56:17 57:15
58:23 59:5
68:14,20 69:15
70:13,17 73:8
86:19 93:2
**produce**  30:12
**produced**
88:18
**produces**  51:6
**product**  37:21
59:6
**production**  4:7
**professional**
1:14 9:7 16:10
16:16,18,19
17:16 18:22
19:23 22:22
23:5,16 24:2
27:22 28:23,23
37:6 39:12,18
40:23 44:15
47:1,2,19
56:22 71:13,24
72:18 92:20
**program**  11:15
11:16,18 15:13
15:15,23 16:3
**progress**  46:7
**promoted**
15:10 16:8
21:22 22:7
**promotions**
16:6

| | | | |
|---|---|---|---|
| **propounded** 98:7 | **q** | **ramp** 11:4,24 | **reasonable** 19:12 32:11,16 |
| **protection** 37:21 | **qualifications** 54:8 | **ramrakha** 1:1 1:12 3:3,13,14 | 33:4,9,16 52:22 78:1 |
| **protective** 93:22 | **question** 7:24 8:2,7,22 20:18 | 3:15,16,17,18 5:20 6:3 7:1 | **reasonableness** 33:1 |
| **protocol** 21:14 46:13,14 71:7 | 32:20 33:6,19 41:17 50:11,15 | 25:5 28:6 40:4 48:11 57:7 | **reasoning** 26:11 |
| 71:8 | 54:6 61:2 62:22 63:1,21 | 63:11 68:7 92:8 99:5 | **recall** 74:18 |
| **proved** 19:12 | 69:3 79:19 83:7 85:16 | **ramsay** 49:3 | **recapitulation** 44:19 |
| **proximity** 19:8 80:23 | 86:4 87:21 88:21 | **rank** 14:11 | **receipt** 96:14 99:17 |
| **public** 1:15 3:16,17,18 | **questions** 4:16 47:20 48:15 | **rationale** 52:18 | **receive** 28:24 41:4 54:9 58:2 |
| 48:5 63:14 95:4,23 98:24 | 49:4 87:11 91:24 93:18 | **reach** 29:7 | 59:9 88:10 |
| **pull** 24:20 27:8 45:8,12 81:5 | 98:6 | **reached** 9:20 9:23 33:20 | **received** 15:15 18:23 27:20,22 |
| **purpose** 66:8 66:14 73:5 | **quick** 20:17 45:16 | 79:20 | 28:18,21 49:6 88:12 |
| 90:11,14 91:1 91:4 | **quicker** 73:21 | **react** 66:2 | **receives** 54:7 |
| **purposes** 25:4 28:5 40:3 | **quite** 18:6 76:17 | **reaction** 53:4,5 | **recess** 45:19 68:2 92:3 |
| 48:10 57:6 63:10 | | **read** 18:18 19:2 19:3 25:18,24 | **recognized** 65:18 83:17 |
| **pursuant** 1:12 95:5 | **r** | 30:17 37:3 44:11 52:1 | **recollection** 51:23 75:11 |
| **pursue** 34:5 | **r** 2:1 6:24,24 95:1 97:1,1 | 65:1,1 80:1 96:3 98:4 99:9 | **recommend** 12:16 |
| **pursuit** 34:9 60:22 67:9 | **raised** 79:24 | **reading** 34:11 34:14 50:18 | **recommendat...** 53:9 54:4 |
| **purtell** 2:3 | **rammed** 60:22 60:23 | **reads** 41:5 | 65:23 66:5,18 |
| **put** 69:16 80:11 81:2 86:10 | **ramming** 53:2 | **really** 50:15 | **recommendat...** 53:20 64:23 |
| 90:17 | **ramos** 26:13 73:24 74:6,10 | **realm** 20:6 | 66:8 70:24 |
| | 74:20 75:16,21 77:13,21 | **rear** 80:18 | |
| | | **reason** 78:13 96:5 97:4,7,10 | |
| | | 97:13,16,19,22 99:11 | |

79:9,11 90:5
91:8,16,18
**recommended**
67:1
**record** 7:14,19
8:1,10 38:17
88:7 93:20
95:13
**recorded** 95:10
**recording**
49:20,23,24
50:7 51:2,4
**records** 3:16,17
3:18 25:17
26:7,12 63:15
88:17,18
**recovered** 51:9
51:16,20 52:9
52:11 60:18
67:10,17 74:13
74:16,18 75:1
84:13
**reference** 31:11
31:19,23 43:5
88:23,24
**referenced** 99:6
**reflected** 25:16
26:6,12
**refresh** 51:23
**refreshed**
75:12
**regarding** 26:4
57:3
**regards** 76:2
80:15 87:11

89:19
**relate** 80:3
**related** 48:5
63:15 65:9
68:11 77:10
79:21 81:16
90:9
**relates** 66:9
**relation** 13:18
88:16 89:10
**relative** 74:21
**release** 3:16,17
3:18 48:5
63:15
**released** 57:2
**relevant** 51:16
79:16
**reliance** 44:23
**relied** 51:1
**relies** 50:9
**reload** 85:2
**reloaded** 84:24
**relying** 44:19
50:8
**remain** 15:21
22:3
**remaining**
60:10
**remember**
14:14 18:6
**remind** 7:6
**remotely** 5:6,9
**remove** 65:11
**removed** 30:10

**render** 38:11
**rep** 12:2
**repeat** 32:20
**replication**
48:1
**report** 18:18
19:3 31:20
37:1 41:5 44:7
44:10 50:10,20
51:22,23 52:1
52:2,12 53:18
57:11 58:9
59:2 65:1
67:15,16,18
75:5,7 89:1,17
90:6 91:19
93:8,9
**reported** 18:1
18:20 55:2
**reporter** 1:14
5:2 6:22 7:13
25:10 95:23
**reporting** 5:6
5:16
**reports** 30:18
37:3 42:17
43:7,17 44:11
88:12
**reposition** 84:2
**represent** 6:4
**representative**
17:15
**representing**
2:6,12,18

**request** 4:7
85:21
**requested** 21:8
34:10
**required** 21:12
46:15 55:17,23
58:5
**requirement**
43:12,15
**reserving** 93:20
**resistive** 30:9
**resolution** 3:14
28:12 29:14
**resolved** 29:17
35:24 36:5
**resources**
89:22 91:5
**respond** 21:13
46:16 56:22
**responded**
85:17
**responds** 56:22
**response** 8:7
9:15 64:3
**responsibility**
18:15,17
**responsible**
16:13 17:12,19
29:6 92:21
**restroom** 8:19
**result** 25:15,16
26:5,6,10,11
27:19 51:17
53:11 75:20
79:7 82:8,12

[result - search]                                                      Page 21

82:14 84:11
85:7 91:8
**resulted** 37:16
44:1
**results** 51:14
51:15
**retraining** 54:1
54:5,7,9,11,17
82:8
**retreat** 85:20
**return** 96:12
99:13,16
**reversing** 51:9
**review** 17:15
17:22,22,24
18:17 20:2
22:16,23 23:3
23:15 24:9,18
24:18 26:5
30:19 32:3
35:10,18 38:11
40:19 41:2,21
42:4 43:6 44:5
44:20 45:7,13
46:8 50:6,9,18
50:24 51:22
52:3,12,14
53:10,14,14
55:14 57:11,15
58:5,8,20 59:3
59:5 61:4,16
62:5 63:4 65:1
65:2,6 66:15
68:11,22 69:5
69:14,20 70:2

70:10,13,16,20
71:2,16 72:2
72:12,16 73:12
75:20 76:20
77:17,20 79:8
79:8,20 80:6
81:8,11,19,21
85:9,24 86:7,9
86:18,23 87:2
87:4 88:9,19
89:1,14,14
92:17,22 93:1
99:7
**reviewed** 25:15
26:10 31:6,10
31:18 35:11
36:6 37:3,4
42:11,17,18
50:17 51:14
92:18 93:12
**reviewing**
17:12,19,20
24:11 30:4
34:1 40:15
44:6,9 69:5
72:12 92:21
**reviews** 17:12
41:4 50:6
**rhetoric** 10:17
**ride** 59:17
**rifle** 15:20
**right** 8:23 9:1
32:9 33:2 39:2
52:7 60:1 68:9
78:9 79:5

93:21
**risk** 80:17 81:5
**role** 9:2 15:24
17:9 21:19
22:8,19 23:5
23:14 24:16
64:23,24 69:19
**roles** 14:17
**romero** 26:14
82:19 83:22
84:3,5 85:5
88:16,21
**romero's** 84:5
**ronell** 22:10,14
**room** 5:5
**rough** 18:6
**rounds** 85:3
86:3
**route** 28:22
36:24
**row** 12:18
**run** 21:12
71:12,14
**runs** 87:7,22

**s**

**s** 2:1 3:9 6:24
60:4
**sacramento**
2:16
**sanjay** 1:1,11
3:3 5:20 6:23
99:5
**santa** 2:10
**sat** 50:23

**saw** 19:19
65:11 74:9
79:1 84:1
**saying** 62:16
67:7 71:3 74:5
78:14
**says** 25:14
29:17 30:7
32:22 34:23
35:19 43:4
49:2 55:2
57:16 60:13
61:3 65:7
**scanned** 29:3
**scene** 31:3
46:10 47:6
60:6 64:3
74:14 77:7
**school** 10:24
11:11,13,14,20
12:13,18 14:9
**science** 10:17
**scope** 20:17
49:13 51:12
59:13 61:15
**screen** 25:11
28:10 40:7
48:21,22
**scroll** 40:11
42:15
**seal** 95:18
**sean** 6:7 68:8
72:16,21
**search** 90:11

searching  90:2
  90:10
second  7:13
  23:13 29:17
  40:22 62:2
secondhand
  30:13
secured  46:11
see  25:11 28:9
  28:24 35:12
  40:7,12 48:21
  48:22 52:10
  72:13 88:13
  91:23
seem  80:1
seen  59:2
sees  88:1
selected  17:7
self  66:3
send  36:3,8
  45:3 53:18,18
sent  12:10 16:9
  20:7 99:14
sentence  66:14
separately
  47:12
separation
  82:16
september  17:6
  21:20 81:11
  82:21,23,24
sergeant  14:17
  16:8,12,13,20
  17:4,8,10,11,18
  18:24 19:11,14

19:22 20:11
21:6,15 22:9
22:15,19 23:14
24:17 29:4,5
29:19 30:6
31:1,18 32:22
34:4,12,19
35:4 36:4,8
39:19 40:21,22
44:15 47:2
48:20 92:15,20
sergeant's
  18:15,16 42:19
  44:19
series  6:13
serious  52:24
served  15:10
service  12:2
seven  32:9 33:2
several  11:1
  16:3 21:7 65:8
  82:10
sheet  41:22
  96:6,8,10,13
  98:9 99:11
sheriff's  12:6,8
  13:2,5,13 14:6
shmoe  87:24
shooting  6:7
  22:10,13,14,17
  22:18,24,24
  46:2,7,10,13,19
  49:17 51:7
  53:24 54:15,16
  55:4 56:4,21

57:3 61:21,22
61:24 62:1,3,6
62:14,16,23
63:15 71:6
72:3,7,10,16,21
75:21 76:22
78:22 79:16,18
83:8,9,11,19
84:6,9,12
shootings  21:3
  21:13 23:13
  62:9,18 73:7
  73:23 83:6
short  59:8
shorthand
  95:10
shot  51:8 74:20
  74:22 75:16
  77:14,22
shoulders  7:17
show  27:24
  28:1 30:10
  32:9 33:2
  39:22 48:3
showed  19:5
shrugs  7:17
side  16:23
sign  96:7 99:12
signature  40:15
  41:21 44:4
  95:22 98:12
signatures
  40:14
signed  99:19

signing  96:9
signs  41:6
similar  56:7
single  33:24
sir  7:2 9:2
  25:11 28:9
sit  58:1 59:3
  63:24 64:20
sits  58:20
sitting  17:14
  78:23 88:4
situation  42:23
  43:8 79:24
  80:3
situations
  20:14
sixth  55:2
smoothly  7:7
solano  13:19
  46:17
solutions  1:23
  99:23
someone's
  67:21
soon  73:22
sorry  6:21 11:8
  12:9 17:2
  21:24 23:11,22
  24:8 25:8
  32:19 41:16
  46:1 48:6
  59:24 61:23
  63:20 68:23,24
  73:3 78:8 79:5
  86:3,4 89:8

**[sorry - sure]** Page 23

91:3
**sort** 24:10
42:19 47:16
53:24 54:13
62:9 63:24
68:21 69:5
82:14 87:20
91:15
**sound** 61:7,12
**sounds** 67:24
**south** 2:4
**space** 80:7,9
96:5
**speak** 30:2
**specifically**
48:15 49:16
66:7 87:9
88:21
**speculate** 66:13
**speculating**
34:19
**speed** 14:1
**spell** 6:22
**spoke** 13:24
39:20
**spoken** 35:13
**spot** 14:24
**spotlights**
83:21
**stab** 74:6
**stabbing** 74:9
78:4
**staff** 57:22
**stamp** 28:2,24

**stamped** 39:23
42:24
**standard** 22:22
29:9,22 30:14
31:13 32:7,23
37:9,13
**standards** 9:7
16:10,16,18,19
17:16 18:22
19:23 23:5,17
24:2 27:23
28:23,23 37:7
39:12,18 40:23
44:16 47:1,3
47:19 56:22
71:13,24 72:19
92:20
**standing** 95:4
**starbucks**
78:21,24
**start** 12:20
13:1 26:20
57:10 58:24
64:8 73:24
**started** 9:1 11:7
11:9 14:20
27:12 28:20
**starting** 21:15
**state** 5:12,14,17
18:13 96:5
**stated** 29:19
69:14
**statement**
42:24 49:2
67:7 74:5

**statements**
23:20 86:1,7
**states** 1:1
**stating** 30:8
**stay** 14:9
**stemmed** 83:1
**stemming**
65:23 91:16
**step** 24:10
**steps** 35:23
**stipulate** 5:12
**stipulated** 9:15
9:16
**stipulations**
4:11
**stolen** 80:17
**stop** 27:4,6
55:24 59:21
80:17 81:5
83:2,3 87:16
**stopped** 27:10
**stops** 72:17
**storage** 50:3
**street** 2:4,10
88:1
**strike** 27:16
32:11 33:4
**strikes** 18:9
**struck** 64:12
**subject** 43:1,5
43:13 80:15,18
81:6 89:23,24
96:9
**subjects** 85:23

**submitted**
27:21,22 29:11
36:1 37:6
39:11 42:12
**subscribed**
98:15
**subsequently**
50:6
**substance** 98:8
**substituted**
69:19
**suit** 37:16,17
**suite** 2:4,16
**summaries**
57:22
**summary** 29:15
49:1,7,9 50:8
50:19 51:1
88:7
**supervision**
95:11
**supervisor** 11:4
11:24 18:2,2
35:22 37:2,5
40:15 92:19
**supervisors**
44:5,18
**supplement**
48:24
**support** 4:1
**suppression**
14:23 15:4
**sure** 7:6,7
14:20 18:19
23:12 30:22

**[sure - time]**

Page 24

32:22 50:12
64:7 84:11
89:18 91:21
**suspect**  18:12
18:14 65:11,14
90:13,20
**suspected**  55:6
**suspects**  76:5
**suspicious**  83:4
**switching**
76:16
**sworn**  5:13,21
95:7 98:15
**system**  45:12
93:9

**t**

**t**  3:9 83:18 95:1
95:1 97:1
**tactical**  24:12
79:10,22 84:3
85:1
**tactics**  23:3
53:7,15 58:12
59:10 61:5,6
61:12,15 62:7
62:15 65:4
66:16 70:12
71:18,20 75:23
75:23 79:12
85:11 86:10
90:1,5 91:7,13
91:17
**tag**  63:24
**take**  8:21,23
45:16 54:15

66:7 67:22
70:12 75:9
85:22 93:6
**takedown**  18:8
**taken**  1:12
27:15,17 31:2
50:2 62:23
95:5
**talk**  8:19 23:12
26:16 45:24
56:4 58:11,12
58:13 61:21
80:13 89:5
**talked**  63:16
76:12 77:1
**talking**  20:24
64:2 77:16
**talks**  32:6
**tandem**  86:15
**task**  15:5 22:15
**tasked**  47:12
58:1 70:6
**team**  71:10
76:3 90:22
**techniques**
30:11
**telephoned**
29:19
**tell**  7:11 32:14
36:17 39:8
42:15 59:1
78:14 79:7
91:11 93:6
95:7

**ten**  6:19,20
67:21,22
**tends**  80:23
**terminated**
82:13
**termination**
82:11
**terms**  64:2
68:19 71:17
**terry**  49:3
**testified**  5:22
92:15
**testify**  26:3
**testifying**  8:13
**testimony**  3:3
8:6,14 44:22
69:22 86:22
89:2 95:5,9,13
99:9,17
**thank**  7:2 52:6
52:7 75:10
**thanked**  34:8
**thanks**  93:14
93:18
**thefts**  15:6
**thereof**  95:16
**thing**  88:2
**things**  7:15,16
18:19 53:17
59:7,7,8,10,11
62:7 69:6
70:20 76:19
80:5,20
**think**  11:6 12:3
12:3 22:17

23:7,7 41:24
45:2 60:20
68:9 71:3
73:15 74:11
76:19 79:17
92:10,15
**thirty**  96:14
**thorough**  44:16
**thought**  86:21
**threat**  52:23
65:19 85:18
**three**  30:8
59:21 73:16
79:21
**threshold**
75:18
**thunderbird**
84:7
**tighten**  62:20
**time**  8:5,18
11:15,16 15:11
15:14 16:22
18:2 21:21
22:21 27:8
38:8,15,15
46:14 53:8
55:9,20 67:5
69:12 70:12,15
71:16,19 72:2
72:6,15,20,24
73:1,7 75:9
77:1,3,14,22
78:3 79:14
85:15 88:13,15
89:22 91:14

93:24 94:1
95:6 99:18
**timeframe**  99:8
**timeline**  72:9
**times**  6:18,20
17:16 19:9
65:12 84:21,24
**tint**  81:1
**today**  6:8 7:8
7:15 8:13
14:19 15:24
94:2
**together**  58:8
**told**  32:8 33:1
**tonn**  2:18 6:6
27:14 43:2
48:16,24 50:17
55:2,9,17,23
56:5 59:23
60:3,9 62:3
64:12 65:10,13
65:15,17,18
66:7 67:7
**tonn's**  49:1
55:12
**took**  26:5
**top**  29:16 80:19
**topic**  26:17
**topics**  6:10,11
6:14 58:11
65:9
**torso**  27:16
30:12
**total**  48:14

**totality**  50:13
52:19 82:16
**tough**  12:18
**towards**  27:12
65:17,19 74:11
**track**  47:16
71:14 91:5
**tracked**  66:22
**traffic**  55:24
59:20
**trail**  90:14
**training**  12:23
15:11,12 16:14
20:6,6 23:3
24:12 53:6,11
53:15,21 58:14
58:14 59:10
61:5 62:7,19
65:4 66:1,6,10
66:15 69:6
70:11 71:18,20
76:8 79:10,12
79:22 86:10
90:8 91:9
**transcribed**
95:11
**transcript**
96:15,16 99:6
99:19
**transcription**
49:10,19 95:12
98:5
**translate**  7:18
**treat**  80:16
81:5

**treated**  68:21
**tried**  84:2
**trigger**  37:17
38:2,23
**triggers**  37:23
38:5
**true**  95:13
**trujillo**  59:2
**truth**  7:11 95:7
95:8,8
**trying**  20:20
41:20 72:8
81:6
**tuesday**  1:9
**turn**  55:3,10,17
55:21,23 73:20
76:10 91:22
**turned**  57:14
83:21,23 84:4
88:8
**turning**  55:12
**two**  7:15 9:6
28:13,14 59:21
65:12 74:18,21
78:23 85:23
92:11
**type**  14:24
19:15 31:19
35:22 37:17
**types**  20:14

| u |
| --- |

**uc**  10:23
**uh**  7:16,16,16
**ultimate**  33:18
82:12

**ultimately**
66:16 84:7
**under**  7:10
32:11 33:4
95:11
**undergrad**
10:14
**understand**
7:11,21 20:21
23:7,12 24:20
33:18 41:16,21
50:12 63:20
73:15 86:21
**understanding**
26:23 27:2
52:18 64:11
74:4 78:20
84:20
**understood**
14:7 35:19
43:24 67:6
**undertaken**
68:15
**unifying**  76:5
**unintentional**
76:18
**unit**  14:23 15:1
36:22 90:3
**united**  1:1
**units**  85:21,22
**university**  2:15
10:6,15
**unrest**  66:4
**unsafe**  82:6

unsure  31:4
use  7:20 8:19
  17:19 18:3
  26:9 32:7,15
  32:23 33:8
  37:2,6,10 54:2
  54:15 58:13
  59:10 60:15
  70:2 78:1,1
  79:12 92:16
used  18:1 35:15
  37:1 96:17
  99:19
uses  62:9
using  19:7
  30:11 31:16
  70:1
usually  19:8
  90:20
utilized  91:6

**v**

v  99:4
vague  24:4
  31:21 32:17
  69:22
validity  42:21
vallejo  1:6,12
  2:9,10,12 6:6
  6:10 9:2,5 10:2
  13:14,15,18,22
  13:24 14:11
  28:2 38:7,10
  48:5 53:7 57:2
  61:8 62:4
  65:24 71:12

99:4
vantage  67:3
various  17:14
  18:7 21:11
vehicle  27:5
  30:11 51:8,10
  55:5,7 60:15
  60:17,23 80:15
  80:17,19,20
  81:1,2 83:5,7
  83:18,24 85:13
  85:21
venue  56:14
verbalize  7:19
verify  99:9
veritext  1:23
  99:14,23
veritext.com.
  99:15
version  30:15
  30:21
victim  74:11
victor  61:22
  72:10
video  18:18
  19:2,4,7 43:7
  50:11
view  31:16
villalobos
  36:16,20 37:15
  38:18 92:14
violated  87:12
  87:21
violation  20:8
  38:20 72:4

82:4
violations
  24:13 69:6
  70:7 71:4
  72:13,18 73:13
  77:9 79:10,21
  81:13,23 82:10
  85:11 91:13
virgin  11:24
  12:5
virtual  1:11
visits  13:17
vpd  46:15
vs  1:5

**w**

waistband
  27:13 65:12
  84:1
wait  8:1 85:22
walk  14:16
  16:7 28:19
  29:13 42:10
  46:5 47:5
  57:15 78:21
  83:13
walking  88:1
want  6:12 7:15
  8:12,15 9:24
  23:11 27:24
  28:1 29:13
  36:14 45:24
  48:3,14 52:4
  54:19 56:3
  61:2,20 64:7
  70:15 72:6

73:24 90:21
  93:19
wanted  14:4,5
  45:7 89:4
wasted  89:22
watch  18:17
  19:2,3 22:5
  46:11
water  8:20
watson  74:12
  78:5
way  17:5 29:22
  45:3 62:11
  64:16 90:18
we've  26:19
weapon  18:9
  60:16 65:15
  79:2 84:13
  85:16
weapons  15:18
  52:21 76:13
  82:6
went  10:15
  11:13,14 12:17
  12:22 15:4
  17:3 21:22
white  83:18,18
  89:24
whitney  64:19
whittled  24:24
willie  26:14
wilson  78:4,5
windows  81:2
withdraw
  34:13 41:19

| | |
|---|---|
| **withdrawal** | **worn** 18:18 |
| 41:24 | 19:2,4,7 30:19 |
| **withdrawn** | 31:4,10,13,18 |
| 36:12 41:15,23 | 32:2 37:4 |
| **withdraws** 42:3 | 42:18 43:17 |
| **witness** 4:3 | 44:12 50:10 |
| 5:11,13 20:24 | 55:21 58:3,7 |
| 23:20 24:6 | 76:10 84:19 |
| 31:23 32:19 | **write** 22:16 |
| 33:12,23 34:17 | 25:8 79:6 |
| 38:1 44:23 | **written** 7:14,19 |
| 59:14 70:5 | 43:10 44:6,9 |
| 78:11 94:4 | **wrong** 19:19 |
| 95:14,18 96:1 | **wrote** 80:1 |
| 99:8,10,12,18 | **x** |
| **witnesses** 42:13 | **x** 3:1,9 |
| **witnessing** | **y** |
| 87:15 | **y** 6:24 |
| **word** 49:10,10 | **yard** 90:2,10,11 |
| 49:18,18 61:10 | **yeah** 9:14 |
| 61:18 | 27:21 30:17 |
| **worded** 69:3 | 35:9 39:10,17 |
| **words** 7:20 | 40:18 41:18 |
| **work** 14:2,4,5 | 42:8 46:1 |
| 37:21 57:23 | 47:24 60:1 |
| 86:19 87:13 | 63:2,22 72:5 |
| **worked** 11:2,4 | 75:9,18 79:23 |
| 11:5,22,23 | 83:3 93:8 |
| 12:1,4,5 14:21 | **year** 11:18 12:1 |
| 57:16 | 22:6 81:12 |
| **worker** 16:1 | **years** 11:17,23 |
| **working** 11:19 | 13:7 16:4 73:7 |
| 16:23 | 73:16 |
| **works** 17:21 | |

Federal Rules of Civil Procedure

Rule 30


(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the
deponent or a party before the deposition is
completed, the deponent must be allowed 30 days
after being notified by the officer that the
transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to
sign a statement listing the changes and the
reasons for making them.

(2) Changes Indicated in the Officer's Certificate.
The officer must note in the certificate prescribed
by Rule 30(f)(1) whether a review was requested
and, if so, must attach any changes the deponent
makes during the 30-day period.



DISCLAIMER: THE FOREGOING FEDERAL PROCEDURE RULES
ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY.
THE ABOVE RULES ARE CURRENT AS OF APRIL 1,
2019. PLEASE REFER TO THE APPLICABLE FEDERAL RULES
OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the

foregoing transcript is a true, correct and complete

transcript of the colloquies, questions and answers

as submitted by the court reporter. Veritext Legal

Solutions further represents that the attached

exhibits, if any, are true, correct and complete

documents as submitted by the court reporter and/or

attorneys in relation to this deposition and that

the documents were processed in accordance with

our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining

the confidentiality of client and witness information,

in accordance with the regulations promulgated under

the Health Insurance Portability and Accountability

Act (HIPAA), as amended with respect to protected

health information and the Gramm-Leach-Bliley Act, as

amended, with respect to Personally Identifiable

Information (PII). Physical transcripts and exhibits

are managed under strict facility and personnel access

controls. Electronic files of documents are stored

in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF**
**CALIFORNIA**

| | |
|---|---|
| **NEFTALI MONTERROSA, et al.** | : |
| | : |
| **Plaintiffs,** | : |
| | : |
| **v.** | : |
| | : |
| **CITY OF VALLEJO, et al.** | :    **Civil Action No.: 2:20-cv-** |
| | :    **01563** |
| **Defendants.** | : |
| | : |

**NOTICE OF CORPORATE DESIGNEE**
**DEPOSITION OF SANJAY RAMRAKHA**

TO:    ALL COUNSEL OF RECORD

      *NOTICE IS HEREBY GIVEN* that, pursuant to Federal Rules of Civil Procedure, the deposition of SANJAY RAMRAKHA will be taken on **TUESDAY, July 09, 2024,** commencing at **09:00 AM PST** via virtual video conference.

**Link to join remote deposition:**

**https://proceedings.veritext.com/?token=1882d8b1fe353a4f4199a4af09bbb076**

Based upon the representations of defense counsel, Sanjay Ramrakha has been designated to testify on behalf of the Defendant the City of Vallejo on the following topics:

**Category #3**

How and when the use of force was reviewed administratively, result, and basis of the result to the extent reflected in City records for these incidents:

a.        November 17, 2014 force incident involving Anthony Felix.
b.        November 4, 2018 force incident involving Jose Villalobos.
c.        July 30, 2017 force incident involving Mychael Nelson.
d.        March 6, 2019 force incident involving Tino Armstrong.
e.        February 22, 2015 force incident involving Gerald Brown.
f.        March 31, 2017 force incident involving Kevin DeCarlo.
g.        July 8, 2017 force incident involving Victor Hurtado.
h.        June 2, 2020 force incident involving Sean Monterrosa



EXHIBIT

Ramrakha-1

**Category #12**

How and when the use of force was reviewed administratively, result, and reasoning/basis of the result to the extent reflected in City records for these incidents:

a. Angel Ramos
b. Andrew Powell
c. Willie McCoy
d. Mario Romero
e. Jared Huey

 

 

                             **McELDREW PURTELL**

By:    */s/ John J. Coyle, Esquire*
           JOHN J. COYLE, ESQUIRE
           123 S. Broad St., Suite 2250
           Philadelphia, PA 19109
           (215) 545-8800
           Attorneys for Plaintiff

Dated:  July 1, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 1, 2024, I served *Plaintiff's Notice of Corporate Designee Deposition of Sanjay Ramrakha* on all counsel of record via electronic mail.

**McELDREW PURTELL**

By:    <u>*/s/ John J. Coyle, Esquire*</u>
        JOHN J. COYLE, ESQUIRE
        123 S. Broad St., Suite 2250
        Philadelphia, PA 19109
        (215) 545-8800
        Attorneys for Plaintiff

Dated: July 1, 2024

## INFORMAL RESOLUTION OF COMPLAINT
## OR POLICY COMPLAINT

*CC 2014-12*

**DATE:**              December 2, 2014

**COMPLAINANT:**    Anthony Felix; VPD Case #14-14086
                         55 Valle Vista Avenue, Apt. 101
                         Vallejo, California 94590
                         (510) 253-5424

**SUPERVISOR HANDLING:** Sergeant Jason Potts #562

**INVOLVED OFFICER/EMPLOYEE:** Officer William Carpenter #651, Officer Jarrett
Tonn #673, Officer Gary Jones #674

**BRIEF SUMMARY OF COMPLAINT:**

On November 17, 2014, at approximately 2056 hours, Ofcr. Carpenter observed a vehicle
traveling southbound on Sonoma Blvd. approaching Ryder Street. The vehicle had no
working license plate lamp and a stop was initiated in the lot at 600 Ryder Street. The
vehicle did not stop until it proceeded into a poorly lit and secluded section of the lot,
raising the suspicion of Ofcr. Carpenter.

Carpenter approached the car and contacted the driver, identified as Complainant Felix.
Felix was described as appearing nervous, sweating, looking around for a possible escape
route, and shaking his head back and forth as if agitated. Carpenter became concerned for
his safety, fearing that Felix was contemplating fleeing.

Felix was contacted, and was confirmed to have no license as well as a $20,000 warrant,
which was confirmed. Felix initially was told not to do anything, then Carpenter attempted
to place him under arrest. Carpenter handcuffed Felix's left arm, but Felix immediately
dropped his right hand and began to reach toward his waistband. Fearing Felix may be
reaching for a weapon, he was told at least four more times to place his right hand back on
the steering wheel, which he again disregarded.

Based upon these resistive actions, Felix was then placed into an arm-bar control technique
and placed face down on the pavement adjacent the front door of his vehicle. While face
down on the ground, Felix continued to reach down toward his waistband with his hand
under his waist. Felix disobeyed commands to present his hand at least 3 additional times
and was told not to resist arrest. Carpenter was eventually able to gain control of Felix's
had with the assistance of Officers Tonn and Jones, who had now arrived to assist.

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          COV000050

**EXHIBIT**
Ramrakha-2

**INFORMAL RESOLUTION**                                                      **Page 2 of 2**

Felix sustained a minor cut to his lower lip and road rash to his left cheek; he declined medical attention at the scene (photos were taken).

Officers Tonn and Felix corroborated Carpenter's description of the resistive efforts of Felix and wrote supplemental reports detailing that repeated commands to present his hands were ignored and they feared he may be armed.  Officer Jones stated he did deliver one knee strike to Felix's torso to gain control of his hand and place him in handcuffs.  Officer Tonn stated he assisted in pining Felix to the ground so that he could be controlled and cuffed.

Complainant Felix alleges he was compliant, offered no struggle whatsoever, and that he was kicked all over his body and had his civil rights violated.

**How Resolved:**

I telephoned Complainant Felix on 12/02/14 and asked him to explain the nature of his complaint. In substance, Felix was adamant that he would not resist officers and offered that he was beaten and kicked after the handcuffs were placed on him.  I explained to Felix that I had three independent officers stating almost exactly that he was resistive, would not show his hands, and had to be forcibly removed from the vehicle using control techniques and one knee kick to his torso to produce his second had to be cuffed.

Felix varied his story slightly and said he was reaching for his wallet after his first hand was cuffed, which corroborated that he was not following repeated directions and had created a reasonable officer safety concern.   Felix said never had any prior problems with the police, which would be refuted by him having a $20,000 warrant.

I explained to Felix that our standard for use of force applications is based on objective reasonableness, and told him that after being given some 7-8 commands to show his right hand, the officers' application of control holds and one knee strike was indeed reasonable under the circumstances.  We agreed that his best avenue to pursue his alleged innocence would be to present his case in court.  Felix then informed me that he had his Preliminary Hearing yesterday, and the case was bound over for additional trial consideration.  Felix said he would let a judge handle it, and thanked me for calling him.  No pursuit of any further action with the officers was requested.

**Date Resolved:**

December 2, 2014

*** CONFIDENTIAL:  Internal Affairs Document ***

For Official Use Only

| Watch Commander/Designee | Badge Number | Date |
|---|---|---|
| Employee Providing Complaint  D. Emland | Employee Number  2097 | Date  11/24/14 |
| Employee Receiving Complaint | Employee Number | Date |
| Internal Affairs | Employee Number/Badge | Date |

VALLEJO POLICE DEPARTMENT
INTERNAL AFFAIRS UNIT

**CITIZENS COMPLAINT FORM**
**INTERNAL AFFAIRS SECTION**
**VALLEJO POLICE DEPARTMENT**

DEC 02 2014

RECEIVED

*For Official Use Only*

CASE NO. 14-14086

| Complainant's **LAST** Name  FELIX | First  ANTHONY | Middle  S | Date of Birth  5-21-60 |
|---|---|---|---|
| Address  55 Valle Vista Ave Apt 101 | ☐ City (Vallejo)  Zip  94590 | Home Phone (510)  253-5424 | Work Phone (510)  262-7601 |

**Complete this Portion if Complainant is a Minor or Assisted by an Attorney**

| LAST Name | First | Middle | Relationship to Complainant |
|---|---|---|---|
| Address | ☐ City (Vallejo)  Zip | | Home Phone (    ) |

| Location of Occurence  Sonoma Blvd | Day  11/17/14 Monday | Date  11/17/14 | Time  10:30 | ☐ A.M.  ☐ P.M. |
|---|---|---|---|---|

Identity of Involved Personnel (Name, Badge No., Vehicle No., etc)

Officer Carpenter #651

Officer Jones 674

Officer Tonn #673

*If you need more space, please use an additional sheet of paper.*
*If you have any questions, please contact the Internal Affairs Section at (707) 648-4695*

Brief Narrative

I WAS Pulled over on 11/17/14 on Sonoma & WAS ordered
To put my Hand on The stirring will which I did, I gave
The officer my ID, And was Told I Had A warrant, They made
me get out The Car And put my Hands on Top OF The Car
And They put Cuffs on me, After worth I TALK mess To THem
And one officer Hit me And Knock me down with The Cuffs
on, While ~~The officer help me up~~ Kick me T

CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER    COV000052

Case 2:20-cv-01563-DAD-SCR    Document 112-2    Filed 12/06/24    Page 37 of 100

To my Face on both side of my Face, ribs, Back, That cause me To be seen by PARAmedic's. I didn't put up Any Struggle at All! my Civil Right's were Violated To The max, one officer said you Look Like A youngster you Are older Than my dad I said why you did me Like this, Like he Felt Sorry For me, The officer who said it was 27 years old.

| Witness Name (**Last**, First, Middle) | Address          City/ZIP | Phone (Include Area Code) |
|---|---|---|
| Waugh Fred | 221 Larissa Ln Vallejo CA 94590 | 707 373-3316 |
|  |  |  |

*I have read and understand this statement, which I have made of my own free will and the facts contained therein are true and correct to the best of my knowledge.*

Complainant's Signature

X _(signature)_

Date  8/25/14

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER    COV000053

# INVESTIGATION APPROVAL FORM

| | |
|---|---|
| **Title of Material:**    Citizen Complaint #2017-08 | |
| **Drafted by: Sergeant Robert Knight** | **September 21, 2017** |

The attached is for your review. Please initial and forward to the next person on the list. Do not forward to a supervisor you know is on vacation. *You must forward within two (2) days of receipt* Any issues pertaining to this investigation are to be made verbally through the Chain of Commander to the Bureau Commander or the Internal Affairs Sergeant. No written comments are to be made in this file

| Officer's Name: | | |
|---|---|---|
| | Rashad Hollis | **Badge #675** |
| | Jarrett Tonn | **Badge #673** |
| | Ted Postolaki | **Badge #559** |

| **VPD Policy** | **Description** | **Disposition** |
|---|---|---|
| 300.3.1 | Use of Force to Effect an Arrest | Exonerated |

**COMPLAINANT: Mychael Nelson**

| SUPERVISOR | DATE | | Review Time | SIGNATURE OF REVIEWING OFFICIAL |
|---|---|---|---|---|
| | Received | Forwarded | | |
| Sgt. R. Knight | 9/21/17 | 9/21/17 | 15 MIN | R—Cut    405 |
| Lt. J. Bassett | 10/2/17 | 10/2/17 | 30 MIN | |
| Capt. J. Whitney | 10/2/17 | 10/2/17 | 25 MIN | 554 |
| Capt. L. Horton | 10/03/17 | 10/03/17 | 10 MIN | #543 |

| Chief of Police | INITIALS | Date Reviewed | Review Time | APPROVE | DISAPPROVE |
|---|---|---|---|---|---|
| Andrew Bidou | | 10-3-17 | 10 min | ✓ | |

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**          COV000068

**EXHIBIT**
Ramrakha-3

# VALLEJO POLICE DEPARTMENT

## Internal Affairs

**TO:**       Andrew Bidou, Chief of Police

**FROM:**    Robert Knight, Sergeant of Police
Professional Standards Division
Internal Affairs Unit

**DATE:**     September 21, 2017

**SUBJECT:**  Citizen Complaint **2017-08**
Vallejo Police case number **17-9657**

## COMPLAINT SUMMARY:

On July 30, 2017, officers of the Vallejo Police Department responded to a domestic violence call for service at an apartment complex in the 100 block of Maher Court. When the first officer arrived, the female victim pointed to a male (later identified as Mychael NELSON) indicating he was the responsible. Nelson ran away from the officer on foot. Mr. Nelson was later found hiding inside apartment 115 and was arrested. The arresting officers used force to prevent Mr. Nelson's escape and overcome his resistance. Mr. Nelson filed a citizen complaint alleging excessive force was used to effect his arrest.

## CITIZEN/WITNESS STATEMENTS:

**Mychael D. Nelson  DOB: 10/03/84**     **(Complainant)**
**3649 Fallow Way**
**Antioch, CA 94890**
**(510) 932-1331**

I have made numerous attempts to contact Nelson via telephone, however it appears he is still in custody at the Solano County Jail. In his handwritten complaint (attached in file) Mr. Nelson stated:

"Rashad Hollis applied carotid restraint hold, as Officer Tonn applied Taser, Officer Hollis continued to apply hold until I lost consciousness, all in which Mr. Nelson was un-amed (sic) and coninued (sic) after I was handcuffed. I was taken to Sutter Solano Medical Center via Medic Ambulance Jarrett Tonn applied Tasor (sic) , held me while carotid hold applied, but did not document this in his report that's a short summary..."

*** CONFIDENTIAL:  Internal Affairs Document ***
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER    COV000069

<u>**CITIZEN COMPLAINT #2017-08**</u>                                        <u>**Page 2 of 5**</u>

**Brooklyn Ogletree  DOB: 04/22/87            (Witness)**
**511 Maher Court #113**
**Vallejo, CA 94590**
**(510) 753-2583**

On September 14, 2017, I spoke to Ms. Ogletree via telephone.  She stated she was present outside the apartment on the balcony when Mr. Nelson was arrested.  Ms. Ogletree said she did not witness the actual arrest of Nelson, but heard screaming from within the apartment.  She saw Nelson when he was brought out in handcuffs.  She claimed the officers had his hands cuffed behind his back when they lead him out of the apartment.  She was unable to provide any further details.  She provided me with the telephone number of Demario Nelson.

**Demario J. Nelson  DOB: Unknown            (Witness)**
**511 Maher Court #113**
**Vallejo, CA 94590**
**(628) 235-3250**

On September 14, 2017, I spoke to Demario Nelson via telephone.  He was present outside the apartment when Mychael Nelson was arrested.  He did not witness Mychael Nelson's actual arrest but he could hear screaming and officers yelling "get on the ground" and "stop resisting".  He told me that he peeked his head into the apartment and saw Mr. Nelson struggling on the kitchen floor with several officers.  He was quickly approached by an unnamed officer who ordered him to get back.  Demario Nelson had no further details to provide

**Lindsey Hamrey  DOB: Unknown            (Witness)**
**3649 Fallow Way**
**Antioch, CA 94891**
**(510) 529-1219**

On September 14, 2017, I spoke to Lindsey Hamrey via telephone to interview her.  She was on the scene when police arrived on the domestic violence call in this case.  She told me she observed Mr. Nelson run away from the first arriving officer.  She did not witness his actual arrest, but heard screams coming from apartment 115 while he was being taken into custody.

<u>**OFFICER/WITNESS STATEMENTS:**</u>

**Officer R. Hollis, #675                        (Subject Officer)**
**Patrol Division, Squad 5**

**CITIZEN COMPLAINT #2017-08**                                    Page 3 of 5

**Officer J. Tonn, #673**                    **(Subject Officer)**
**Patrol Division, Squad 5**

**Sergeant T. Postolaki, #559**              **(Subject Officer)**
**Patrol Division, Squad 5**

I did not interview the subject officers in reference to this citizen's complaint based upon my review of the body camera video evidence and applicable police reports.

In the body camera footage officers can be seen entering apartment 115 with guns drawn to search for Mr. Nelson who was on parole for murder and now wanted for felony robbery, felony DV, as well as other misdemeanor crimes. Sgt. Postolaki and Officer Hollis can be seen entering the doorway and searching to the left. Sgt. Postolaki gave verbal announcements for any occupant of the apartment to identify themselves. Officer Tonn then entered and searched to the right, including behind the open front door. Suddenly, Officer Tonn became startled as he encountered Mr. Nelson hiding behind the front door. Officer Tonn can be heard giving the commands "put your hands up" twice as he tried to pin Nelson against the wall to prevent his escape with his gun still drawn. Nelson disregarded the orders and violently pushed past Officer Tonn and into Officer Hollis and Sgt. Postolaki assaulting them. He then grabbed the door knob to again flee from officers out the front door. It should be noted that there was a knife on the kitchen floor in close proximity to where officers were struggling with Mr. Nelson. These events are documented in the police reports and corroborated by the body worn cameras.

Officer Hollis and Sgt. Postolaki grabbed Nelson's body to prevent his escape, however he appeared to resist their attempts. Officer Hollis and Mr. Nelson then toppled over onto the kitchen table and then the floor where it appeared per the video that Mr. Nelson continued to resist arrest. As noted in his police report, Officer Tonn then deployed his Taser towards Nelson's torso/stomach due to his combative behavior in an attempt to overcome his resistance however, it was ineffective. Officer Tonn can be heard giving a quick verbal warning of "Taser" just prior to deploying the Taser. The video then showed three officers trying to take Mr. Nelson into custody, still without success. Due to his positioning, the seriousness of the crimes involved, and Nelson's combativeness, Officer Hollis applied the carotid control hold while Sgt. Postolaki and Officer Sloan attempted to pull out Mr. Nelson's arms to be handcuffed. Sgt. Postolaki almost simultaneously delivered emergency personal impact strikes to Nelson's torso to gain compliance and control his right arm for cuffing. At about this time, it appeared Nelson was rendered unconscious by the carotid hold allowing him to be handcuffed. Officers summoned medical aid for Mr. Nelson pursuant to VPD policy and he was medically cleared for incarceration at SSMC.

**ADDITIONAL INFORMATION:**

Prior to authoring this document I reviewed the following:

- Written complaint form submitted by Mychael Nelson
- Online complaint form anonymously submitted on behalf of Mychael Nelson
- Vallejo Police Department report 17-9657
- Axon body worn camera videos associated to this case

**CONCLUSIONS:**

The following is in support of an **EXONERATED** finding:

- Officers responded to a call for service regarding a domestic violence, an often unpredictable and emotionally charged incident.  Upon arrival, the female victim pointed out Mr. Nelson as the suspect and he immediately fled on foot from Officer Macho eluding capture.

- Although the victim was fearful to talk to officers, elements of felony robbery, felony domestic violence, and misdemeanor destroying an electronic device during a DV.

- Officers searching for Mr. Nelson in the apartment complex determined he was on active CDCR parole for <u>murder</u>.

- Officers determined Nelson was associated to apartment 115 and that was the general area where he was last seen running on foot.  Additionally, officer obtained consent to entry apartment 115 to search for Nelson.

- Sgt. Postolaki made announcements to anyone inside the apartment to announce their presence and/or surrender, however Mr. Nelson did not do this.

- When Mr. Nelson was found hiding behind the front door, he did not comply and submit to arrest.  Instead, he assaulted several officers and attempted to flee out the front door.

- Officers had to utilize a variety of force options to effect the arrest of Mr. Nelson due to his violent and combative resistance to include an ineffective Taser deployment, personal impact strikes, and a carotid control hold.  All while struggling with him on a cluttered kitchen floor in close proximity to a fixed blade knife.

**CITIZEN COMPLAINT #2017-08**                                **Page 5 of 5**

- Based upon the facts and circumstances in this case, it appears the force used by the officers was reasonable and within departmental policy.

- **(Penal Code § 835)** *Any peace officer may use reasonable force to effect an arrest, to prevent escape or to overcome resistance. A peace officer who makes or attempts to make an arrest need not retreat or desist from his/her efforts by reason of resistance or threatened resistance on the part of the person being arrested; nor shall an officer be deemed the aggressor or lose his/her right to self-defense by the use of reasonable force to effect the arrest, prevent escape or to overcome resistance.*

## FINDINGS:

**Officer R. Hollis, #675**
As to a potential violation of Policy **300.3.1 - Use of Force to Effect an Arrest,** I recommend a finding of **EXONERATED.**

**Officer J. Tonn, #673**
As to a potential violation of Policy **300.3.1 - Use of Force to Effect an Arrest,** I recommend a finding of **EXONERATED.**

**Sergeant T. Postolaki, #559**
As to a potential violation of Policy **300.3.1 - Use of Force to Effect an Arrest,** I recommend a finding of **EXONERATED.**

## ATTACHMENTS:

1. Online citizen complaint submitted by Mychael Nelson
2. Handwritten citizen complaint submitted by Mychael Nelson
3. Vallejo Police Department arrest and crime report #17-9657

## IN FILE:

1. Police Report 17-9657
2. Online and written complaint forms regarding this case
3. CD of officers body worn cameras

*** CONFIDENTIAL: Internal Affairs Document ***
CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER      COV000073

**Joni Brown**

| | |
|---|---|
| **From:** | noreply@formstack.com |
| **Sent:** | Thursday, August 24, 2017 8:53 AM |
| **To:** | Joni Brown |
| **Subject:** | Vallejo Police Department Complaint Form |

> VALLEJO POLICE DEPARTMENT
> INTERNAL AFFAIRS UNIT
>
> AUG 2 4 2017
>
> RECEIVED

## Formstack Submission For: Vallejo Police Department Complaint Form

Submitted at 08/24/17 8:52 AM

| FOR OFFICIAL USE ONLY: | Case No. *CC 2017-08* |
|---|---|
| **Complainant's First Name, M.I.:** | Mychael D. |
| **Last:** | Nelson |
| **Date of Birth:** | 10/03/1983 |
| **Address:** | 500 Union AVenue |
| **City:** | Fairfield |
| **Zip:** | 94533 |
| **Phone:** | (707) 784-7100 |
| **Alternate Phone:** | |
| **Email:** | support@iwebvisit.com |
| **Complainant's First Name, M.I.:** | |

1

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        COV000074

| | |
|---|---|
| **Last:** | |
| **Relationship to Complainant:** | |
| **Address:** | |
| **City:** | |
| **Zip:** | |
| **Phone:** | |
| **Location of Occurence:** | 115 Maher Court, Vallejo, CA |
| **weekday:** | SUNDAY |
| **Date (mm-dd-yyyy) & Time:** | July 30, 2017 09:30 AM |
| **Identify Involved Personnel (Name, Badge No., Vehicle No., etc.):** | Sgt. Ted Postolaki #559<br>Rashad Hollis #675<br>Jarrett Tonn #673 |
| **Brief Narrative:** | Officer Rashad Hollis applied carotid restraint hold as Officer Tonn applied taser, continued to apply hold until Mr. Nelson lost consciousness, all of which while Mr. Nelson was unarmed, and continued after being handcuffed. Mr. Nelson taken to Sutter Solano Medical Center to treat his injuries. Officer Tonn applied his taser and held Mr. Nelson while the carotid hold was applied, but did not document this in his report. Sgt. Potolaki did not author a report, left the page blank. Mr. Nelson sustained various injuries as a result of excessive use of force. |
| **First Witness:** | |
| **Phone:** | |
| **Address:** | |
| **City:** | |
| **Zip:** | |

2

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          COV000075

**Second Witness:**

**Phone:**

**Address:**

**City:**

**Zip:**

**Third Witness:**

**Phone:**

**Address:**

**City:**

**Zip:**

**Upload a File:**          View File

**Upload a File:**

**Signature Box:**          In checking this box I acknowledge that I have read and understand this statement, which I have made of my own free will and the facts contained therein are true and correct to the best of my knowledge.

Copyright © 2017 Formstack, LLC. All rights reserved. This is a customer service email.

Formstack, 8604 Allisonville Road, Suite 300, Indianapolis, IN 46250

3

Case 2:20-cv-01563-DAD-SCR　　Document 112-2　　Filed 12/06/24　　Page 47 of 100



# VALLEJO POLICE DEPARTMENT

## Citizen Complaint Procedures

**Reporting:**

You may make a complaint by mail, telephone, or in person. All telephone complaints shall be made to the Watch Commander at (707) 648-5291. It is preferable that complaints be made in person to the Watch Commander, who has the authority to resolve many problems. This contact can expedite resolution of you concerns. You may report complaints anonymously; however, it is much more difficult to investigate an anonymous complaint fairly and thoroughly. We often need to obtain additional information after a complaint is filed and, if you remain unidentified, this is not possible. You will receive a copy of your statement at the time the complaint is filed [P.C. 832.7(b)].

**Investigation:**

Once your complaint is received, it will be reviewed by the appropriate management personnel and assigned to a supervisor or investigator. It may be necessary to recontact you for a very detailed statement concerning the incident.

You will be asked to give us the names of any witnesses to the incident and we probably will interview them. Once the investigation is completed, the Chief of Police will recommend a disposition based on the facts of the case. The dispositions may be one of the following:

INFORMAL RESOLUTION: The alleged act(s) is of a minor nature, the supervisor resolves the matter through discussion with the complainant and the complainant is satisfied.

UNFOUNDED: The investigation proved the act or acts complained of did not occur.

EXONERATED: The acts which provided the basis for the complaint or allegation occurred; however, the investigation revealed that they were justified, lawful and proper.

NOT SUSTAINED: The investigation failed to disclose sufficient evidence to prove or disprove the allegation made in the complaint.

SUSTAINED: The investigation disclosed sufficient evidence to prove the allegation made in the complaint.

NOT INVOLVED: The investigation established the employee was not involved or another agency was in the alleged incident.

NO FINDING: The complainant either failed to disclose promised information to further the investigation, is no longer available for clarification, or wishes to withdraw the complaint.

FRIVOLOUS: The complaint is totally and completely without merit or its sole purpose was for the purpose of harassment.

You will receive written notification of the disposition of the complaint generally within 30 days after the investigation is completed.

**Corrective Action:**

If your complaint is sustained, the Chief of Police may take formal disciplinary action against the employee(s) involved.

> VALLEJO POLICE DEPARTMENT
> INTERNAL AFFAIRS UNIT
>
> AUG 29 2017
>
> RECEIVED

**CITIZEN'S COMPLAINT FORM**

**INTERNAL AFFAIRS SECTION**

**VALLEJO POLICE DEPARTMENT**

FOR OFFICIAL USE ONLY

⊙ Case No. 17- ~~9756~~ 9657

*CC 2017-08*

### COMPLETE *REQUIRED FIELDS

**Complainant's First Name, M.I.*** MYCHAEL. D

**Last*** NELSON

**Date of Birth*** 10 3 84

**Address*** 3649 FALLOW WAY

**City*** ANTIOCH

**Zip*** 94890

**Phone*** 510-932-1331

**Alternate Phone** 510-469-1216

**Email***

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER　　　　COV000077

**Complaint for Exoneration of Complaint against officer or Assistant District Attorney**

| Complainant's First Name, M.I. | Last | Relationship to Complainant |
|---|---|---|
|  |  |  |

**Address** | **City**

**Zip** | **Phone**

**Location of Occurence*** 
511 MAHER COURT #115
Vallejo CA 94590

**weekday***
MONDAY
TUESDAY
WEDNESDAY

**Date (mm-dd-yyyy) & Time***
JULY 30 2017 = 9:30 AM

**Identify Involved Personnel (Name, Badge No., Vehicle No., etc.)***
RASHAD HOLLIS BADGE #675
JARRETT TONN BADGE #673
TEO POSTOLAKI BADGE #559 (SGT)

If you have questions, please contact the Internal Affairs Section at (707) 648-4695.

**Brief Narrative***
RASHAD HOLLIS APPLIED CAROTID RESTRAINT HOLD, As OFFICER TONN APPLIED TASER, OFFICER HOLLIS CONTINUED to APPLY HOLD UNTILL I LOST CONSCIOUSNESS ALL IN WHICH M.NELSON was UN-ARMED, AN CONTINUED AFTER I WAS HAND CUFFED. I WAS TOKEN to SUTTER SOLANO MEDICAL CENTER VID MEDIC AMBULANCE JARRETT. TONN APPIED TASOR, HELD ME WHILE CAROTID HOLD APPIED, BUT DID NOT DOCUMENT THIS IN HIS REPORT THAT'S A SHORT SUMMERY.

**First Witness** DEMARIO JABARI NELSON  510-753-2583
**First Name** NELSON
**Last Name**
**Address** 511 MAHER COURT **City** Vallejo **Zip** 94590

**Second Witness** BROOKLYN OGELTRE **Phone** 510-753-2583
**First Name** OGELTRE
**Last Name**
**Address** 511 MAHER COURT #113 **City** Vallejo **Zip** 94590

**Third Witness** LINDSEY **Phone** 510-529-1219
**First Name** HAMREY

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER   COV000078

Last Name

| Address | City | Zip |
|---|---|---|
| 3649 FALLOW WAY | ANTIOCH CA | 94891 |

**Upload a File**

Choose File No file chosen
File uploads may not work on some mobile devices.
Maximum file size 25MB - Allowable files: jpg,jpeg,png,pdf,mp3,mp4,wav,wmv,avi,mpg,mpeg

**Upload a File**

Choose File No file chosen
File uploads may not work on some mobile devices.
Maximum file size 25MB - Allowable files: jpg,jpeg,png,pdf,mp3,mp4,wav,wmv,avi,mpg,mpeg

**Signature Box** *

☑ In checking this box I acknowledge that I have read and understand this statement, which I have made of my own free will and the facts contained therein are true and correct to the best of my knowledge.

## VALLEJO POLICE DEPARTMENT

# STOP!

**Print this completed form to bring with you when interviewed.**

**You can hold down the CTRL key with P on most servers.**

Holzhausen

Type the text
Privacy & Terms

**Submit**

Powered by Formstack

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER COV000079

# SOLANO COUNTY SHERIFF'S DEPARTMENT
530 UNION AVENUE, SUITE 100
FAIRFIELD, CA 94533

## ARREST REPORT

COPIES TO:
- ☑ DA _____
- ☐ PROB _____
- ☐ DOJ _____
- ☐ INV _____
- ☐ PAT _____
- ☐ RISK MANAGEMENT _____
- ☐ COUNTY COUNSEL _____
- ☐ OTHER _____

AGENCY NO. 4807

☐ JUVENILE  ☑ ADULT

CASE NO. 17-9657    PAGE 1
REP DEV CODE    RD    BEAT 1
PROP 115 QUALIFIED: ☑ YES ☐ NO    WEAPON USED: ☐ YES ☑ NO
DOMESTIC VIOLENCE: ☐ YES ☐ NO    BILLABLE: ☐ YES ☐ NO

**ARREST DATA 1**

| DATE / TIME OF ARREST | 48 HOUR EXPIRATION | LOCATION OF ARREST | ARRESTING AGENCY |
|---|---|---|---|
| 7/30/17 0956 | | 115 MAHER COURT | VALLEJO PD |

| TYPE OF ARREST | LOCATION OF OFFENSE | ARRESTING OFFICER ID # |
|---|---|---|
| ☑ PC ☐ WARRANT ☐ CITIZEN ☐ OTHER | 115 MAHER COURT/MAHER | 701 |

**2 SUSPECT**

| NAME (Last, First, Middle) | SEX | RACE | D.O.B. | AGE | HGT | WGT | HAIR | EYES | POB |
|---|---|---|---|---|---|---|---|---|---|
| NELSON, MYCHAEL DEWAYNE | M | B | 10/3/83 | 33 | 601 | 200 | BLK | BRO | MARTINEZ |

| RESIDENCE ADDRESS | CITY | ST | YRS | RES. PHONE | DL NUMBER / STATE |
|---|---|---|---|---|---|
| HOMELESS | VALLEJO | CA | 0 | 909-878- | |

| BUSINESS NAME AND ADDRESS | CITY | BUS. PHONE | BUILD: ☐ 0=UNK ☐ 1=THIN ☐ 2=MED ☐ 3=HEAVY ☑ 4=MUSCULAR |
|---|---|---|---|
| | | | |

| AKA | GANG: ☐KNOWN ☑UNK AFFILIATION: | SSN # 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 | OCCUPATION |
|---|---|---|---|

**VEHICLE 3**

| LICENSE # | STATE | YEAR | MAKE | MODEL | DISPOSITION OF VEHICLE |
|---|---|---|---|---|---|

**4 CHARGES**

| CODE SECTION / DESCRIPTION | MISD | FELONY | WARRANT NO. | ISSUING AGENCY | COURT | BAIL |
|---|---|---|---|---|---|---|
| PC 148(a)(1)/OBSTRUCT OFFICER | X | | | | | |
| PC 273.5(A)/INFLICT CORPORAL INJURY | | X | | | | |
| PC 211/ROBBERY | | X | | | | |
| PC 591.5/DESTROY CELLULAR DEVICE | X | | | | | |

**5 FACTS ESTABLISHING ELEMENTS AND IDENTIFICATION OF DEFENDANT — SEE ATTACHED REPORTS, INCORPORATED HEREIN BY THIS REFERENCE**

SEE ARIES
ID'ED BY CAL PHOTO

ADD'T'L CHARGES:    FELONY
PC 3056/PAROLE HOLD                    X
PC 653.77(c)(1)PC/REMOVE ANKLE MONITOR    X

| VICTIMS AGE | VICTIMS INJURIES | | WEAPON DESCRIPTION | | |
|---|---|---|---|---|---|
| VALUE OF PROPERTY LOSS | TYPE OF PROPERTY | TYPE OF NARCOTICS | QUANTITY | STREET VALUE | WHOLESALE VALUE |

☐ BAIL PER SCHEDULE    BAIL SET AT $_____    RELEASED FROM CUSTODY: ☐ BAIL ☐ PTA ☐ PC 825 ☐ OTHER

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY INFORMATION AND BELIEF.
EXECUTED ON (DATE): 7/30/17    AT SOLANO COUNTY, CALIFORNIA BY (ARRESTING OFFICER SIGNATURE) ____

☐ ON THE BASIS OF: ☐ THE OFFICER'S DECLARATION ☐ REPORTS REVIEWED. I HEREBY DETERMINE THAT THESE ☐ IS ☐ IS NOT PROBABLE CAUSE TO BELIEVE THIS ARRESTEE HAS COMMITTED A CRIME. DATE: _____ TIME: _____ JUDICIAL SIGNATURE: _____

**6**

| COMPLAINTS OF ILLNESS OR INJURY: ☑ YES ☐ NO | EVIDENCE OF ILLNESS OR INJURY: ☑ YES ☐ NO | ☑ COURT ☐ OTHER |
|---|---|---|
| EXPLAIN: SHOULDER PAIN | TREATED BY: FRAZER, JEFFREY LOCATION: SUTTER VALLEJO | SOLANO SUPERIOR |

| EMERGENCY NOTIFICATION NAME (Last, First, Middle) | ADDRESS | CITY | RES. PHONE |
|---|---|---|---|
| NELSON, JABARI | | VALLEJO | 909-896-6819 |

**CUSTODY INFO**

| CASH 5 | COIN 0 | TOTAL 5 | WITNESS | DATE | TIME |
|---|---|---|---|---|---|
| HOLDS | TRANSPORTING OFFICER N. SLOAN | ID # 686 | AGENCY VPD | REVIEWED BY 680 VK580 | ENTERED RMS BY: |
| OTHER AGENCY NO. | TIME REC. 1330 | RECEIVING OFFICER(S) BETTENCOURT | BI NUMBER 250450 | BOOKING NO. 17-8954 | |

# SOLANO COUNTY SHERIFF'S DEPARTMENT

## ARREST REPORT
AGENCY NO. 4807

CASE NO. 17-9657

PAGE 2

| AMT OF HAIR 7 | HAIR STYLE 11 | COMPLEXION 13 | TATTOOS/SCARS   DISTING MARKS 16 | WEAPON(S) 21 |
|---|---|---|---|---|
| ☐ 0 UNKNOWN  Q21<br>☐ 1 THICK<br>☐ 2 THIN<br>☐ 3 RECEDING<br>☐ 4 BALD<br>☐ 5 OTHER | ☐ 0 UNKNOWN  Q25<br>☐ 1 LONG<br>☐ 2 SHORT<br>☐ 3 COLLAR<br>☐ 4 MILITARY<br>☐ 5 CREW CUT<br>☐ 6 RIGHT PART<br>☐ 7 LEFT PART<br>☐ 8 CENTER PART | ☐ 0 UNKNOWN  Q27<br>☐ 1 CLEAR<br>☐ 2 ACNE<br>☐ 3 POCKMARKS<br>☐ 4 FRECKLED<br>☐ 5 WEATHERED<br>☐ 6 ALBINO<br>☐ 7 OTHER | ☐ 1 FACE ____  Q30<br>☐ 2 TEETH ____<br>☐ 3 NECK ____<br>☐ 4 R/ARM ____<br>☐ 5 L/ARM ____<br>☐ 6 R/HAND ____<br>☐ 7 L/HAND ____<br>☐ 8 R/LEG ____<br>☐ 9 L/LEG ____ | ☐ 0 UNKNOWN  Q33<br>☐ 0 NONE<br>☐ 1 CLUB<br>☐ 2 HAND GUN<br>☐ 3 OTHER UNK GUN<br>☐ 4 RIFLE<br>☐ 5 SHOT GUN<br>☐ 6 TOY GUN<br>☐ 7 SIMULATED |
| **TYPE OF HAIR 8**<br>☐ 0 UNKNOWN  Q22<br>☐ 1 STRAIGHT<br>☐ 2 CURLY<br>☐ 3 WAVY<br>☐ 4 FINE<br>☐ 5 COARSE<br>☐ 6 WIRY<br>☐ 7 WIG<br>☐ 8 OTHER | ☐ 9 STRAIGHT BACK<br>☐ 10 PONY TAIL<br>☐ 11 AFRO NATURAL<br>☐ 12 PROCESSED<br>☐ 13 TEASED<br>☐ 14 OTHER ____ | **GLASSES 14**<br>☐ 0 UNKNOWN  Q28<br>☐ 0 NONE<br>☐ 1 YES (NO DESCRIP)<br>☐ 2 REG GLASSES<br>☐ 3 SUN GLASSES<br>☐ 4 WIRE FRAME | ☐ 10 R/SHOULDER ____<br>☐ 11 L/SHOULDER ____<br>☐ 12 FRONT TORSO ____<br>☐ 13 BACK TORSO ____<br>☐ 14 OTHER ____ | ☐ 8 POCKET KNIFE<br>☐ 9 FIXED BLADE KNIFE<br>☐ 10 OTH CUT STAB INST<br>☐ 11 HANDS FEET<br>☐ 12 BODILY FORCE<br>☐ 13 STRANGULATION<br>☐ 14 TIRE IRON ____<br>☐ 15 OTHER ____ |
| | **FACIAL HAIR 12**<br>☐ 0 UNKNOWN  Q26<br>☐ 0 N/A<br>☐ 1 CLN SHAVEN<br>☐ 2 MUSTACHE<br>☐ 3 FULL BEARD<br>☐ 4 GOATEE<br>☐ 5 FUMANCHU<br>☐ 6 LOWER LIP<br>☐ 7 SIDE BURNS<br>☐ 8 FUZZ<br>☐ 9 UNSHAVEN<br>☐ 10 OTHER ____ | ☐ 5 PLASTIC FRAME COLOR ____<br>☐ 6 OTHER ____<br><br>**VOICE 15**<br>☐ 0 UNKNOWN  Q29<br>☐ 0 N/A<br>☐ 1 LISP<br>☐ 2 SLURRED<br>☐ 3 STUTTER<br>☐ 4 ACCENT DESCRIBE ____<br>☐ 5 OTHER ____ | **UNIQUE CLOTHING 17**<br>☐ 1 HAT  Q31<br>☐ 2 GLOVES<br>☐ 3 SKI MASK<br>☐ 4 STOCKING MASK<br>☐ 5 BASEBALL CAP<br>☐ 5 OTHER<br><br>**TEETH 18**<br>☐ 1 BROKEN  Q36<br>☐ 2 CHIPPED<br>☐ 3 CROOKED<br>☐ 4 PROTRUDING<br>☐ 5 MISSING<br>☐ 6 NONE<br>☐ 7 GOLD<br>☐ 8 SILVER<br>☐ 9 STAINED/DECAYED | **WEAPON 19**<br>☐ 0 N/A  Q32<br>☐ 1 BAG/ BRIEF CASE<br>☐ 2 NEWSPAPER<br>☐ 3 POCKET<br>☐ 4 SHOULDER HOLST<br>☐ 5 WAIST BAND<br>☐ 6 OTHER<br><br>**FACE 20**<br>☐ 1 BROAD  Q37<br>☐ 2 HIGH CHK<br>☐ 3 LONG<br>☐ 4 OVAL<br>☐ 5 ROUND<br>☐ 6 SQUARE<br>☐ 7 THIN<br><br>**WEAPON FEATURE 22**<br>☐ 0 UNKNOWN  Q34<br>☐ 0 NONE<br>☐ 1 ALTERED STOCK<br>☐ 2 SAWED OFF<br>☐ 3 AUTOMATIC<br>☐ 4 BOLT ACTION<br>☐ 5 PUMP<br>☐ 6 REVOLVER<br>☐ 7 BLUE STEEL<br>☐ 8 CHROME NICKEL<br>☐ 9 DOUBLE BARREL<br>☐ 10 SINGLE BARREL<br>☐ 11 OTHER | |
| **HAIR CONDITION 9**<br>☐ 0 UNKNOWN  Q23<br>☐ 1 CLEAN<br>☐ 2 DIRTY<br>☐ 3 GREASY<br>☐ 4 MATTED<br>☐ 5 ODOR<br>☐ 6 OTHER | | | | |
| **R/L HANDED 10**<br>☐ 0 UNKNOWN  Q24<br>☐ 1 RIGHT<br>☐ 2 LEFT | | | | |

## JUVENILE ARREST INFORMATION 23

| SCHOOL LAST ATTENDED | | LOCATION | | GRADE | |
|---|---|---|---|---|---|
| NAME OF FATHER-GUARDIAN | ADDRESS | CITY | RES. PHONE | BUS. PHONE | |
| NAME OF MOTHER-GUARDIAN | ADDRESS | CITY | RES. PHONE | BUS. PHONE | |
| NAME OF PARENT-GUARDIAN | ADDRESS | CITY | RES. PHONE | BUS. PHONE | |
| PERSON NOTIFIED | NOTIFIED BY | METHOD OF NOTIFICATION | DATE | TIME | |

## CITIZEN ARREST 24

CITIZEN ARREST STATEMENT: I HEREBY ARREST THE ABOVE PERSON ON THE CHARGE INDICATED HEREIN AND REQUEST A PEACE OFFICER TO TAKE HIM/HER INTO CUSTODY. I WLL APPEAR TO SIGN A COMPLAINT AGAINST THE PERSON I HAVE ARRESTED. (SIGNATURE) _____

| CITIZEN'S NAME (Last, First, Middle) | ADDRESS | CITY | RES. PHONE | BUS. PHONE |
|---|---|---|---|---|
| | | | | |

IN VIEW OF THE INFORMATION HEREIN STATED, THE ABOVE ARRESTEE WAS NOT RELEASED PURSUANT TO CP 853.6 SPECIFICALLY BECAUSE:

☐ INTOXICATED STATE MAY RESULT IN DANGER TO SELF OR OTHERS.
☐ ARRESTEE REQUIRED MEDICAL EXAMINATION OR CARE OR COULD NOT CARE FOR OWN SAFETY.
☐ THE IMMEDIATE RELEASE WOULD JEOPARDIZE PROSECUTION.
☐ ARRESTED FOR ONE OR MORE OFFENSES LISTED UNDER SECTION 40302 CVC.
☐ DEMANDED IMMEDIATE APPEARANCE.

☐ ARRESTED FOR 23152 (a) & (b) CVC.
☐ THERE ARE ADDITIONAL OUTSTANDING ARREST WARRANTS.
☐ ARRESTEE HAD NO PERSONAL IDENTIFICATION
☐ RELEASE WOULD INCREASE LIKELIHOOD OF OFFENSE CONTINUING.
☐ REFUSED TO SIGN WRITTEN PROMISE TO APPEAR.

| REPORTING OFFICER | ID# | DATE | REVIEWED BY / ID# | DATE |
|---|---|---|---|---|
| MACHO | 701 | 7/30/17 | | |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        COV000081

## Solano County Detention Facilities
## ON-VIEW & PROBABLE CAUSE DECLARATION INFORMATION

**Control No. 218718**                                              **Case No. 17-9657**

The undersigned declares, upon information and belief: that he/she is an officer with the
**Vallejo Police**

That the detainee/arrestee **Nelson, Mychael Dewayne**, DOB: **10/3/1983**, Current Age: **33**, Sex: **male**
Address: **Homeless, Vallejo, CA 94590**
Home Phone: **unknown**  Work Phone: **---**  Cell Phone: **---**

was arrested **7/30/2017 09:56** for the crime(s) of:

| OFFENSE | SEVERITY | COUNT |
|---|---|---|
| **148(a)(1) PC RESIST, OBSTRUCT, DELAY PEACE OFFICER** | M | 1 |
| **211 PC ROBBERY - SECOND DEGREE** | F | 1 |
| **273.5(A) PC INFLICT CORPORAL INJURY ON SPOUSE/COHABITANT** | F | 1 |
| **3056 PC PAROLE HOLD** | F | 1 |
| **591.5 PC DESTROY CELLULAR PHONE** | M | 1 |
| **653.77(c)(1) PC REMOVE ANKLE MONITOR** | F | 1 |

That the detainee committed said offense(s) in the manner and by the means as set forth and described as
follows:

On 07/30/2017 at approximately 0922 hrs, I was dispatched to 112 Maher Court for the report of a battery
between a male and a female. The female was described as a BFA wearing a grey mickey mouse
sweatshirt. Upon my arrival, a female matching the description pointed at a male and stated "he did it". The
male suspect fled from me on foot despite numerous commands to stop. A perimeter was established and it
was discovered that the suspect had been in a physical altercation with the victim. The victim advised that
the suspect was her ex-boyfriend and they had been in an intermittent relationship for approximately 16
years. When the victim attempted to call the police, the suspect threw the phone on to the ground to prevent
her from doing so. When the victim attempted to contact police again, the suspect tackled the female onto
the ground causing small cuts to her right wrist. After tackling her to the ground, the suspect then took 875$
in cash from the females purse. The male was located hiding in 115 Maher Court and was taken into
custody after a Taser deployment and Carotid Restraint. A records check revealed that the suspect was on
active CDC Parole. Suspect was read his Miranda rights, and he admitted to breaking victim's phone to
prevent her from calling police. Suspect denied tackling victim or taking money from her purse. Suspect
admitted removing his ankle monitor, after fleeing from police so we could not find him. Parole Agent
Michael Mayer #5419 was contacted and he approved a parole hold for suspect. Suspect was identified by
Cal-Photo, medically cleared at SSMC and later lodged at Solano County Jail.

There is nothing further at this time.
-Officer J. Macho #701

**ADDITIONAL INFORMATION:**
Case Number: **17-9657**
Victim's Age: **30**  Victim's Sex: **female**  Victim's Injuries: **minor cuts to right wrist**
Description Of Weapon: **Hands, fist**  Value Of Property Loss: **$875.00**
Type Of Narcotics: **---**  Presumptive Test Performed:
PAS/Intoxilator/BA: **No**  BAC: **---**
Offense Location: **City**
Arrest Address: **115 Maher Court, Vallejo, CA 94590**

There are the following additional authorities for holding the detainee/arrestee:
**Parole Hold**

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER    COV000082

# Vallejo Police Department
# Prisoner Property Receipt

CASE NUMBER: 17-9657

NAME: Nelson Mychael          DATE: 7/30/17

The following property was taken from the above named individual when detained at the Vallejo Police Department, and contents confirmed as noted by his/her signature.

| | | | |
|---|---|---|---|
| BELT: | _____ | MAKE-UP/LIP BALM: | _____ |
| CAP/HAT: | _____ | MEDICATION: | _____ |
| CELL PHONE: | _____ | MUSIC PLAYER: | _____ |
| CHECK BOOKS: | _____ | NECKLACE(S): | 1 |
| COAT: | _____ | OTHER JEWELRY: | RUBBER BRACELET |
| COMB/BRUSH: | _____ | PURSE: | _____ |
| CONDOMS: | _____ | RINGS: | 3 |
| EARRING(S): | _____ | SHIRT(S): | _____ |
| JACKET: | _____ | TOOLS: | _____ |
| KEYS: | _____ | WALLET: | _____ |
| KNIFE: | _____ | WATCH: | _____ |
| LIGHTER(S): | _____ | Misc Papers: | _____ |

| | | | |
|---|---|---|---|
| Suit Case: | _____ | ID: | _____ |
| Backpack: | _____ | Other: | CREDIT CARD |
| Total Cash: | _____ | Twenty: | _____ |
| One: | _____ | Fifty: | _____ |
| Five: | 1 | One-Hundred: | _____ |
| Ten: | _____ | Coin(s): | 5 |

I acknowledge the above described property has been taken by the Vallejo Police Department, confirmed in my presence, and constitutes all the property in my possession. The above property will be retained until my release. In the event I am incarcerated into the Solano Co Jail, I understand the above property will be transferred to the jail staff.

Inmates Signature: _____     Booking Officer: N. SLOAN     Badge: 686

I acknowledge NO personal property was taken from me by the Vallejo Police Department as noted by my signature below.

Inmates Signature: _____     Booking Officer: N. SLOAN     Badge: 686

I acknowledge all property listed above was transported and delivered to the holding facility.

Transport Officer: _____     Badge: _____     Date: _____

(white to Records)  (yellow to Inmate)

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER     COV000083

## TouchPay

P.O. Box 3162
Coppell, TX 75019
Customer Service: (866) 204-1603
Email: customersupport@touchpaydirect.com

| Transaction #: 25609308 | | |
|---|---|---|
| KIOSK | DATE | TIME |
| TPI-0876 | 07/30/2017 | 01:31 PM |

Confirmation #: 44/E4776
Bi: 250450
Offender Name: NELSON MYCHAEL
Order Type: Booking
Location: Solano County
Facility: Solano County
Agency Name: Vallejo PD
Agency Code: V02
Badge ID: 686
Officer Last Name: SLOAN

| Bills: 1 | | Coins: 0 | |
|---|---|---|---|
| Ones | 0 | Pennies | 0 |
| Twos | 0 | Nickels | 0 |
| Fives | 1 | Dimes | 0 |
| Tens | 0 | Quarters | 0 |
| Twenties | 0 | Dollars | 0 |
| Fifties | 0 | | |
| Hundreds | 0 | Total: $5.00 | |

Total Amount: $5.00
Deposit Amount: $5.00
Signature: _____ I confirm this deposit

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER        COV000084

# VALLEJO POLICE DEPARTMENT
## 111 AMADOR ST    VALLEJO, CA 94590
### CRIME REPORT

Page 1

Case
17-9657

## OFFENSES

| Offenses | Description | Fel/Misd |
|---|---|---|
| 273.5(a) PC | Inf Corp Inj:spouse/Cohab | Felony |
| 211 P.C | Robbery:second Degree | Felony |
| 591.5 PC | Prvnt/Dstry Wireless Device Call | Misd |
| 3056 P.C. | Violation Of Parole:fel | Felony |
| 148(a)(1) PC | Obstruct Public Officer | Misd |

| Date Occurred | Time Occurred | Incident # |
|---|---|---|
| 07/30/2017 | 0919 - 0925 | 1707300040 |

| Date Reported | Time Reported |
|---|---|
| 07/30/2017 | 0922 |

Related Cases

| Date Printed | Time Printed | Printed By |
|---|---|---|
| 09/14/2017 | 11:43:31 | 550 |

| Latitude | Longitude |
|---|---|
| 38.116370 | -122.229210 |

| Location | Beat | Area | Disposition | Dispo Date |
|---|---|---|---|---|
| Across The Street, 112 Maher Ct, Vallejo, CA | 1 | 101 | Clrd By Adult Arrest | 07/30/2017 |

| Location Type | Location of Entry | Method of Entry | Point of Entry | Alarm System | Means of Attack (Robbery) |
|---|---|---|---|---|---|
| Apartment/Condo | | | | | Physical/Strong Arm w/GBI |

| Victim | Drivers License | Cell Phone | Email | | | |
|---|---|---|---|---|---|---|
| (Confidential Victim) | | | | | | |
| **Residence Address** | Notified of Victim Rights | Residence Phone | DOB | Age | Sex | Race |
| | | | | | | |
| **Business Name and Address** | | Business Phone | Height | Wt | Hair | Eyes |
| | | | | | | |
| **Assistance Rendered/Victim Disposition** | | Transporting Agency | Means of Attack (Assaults) | | | |
| | | | | | | |
| **Description of Injuries** | | Other Information | | | | |

| Witness | Drivers License | Cell Phone | Email | | | |
|---|---|---|---|---|---|---|
| McFarlandbernard, Annette | C2206258 CA | | | | | |
| **Residence Address** | | Residence Phone | DOB | Age | Sex | Race |
| 115 Maher Ct, Vallejo, CA 94591 | | | 12/29/1965 | 51 | F | B |
| **Business Name and Address** | | Business Phone | Height | Wt | Hair | Eyes |
| | | | 5'5" | 150 | BLK | BRO |

| Nelson, Mychael | | Action Taken | Charges 211 P.C., 273.5(a) PC, |
|---|---|---|---|
| | | BOOKING | 3056 P.C., 148(a)(1) PC, 591.5 PC |
| **Residence Address** | | Residence Phone | DOB: 10/03/1983  Age: 33  Sex: M  Race: B |
| Vallejo, CA 94590 | | | |
| **Business Name and Address** | | Business Phone | Height: 6'2"  Wt: 200  Hair: BLK  Eyes: BRO |
| **Identifying Features** | | Cell Phone | Drivers License | Arrest Number |
| Build: Muscular  Complexion: Dark | | | | |
| **Aliases** | | | | Val Damaged |

## VEHICLES

| Status | Vehicle Make and Model | License/State | VIN |
|---|---|---|---|
| | | | |

## OFFICERS

| Prepared By | Date | Assisted By | Approved By | Date |
|---|---|---|---|---|
| 701 - Macho, James | 07/30/2017 | 681 - Rouse, Gregg | 559 - Postolaki, Ted | 07/30/2017 |

| Routed To | Date | Routed To | Date | Notes |
|---|---|---|---|---|
| | | | | |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER    COV000085



# VALLEJO POLICE DEPARTMENT
### 111 AMADOR ST    VALLEJO, CA 94590
## CRIME REPORT - PROPERTY

Page 2

17-9657

| ID No. | Status/Disposition | Property Description | Value | Val Recovered | Val Damaged |
|---|---|---|---|---|---|
| 1 | Evidence | 658-1 - 1 - INDICIA MYCHAL NELSON | | | |
| 2 | Evidence | 559-1 - 1 Taser Axon - CONTACT FOOTAGE | | | |
| 3 | Evidence | 701-1 - 4 Axon Axon - FOOTAGE OF INCIDENT | | | |
| 4 | Evidence | 701-2 - 2 - PHOTOGRAPHS OF INJURIES | | | |
| 5 | Stolen and Recovered | 701-3 - 1 Green - 875 CASH IN USD | $875.00 | $875.00 | |
| | | | $875.00 | $875.00 | |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          COV000086



**VALLEJO POLICE DEPARTMENT**                                                    Page 1

111 AMADOR ST    VALLEJO, CA 94590

**NARRATIVE**                                                                    17-9657

On 07/30/2017 at approximately 0946 hrs, I was working in the city of Vallejo as unit 5P2. I was in full police uniform in a marked patrol car. I was dispatched to 112 Maher court for the report of a battery between a male and a female. The call notes stated that a BMA (no further description) named Michael was fighting with a BFA wearing a gray mickey mouse sweatshirt. The call notes stated that the BFA was bleeding from her hand. Exact call notes below:

*"across the street at apts.....michael (unk last name) bma (nfd) fighting w/ bfa 20's gry mickey mouse sweathshrt w/ w gry shrt underneath, unk color pnts........x bleeding from hand but rp not sure if needs amb./.......nfd.......adv if fire is needed"*

I arrived on scene and pulled into the court. I immediately saw three subjects standing in the front driveway of the apartment complex. I saw a BMA, later identified as Mychal Nelson, wearing a black and white sweatshirt and a black beanie. I saw a BFA, later identified as CV, wearing a gray mickey mouse sweatshirt. I saw a BMA with dreads, wearing a gray/red sweatshirt. As I began to open the door to my patrol car, I noticed that Nelson was avoiding eye contact with me and taking small steps backwards. CV walked towards my patrol car and was pointing at Nelson and yelling that he did it and that he hit me. CV was pointing directly at Nelson and as she yelled he continued to back away. I told Nelson to stop and come towards me as I moved towards him. The other BMA then yelled something similar to why in the interrogative and Nelson turned and began to run eastbound through the parking lot. Based on the fact that I was going to a physical fight between a male and a female, I suspected that it was a potential domestic violence situation. Based on the fact that the female matched the description from the call notes, and that she was pointing at Nelson, I believed that he was possibly the suspect in this incident.

Based on the totality of the circumstances, and the facts available to me at the time, I engaged Nelson in a foot pursuit. I chased Nelson eastbound through the middle parking lot of the complex before he turned southbound and ran towards the rear of the apartment buildings. I yelled at Nelson to stop and he continued to run and turned westbound behind the apartment building. As I turned the corner, I lost sight of Nelson and I elected to hold a perimeter position on the southwest corner of the building. I looked through the chain link fence that faced the south, but I did not see anyone in the parking lot or surrounding areas. Based on the fact that I did not see Nelson, I believed that he had fled inside an apartment. Other officers arrived on scene and a perimeter was set up.

I contacted CV, who was visibly upset, in the front of the complex and she told me the following (in summary):

She had been in an argument with her ex-boyfriend(on and off for 16 years) about a video game controller in front of an apartment (pointing in the direction of 115). Nelson became upset and pushed her into the screen door of one of the apartments. When she turned to face him, he kicked her in the gut. CV then attempted to call police, but Nelson took the phone from her and threw it off the balcony onto the ground. CV then went to get the phone, which had the case knocked off of it. She picked up the phone and walked into the parking lot in front of the apartments. She attempted to call 911 again from the phone, and Nelson tackled her to the ground. CV fell to the ground and held her phone underneath her, while Nelson attempted to take it from her. Nelson then took CV's purse and took $875 in cash out of it. They continued to argue until police showed up.

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 701 | MACHO, JAMES | 07/30/2017 | 559 | POSTOLAKI, TED | 07/30/2017 |

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**                COV000087



**VALLEJO POLICE DEPARTMENT**
Page 2

111 AMADOR ST     VALLEJO, CA 94590

**NARRATIVE**

17-9657

CV stated that when Nelson tackled her to the ground she cut her wrist. I observed two small cuts on the inside of her right wrist. One of the cuts was less than a half inch and the other one was a small cut nearby it. CV declined medical treatment.

CV was reluctant at first to give me Nelson's name or any other information. She also stated that she did not want to give the name of the apartment they were associated with out of fear of retaliation. While I was talking to her I noticed that she kept glancing up at apartment 115, which had 3 people standing outside on the balcony. She also stated that she had spent the night in an apartment in the complex last night. When I told her that he was probably hiding in the apartment, she stated no and that the apartment was right there (indicating 115 by motioning her hand). She then motioned again towards apartment 115 where the three people were standing outside of. At one point she yelled to the people in front of apartment 115 "I'm telling him he's not there...I'm not giving them nothing". After that she told me in a quieter tone that she didn't want the people at apartment 115 to retaliate. At one point during our conversation she motioned with her hand towards apartment 115 and stated they had stayed there overnight. It should be noted that I last saw Nelson running towards the rear of the building that houses apartment 115.

CV continued to not provide me with Nelson's name. She stated that she was fearful of retaliation and she though that Nelson's brother would retaliate. CV spoke with someone on the phone and after that, CV provided me with Nelson's name, and she advised me that he was on Parole. A records check, via VPD Dispatch, confirmed that Nelson was on CDC Parole for PC 187. CV also stated to me during my interview that the male I chased was Nelson.

Officer's entered apartment 115 and located Nelson hiding behind the front door. Nelson was taken into custody with the use of a Taser and a Carotid Restraint. It should be noted that the male who was taken into custody in apartment 115 was the same male I chased on foot. It was also the same male that CV indicated to me on my arrival. Nelson was transported to SSMC for medical clearance (see related supplemental reports).

I asked CV if she wanted an EPO and she stated that she did. CV did not know if she wanted to press charges against Nelson at the time of this report. I provided CV with a victim's resource pamphlet and took photographs of her injuries. The EPO was granted at 1014 hrs, by the Honorable Judge Carringer. I provided CV with her copy of the EPO. At this point we also recovered $880 in cash that was on Nelson's person at the time of his arrest. The cash was returned to CV and she stated again that it was indeed her cash. CV was able to explain the process of how she received that money. She stated that she had gone earlier in the week and withdrew $900 dollars from Bank of America from her benefits card. She stated that she swiped her card and ID to obtain the cash at a teller window. CV was able to give me the amount, as well as the denominations. The wad of bills taken from Nelson had an additional 5 dollar bill that did not appear to be attached to the remaining wad. This 5 dollar bill was returned to Nelson's property. It was crumpled and on the side of the rest of the bills. Based on the facts given to me by CV, the cash was returned to her.

I then responded to SSMC to speak with Nelson. I advised Nelson of his Miranda Rights and he stated

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 701 | MACHO, JAMES | 07/30/2017 | 559 | POSTOLAKI, TED | 07/30/2017 |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          COV000088



**VALLEJO POLICE DEPARTMENT**

Page 3

111 AMADOR ST     VALLEJO, CA 94590

**NARRATIVE**

17-9657

that he understood them.  I asked him what happened and he told me the following (in summary):

They had been standing outside the apartment arguing about other females and he had bumped into her while walking past her.  CV then accused Nelson of pushing her and she kicked him in the buttocks.  CV then told Nelson that she was going to call the police and that he was going to jail.  CV began to call 911 and Nelson stated that he took the phone from her and dropped it off the balcony so she would not call us.  They then continued to argue verbally and she walked back to her car that was parked on Admiral Callaghan north of Maher Court.  While walking to the car, she stopped at a parking lot gate and put her back to it.  From there she laid on her stomach and held her phone under her.  Nelson stated that he did not touch her, and just stood over her.  Once at the gate she slid down with her back to it.  They then continued to the car, where CV took Nelson's brother's phone and tried to call 911 again.  Nelson stated that he had been dating CV for approximately 10-12 years, and that they had been dating for the whole portion of that.

Nelson denied taking any cash from CV purse and denied tackling her.  He stated that after he dropped the phone off the balcony, the argument was strictly verbal.  He stated that during the incident, CV spat on him.  He stated that he ran from me because he didn't want to get arrested.  He stated that he hid in apartment 115 because that is his high school friend's sister's place.  Nelson also admitted to me that he took off his ankle monitor and discarded it so we wouldn't be able to track him.  Nelson did not remember where he threw his ankle monitor.  Nelson also stated to me that he and CV have no prior domestic violence incidents.

Nelson was medically cleared by the staff at SSMC and was transported to the VPD holding cells.  Parole Agent Mayer ID#5419 was contacted and he granted a Parole Hold.  Nelson was later booked at Solano County Jail for PC273.5(A), PC 211, PC 591.5, PC 148(a)(1), PC 653.77(c)(1) and PC 3056.  Daniels was identified using Cal-Photo mugshot.

I uploaded the photographs of CV injuries to evidence.com.  The EPO was provided to VPD Dispatch for CLETS entry.

There is nothing further at this time.

-Officer J. Macho #701

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 701 | MACHO, JAMES | 07/30/2017 | 559 | POSTOLAKI, TED | 07/30/2017 |

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**     **COV000089**



# VALLEJO POLICE DEPARTMENT

Page  1

**111 AMADOR ST     VALLEJO, CA 94590**

**SUPPLEMENT 1 - Indicia**

17-9657

On 07/30/17, I responded to 131 Maher Ct, to assist with a search.  I arrived in the area and learned Mychal Nelson had run from Officer Macho regarding a domestic violence investigation.  I conducted an area check for Nelson and I was unable to locate him.  Sgt Postolaki advisd via the radio that he was going to search 115 Maher Ct.  I responded to the area to assist and learned Nelson was apprehended while hiding inside this apartment.

After Nelson was taken into custody, I searched the area were he was found and located paperwork with Nelson name.  The first paper was a California paper identification card, the second item was a receipt from Aladdin Bail Bonds and the third item was Capitol One VISA card.

I collected the items and place all three items into evidence as item 658-1.

During parts of this investigation, my AXON camera recorded portions of this incident.  I downloaded the camera into AXON and it was labeled as 17-9657.

This concludes my portion of this investigation.

Ofc. Martinez

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 658 | MARTINEZ, JASON | 07/30/2017 | 559 | POSTOLAKI, TED | 07/30/2017 |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER     COV000090



**VALLEJO POLICE DEPARTMENT**
Page 1

111 AMADOR ST     VALLEJO, CA 94590

**SUPPLEMENT 2 - Taser Narrative**

17-9657

Vallejo Police Department

Investigation

On 7-30-17 at approxmiately 0930 Hours I responded to the area of 115 Maher Court for a domestic violence during which a suspect (black male adult identified as Mychael Nelson ) ran from an officer.

Upon my arrival officers on scene had gleaned information that the Nelson was possbile inside unit 115. I heared that officers had obtrianed consent to seasrch that unit for the Nelson. Nelson was identified as a parolee who was on an ankle monitor. I also knew Nelson was wanted for felony 273.5 PC, 211 PC. and 148a PC.

Sgt. Postolaki, Officer Hollis, Officer Sloan, and I entered unit 115. As I entered the unit I searched behind the front door. I located Nelson standing behind the door. I had my firearm out and was worreid he might try grab it away from me. I shoved Nelson away from me with my left hand to create distance from him.

Nelson immediately tried to flee out of the front door. I tried to again push him away from the door. Other officers grabbed Nelson, who began to actively struggle with officers. Nelson began to grab and push at officers and was not listening to commands to comply. Based on his combative behavior and the violent nature of his felony want I decided to use my Taser on Nelson. I activated my Taser and fired the probes into his stomach area. I completed on 5 second cycle. The spread on the Taser darts was only an inch or two apart and did not have much effectiveness on the suspect. He continued to fight through the Taser and did no comply with verbal commands. During this time other persons were coming up to the front door so I went outside to assist with scene security while other officers took Nelson into custody.

J. Tonn # 673

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 673 | TONN, JARRETT | 07/30/2017 | 559 | POSTOLAKI, TED | 07/30/2017 |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER     COV000091



**VALLEJO POLICE DEPARTMENT**

Page 1

111 AMADOR ST    VALLEJO, CA 94590

**SUPPLEMENT 3**

17-9657

On 07/30/2017 @ 09:22 hrs. I was working Vallejo Police Department street patrol as the supervisor for Vallejo Police Patrol Squad Five. I was wearing a full Vallejo Police uniform including the appropriate badging, patches, and weapons belt. Additionally I was driving marked Vallejo Police car #150, which is equipped with emergency lighting and a steady forward facing red light. I next responded to the location of a possible domestic violence assault in progress, with VPD dispatchers providing the following call information.

*"across the street at apts.....michael (unk last name) bma (nfd) fighting w/ bfa 20's gry mickey mouse sweathshrt w/ w gry shrt underneath, unk color pnts........x bleeding from hand but rp not sure if needs amb./.......nfd.......adv if fire is needed"*

Prior to my arrival on scene (later identified) S.) NELSON, MYCHAEL, had fled on foot from officers that had arrived on scene and had attempted to detain him. Upon my arrival, I began coordinating a perimeter in an attempt to locate NELSON. Initially after a long search we were unable to locate NELSON.

Ofc. MACHO continued to speak to the victim IFO. 115 Maher Ct. CV was visibly injured and upset, but also very concerned for her safety from retaliation from the people who were congregating on the porch of the above address. CV was hesitant at first to provide information based on her fears, but the provided NELSON's identifying information.

At this point VPD dispatchers identified NELSON as being on CDC parole for murder. CV provided additional info. that NELSON was affiliated with apartment # 115 and that they had stayed there before. At this time I suspected that NELSON had possibly fled into the apartment and that the subjects both on the porch and in the apartment would attempt to thwart or impede our investigation.

I then contacted the subjects on the porch of 115 Maher Ct. I spoke to an older gentleman on the porch of the apartment who indicated that he lived at the apartment, had just awoke, and did not know if anyone had fled into the apartment or was hiding in his apartment. I continued to query the man who appeared to be inconsistent and untruthful in his answers. Ofc. HOLLIS contacted me on the apartment's landing and stated that the apartment owner had given us permission to search the apartment for the NELSON.

Ofc. TONN, HOLLIS, and I entered the apartment to look for NELSON. Prior to entering I announced our presence and gave verbal commands to the occupants inside. Upon entry into the apartment I began searching for the suspect; as standard tactics all of the searching officers had their duty weapons displayed until we could determine that no possible subject within the apartment was a threat to us. As Ofc. TONN searched the living room he searched behind the home's front door and located NELSON hiding behind it. It should be noted that NELSON is approximately Ht. 6. 2-3" tall and weighs well over 200 pounds.

Upon contact NELSON used physical force in an attempt to "barrel" passed Ofc. TONN, charging at both him and at I. NELSON's action were of great concern to me for the safety of the officers involved and myself. NELSON had just physically assaulted his girlfriend giving her visible injuries. Fled from officers eventhough he was on active CDC parole for murder. Additionally NELSON was attempting to

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 559 | POSTOLAKI, TED | 07/30/2017 | 562 | POTTS, JASON | 08/25/2017 |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER    COV000092



use physical force to force his way past three officers in close proximity with their duty firearms displayed. I did not know if NELSON was previously armed with weapons or had armed himself in the apartment as he hid from us. I believed that NELSON posed an extreme, "Officer Safety" threat to us based on his escalating conduct and willingness to escape no matter what his odds were. Ofc. SLOAN was able to force NELSON back into the apartment as he nearly escaped out its front door.

I continued to control NELSON with one hand while I re-holstered my side arm. At this point and time Ofc. TONN deployed his Taser at NELSON with little to no effect. Ofc. HOLLIS then mounted NELSON's back in an attempt to apply a carotid hold on NELSON. I observed NELSON slam Ofc. HOLLIS lower back into the apartment's kitchen table as he fought back and continued to remain standing even while having an officer on his back. I assisted in forcing NELSON to the ground. NELSON was not complying with all of our repeated commands to stop resisting and to give us his hands.

Based on all of the above factors and that NELSON had used physical force against officers. I did not know if NELSON was armed so I gave two closed fist strikes to NELSON torso area while giving him commands in an attempt to have him stop fighting and resisting us. Ofc. HOLLIS was able to effectively apply the carotid hold on NELSON rendering him unconscious. It is at this time that we were able to take NELSON into custody. After several seconds, NELSON regained consciousness and was eventually taken to Sutter Solano Medical Center for medical evaluation and clearance.

I recorded the incident with my Taser body camera. I downloaded the footage at VPD.

It should be noted that the day of the incident I booked all related evidence and began a supplemental report. On 08/25/2017, I was able to finish my supplemental report.

AS SET.

Sgt. Postolaki 559
ADDITIONAL PROPERTY

Item #2, Status: Evidence
    #2: 1 Contact Footage

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 559 | POSTOLAKI, TED | 07/30/2017 | 562 | POTTS, JASON | 08/25/2017 |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER     COV000093



# VALLEJO POLICE DEPARTMENT

Page 1

**111 AMADOR ST     VALLEJO, CA 94590**

**SUPPLEMENT 4**

17-9657

On 7/20/17 I was working uniform patrol for the Vallejo Police Department assigned to Squad 5 as 5P1. At approx. 0930 hours I responded to 112 Maher Court to investigate a possible battery in progress with a female subject who was injured. While en route Officer Macho and Officer Rouse arrived on scene and began chasing the suspect, later identified as (S) Mychael Nelson, through the apartment complex. The Officers lost sight of Nelson during the foot pursuit. Additional VPD units arrived on scene and established a perimeter around the apartment complex.

Officer Macho was able to obtain further identifying information about the suspect from the victim. A computer records check revealed that Nelson was on CDC Parole. Officer Macho aslso established that Nelson had just battered his girlfriend, in violation of PC 273.5.

I then saw Officer Hollis, Officer Tonn and Sgt. Postolaki walking into apartment #115 for an apparent search of the apartment for the suspect. Officer Tonn yelled down to me and asked for my assistance. I walked up behind the group of officers as they walked through the front door of the apartment. As I walked up to the door it slammed in my face and I heard a scuffle inside. I then opened the door and saw Nelson face to face trying to escape while struggling with the VPD Officers that were inside.

Realizing that he was trying to escape, I pushed him back inside the apartment, and with the other VPD Officers, pushed him to the floor. Officer Hollis, Sgt Postolaki , Officer Tonn and I began to struggle with Nelson while he was lying face first on the ground. I ordered Nelson to relax his wrists several times to no avail. I was ultimately able to place Nelson in handcuffs using a rear wristlock technique along with the help of the other VPD Officers.

Please see Officer Tonn, Officer Hollis and Sgt. Postolaki's supplements for further information. EMS personnel were called to the scene and Nelson was then transported to Sutter Solano Medical Center for medical clearance.

Nothing further.

Officer N. Sloan #686

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 686 | SLOAN, NICKOLAS | 07/30/2017 | 559 | POSTOLAKI, TED | 07/30/2017 |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER          COV000094



**VALLEJO POLICE DEPARTMENT**

Page 1

111 AMADOR ST     VALLEJO, CA 94590

**SUPPLEMENT 5**

17-9657

Supplemental report 17-9657
On 07/30/17 at approximately 0930 hours, I was dispatched to 112 Maher Ct. in Vallejo, to respond to a domestic violence call for service.

Upon my arrival, I heard Ofc. Macho advised via the radio that a BMA, approximately 6'0", wearing a black and white striped shirt, was evading custody. Ofc. Tonn and Sgt Postolaki organized a perimeter search at the scene.

While I was in place at the scene, I made contact with (W) Annette McFarland-Bernard, who was later identified via CalPhoto. McFarland advised me that she resided at 115 Maher Ct. McFarland stated to me that her husband Jimmy Green and her daughter Devenaee Franklin were the only two other subjects who resided at 115 Maher Ct. with her. I asked McFarland was there anyone else in her apartment besides her daughter and her husband and she said, "No." I asked McFarland for permission to enter her residence and she verbally granted my request.

Sgt Postolaki, Ofc. Tonn, and I entered 115 Maher Ct. and located (S) Mychael Nelson, who was identified via CalPhoto, hiding behind the front door. When Nelson was located at the scene, Nelson pushed Ofc. Tonn with his right elbow and attempted to escape out of the front door. Sgt. Postolaki and Ofc. Tonn grabbed Nelson's person in an attempt to prevent Nelson from exiting the apartment. It appeared to me that Nelson was about to break away from Sgt. Postolaki's grasp, so I jumped on Nelson's back and positioned my arms around his neck to conduct a carotid hold. It should be noted that I did not apply pressure to Nelson's neck at this point in time. I was able to pull Nelson completely back into the apartment.

I then pulled Nelson in a downward motion and caused him to fall backwards onto the floor. It should be noted that Ofc. Tonn tased Nelson's torso while he was falling to the floor because of his failure to comply with our demands to stop fighting and resisting arrest. Once Nelson was on the floor, Sgt. Postolaki and I commanded Nelson to stop resisting arrest and to place his hands behind his back. Nelson continued to resist arrest and he refused to place his hands behind his back. I stated to Nelson, "If you do not comply with my demands, I am going to put you to sleep!" Nelson continued to resist and failed to comply with my demands so I constricted my carotid hold until Nelson went unconscious.

When I felt Nelson go unconscious, I released my hold on his neck and Sgt. Postolaki and Ofc. Sloan placed handcuffs on him. I then called Vallejo Police Department (VPD) Dispatch via the radio and advised them to have Medic arrive at the scene due to Nelson being tased and placed in a carotid hold. Nelson regained consciousness and was escorted to Sutter Solano Medical Center via Medic Ambulance.

It should be noted that during the altercation, my Taser camera was knocked off my person and located at the scene at a later time. I recorded my conversation with McFarland and the altercation on my Taser and the footage was downloaded into evidence at the VPD.

For further information regarding the charges against Nelson, view Ofc. Macho's report regarding this case.
Hollis 675 07/30/17

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 675 | HOLLIS, RASHAD | 07/30/2017 | 559 | POSTOLAKI, TED | 07/30/2017 |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER     COV000095

**VALLEJO POLICE DEPARTMENT**

111 AMADOR ST    VALLEJO, CA 94590

**SUPPLEMENT 5**

17-9657

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 675 | HOLLIS, RASHAD | 07/30/2017 | 559 | POSTOLAKI, TED | 07/30/2017 |

CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER    COV000096

| | **VALLEJO POLICE DEPARTMENT** | Page 1 |
|---|---|---|
| | **111 AMADOR ST     VALLEJO, CA 94590**<br>**CRIME REPORT** | Case<br>15-2436 |

**OFFENSES**

| Offenses | Description | Fel/Misd | Date Occurred | Time Occurred | Incident # |
|---|---|---|---|---|---|
| 664/187(A) PC<br>496 D(A)<br>22655.5 | Attempted Murder<br>POSSESS STOLEN VEHICLE/VESSEL/ETC FELONY<br>Evidence - See Veh Code | Felony | 02/22/15-02/23/15 | 2319 - 2330 | 1502220235 |

| | Date Reported | Time Reported |
|---|---|---|
| | 02/22/2015 | 2319 |

| Related Cases |
|---|
| |

| Date Printed | Time Printed | Printed By |
|---|---|---|
| 05/27/2019 | 13:22:58 | 2065 |

| Latitude | Longitude |
|---|---|
| 0.000000 | 0.000000 |

| Location | | Beat | Area | Disposition | Dispo Date |
|---|---|---|---|---|---|
| Mayfair Av/Lassen St, Vallejo, CA 94591 | | 1 | 101 | Clrd By Adult Arrest | 02/23/15 |

| Location Type | Location of Entry | Method of Entry | Point of Entry | Alarm System | Means of Attack (Robbery) |
|---|---|---|---|---|---|
| Street/Highway | | | | | |

**VICTIM**

| Victim | | Drivers License | Cell Phone | Email | | | |
|---|---|---|---|---|---|---|---|
| Jones, Gary | | | | | | | |
| Residence Address | | Notified of Victim Rights<br>No | Residence Phone | DOB | Age | Sex | Race |
| Business Name and Address<br>Vallejo Police Department, 111 Amador St, Vallejo, CA 94590 | | | Business Phone<br>707-648-4321 | Height | Wt | Hair | Eyes |
| Assistance Rendered/Victim Disposition | | | Transporting Agency | Means of Attack (Assaults)<br>Other Dangerous Weapon | | | |
| Description of Injuries | | | Other Information | | | | |

| Mentioned - Other | | Drivers License | Cell Phone | Email | | | |
|---|---|---|---|---|---|---|---|
| | | ▉ | ▉ | | | | |
| Residence Address<br>▉ | | | Residence Phone<br>▉ | DOB<br>▉ | Age<br>▉ | Sex<br>▉ | Race<br>▉ |
| Business Name and Address | | | Business Phone | Height<br>▉ | Wt<br>▉ | Hair<br>▉ | Eyes<br>▉ |

| | Action Taken | Charges | | | |
|---|---|---|---|---|---|
| Brown, Gerald Robert | OTHER | 664/187(A) PC | | | |
| Residence Address<br>▉ | | Residence Phone<br>▉ | DOB | Age<br>23 | Sex<br>M | Race<br>W |
| Business Name and Address | | Business Phone | Height<br>6'2" | Wt<br>215 | Hair<br>BRO | Eyes<br>BRO |
| Identifying Features<br>Facial Hair: Clean Shaven | | Cell Phone | Drivers License<br>▉ | | Arrest Number<br>990 | |
| Aliases | | | | | Val Damaged | |

**VEHICLES**

| Status | Vehicle Make and Model | License/State | VIN |
|---|---|---|---|
| Impounded/VETO | 1991 White Hond Crx | ▉ | ▉ |

**OFFICERS**

| Prepared By | Date | Assisted By | Approved By | Date |
|---|---|---|---|---|
| 673 - Tonn, Jarrett | 02/22/2015 | 674 - Jones, Gary | 331 - Robinson, Herman | 02/25/2015 |

| Routed To | Date | Routed To | Date | Notes |
|---|---|---|---|---|
| | | | | |

# VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT


EXHIBIT
Ramrakha-4

# VALLEJO POLICE DEPARTMENT
### 111 AMADOR ST    VALLEJO, CA 94590
### CRIME REPORT

Page 2

Case
15-2436

| Arrested | | Action Taken OTHER | Charges 664/187(A) PC | | | |
|---|---|---|---|---|---|---|
| Residence Address | | Residence Phone | DOB | Age | Sex | Race |
| Business Name and Address | | Business Phone | Height | Wt | Hair | Eyes |
| Identifying Features Build: Medium | | Cell Phone | Drivers License | | Arrest Number | |
| Aliases | | | | | | |

| Victim Tonn, Jarrett #673 | Drivers License | Cell Phone | Email | | | |
|---|---|---|---|---|---|---|
| Residence Address VPD | Notified of Victim Rights No | Residence Phone 707-648-5427 | DOB | Age | Sex M | Race |
| Business Name and Address Vallejo Police Department, 111 Amador St, Vallejo, CA 94590 | | Business Phone 707-648-4321 | Height | Wt | Hair | Eyes |
| Assistance Rendered/Victim Disposition | | Transporting Agency | Means of Attack (Assaults) Other Dangerous Weapon | | | |
| Description of Injuries | | Other Information | | | | |

| Registered Owner | Drivers License | Cell Phone | Email | | | |
|---|---|---|---|---|---|---|
| Residence Address | | Residence Phone | DOB | Age | Sex | Race |
| Business Name and Address | | Business Phone | Height | Wt | Hair | Eyes |

| Registered Owner | Drivers License | Cell Phone | Email | | | |
|---|---|---|---|---|---|---|
| Residence Address | | Residence Phone | DOB | Age | Sex | Race |
| Business Name and Address | | Business Phone | Height | Wt | Hair | Eyes |

# VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT



# VALLEJO POLICE DEPARTMENT
## 111 AMADOR ST    VALLEJO, CA 94590
## CRIME REPORT - PROPERTY

15-2436

| ID No. | Status/Disposition | Property Description | Value | Val Recovered | Val Damaged |
|---|---|---|---|---|---|
| 1 | Evidence | 653-1 - 1 - Blood Sample | | | |
| 2 | Evidence | 2053-1 - 1 - 2053-1-BLACK SHOES, GREY SOCKS AND A KNEE BRACE | | | |
| 3 | Evidence | 2053-2 - 1 - 2053-2-BLACK SWEATSHIRT (CUT) | | | |
| 4 | Evidence | 2053-3 - 1 - 2053-3-WHITE TANK TOP | | | |
| 5 | Evidence | 2053-4 - 1 - 2053-4-CUT BLACK TSHIRT | | | |
| 6 | Evidence/Returned To Owner | 2053-5 - 1 - 2053-5-OFFICER TON GLOCK 9MM DUTY WEAPON W/MAGAZINES AND BULLETS ██████) | | | |
| 7 | Evidence/Returned To Owner | 2053-6 - 1 Glock 21GEN4 - 2053-6-OFCR GARY JONES DUTY WEAPON W/MAGAZINES AND BULLETS (██████) | | | |
| 8 | Evidence | 2053-7 - 1 - 2053-7-CASINGS | | | |
| 9 | Evidence | 2053-8 - 1 - 2053-8-BLACK LV WALLET (S) | | | |
| 10 | Evidence | 2053-9 - 1 - 2053-9-POCKET CONTENTS | | | |
| 11 | Evidence | 2053-10 - 1 - 2053-10-METRO PCS1 TOUCH CELL PHONE | | | |
| 12 | Evidence | 2053-11 - 1 - 2053-11-PLACARD 1 PEN | | | |
| 13 | Evidence | 2053-12 - 1 - 2053-12-MAGAZINE | | | |
| 14 | Evidence | 2053-13 - 1 - 2053-13-BULLET FRAGMENTS | | | |
| 15 | Evidence | 2053-14 - 1 - 2053-14-METRO PCS CELL PHONE | | | |
| 16 | Evidence | 2053-15 - 1 - 2053-15-VERIPIC PHOTOGRAPHS FROM SCENE | | | |
| 17 | Evidence | 2053-16 - 1 - 2053-16-MARIJUANA FROM VEHICLE | | | |
| 18 | Evidence | 2053-17 - 1 - 2053-17-4 BULLET FRAGMENTS | | | |
| 19 | Evidence | 2053-18 - 1 - 2053-18-KEYS | | | |
| 20 | Evidence | 2053-19 - 1 - 2053-19-WHITE CELL PHONE FROM VEH | | | |
| 21 | Evidence | 2053-20 - 1 - 2053-20-COACH PURSE | | | |
| 22 | Evidence | 2053-21 - 1 - 2053-21-PURPLE BAG WITH CLOTHES | | | |
| 23 | Evidence | 2053-22 - 1 - 2053-22-VERIPIC PHOTOGRAPHS OF HONDA CIVIC | | | |
| 24 | Evidence | 569-1 - 1 Cd - CD with audio from inetrview of W-██████ and S-Brown | | | |
| 25 | Evidence | 2053-23 - 1 - 2053-23-2 CASINGS LOCATED IN PATROL CAR (BELONGING TO PLACARD 9) | | | |
| 26 | Evidence | 522-1 - 1 Copper - expended bullet removed from suspect | | | |
| 27 | Evidence | 486-1 - 1 - Crime Scene Sketch | | | |

# VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT



# VALLEJO POLICE DEPARTMENT
**111 AMADOR ST    VALLEJO, CA 94590**
## CRIME REPORT - PROPERTY

Page 4

15-2436

| ID No. | Status/Disposition | Property Description | Value | Val Recovered | Val Damaged |
|---|---|---|---|---|---|
| 28 | Evidence | 592-1 - 1 - CD CONTAINING 39 DIGITAL COMPARISON PHOTOMICROGRAPHS | | | |
| 29 | Evidence | 592-2 - 1 - 6 TEST FIRED BULLETSCARTRIDGE CASES. | _____ | _____ | _____ |

# VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT

# VALLEJO POLICE DEPARTMENT

**111 AMADOR ST     VALLEJO, CA 94590**

**SUPPLEMENT 1**

15-2436

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

On 22 Feb 2015 at approximately 2319 hours, I was working as VPD patrol unit 6D7 with my canine partner, Ka-Bar.   I was wearing a full VPD police uniform and operating fully marked VPD patrol vehicle #153.   At this point in time, I responded to the Mayfair Avenue and Lassen Street to assist VPD patrol unit 6A2 in a vehicle pursuit.

While en route, I heard VPD patrol units advised via radio that shots were fired and units were requested at Lassen Street and Clark Drive.   Upon my arrival, a high risk vehicle stop was being conducted.  I assisted with placing the F/R female passenger in handcuffs.

I additionally assisted with providing (S) Gerald BROWN medical aid by applying pressure to an apparent gunshot wound to left side of BROWN's neck and the upper left portion of his back.  I applied pressure until medics and VFD arrived on scene and relieved me.

I remained on scene until directed to clear by Sgt. S. Darden #529.

END SUPPLEMENTAL REPORT.

Off M. Sheridan  #622

22 Feb 15

Patrol Division - Team 6

Approved by Lt H. Robinson #331

02-23-2015

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 622 | SHERIDAN, MEGAN | 02/23/2015 | 331 | ROBINSON, HERMAN | 02/23/2015 |

**VALLEJO POLICE DEPARTMENT**
111 AMADOR ST    VALLEJO, CA 94590
**SUPPLEMENT 2**

15-2436

On 22 Feb 2015 at about 2319 hours, I was working as VPD patrol unit 6A6 with Ofc D. Jones #653. We responded to the area of Clark Drive and Lassen Street to assist VPD officers involved in a vehicle pursuit and shots fired.

Upon our arrival at Clark Drive and Lassen Street, I observed Ofc Tonn #673 and Ofc G. Jones #674 outside of their patrol vehicle with their guns drawn and pointed in the direction of a white two door vehicle that appeared to have driven off the roadway and into a front yard at that location. The individual in the driver's seat of the vehicle, Gerald BROWN, had his arms out the window and appeared to be in pain. There was also a female in the front passenger seat. Officer G. Jones and Tonn's vehicle was stopped directly behind the suspect vehicle. Ofc D. Jones and I stayed with the vehicle and waited for additional units prior to removing the occupants from the vehicle.

Once removed from the vehicle, BROWN was handcuffed and medical assistance was requested. Officers on scene began removing BROWN's shirt and applying first aid until VFD and Medic Ambulance arrived. I observed injuries to BROWN's neck, arm, and back. Medic Ambulance transported BROWN to North Bay Hospital in Fairfield. Ofc D. Jones and I followed the ambulance to North Bay Hospital where BROWN was treated for his injuries by Dr Zopfi.

A blood tech responded to North Bay Hospital and drew BROWN's blood.

Ofc D. Jones and I remained with BROWN until relieved.

Off B. Glick #672

Approved by Lt H. Robinson #331
02-23-2015

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 653 | JONES, DYNELLE | 02/23/2015 | 331 | ROBINSON, HERMAN | 02/23/2015 |

VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT

**VALLEJO POLICE DEPARTMENT**

111 AMADOR ST   VALLEJO, CA 94590

**SUPPLEMENT 3 - OIS Investigation**

15-2436

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

On 22 FEB 15 at approx. 2349hrs I was contacted by Detective SGT. CHEATHAM #541 that there had been an officer involved shooting in VALLEJO and my response to the scene was requested. I contacted VPD dispatch and was advised that the location was on LASSEN Street. I arrived on scene at approximately 0033hrs.

On my arrival I observed a marked patrol unit, #134 on the northwest curb line of LASSEN at CLARK, near LASSEN Court. The patrol vehicle was running and had been placed in park, and the front bumper of the vehicle was resting against at white 1991 HONDA, California license ███████. The vehicles were both facing west and the HONDA was straddling the front curb and lawn of the residence at 1433 LASSEN. Facing south on the west curb line I observed a red or burgundy 1993 CADILLAC, California license ███████. The rear bumper of the CADI was a few inches from the right front of the marked patrol vehicle, and it too was in front of the residence at 1433 LASSEN.

I observed approximately six expended cartridge cases near the driver door of unit #134, as well as an expended and empty Glock pistol magazine. To the rear of the vehicle I observed one expended pistol cartridge case, as well as an ink pen. On the west curb line to the north side of unit #134, I observed a single expended pistol cartridge case that appeared to be .45 caliber.

The back window of the 1991 Honda was shattered but intact, with approximately fourteen bullet holes in the window, hatchback, driver side roof line, and left rear panel. I single bullet hole was observed in the front windshield, that appeared to be an exit hole. The passenger side window was shattered and broken out, as well as the rear driver side window. The vehicle was confirmed to be stolen from Pleasant Hill (CA) (PHPD #15-0947) and was later towed per VC22655.5.

Using my cellphone I was able to videotape footage of the chase and shooting captured by the dash camera recordings from within unit #134 during the incident. I later showed the soundless footage to the attorney for the officers, ██████████.

Also at location while I viewed the crime scene were SGT. POTTS, OFC. SHERIDAN, OFC. M. THOMPSON, with Officers DUNCAN and BROWN protecting the perimeter. CPL. BOTELLO, and Detectives MUNOZ, RODRIGUEZ, MUSTARD, and SGT. CHEATHAM were also at location during my inspection. I was advised by SGT.POTTS that the driver of the vehicle had been transported to NORTH BAY Hospital in FAIRFIELD with non life threatening injuries, and his female passenger was at the Police station. I then went to the Police station to interview the two officers involved in the shooting, TONN #673 and GARY JONES #674.

Detective RODRIGUEZ and I conducted an interview of Officer TONN at 0325hrs, and Officer JONES at 0430hrs. Also present during the interview was DA Investigator MIKE ROWE, and attorney ██████████ from Rains, Lucia, & Stern. See supplemental reports.

Detective POYSER #522

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 522 | POYSER, TERRY | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |

# VALLEJO POLICE DEPARTMENT

Page 1

**111 AMADOR ST    VALLEJO, CA 94590**

**SUPPLEMENT 4 -** ████ **and Brown interviews**

15-2436

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

| | |
|---|---|
| CASE NUMBER: | 15-2436 |
| SUSPECT: | BROWN, Gerald |
| WITNESS: | ████████████ |
| | DOB: ████ █████████ |
| | ████████████████ |
| VICTIM: | TONN, Jarrett |
| | JONES, Gary |
| POLICE OFFICER: | City of Vallejo |

On 02-22-15, at approximately 2350 hours, I received a telephone call at my residence from Detective Sergeant CHEETAM in relationship to an officer involved shooting. He requested that I respond to the police department to assist in the investigation. Myself and other detectives along with members of the Solano County District Attorney's Office attended a briefing. In that briefing myself and Detective Raul MUNOZ and DA Investigator Jerry SANCHEZ were assigned to interview Witness ████ and Suspect BROWN. The three of us contacted Witness ████ in an interview room with the Vallejo Police Department. The following is a summary of the videotaped statement she provided.

████ had been identified as the passenger in the car and had been brought to the police department pending the interview. She indicated that she knows the driver of the car as BUBBA, she does not know his true name. She stated that BUBBA is an acquaintance of hers. She has only seen him three or four times previous to this night. She stated that he had assisted her in bailing out a friend of hers previously and that is how she had met him. She stated that on today's date, sometime prior to dark, she was picked up on Fairgrounds Drive at the gas station across from the Motel 6 on Fairgrounds Drive. She indicated that it was a happenstance meeting with BUBBA as she needed a ride and he was driving by. He agreed to give her a ride and they had been together throughout the rest of the day. She stated that they had gone to a couple of different places including Target in Vallejo and that they had been at some place that she described as having a scenic overlook.

She stated that they had stopped at the gas station on Tennessee Street across from the Valero in the area of Tennessee and Lassen. She stated she needed to use the bathroom and then she got back into the car. She stated that she had never been in this car prior to this date and she described it as a white sports car. She indicated that shortly after getting back

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 569 | MUSTARD, MAT | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

into the car that she noticed a police car shining it's spotlights on their car. She stated the only two people in this two-seat vehicle were herself and BUBBA. She stated that BUBBA was driving and that when he saw the police car, he took off speeding. She stated that after the original white spotlights came on, the red lights of the police car and the sirens came on. She indicated that there was no doubt in her mind that it was a police car. She stated that they were doing circles in a neighborhood somewhere in the area where she believed BUBBA lived. She felt that prior to the police getting behind them that they were on their way to BUBBA'S house. She stated that he was going fast and that she was scared for her own safety. She indicated that was when BUBBA was driving, that he drove faster when the lights from the police car had come on.

She indicated at one point in time in this, what she estimated as three to four minute long pursuit, that they hit something. She was not sure what they hit. The car came to a stop and then the police started shooting. She did not realize that it was shots, but she recognized that the glass started to break. I asked at the point and time of the car coming to a rest, did she ever remember it going backwards. She stated no that she did not. I asked her if there were any words spoken during the pursuit between she and BUBBA and she stated that no there were not. I asked her if she knew anything about any weapons in the car and she stated she had no knowledge. She was asked to describe BUBBA. She described him as a white male adult with hair at shoulder length in his mid 20s with a goatee. She was asked why she thought that BUBBA did not stop. She stated that she believed that he probably had warrants or he had done something illegal in that car.

A Videotape and audio backup of this interview was later booked into evidence at the Vallejo Police Department.

Detective MUNOZ, DA investigator SANCHEZ and I then responded to NorthBay Hospital where Suspect BROWN was being treated. He had been admitted to the ICU with a bullet wound to his left biceps area, as well as a graze to the left side of his neck. He was asleep, but conscious and alert when we arrived. We asked him if we could talk to him and he indicated that we could. The following is a summary of the audiotaped statement he provided. He was read his Miranda Rights, which he stated he understood and agreed to speak with us.

He indicated that on Sunday he had stolen the car that he was in, a Honda hatchback, he had stolen it in Concord earlier in the day using a shaved key. He indicated he had been dropped off in that area and walked around until he found an unlocked car that he could use with the shaved key that he had to start the car. He drove back to Vallejo specifically to the Howard Johnson. He stated that he had been in Vallejo throughout the rest of the day. He stated that shortly before the pursuit began, that he had picked up Witness ████. He knew Witness ████ through another friend of his. He stated that all of the items in the front seat of the car belonged to her. He indicated that he was traveling northbound on Vervais and that just

VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT

prior to the street that his ████ lives on, which is ████, that he had seen a police car coming the opposite direction using its spotlight to illuminate his car. He stated that the police car conducted a U-turn and that he sped off. He was scared of getting caught. He acknowledged that he had put himself and his passenger in danger, as he was going 50-60 mph in what he estimated in this pursuit.

He stated he was driving around in circles and when he had gotten to the area of Clark and Lassen, that he had lost control of the car, he was going too fast into the curve. He stated that he came to a stop. He immediately put his car into reverse and felt that they had hit something. At that point in time, he looks in the rearview mirror and he sees that he hit a police car. The last time he had looked in his rearview mirror the police car was 2 blocks behind him. He stated that he begins to go forward trying to get out, but based on where the car had come to rest, he couldn't get away. He stated that as soon as he had put the car in and started going forward, shots began to ring out and he stated that he had been hit. He indicated that he knew what he had done was wrong. He acknowledged that he had been arrested and sent to prison two times prior in relationship to being in stolen cars and evading the police. He indicated that he understood that he had put not only himself and his passenger in danger, but he also put the police officers in danger. I asked him if he knew the police officers were out on foot when he had backed into their car. He stated that he did not know that. I asked him to put himself in the shoes of the police officers that were there and I asked him what he would have done if he would have been those police officers. He indicated he probably would have done the same thing.

BROWN acknowledged that he had been arrested and sent to prison on 2 prior occasions for evading the police in a stolen car, and that he was currently on probation and had violated that probation based on his actions.

He acknowledged that the car that was chasing him had on its lights and sirens. He knew full well that it was the police based on it being a police car that had passed him and then conducted the U-turn and was behind him. He indicated that there was no weapons in the car and he had never been in possession of any firearms throughout the day. He did indicate that he had been using methamphetamine earlier in the day and there may be small amounts of residue of methamphetamine in the car.

Audiotape of this interview was later booked into evidence at the Vallejo Police Department. The case continues pending further investigation.

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 569 | MUSTARD, MAT | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |



**VALLEJO POLICE DEPARTMENT**

Page 4

111 AMADOR ST    VALLEJO, CA 94590

SUPPLEMENT 4 ▓▓▓▓▓▓▓  Brown interviews

15-2436

MUSTARD #569

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 569 | MUSTARD, MAT | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |

VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

On 23 FEB 15 at approx. 0325hrs Detective RODRIGUEZ #563 and I conducted an interview of Vallejo Police Officer TONN #673, regarding an officer involved shooting that had occurred during the late evening hours of 22 FEB 15. Also present in the interview room at the Police department was DA Investigator MIKE ROWE and the attorney for Officer TONN, ███████████████████

Officer JARRETT TONN explained that he was working on 22/23 FEB 15 in a marked two officer police vehicle with Officer GARY JONES #674, radio call sign 5 ADAM 2. The FORD Crown Victoria, unit #134, was painted in a traditional black and white color scheme with police markings, exterior spot lights, exterior emergency lights, siren, and an interior dash camera recording system. Both officers were wearing person body cameras as well, in LAPD blue uniforms with embroidered badges, name plates, and shoulder patches. Officer TONN was wearing a duty belt which contained 2 loaded 17 capacity pistol magazines for a 9mm Glock, taser, baton ring, portable radio, two sets of handcuffs, pepper spray, a key holder, and duty gun, a Glock 17 in 9mm caliber (18 total cartridges when loaded).

Officer TONN was unsure of the actual street location of the shooting. Officer TONN told me that around 2000hrs he and Officer JONES stopped a mini van in south VALLEJO. One passenger had in his possession a stolen credit card that had been taken from an earlier reported stolen from VALLEJO that had been abandoned. The passenger also admitted to purchasing methamphetamine from the driver of the stolen vehicle, a subject who identified himself as GERALD BROWN. The credit card was taken by the passenger from the stolen vehicle, a black HONDA. When questioned more about BROWN, the passenger told him that he resided on ████████████████ in VALLEJO, and was a parolee who was known for stealing vehicles.

Officer TONN said the passenger told him GERALD BROWN had informed him he was wanted for a probation or parole violation, and added that BROWN regularly carry's a firearm. The passenger also stated that he has observed BROWN brandish a firearm in the past, and that he evades police whenever he sees them around town, as he is wanted, armed, and most likely driving a stolen car. The passenger was driven by another officer, Officer GLICK to the location of the stolen black HONDA where it was recovered and towed. Both the passenger who was questioned as well as the driver of the mini van were arrested and later cited and released from the VALLEJO police department.

The arrest of the passenger was documented under case number 15-2424.

Officer TONN and JONES later went to the neighborhood where GERALD BROWN was both reported and documented to reside, ███████████████ Drive. Officer TONN said they were looking for abandoned stolen vehicles as well as GERALD BROWN, and on driving down the street noted a vehicle in his driveway registered to the address. Officer TONN said Officer JONES retrieved a photograph of GERALD BROWN by using CAL Photo on their car computer. Several jail booking photos and a DMV photograph were then viewed by both officers.

Seconds later, Officer TONN said he and Officer JONES observed a white HONDA coupe driving in their direction. As the vehicle passed by them, Officer TONN illuminated the occupants of the vehicle using the light beam from his exterior spotlight. The driver of the vehicle was recognized as GERALD BROWN. Officer TONN made a u-turn and Officer JONES advised him that he observed that the HONDA was speeding away from them. Officer TONN said he then activated his emergency lights and

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 522 | POYSER, TERRY | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |

**VALLEJO POLICE DEPARTMENT**

Page 2

111 AMADOR ST    VALLEJO, CA 94590

15-2436

**SUPPLEMENT 5 - Officer TONN Interview**

VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT

siren.

Officer TONN said the vehicle then sped off at a high rate of speed, approximately fifty miles per hour in the residential area. He was unable to read the license plate of the speeding white HONDA. Officer TONN suspected by the vintage of the vehicle and make, that is was more than likely a stolen car. Officer TONN chased the vehicle in what seemed to be a circle of the neighborhood, eventually traveling to the west (CLARK) to what he suspected was a south bound only turn.
The vehicle was then observed to not turn to the south and Officer TONN suspected BROWN was attempting to stop and flee on foot.

Officer TONN said he stopped his vehicle and began to exit in an attempt to catch the driver when he fled on foot. However, the driver failed to exit the car and Officer TONN observed the white reverse lights activate on the HONDA as it accelerated rapidly in reverse. Officer TONN did not attempt to put his patrol car in park as he was attempting to exit his vehicle rapidly. When BROWN accelerated the HONDA rapidly in reverse, Officer TONN believed BROWN was attempting to strike both Officer JONES and himself with the car. Officer TONN suspected he was doing so in an attempt to get away, and intentionally attempting to cause great harm to both he and his partner.

Officer TONN noted that in the past he has watched police numerous training videos of actual officer involved shootings. One of the shooting videos he recalled where a vehicle pursuit terminated when the suspect exited his vehicle and began firing on the officer before he could exit his own vehicle. Officer TONN said based on his recollection of the previous video and the behaviour of BROWN, that BROWN may have been attempting to do a similar violent act. Officer TONN said as the event rapidly unfolded he was unable to take a good shooting stance. Due to BROWN'S violent act of reversing into his vehicle, Officer TONN was forced to quickly defend himself by firing while moving and shooting with only one hand. Officer TONN said he thought he fired a volley of eight to ten times at BROWN, all while looking for a position of both cover and concealment away from his own vehicle door.

Officer TONN was previously a member of the ███████████ team and had been to numerous different training schools using handguns. During the training, terminal ballistics were studied involving pistol cartridges fired into vehicles, and their poor effect when striking metal and vehicle frames. Officer TONN said that due to his training he knew that even with accurate fire that some bullets would fail to reach their target due to the difficulties of firing into vehicles. Because of that, Officer TONN fired the high number of shots in a necessary attempt to stop BROWN from his assault on he and Officer JONES.

Officer TONN then took cover behind a parked vehicle and observed Officer JONES on the opposite side of their vehicle, possibly using a tree for cover. Officer TONN trained his handgun on BROWN, still seated in the driver seat of the HONDA. Officer TONN yelled for BROWN to place his hands outside the window, and he complied. BROWN then told Officer TONN that he had been shot, and he was again advised to not move. Officer TONN said he then attempted to broadcast their location and situation several times, but was not sure what street they were on.

Officer TONN said that he knew that there was a female passenger in the vehicle at the time of the pursuit, but was sure that his shooting ability during his defense would prevent her from being struck by

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 522 | POYSER, TERRY | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |

**VALLEJO POLICE DEPARTMENT**

111 AMADOR ST    VALLEJO, CA 94590

**SUPPLEMENT 5** - Officer TONN Interview

15-2436

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

gunfire. Officer TONN added that he believed that if he did not fire when he did, BROWN would have either continued to ram them with his vehicle, or exit and engage them in a gunfight. Officer TONN said based on the previously obtained information on BROWN he had no reason to doubt that he was armed, and would only attempt to escape them by using a firearm or continuing to use his vehicle as a weapon. Officer TONN said he thought the entire incident from the termination of the pursuit to when BROWN placed his hands outside the window of his vehicle was fifteen to twenty seconds.

I asked Officer TONN if he thought that if he had not fired (at BROWN) that either he or Officer JONES would be seriously injured or killed, and he told me yes. Officer TONN added that since he was exiting his own vehicle when BROWN was backing and ramming him, he knew was vulnerable to be injured by BROWN'S actions.

Officer TONN said he was not injured during the incident. Officer TONN noted at the end of my interview with him that he recalled making a magazine change when he moved to cover behind the parked vehicle, as he expected BROWN to exit and engage him in a gunfight, and wanted a full magazine in his handgun in preparation. Officer TONN said he dropped his used magazine on the ground during the reload.

Detective RODRIGUEZ asked Officer TONN when he last slept, and he advised he went to sleep the night before his shift at 0400hrs and woke around 1030hrs. Officer TONN said he was transported from the scene by Officers HICKS and McDONOUGH after advising his supervisors (SGT. DARDEN & LT.IACONO) of the circumstances surrounding the incident. Officer TONN said at the station he was photographed by ID tech BOURSAW, clad in everything he was wearing at the time of the incident. Officer TONN reported he did turn on his personal body camera (VieVu) during the shooting, but only after taking cover behind the vehicle parked near his patrol car. He did so as he suspected BROWN was going to exit his vehicle with a gun and his goal was to document the potential fatal encounter. Officer TONN said he did not have time earlier during the incident to turn on the body camera.

Officer TONN said during the pursuit, BROWN was using both sides of the roadway, apexing his turns, and straddling the middle of the street. Officer TONN reported that he did not see any other vehicles on the street during the chase. Officer TONN said based on the driving by BROWN, and his failure to yield to his emergency lights and siren of their police vehicle, he had probable cause to arrest BROWN.

Officer TONN was shown a map of the location (1433 LASSEN) using a printout from Googlemaps. Officer TONN noted in ink the direction of their pursuit on CLARK and their termination on LASSEN. (See copy) Officer TONN added that as he was exiting his vehicle at the end of the pursuit, BROWN'S vehicle impacted theirs, although he did not recall feeling the impact of the collision. Officer TONN said the handgun he carries is department issued, with an attached flashlight, and is the firearm he qualified with during department range training.

Officer TONN said he has not been able to review the video captured by the dash mounted camera in his car, and his statement was based solely on his recollection of the incident. Officer TONN said based on the information he received earlier in the night on the previous arrest, he suspected BROWN would be armed when contacted and driving in a stolen vehicle.

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 522 | POYSER, TERRY | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |



**VALLEJO POLICE DEPARTMENT**
Page 4

111 AMADOR ST    VALLEJO, CA 94590

SUPPLEMENT 5 - Officer TONN Interview

15-2436

A copy of the interview was booked into evidence.

Detective POYSER #522

VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 522 | POYSER, TERRY | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |

**VALLEJO POLICE DEPARTMENT**

111 AMADOR ST     VALLEJO, CA 94590

**SUPPLEMENT 6 - Officer JONES Interview**

15-2436

VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT

On 23 FEB 15 at approx. 0325hrs Detective RODRIGUEZ #563 and I conducted an interview of Vallejo Police Officer JONES #674, regarding an officer involved shooting that had occurred during the late evening hours of 22 FEB 15. Also present in the interview room at the Police department was DA Investigator MIKE ROWE and the attorney for Officer TONN, ▮▮▮▮▮▮▮▮▮▮.

Officer GARY JONES explained that he was working on 22/23 FEB 15 in a marked two officer police vehicle with Officer JARRETT TONN #673, radio call sign 5 ADAM 2. The FORD Crown Victoria, unit #134, was painted in a traditional black and white color scheme with police markings, exterior spot lights, exterior emergency lights, siren, and an interior dash camera recording system. Both officers were wearing person body cameras as well, in LAPD blue uniforms with embroidered badges, name plates, and shoulder patches. Officer JONES was wearing a duty belt which contained 2 loaded 13 capacity pistol magazines for a 45 caliber Glock, taser, baton ring, portable radio, two sets of handcuffs, pepper spray, two key holders, and duty gun, a Glock 21 in .45 caliber (14 total cartridges when loaded).

Officer JONES explained he works from 1430hrs to 0230hrs Friday through Sunday. Officer JONES said he has pain in his left shoulder from the incident, but no visible injury. Officer JONES said he slept six hours the night before and has not taken any medication. Officer JONES said he thought the shooting had occurred on LASSEN in east VALLEJO, during darkness but with street lighting.

Officer JONES said around 2000hrs he and Officer TONN stopped a vehicle in south VALLEJO on 5th Street. An occupant of the vehicle was found to have a stolen credit card in his possession that belonged to an auto theft victim from earlier in the day in VALLEJO. Officer JONES said Officer TONN interviewed the suspect who advised them that GERALD BROWN had stolen the vehicle earlier in the day, and the credit card had come from the vehicle. Officer JONES said the stolen vehicle was located and recovered with the assistance of the suspect that was arrested with the stolen credit card. Officer JONES thought the stolen car was found on LOUISANA Street in VALLEJO.

Officer JONES said they went to the area where GERALD BROWN was known to live ▮▮▮▮▮▮▮▮▮ and began looking for him. They conducted a records check of BROWN and found he had an extensive criminal history for auto theft. Officer JONES advised they looked up photos of BROWN and soon after observed him driving past them in the neighborhood. BROWN was identified by illuminating him with an exterior spotlight and was observed to speed off rapidly on passing their patrol vehicle and their making a u-turn.

Officer JONES said they made several left turns through the area in a code three pursuit of BROWN and ended up on LASSEN. Officer JONES said he thought that their speeds were sixty to seventy miles per hour in the narrow residential area. Officer JONES said they came to a stop about ten feet behind BROWN and both began to exit their patrol car. Officer JONES could hear the engine of the HONDA driven by BROWN being revved up as he exited his door, and BROWN then accelerated in reverse and struck their patrol car. Officer JONES said he knew by the location of the residence at location and vehicles in the street that BROWN was trapped and his only escape by vehicle would be in reverse through them.

Officer JONES said he thought he fired at the same time as Officer TONN, but only fired one time before his magazine dropped from his pistol. Officer JONES said the entire incident lasted about five

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 522 | POYSER, TERRY | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |

**VALLEJO POLICE DEPARTMENT**

111 AMADOR ST    VALLEJO, CA 94590

**SUPPLEMENT 6 - Officer JONES Interview**

15-2436

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

seconds from the termination of the pursuit and the end of the shooting. Officer JONES told us that the information that Officer TONN received earlier in the day was that BROWN was armed, and he thought if he did not fire he was going to be hurt by the actions of BROWN. Officer JONES said he thought Officer TONN fired ten to fifteen times at BROWN at the same time he fired at him. Officer JONES thought BROWN was going to run him over or hurt someone else in his attempt to escape.

Officer JONES did not have his body camera on during the incident. Officer JONES said they stopped shooting when BROWN placed his hands outside the window of his vehicle. Officer JONES was taken from the scene after BROWN was removed from the vehicle, and transported to the police station by Officers McDONOUGH and HICKS. Once at the station CPL. BOTELLO exchanged his pistol, ammunition, and magazines for a similar handgun.

I asked Officer JONES if he thought he and Officer TONN would be seriously injured or hurt by BROWN when he was backing into their vehicle, and he responded "without a doubt". Officer JONES went further to explain that they were both vulnerable with no ability to retreat as they were halfway from exiting their vehicle when struck. Officer JONES said he thought he fired right over his door at BROWN as he struck their patrol car.

Officer JONES said during the initial pursuit he was able to put out the license plate of the HONDA as BROWN drove it past their location. They were in pursuit with their overheard lights and siren on. Officer JONES went on to explain that during the impact from BROWN backing into their vehicle, he was attempting to exit his car with one hand on his door. Officer JONES said from his experience suspects who flee in vehicle pursuits will usually give up at the termination of the chase, or attempt to flee on foot. However, he has never had a suspect attempt to strike him with a vehicle in an attempt to flee, and it was something completely different from his past experience.

Officer JONES knew there was a passenger in the vehicle during the chase and never observed her moving during the ramming of their vehicle or returning gunfire. Officer JONES suspected that his shoulder as injured by the impact of BROWN'S vehicle into their car as he tried to exit.

We asked Officer JONES more about the earlier arrest and he advised he thought the suspect with the stolen credit card was named ████████. ████████ was the person who told them he bought the credit card from GERALD BROWN who had earlier stolen the vehicle that contained the stolen credit card inside. Officer JONES said the stolen vehicle was located and recovered with the assistance of ████████ by Officer GLICK.

Officer JONES told us when BROWN stopped and accelerated back into them he observed Officer TONN in the driver seat of their car, and thought he fired after the impact. Officer JONES said once BROWN collided into them the HONDA rolled forward, their own patrol vehicle rolled forward into the HONDA. Although their patrol car camera captured video of the shooting, Officer JONES said he had not been able to view the footage before the interview.

Officer JONES advised that BROWN appeared to be driving reckless as he fled from them, tires squealing and close to being out of control. Officer JONES was asked if he thought they had a reason to

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 522 | POYSER, TERRY | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |

**VALLEJO POLICE DEPARTMENT**

Page 3

**111 AMADOR ST    VALLEJO, CA 94590**

**SUPPLEMENT 6 - Officer JONES Interview**

15-2436

arrest BROWN on contact with him and he told us he did, due to the high speed and reckless driving they observed as he drove away from them. Officer JONES was asked about the revving of the vehicle of BROWN before he backed into them and he told us he heard the noise both before the impact with their patrol car, and afterward.

A copy of the interview was later booked into evidence.

Note:
GERALD BROWN was found to have an extensive criminal history with prior arrests for burglary, auto theft, reckless evading, reckless evading with injury, possession of stolen property, possession of dangerous drugs, ADW on a Peace Officer, and attempted murder on a Police Officer. The prior arrests were in SOLANO and NAPA Counties.

On 01 JUN 13, GERALD BROWN was arrested for PC 664/187 after making numerous attempts to strike VPD motor officers with his vehicle during a traffic stop and ensuing high speed reckless pursuit. The case was documented under #13-6346.

Detective POYSER#522

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 522 | POYSER, TERRY | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |

**VALLEJO POLICE DEPARTMENT**

111 AMADOR ST    VALLEJO, CA 94590

SUPPLEMENT 7 - Stolen Honda Search

15-2436

On 23 FEB 15 at approx. 1500hrs I met with ID tech BOURSAW and DA Investigator GLENN MYER at BOB'S Tow at 1112 BEACH in VALLEJO. I served a search warrant on the stolen HONDA from the above noted case. The warrant had been authored by Detective RODRIGUEZ and was signed by the honorable Judge HEALY.

During the search photographs were taken of the vehicle. We recovered four bullet fragments, a white cellphone, a set of shaved vehicle keys, a small amount of suspected marijuana, and a bag of clothing with identification for involved party, ███████████████.

For further see evidence report.

Detective POYSER #522

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 522 | POYSER, TERRY | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |

**VALLEJO POLICE DEPARTMENT**

111 AMADOR ST    VALLEJO, CA 94590

**SUPPLEMENT 8** - Video Footage- Pursuit Route

15-2436

On 23 FEB 15 I obtained a copy of the in car video footage from unit #134, driven by Officer TONN during the officer involved shooting the night before.

With the assistance of Officer KOUTNIK, I was able to determine that Officers TONN and JONES first passed GERALD BROWN in his stolen HONDA while traveling south on VERVAIS approaching TENNESSEE. GERALD BROWN was driving north on VERVAIS from the area of TENNESSEE. On making a u-turn and activating their overhead emergency lights and siren, the footage shows the suspect vehicle fleeing west on MAYFAIR from VERVAIS to south on LASSEN to MANHATTAN. The suspect vehicle then turns east on MANHATTAN to VERVAIS, then north to CLARK. The suspect vehicle then traveled west on CLARK to the termination point at 1433 LASSEN near LASSEN Court.

The video record showed the speed of unit #143 during the pursuit at 55mph at 2318hrs.

Detective POYSER #522

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 522 | POYSER, TERRY | 02/23/2015 | 539 | RAMSAY, DREW | 02/24/2015 |

**VALLEJO POLICE DEPARTMENT**

**111 AMADOR ST      VALLEJO, CA 94590**

**SUPPLEMENT 9 - 2YSF340 SEARCH WARRANT**

15-2436

| | |
|---|---|
| **Report Date :** | February 23, 2015 |
| **Agency :** | Vallejo Police Department |
| **Agency Case # :** | 15-2436 |
| **Crime :** | OIS |

CRIME SCENE INVESTIGATION - SUPPLEMENTAL REPORT

## OVERVIEW

I was notified by Detective Terry Poyser #522 of a vehicle that needed to be processed that is associated with the above case number.  DA Investigator Glenn Myer responded to Bob's Tow to observe the search of the vehicle.

I responded to Bob's Tow at 1112 Beach Street in Vallejo, CA.  The vehicle is on an evidence hold and was in a covered parking structure.

## PURPOSE OF EXAMINATION

Detective Poyser requested that I photograph the vehicle, search the vehicle and collect any items of evidentiary value.

I photographed the interior and exterior of the vehicle.  The vehicle was unlocked and a set of keys were lying on the driver's floorboard.  After photographing the vehicle, Detective Poyser and I searched the vehicle.

## EVENT DESCRIPTION

The vehicle is a white 2-door 1991 Honda CVX with CA license plate# ████████  and the VIN# ████████████████████.

The doors of the vehicle were unlocked.  A set of 'shaved' keys were on the floorboard in front of the driver's seat.  All four tires are inflated and intact.  The back window, driver's side, rear driver's side, passenger window and windshield were shattered or had bullet holes through them. The rear window and the driver's side quarter panel had multiple bullet holes.  The interior and exterior of the vehicle was dirty and in poor condition.

I photographed the interior and exterior of the vehicle prior to searching the vehicle.

Detective Poyser and I searched the vehicle.  We located four bullet fragments, a white cell phone with a cracked screen, a large bag full of miscellaneous clothing, a purse, a small jar of marijuana and a set of 'shaved' keys.  These items were collected and I filled out a property sheet indicating the items removed from the vehicle.  A copy of the property sheet was left in the vehicle along with a copy of the signed search warrant.

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 2053 | DAILEY, STEPHANIE | 02/25/2015 | 331 | ROBINSON, HERMAN | 02/25/2015 |

**VALLEJO POLICE DEPARTMENT**

Page 2

111 AMADOR ST    VALLEJO, CA 94590

15-2436

**SUPPLEMENT 9 - 2YSF340 SEARCH WARRANT**

<div style="text-align:center">VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT</div>

## PROPERTY COLLECTED

2053-16-MARIJUANA FROM VEHICLE
2053-17-4 BULLET FRAGMENTS
2053-18-KEYS
2053-19-WHITE CELL PHONE FROM VEH
2053-20-COACH PURSE
2053-21-PURPLE BAG WITH CLOTHES
2053-22-VERIPIC PHOTOGRAPHS OF HONDA CIVIC

Stephanie Boursaw  #2053
Police Assistant
Vallejo Police Department

Approved by Lt H. Robinson #331
02-25-2015

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 2053 | DAILEY, STEPHANIE | 02/25/2015 | 331 | ROBINSON, HERMAN | 02/25/2015 |

Case 2:20-cv-01563-DAD-CGR    Document 112-1    Filed 12/06/24    Page 89 of 100

**Report Date:**     February 23, 2015
**Agency:**          Vallejo Police Department
**Agency Case #:**   15-2436
**Victims:**         Officer G. Jones and Officer J. Tonn
**Crime:**           OIS

CRIME SCENE INVESTIGATION - SUPPLEMENTAL REPORT

## OVERVIEW

On February 23, 2015 at approximately 0001 hours, I received notification from Detective Sergeant Steve Cheatham #541 of an Officer Involved Shooting involving two Vallejo Police Officers.  I responded to the Vallejo Police Department at approximately 0030 hours.

I met with Sergeant Cheatham who advised the officers involved needed to be photographed, their guns needed to be collected and the scene needed to be processed.

We cleared the scene and arrived at the Vallejo Police Department Evidence Section at 0700 hours.

## PURPOSE OF EXAMINATION

I arrived at the Vallejo Police Department and met with Detectives.  I was instructed to attend the briefing.

After the briefing, I photographed the officers.  Corporal Botello #486 provided the officers with duty weapons and I collected the guns, magazines and ammunition used during the incident.

After I collected the officer's duty weapons, Corporal Botello and I responded to the scene at Clark Drive and Lassen Street.

Upon completion of collecting items from the scene, I booked the items into the Vallejo Police Department Evidence Section and downloaded my photographs into Veripic.

## EVENT DESCRIPTION

Per the request of Detective Sergeant Cheatham, I responded to the Vallejo Police Department in reference to an Officer Involved Shooting.

I attended a department briefing to discuss what had transpired and to receive my duties.

VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 2053 | DAILEY, STEPHANIE | 02/25/2015 | 331 | ROBINSON, HERMAN | 02/25/2015 |

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

I was asked to photograph each officer in the uniforms they were wearing at the time of the incident.  I photographed Officer J. Tonn #673 first.  After photographing Officer Tonn, Corporal Botello provided him with a replacement duty weapon.  I then collected his duty weapon, magazines and ammunition.

After collected Officer Tonn's gun, we then met with Officer G. Jones #674.  I photographed Officer Jones.  Corporal Botello provided him with a replacement duty weapon and I collected his duty weapon, magazines and ammunition.

Corporal Botello and I then exited the station and responded to the scene at Clark Drive and Lassen Street.  Upon our arrival, we noted a Vallejo Police Department black and white patrol vehicle facing west on the corner of Lassen Street and Clark Drive.  The front of the vehicle came to rest on the sidewalk and the vehicle was running.  A white Honda CRX was in front of the patrol car, parked in the front yard of 1433 Lassen Street.  South of the patrol car, a red Cadillac was parked facing south with the CA license plate of ███████  The driver's side of the patrol car was along the back end of the Cadillac.

Prior to our arrival, officers placed pieces of paper and/or yellow placards to mark items of interest.  Upon my arrival, I placed orange tented placards on the items to be collected.  I photographed the items with either the paper and the orange placard or yellow and orange placards.  For my report purposes, I will be referring to the orange placards.

South of the white vehicle and west of the Cadillac, a pair of black shoes, white socks, black brace and miscellaneous items were located.  South of these items, I located clothing that was cut off of the suspect by paramedics.  A black wallet and a bullet fragment were placed on the Cadillac before our arrival.

Throughout the scene, numerous casings and bullet fragments were located.  I also located a pen that possibly belonged to one of the officers behind the patrol car.

While at the scene, we marked a casing that we saw on the patrol car windshield.  After further observation, it was noted that there were three shell casings.  All three shell casings were assigned placard #9.  During processing the scene, one of the shell casings fell into the hood of the vehicle.  It should be noted that on February 25, 2015, Corporal Botello brought the patrol car to the Corp. Yard behind the Vallejo Police Department.  The Corp Yard located two shell casings under the hood.  It was decided to add the additional shell casings located as placard #9 totaling four shell casings all together.

A search of the white Honda was not done due to needing a search warrant.  After the scene was processed, the Honda was towed by Bob's Tow and was placed in Evidence Storage awaiting a judge's signature on the search warrant.



**VALLEJO POLICE DEPARTMENT**

Page 3

**111 AMADOR ST    VALLEJO, CA 94590**

15-2436

**SUPPLEMENT 10 - SCENE**

After marking items to collect, Corporal Botello sketched the scene and documented the items in relation to the placard.  I then filled out bags and collected the items at the scene (see list below of items matched up their placards).

Prior to clearing the scene, Officer Duncan #660 took possession of the patrol car and drove it back to the station.  Bob's Tow picked up the Honda and towed it to their tow yard.

## PLACARDS

1-PEN W/A SILVER TIP
2-CHROME FEDERAL 9MM CASING
3-CHROME CASING 45
4-CHROME FEDERAL 9MM CASING
5-CHROME FEDERAL 9MM CASING
6-CHROME FEDERAL 9MM CASING
7-GLOCK 17 MAG (EMPTY) 9MM
8-CHROME FEDERAL 9MM CASING
9-CHROME FEDERAL 9MM CASING (TOTAL 4 CASINGS)
10-CHROME FEDERAL 9MM CASING
11-CHROME FEDERAL 9MM CASING
12-CHROME FEDERAL 9MM CASING
13-CHROME FEDERAL 9MM CASING
14-CHROME FEDERAL 9MM CASING
15-CHROME FEDERAL 9MM CASING
16-BULLET FRAGMENT
17-BLACK WALLET
18-BLACK ONE TOUCH METRO PCS/BLK METRO PCS CELL PHONES
19-CONTENTS OF POCKETS (SUSPECT)
20-BLK NIKE SHOES, SOCKS, BRACE
21-CHROME FEDERAL 9MM CASING
22-SUSPECTS CLOTHING
23-EXPENDED BULLET
24-CHROME FEDERAL 9MM CASING FOUND IN GUTTER

## Property Collected

2053-1-BLACK SHOES, GREY SOCKS AND A KNEE BRACE
2053-2-BLACK SWEATSHIRT (CUT)
2053-3-WHITE TANK TOP
2053-4-CUT BLACK TSHIRT

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 2053 | DAILEY, STEPHANIE | 02/25/2015 | 331 | ROBINSON, HERMAN | 02/25/2015 |

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

# VALLEJO POLICE DEPARTMENT

Page 4

**111 AMADOR ST    VALLEJO, CA 94590**

**SUPPLEMENT 10 - SCENE**

15-2436

VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT

2053-5-OFFICER TON GLOCK 9MM DUTY WEAPON W/MAGAZINES AND BULLETS
2053-6-OFCR GARY JONES DUTY WEAPON W/MAGAZINES AND BULLETS
2053-7-CASINGS
2053-8-BLACK LV WALLET (S)
2053-9-POCKET CONTENTS
2053-10-METRO PCS1 TOUCH CELL PHONE
2053-11-PLACARD 1 PEN
2053-12-MAGAZINE
2053-13-BULLET FRAGMENTS
2053-14-METRO PCS CELL PHONE
2053-15-VERIPIC PHOTOGRAPHS FROM SCENE

2053-23-2 CASINGS LOCATED IN PATROL CAR (BELONGING TO PLACARD 9)

Stephanie Boursaw  #2053
Police Assistant
Vallejo Police Department
*********************************************************************************
ADDITIONAL PROPERTY

Item #25,  Status: Evidence
    1 2053-23-2 Casings Located In Patrol Car (Belonging To Placard 9)

Approved by Lt H. Robinson #331
02-25-2015

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 2053 | DAILEY, STEPHANIE | 02/25/2015 | 331 | ROBINSON, HERMAN | 02/25/2015 |

# VALLEJO POLICE DEPARTMENT

**111 AMADOR ST     VALLEJO, CA 94590**

**SUPPLEMENT 11 - Bullet Evidence from (S)**

15-2436

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

A bullet had been recovered from (S) GERALD ROBERT BROWN while he was being treated at NORTH BAY Hospital in FAIRFIELD.

On 24 FEB 15 Officer CARPENTER #651 went to NORTH BAY to watch over the suspect from the shooting. At 1530hrs ████████ (RN) gave Officer Martinez a plastic medical jar that contained the bullet removed in surgery from BROWN. Officers CARPENTER and MARTINEZ kept the item until 2200hrs when Officer CARPENTER took sole custody of the container/bullet.

On 25 FEB 15 and 1515hrs, Officer CARPENTER gave the container/bullet to Detective RAMSAY.

On 26 FEB 15 at approx. 0730hrs Detective RAMSAY provided me with the container/bullet, which I later booked into evidence. The bullet appeared to be 9mm caliber, was intact, with moderate damage to the front/hollow point area. The item was booked as item #522-1. It will be forwarded to the crime lab for analysis.

No further.

Detective POYSER #522

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 522 | POYSER, TERRY | 02/26/2015 | 541 | CHEATHAM, STEVE | 03/02/2015 |



## VALLEJO POLICE DEPARTMENT
### 111 AMADOR ST    VALLEJO, CA 94590
### SUPPLEMENT 12 - SCENE

15-2436

| | |
|---|---|
| **Report Date:** | **February 23, 2015** |
| **Agency:** | **Vallejo Police Department** |
| **Agency Case #:** | **15-2436** |
| **Crime:** | **OIS** |
| **Location:** | **Lassen St. and Clark Dr., Vallejo** |
| **TOC:** | **2319 Hours** |
| **Victim:** | **Officer G. Tonn/Officer G. Jones** |
| **Suspect:** | **Gerald Robert Brown** |

CRIME SCENE INVESTIGATION - SUPPLEMENTAL REPORT

## OVERVIEW

On February 23, 2015 at approximately 0001 hours, I received notification from Detective Sergeant Steve Cheatham #541 of an Officer Involved Shooting involving two Vallejo Police Officers. I responded to the Vallejo Police Department at approximately 0130 hours.

Prior to responding to the Vallejo Police Department, I responded to the scene at Lassen St. and Clark Dr. I met with Detectives Terry Poyser and Raul Munoz who walked me through the scene. I then responded to the Police Department to meet with Sergeant Cheatham and attend a briefing.

Upon arrival at the Vallejo Police Department Sergeant Cheatham advised the Officers involved in the shooting needed to be photographed, their firearms collected and the scene to be processed.

After the briefing at the Police Department, Police Assistant Stephanie Boursaw and I completed those tasks and responded to the scene for processing. Upon completion of the scene, we cleared and arrived at the Vallejo Police Department Evidence Section at 0700 hours for a briefing.

## EVENT DESCRIPTION

Upon arrival at the Vallejo Police Department I met with Sergeant Steve Cheatham, Police Assistant Stephanie Boursaw, Detectives and District Attorney Investigators to brief on the events that occurred.

Prior to responding back to the scene, P.A. Boursaw photographed each Officer while still in their uniforms they were wearing at the time of the incident.  P.A. Boursaw photographed

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 486 | BOTELLO, RICH | 02/26/2015 | 541 | CHEATHAM, STEVE | 03/02/2015 |

**VALLEJO POLICE DEPARTMENT**

**111 AMADOR ST    VALLEJO, CA 94590**

**SUPPLEMENT 12 - SCENE**

15-2436

VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT

Officer J. Tonn #673 first. When P.A. Boursaw finished photographing Officer Tonn, I then collected Officer Tonn's firearm, a Glock Model 17 Serial # ███████ with flashlight attachment. I collected a full magazine with (17) 9mm live cartridges from his ammo pouch, a second magazine with (16) 9mm live cartridges and (1) 9mm live cartridge from the chamber of the handgun. Officer Tonn's third magazine had been left at the scene and was later collected. I then provided Officer Tonn with a replacement duty weapon.

After collected Officer Tonn's firearm, we then met with Officer G. Jones #674. P.A. Boursaw then photographed Officer Jones reflecting his full uniform and appearance at the time of the incident. I then collected Officer Jones' firearm, a Glock Model 21 Serial # ███████ with flashlight attachment. Officer Jones' firearm had a live .45 caliber cartridge in the chamber and a full magazine containing (13) live .45 caliber cartridges. Officer Jones gave me a second magazine that had (12) live .45 caliber cartridges and a third magazine that contained (13) live .45 caliber cartridges. I then provided Officer Jones with a replacement duty weapon and I collected his duty weapon, magazines and ammunition.

P.A. Boursaw and I then responded to the scene at Clark Drive and Lassen Street. Upon our arrival, we noted a Vallejo Police Department black and white patrol vehicle facing west on the corner of Lassen Street and Clark Drive. The front of the vehicle came to rest on the sidewalk and the vehicle was running. A white Honda CRX Ca/███████ was in front of the patrol car, parked in the front yard of 1433 Lassen Street. South of the patrol car, a red Cadillac was parked facing south with the CA license plate of ███████. The driver's side of the patrol car was along the back end of the Cadillac.

Prior to our arrival, officers placed pieces of paper and/or yellow placards to mark items of interest. Upon our arrival, P.A. Boursaw placed orange tented placards on the items to be collected and she photographed the items with either the paper and the orange placard or yellow and orange placards in place. For our report purposes, we will be referring to the orange placards.

South of the white vehicle and west of the Cadillac, a pair of black shoes, white socks, black brace and miscellaneous items were located. South of these items, were clothing that was cut off of the suspect by paramedics. A black wallet and a bullet fragment were placed on the Cadillac before our arrival.

Throughout the scene, numerous casings and bullet fragments were located. A writing pen was also located that possibly belonged to one of the officers behind the patrol car.

While at the scene, we marked a casing that we saw on the patrol car windshield. After further observation, it was noted that there were three shell casings. All three shell casings were assigned placard #9. During processing the scene, one of the shell casings fell into the

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 486 | BOTELLO, RICH | 02/26/2015 | 541 | CHEATHAM, STEVE | 03/02/2015 |


**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

hood of the vehicle.

It should be noted that on February 25, 2015, I had a Vallejo City Corporation Yard mechanic take apart part of a housing between the hood and windshield were the wiper arms attach. The mechanic located two shell casings under the housing where they had rolled down the arm of the wiper blade. It was decided to add the additional shell casings located as placard # 9 totaling four shell casings all together.

A search of the white Honda was not completed until a search warrant had been authored. P.A. Boursaw was able to photograph the vehicle and the interior prior to it being. After the scene was processed, the Honda was towed by Bob's Tow and was placed in Evidence Storage awaiting authorization of a search warrant.

After marking items to collect, I completed a sketch (not to scale) of the scene and documented the items in relation to the placards. The sketch was later booked into evidence. P.A. Boursaw then filled out bags and collected the items at the scene.

Traffic Officers Shane Bower and Jeff Tai responded to complete a "Total Station" measurement of the crime scene and the location of vehicles and evidence.

Prior to clearing the scene, Officer Duncan #660 took possession of the patrol car and drove it back to the station.  Bob's Tow impounded the Honda and towed it to their tow yard.

All evidence was transported to the Vallejo Police Department Evidence Section and booked.

No further information.

## PLACARDS LIST

1-PEN W/A SILVER TIP
2-CHROME FEDERAL 9MM CASING
3-CHROME CASING 45 CALIBER
4-CHROME FEDERAL 9MM CASING
5-CHROME FEDERAL 9MM CASING
6-CHROME FEDERAL 9MM CASING
7-GLOCK 17 MAG (EMPTY) 9MM
8-CHROME FEDERAL 9MM CASING
9-CHROME FEDERAL 9MM CASING (TOTAL 4 CASINGS)
10-CHROME FEDERAL 9MM CASING
11-CHROME FEDERAL 9MM CASING
12-CHROME FEDERAL 9MM CASING

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 486 | BOTELLO, RICH | 02/26/2015 | 541 | CHEATHAM, STEVE | 03/02/2015 |

# VALLEJO POLICE DEPARTMENT

**111 AMADOR ST    VALLEJO, CA 94590**

**SUPPLEMENT 12 - SCENE**

15-2436

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

13-CHROME FEDERAL 9MM CASING
14-CHROME FEDERAL 9MM CASING
15-CHROME FEDERAL 9MM CASING
16-BULLET FRAGMENT
17-BLACK WALLET
18-BLACK ONE TOUCH METRO PCS/BLK METRO PCS CELL PHONES
19-CONTENTS OF POCKETS (SUSPECT)
20-BLK NIKE SHOES, SOCKS, BRACE
21-CHROME FEDERAL 9MM CASING
22-SUSPECTS CLOTHING
23-EXPENDED BULLET
24-CHROME FEDERAL 9MM CASING FOUND IN GUTTER

## EVIDENCE COLLECTED

2053-1-BLACK SHOES, GREY SOCKS AND A KNEE BRACE
2053-2-BLACK SWEATSHIRT (CUT)
2053-3-WHITE TANK TOP
2053-4-CUT BLACK TSHIRT
2053-5-OFFICER TON GLOCK 9MM DUTY WEAPON W/MAGAZINES AND BULLETS
2053-6-OFCR GARY JONES DUTY WEAPON W/MAGAZINES AND BULLETS
2053-7-CASINGS
2053-8-BLACK LV WALLET (S)
2053-9-POCKET CONTENTS
2053-10-METRO PCS1 TOUCH CELL PHONE
2053-11-PLACARD 1 PEN
2053-12-MAGAZINE
2053-13-BULLET FRAGMENTS
2053-14-METRO PCS CELL PHONE
2053-15-VERIPIC PHOTOGRAPHS FROM SCENE

2053-23-2 CASINGS LOCATED IN PATROL CAR BETWEEN HOOD AND WINDSHIELD (BELONGING TO PLACARD 9)

Corporal R.A. Botello #486

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 486 | BOTELLO, RICH | 02/26/2015 | 541 | CHEATHAM, STEVE | 03/02/2015 |

## VALLEJO POLICE DEPARTMENT

**111 AMADOR ST   VALLEJO, CA 94590**

**SUPPLEMENT 13 - Auto Theft Follow Up**

15-2436

**VALLEJO POLICE DEPARTMENT CONTROL DOCUMENT**

Supplemental

Several days after the officer involved shooting I spoke with the mother of the vehicle theft victim, ███████████████ ███████ requested that I allow their insurance company access to their vehicle for the purpose of taking photographs for their claim. ███████ told me that the 1991 Honda CRX belonged to her and her husband, ██████████. I asked ███████ if she knew Gerald BROWN and/or gave him permission to take her vehicle, and she told me she did not. I later met with their insurance agent at the tow yard on BEACH Street to allow photos to be taken of the recovered stolen vehicle.

I made numerous attempts to speak with the reporting victim, ████████████████ with negative results.

On 04 MAY 15 at approx. 1000hrs I was able to speak with ███████ by phone. ██████████ told me that he did not know Gerald BROWN and did not give him permission to take his vehicle. ██████████ advised he told PHPD the same information at the time her reported the vehicle theft.

Detective POYSER #522

| Prepared By: | | Date: | Approved By: | | Date: |
|---|---|---|---|---|---|
| 522 | POYSER, TERRY | 05/04/2015 | 541 | CHEATHAM, STEVE | 05/06/2015 |

| COPIES TO: | | | | | CASE NO. | | PAGE |
|---|---|---|---|---|---|---|---|
| ☐ DA | | **SOLANO COUNTY SHERIFF'S DEPARTMENT** | | | | | 1 |
| ☐ PROB | | 530 UNION AVENUE, SUITE 100 | | | REP DEV CODE | RD | BEAT |
| ☐ DOJ | | FAIRFIELD, CA 94533 | | | | | 3 |
| ☐ INV | | | | | PROP 115 QUALIFIED | | WEAPON USED |
| ☐ PAT | | **ARREST REPORT** | | | ☒ YES ☐ NO | | ☐ YES ☐ NO |
| ☐ RISK MANAGEMENT | | | | | DOMESTIC VIOLENCE | | BILLABLE |
| ☐ COUNTY COUNSEL | AGENCY NO. | | | | | | |
| ☐ OTHER | YBO4 | | ☐ JUVENILE ☒ ADULT | | ☐ YES ☒ NO | | ☐ YES ☒ NO |

**ARREST DATA 1**

| DATE / TIME OF ARREST | 48 HOUR EXPIRATION | LOCATION OF ARREST | ARRESTING AGENCY |
|---|---|---|---|
| 02/23/15 / 2330 | | LASSEN ST // HENRY ST | VALLEJO |
| TYPE OF ARREST | | LOCATION OF OFFENSE | ARRESTING OFFICER ID # |
| ☒ PC ☐ WARRANT ☐ CITIZEN ☐ OTHER | | SAME | 684 |

**2**

| NAME (Last, First, Middle) | | SEX | RACE | D.O.B | AGE | HGT | WGT | HAIR | EYES | POB |
|---|---|---|---|---|---|---|---|---|---|---|

| RESIDENCE ADDRESS | | CITY | | ST | YRS | RES. PH | | DL NUMBER / STATE |
|---|---|---|---|---|---|---|---|---|

**SUSPECT**

| BUSINESS NAME AND ADDRESS | | CITY | BUS. PHONE | BUILD: ☐ 0=UNK ☐ 1=THIN |
|---|---|---|---|---|
| U/A | | | | ☒ 2=MED ☐ 3=HEAVY ☐ 4=MUSCULAR |

| AKA | | GANG: ☐KNOWN ☐UNK | # | OCCUPATION |
|---|---|---|---|---|
| N/A | | AFFILIATION: | | U/A |

**VEHICLES 3**

| LICENSE # | STATE | YEAR | MAKE | MODEL | DISPOSITION OF VEHICLE |
|---|---|---|---|---|---|
| | CA | 1991 | HONDA | Civic | TOWED |

**CHARGES 4**

| CODE SECTION / DESCRIPTION | MISD | FELONY | WARRANT NO. | ISSUING AGENCY | COURT | BAIL |
|---|---|---|---|---|---|---|
| 496(D) PC - POSS. STOLEN Vehicle | | X | | | | |
| 849(B) PC - Released | | | | | | |

**FACTS ESTABLISHING ELEMENTS, INCORPORATED HEREIN BY THIS REFERENCE IDENTIFICATION OF DEFENDANT 5**

(S1) WAS CONTACTED AS THE PASSENGER IN A STOLEN VEHICLE.

(S1) WAS IDENTIFIED VERBALLY AND BY CAL PHOTO.

(S1) WAS RELEASED PER 849(B) PC.

| VICTIMS AGE | VICTIMS INJURIES | | WEAPON DESCRIPTION | |
|---|---|---|---|---|
| VALUE OF PROPERTY LOSS | TYPE OF PROPERTY | TYPE OF NARCOTICS | QUANTITY | STREET VALUE | WHOLESALE VALUE |

**SEE ATTACHED REPORTS,**

☐ BAIL PER SCHEDULE    BAIL SET AT $_____    RELEASED FROM CUSTODY: ☐ BAIL ☐ PTA ☐ PC 825 ☐ OTHER

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY INFORMATION AND BELIEF. EXECUTED ON (DATE): 2/23/15 AT SOLANO COUNTY, CALIFORNIA BY (ARRESTING OFFICER SIGNATURE) Ofc S. MCDonovitt 646

ON THE BASIS OF: ☐ THE OFFICER'S DECLARATION  ☐ REPORTS REVIEWED.  I HEREBY DETERMINE THAT THESE ☐ IS  ☐ IS NOT PROBABLE CAUSE TO BELIEVE THIS ARRESTEE HAS COMMITTED A CRIME.  DATE: _____ TIME: _____ JUDICIAL SIGNATURE: _____

**6**

| COMPLAINTS OF ILLNESS OR INJURY: ☐ YES ☒ NO | EVIDENCE OF ILLNESS OR INJURY: ☐ YES ☒ NO | ☐ COURT ☐ OTHER |
|---|---|---|
| EXPLAIN: | TREATED BY: LOCATION: | |
| EMERGENCY NOTIFICATION NAME (Last, First, Middle): | ADDRESS | CITY | RES. PHONE |

**CUSTODY INFO**

| CASH ∅ | COIN ∅ | TOTAL ∅ | WITNESS | DATE | TIME |
|---|---|---|---|---|---|
| HOLDS | TRANSPORTING OFFICER | ID # | AGENCY | REVIEWED BY | ENTERED RMS BY: |
| OTHER AGENCY NO. | TIME REC. | RECEIVING OFFICER(S) | BI NUMBER | BOOKING NO. | |

# SOLANO COUNTY SHERIFF'S DEPARTMENT
## ARREST REPORT

AGENCY NO. **4807**   CASE NO. **15-2436**   PAGE **2**

| AMT OF HAIR 7 | HAIR STYLE 11 | COMPLEXION 13 | TATTOOS/SCARS | DISTING MARKS 16 | WEAPON(S) 21 |
|---|---|---|---|---|---|

AMT OF HAIR 7 (Q21): ☐ 0 UNKNOWN ☐ 1 THICK ☐ 2 THIN ☐ 3 RECEDING ☐ 4 BALD ☐ 5 OTHER ____

HAIR STYLE 11 (Q25): ☐ 0 UNKNOWN ☐ 1 LONG ☐ 2 SHORT ☐ 3 COLLAR ☐ 4 MILITARY ☐ 5 CREW CUT ☐ 6 RIGHT PART ☐ 7 LEFT PART ☐ 8 CENTER PART ☐ 9 STRAIGHT BACK ☐ 10 PONY TAIL ☐ 11 AFRO NATURAL ☐ 12 PROCESSED ☐ 13 TEASED ☐ 14 OTHER ____

COMPLEXION 13 (Q27): ☐ 0 UNKNOWN ☐ 1 CLEAR ☐ 2 ACNE ☐ 3 POCKMARKS ☐ 4 FRECKLED ☐ 5 WEATHERED ☐ 6 ALBINO ☐ 7 OTHER ____

GLASSES 14 (Q28): ☐ 0 UNKNOWN ☐ 0 NONE ☐ 1 YES (NO DESCRIP) ☐ 2 REG GLASSES ☐ 3 SUN GLASSES ☐ 4 WIRE FRAME ☐ 5 PLASTIC FRAME COLOR ____ ☐ 6 OTHER ____

TYPE OF HAIR 8 (Q22): ☐ 0 UNKNOWN ☐ 1 STRAIGHT ☐ 2 CURLY ☐ 3 WAVY ☐ 4 FINE ☐ 5 COARSE ☐ 6 WIRY ☐ 7 WIG ☐ 8 OTHER

FACIAL HAIR 12 (Q26): ☐ 0 UNKNOWN ☐ 0 N/A ☐ 1 CLN SHAVEN ☐ 2 MUSTACHE ☐ 3 FULL BEARD ☐ 4 GOATEE ☐ 5 FUMANCHU ☐ 6 LOWER LIP ☐ 7 SIDE BURNS ☐ 8 FUZZ ☐ 9 UNSHAVEN ☐ 10 OTHER ____

VOICE 15 (Q29): ☐ 0 UNKNOWN ☐ 0 N/A ☐ 1 LISP ☐ 2 SLURRED ☐ 3 STUTTER ☐ 4 ACCENT DESCRIBE ____ ☐ 5 OTHER ____

TATTOOS/SCARS (Q30): ☐ 1 FACE ☐ 2 TEETH ☐ 3 NECK ☐ 4 R/ARM ☐ 5 L/ARM ☐ 6 R/HAND ☐ 7 L/HAND ☐ 8 R/LEG ☐ 9 L/LEG ☐ 10 R/SHOULDER ☐ 11 L/SHOULDER ☐ 12 FRONT TORSO ☐ 13 BACK TORSO ☐ 14 OTHER

UNIQUE CLOTHING 17 (Q31): ☐ 1 HAT ☐ 2 GLOVES ☐ 3 SKI MASK ☐ 4 STOCKING MASK ☐ 5 BASEBALL CAP ☐ 5 OTHER

WEAPON 19 (Q32): ☐ 0 N/A ☐ 1 BAG/ BRIEF CASE ☐ 2 NEWSPAPER ☐ 3 POCKET ☐ 4 SHOULDER HOLST ☐ 5 WAIST BAND ☐ 6 OTHER

TEETH 18 (Q36): ☐ 1 BROKEN ☐ 2 CHIPPED ☐ 3 CROOKED ☐ 4 PROTRUDING ☐ 5 MISSING ☐ 6 NONE ☐ 7 GOLD ☐ 8 SILVER ☐ 9 STAINED/DECAYED

FACE 20 (Q37): ☐ 1 BROAD ☐ 2 HIGH CHK ☐ 3 LONG ☐ 4 OVAL ☐ 5 ROUND ☐ 6 SQUARE ☐ 7 THIN

WEAPON(S) 21 (Q33): ☐ 0 UNKNOWN ☐ 0 NONE ☐ 1 CLUB ☐ 2 HAND GUN ☐ 3 OTHER LNK GUN ☐ 4 RIFLE ☐ 5 SHOT GUN ☐ 6 TOY GUN ☐ 7 SIMULATED ☐ 8 POCKET KNIFE ☐ 9 FIXED BLADE KNIFE ☐ 10 OTH CUT STAB INST ☐ 11 HANDS FEET ☐ 12 BODILY FORCE ☐ 13 STRANGULATION ☐ 14 TIRE IRON ☐ 15 OTHER

WEAPON FEATURE 22 (Q34): ☐ 0 UNKNOWN ☐ 0 NONE ☐ 1 ALTERED STOCK ☐ 2 SAWED OFF ☐ 3 AUTOMATIC ☐ 4 BOLT ACTION ☐ 5 PUMP ☐ 6 REVOLVER ☐ 7 BLUE STEEL ☐ 8 CHROME NICKEL ☐ 9 DOUBLE BARREL ☐ 10 SINGLE BARREL ☐ 11 OTHER

HAIR CONDITION 9 (Q23): ☐ UNKNOWN ☐ 1 CLEAN ☐ 2 DIRTY ☐ 3 GREASY ☐ 4 MATTED ☐ 5 ODOR ☐ 6 OTHER ____

R/L HANDED 10 (Q24): ☐ 0 UNKNOWN ☐ 1 RIGHT ☐ 2 LEFT

**JUVENILE ARREST INFORMATION 23**

| SCHOOL LAST ATTENDED | LOCATION | GRADE |
|---|---|---|
| NAME OF FATHER-GUARDIAN | ADDRESS | CITY | RES. PHONE | BUS. PHONE |
| NAME OF MOTHER-GUARDIAN | ADDRESS | CITY | RES. PHONE | BUS. PHONE |
| NAME OF PARENT-GUARDIAN | ADDRESS | CITY | RES. PHONE | BUS. PHONE |
| PERSON NOTIFIED | NOTIFIED BY | METHOD OF NOTIFICATION | DATE | TIME |

**CITIZEN ARREST 24**

CITIZEN ARREST STATEMENT: I HEREBY ARREST THE ABOVE PERSON ON THE CHARGE INDICATED HEREIN AND REQUEST A PEACE OFFICER TO TAKE HIM/HER INTO CUSTODY. I WLL APPEAR TO SIGN A COMPLAINT AGAINST THE PERSON I HAVE ARRESTED. (SIGNATURE) ____

| CITIZEN'S NAME (Last, First, Middle) | ADDRESS | CITY | RES. PHONE | BUS. PHONE |
|---|---|---|---|---|

IN VIEW OF THE INFORMATION HEREIN STATED, THE ABOVE ARRESTEE WAS NOT RELEASED PURSUANT TO CP 853.6 SPECIFICALLY BECAUSE:

☐ INTOXICATED STATE MAY RESULT IN DANGER TO SELF OR OTHERS.
☐ ARRESTEE REQUIRED MEDICAL EXAMINATION OR CARE OR COULD NOT CARE FOR OWN SAFETY.
☐ THE IMMEDIATE RELEASE WOULD JEOPARDIZE PROSECUTION.
☐ ARRESTED FOR ONE OR MORE OFFENSES LISTED UNDER SECTION 40302 CVC.
☐ DEMANDED IMMEDIATE APPEARANCE.
☐ ARRESTED FOR 23152 (a) & (b) CVC.
☐ THERE ARE ADDITIONAL OUTSTANDING ARREST WARRANTS.
☐ ARRESTEE HAD NO PERSONAL IDENTIFICATION
☐ RELEASE WOULD INCREASE LIKELIHOOD OF OFFENSE CONTINUING.
☐ REFUSED TO SIGN WRITTEN PROMISE TO APPEAR.

| REPORTING OFFICER | ID# | DATE | REVIEWED BY / ID# | DATE |
|---|---|---|---|---|
| S. McDONOUGH | 646 | 2-23-15 | | |