UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEFTALI MONTERROSA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF VALLEJO, et al.,<br><br>Defendants. | No.  2:20-cv-01563-DAD-SCR<br><br>ORDER DENYING REQUEST TO SEAL<br><br>(Doc. No. 113) |

On December 6, 2024, plaintiffs filed a notice of their request to seal unspecified "documents with corresponding bates stamps Nos. COV000050–000067 and COV000068–000096." (Doc. No. 113.) Plaintiffs do not describe these documents in any way in their request to seal. (*See id.*) Defendants Jarrett Tonn and City of Vallejo filed notices of non-opposition to plaintiffs' request to seal on the docket on December 20, 2024 and December 26, 2024, respectively. (Doc. Nos. 115, 116.) In its notice of non-opposition, defendant City of Vallejo describes the documents as "peace officer personnel records made confidential under California Penal Code § 832.7(a)." (Doc. No. 116 at 1.) For the reasons explained below, the court will deny plaintiffs' request to seal.

**LEGAL STANDARD**

All documents filed with the court are presumptively public. *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits

of pretrial discovery are, in the absence of a court order to the contrary, presumptively public."). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[1]

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions, such as a motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178.

/////

---

[1] Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Fed. R. Civ. P. 5.2(d).

2

1    While the terms "dispositive" and "non-dispositive" motions are often used in this
2    context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever
3    the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety*
4    *v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  The court agrees with the parties
5    that the "compelling reasons" standard applies here.  (*See* Req. at 2; Doc. No. 21 at 5.)
6    "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such
7    'court files might . . . become a vehicle for improper purposes,' such as the use of records to
8    gratify private spite, promote public scandal, circulate libelous statements, or release trade
9    secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598).  "The mere fact that the
10   production of records may lead to a litigant's embarrassment, incrimination, or exposure to
11   further litigation will not, without more, compel the court to seal its records." *Id.*  Finally, "[t]he
12   'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were
13   previously filed under seal or protective order." *Id.* at 1178–79.

14                                        **ANALYSIS**

15   Local Rule 141 provides as follows:

16   > [T]he 'Request to Seal Documents,' the proposed order, and all
>    documents covered by the Request shall be . . . e-mailed to the
17   > appropriate Judge or Magistrate Judge's proposed orders e-mail box
>    listed on the Court's website, with the e-mail subject line including
18   > the case number and the statement: 'Request to Seal Documents'
>    . . . .  The 'Request to Seal Documents' shall set forth the statutory
19   > or other authority for sealing, the requested duration, the identity, by
>    name or category, of persons to be permitted access to the
20   > documents, and all other relevant information.

21   L.R. 141(b).[2]

22   Plaintiffs have failed to comply with Local Rule 141.  Plaintiffs have not emailed the
23   documents they seek to seal to the court.  Nor have plaintiffs set forth in their notice any authority
24   that would permit the court to seal any documents provided.  (*See* Doc. No. 113.)  In the absence
25   of this information, the court is unable to evaluate whether the presumption of public access is

26

27   [2] The court additionally reminds the parties that oppositions to requests to seal are to be "e-mailed to the appropriate Judge or Magistrate Judge's proposed orders e-mail box listed on the
28   Court's website . . . ."  L.R. 141(c).

                                                    3

overcome, such that sealing the unidentified documents would be appropriate.

## CONCLUSION

For the reasons explained above, plaintiffs' request to seal (Doc. No. 113) is denied, without prejudice.

IT IS SO ORDERED.

Dated: __March 27, 2025__

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4