UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEFTALI MONTERROSA, et al., | No. 2:20-cv-01563-DAD-SCR |
| Plaintiffs, | |
| v. | ORDER DENYING REQUEST TO SEAL |
| CITY OF VALLEJO, et al., | (Doc. No. 120) |
| Defendants. | |

On March 31, 2025, plaintiffs filed the pending request to seal documents "with corresponding bates stamps Nos. COV000050–000067 and COV000068–000096" ("the Records"). (Doc. No. 120 at 2.) For the reasons explained below, the court will again deny plaintiffs' request to seal.

**BACKGROUND**

On December 6, 2024, plaintiffs filed a notice of their prior request to seal unspecified "documents with corresponding bates stamps Nos. COV000050–000067 and COV000068–000096." (Doc. No. 113.) Plaintiffs did not describe these documents in any way in their request to seal. (*See id.*) Defendants Jarrett Tonn and City of Vallejo filed notices of non-opposition to plaintiffs' request to seal on the docket on December 20, 2024 and December 26, 2024, respectively. (Doc. Nos. 115, 116.) In its notice of non-opposition, defendant City of Vallejo described the documents as "peace officer personnel records made confidential under California

1

Penal Code § 832.7(a)."  (Doc. No. 116 at 1.)   On March 28, 2025, the court denied plaintiffs' prior request to seal due to their lack of compliance with Local Rule 141 due to plaintiffs' failure to email the documents they sought to seal to the court, as well as plaintiffs' failure to set forth in their notice any authority that would permit the court to seal any documents provided.  (Doc. No. 119.)

On March 31, 2025, plaintiffs filed the pending renewed request to seal.  (Doc. No. 120.)  In their request, plaintiffs seek to seal the Records on the grounds that these documents "are designated as protected material as they contain peace officer personnel records made confidential under California Penal Code § 832.7(a)."  (*Id.* at 2.)  Plaintiffs expressly "do[] not deem these documents to meet the standard for filing under seal," but nevertheless request to file them under seal because the documents were marked by defendant City of Vallejo as confidential pursuant to the December 16, 2020 protective order governing this action.  (*Id.*; *see also id.* ("Pursuant to Paragraph 12.3 of the Stipulated Protective Order . . . Plaintiff is required to move this Honorable Court to file under seal any protected material.")).  Defendant City of Vallejo again filed a notice of non-opposition to plaintiffs' request to seal on the docket on April 14, 2025.  (Doc. No. 121.)

## LEGAL STANDARD

All documents filed with the court are presumptively public.  *San Jose Mercury News, Inc. v. U.S. Dist. Court*, 187 F.3d 1096, 1103 (9th Cir. 1999) ("It is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public.").  "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"  *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)).[1]

/////

---

[1]  Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction."  However, even if a court permits such a filing, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record."  Fed. R. Civ. P. 5.2(d).

2

Two standards generally govern requests to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

*Kamakana*, 447 F.3d at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135–36 (9th Cir. 2003)). The reason for these two different standards is that "[n]ondispositive motions are often unrelated, or only tangentially related, to the underlying cause of action, and, as a result, the public's interest in accessing dispositive materials does not apply with equal force to non-dispositive materials." *Pintos*, 605 F.3d at 678 (internal quotation marks omitted).

Under the "compelling reasons" standard applicable to dispositive motions, such as a motion to dismiss:

> [T]he court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Id.* at 1178–79 (internal quotation marks and citations omitted). The party seeking to seal a judicial record bears the burden of meeting the "compelling reasons" standard. *Id.* at 1178.

While the terms "dispositive" and "non-dispositive" motions are often used in this context, the Ninth Circuit has clarified that the "compelling reasons" standard applies whenever the motion at issue "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The "compelling reasons" standard applies here, where plaintiffs seek to file the Records in support of their oppositions to defendants' motions for summary judgment. *See id.* at 1098 ("[W]e applied the 'compelling reasons' standard to documents attached to a motion for summary judgment."). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might . . . become a vehicle for improper purposes,' such as the use of records to gratify private

3

spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Finally, as the court stated in its order denying plaintiffs' prior request to seal, "[t]he 'compelling reasons' standard is invoked even if the dispositive motion, or its attachments, were previously filed under seal *or protective order.*" *Id.* at 1178–79 (emphasis added).

## ANALYSIS

As noted in the order denying plaintiffs' prior request to seal, Local Rule 141(b) requires a party to "set forth the statutory or other authority for sealing" the documents at issue.

While plaintiffs have now provided the court with copies of the documents they seek to file under seal, plaintiffs still have not set forth in their notice any authority that would permit the court to seal the Records. Indeed, plaintiffs affirmatively express their belief that the Records should not be filed under seal. (Doc. No. 120 at 2.) Rather, plaintiffs state that defendant City of Vallejo designated the Records as confidential under California Penal Code § 832.7(a)[2] but

---

[2] California Penal Code § 832.7 states as follows in relevant part:

> (a) Except as provided in subdivision (b), the personnel records of peace officers . . . are confidential and shall not be disclosed in any criminal or civil proceeding except by discovery pursuant to Sections 1043 and 1046 of the Evidence Code. . . .
>
> (b) (1) Notwithstanding . . . any other law, the following peace officer or custodial officer personnel records . . . shall not be confidential . . . :
>
>> (A) A record relating to the report, investigation, or findings of any of the following: . . .
>>
>>> (ii) An incident involving the use of force against a person by a peace officer or custodial officer that resulted in death or in great bodily injury.

Cal. Pen. Code § 832.7. California Evidence Code § 1043 in turn states that "[i]n any case in which discovery or disclosure is sought of peace or custodial officer personnel records . . . the party seeking the discovery or disclosure shall file a written motion" containing affidavits "showing *good cause* for the discovery or disclosure sought . . . ." Cal. Evid. Code § 1043(a), (b) (emphasis added).

4

provide no argument as to whether § 832.7(a) applies to the Records, whether the Records fall under the exceptions outlined in § 832.7(b), whether a showing of good cause would render the Records subject to disclosure pursuant to California Evidence Code § 1043(b)(3), or any other seemingly relevant legal issue.  Most crucially, plaintiffs provide no argument as to how § 832.7 provides a "compelling reason" to seal the Records.  *Ctr. for Auto Safety*, 809 F.3d at 1098; *cf. O'Neil v. City & Cnty. of S.F.*, No. 17-cv-07190-JCS, 2021 WL 2914975, at *25 (N.D. Cal. July 12, 2021) ("Defendants move to seal the computer-aided dispatch ('CAD') log and dispatch audio recording from the day of the shooting, citing, among other justifications, privacy interests of individual officers . . . and California Penal Code section 832.7's exemption from otherwise-required disclosure when criminal proceedings are pending.  The state law doctrines on which Defendants rely do not clearly prohibit disclosure in the context of this federal court action.  Even if they purported to do so, it is not clear that—absent some showing of actual likely harm or other compelling reasons to seal—they could overcome the public's right of access to judicial proceedings, which is rooted in the First Amendment to the United States Constitution.").

Moreover, the court's December 16, 2020 protective order expressly states that "[t]he parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal." (Doc. No. 26 at 2.)  Section 12.3 of the protective order further states that "[i]f a Party's request to file Protected Material under seal pursuant to Civil Local Rule 141(b) is denied by the court, then the [sic] any Party may file the information in the public record pursuant to Civil Local Rule 141(e)(1) unless otherwise instructed by the court." (*Id.* at 12.)  It is unclear to the court why plaintiffs believed that the protective order necessitated a second request to seal the Records when the section of the protective order cited by plaintiffs appears to expressly state the opposite.

Here, the court will once again deny plaintiffs' request to seal.  The court will also direct defendants to either submit a request to seal the Records pursuant to Local Rule 141 or file a notice of non-opposition to the filing of the Records on the public docket by no later than June 27,

1  2025.  Defendants shall "set forth the statutory or other authority for sealing . . . and all other
2  relevant information" in any request to seal they may file.  *See* L.R. 141(b).  If defendants fail to
3  do so by June 27, 2025, the court authorizes plaintiffs to file the Records on the public docket.

## CONCLUSION

For the reasons explained above:

1. Plaintiffs' request to seal (Doc. No. 120) is denied, without prejudice;
2. Defendants are directed to either submit a request to seal the Records or file a notice of non-opposition to the filing of the Records on the public docket by June 27, 2025; and
3. If defendants fail to either submit a request to seal or file a notice of non-opposition by June 27, 2025 as directed above, the court authorizes plaintiffs to file the Records on the public docket.

IT IS SO ORDERED.

Dated:  **June 12, 2025**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

6