John J. Coyle
Daniel N. Purtell
Mark V. Maguire
McEldrew Purtell
123 South Broad Sreet
Suite 2250
Philadelphia, PA 19109
T. 215-545-8800
F. 215-545-8805
E. jcoyle@mceldrewpurtell.com

Carla M. Wirtschafter
Reed Smith LLP
1901 Avenue of the Stars
Suite 700
Los Angeles, CA 90067

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NEFTALI MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; NORA MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; MICHELLE MONTERROSA, individually; ASHLEY MONTERROSA, individually,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF VALLEJO, a municipal corporation; JARRETT TONN, individually, and, Vallejo police officers DOES 1-25, inclusive,<br><br>　　　　　Defendants. | Case No:　2:20-cv-01563-DAD-SCR<br><br>**MOTION TO REOPEN DISCOVERY AND AMEND THE SCHEDULING ORDER**<br><br>DATE:　September 15, 2025<br>TIME:　1:30 p.m.<br>CTRM:　4 |

Pursuant to Federal Rule of Civil Procedure 16(b), hereby moves to amend the scheduling order to reopen discovery for the purpose of discovery and depositions related to Defendant the City of Vallejo's practice of maintaining a separate cabinet of investigations and materials that are not produced in court proceedings, as well as for discovery and depositions related to any such materials related to Defendant Jarrett Tonn.

**FACTUAL AND PROCEDURAL BACKGROUND**

Unarmed Sean Monterrosa was shot in the back of the head by Vallejo police officer Jarrett Tonn as he ran away. There was no warning, no investigation, Tonn did not even take the time to discern whether Monterrosa was armed.

Tonn was riding in the backseat of an unmarked Vallejo PD truck as the vehicle approached a Walgreens pharmacy that was reportedly being looted. As the vehicle pulled into the parking lot, Tonn fired his silenced military style assault rifle from the back seat of the vehicle, between the officers in the front seat, through the windshield of his moving vehicle, striking Sean in the back of the head and killing him as he ran away. Monterrosa was unarmed and fleeing at the time he was killed.

Discovery in this matter is closed and dispositive motions have been fully briefed. Nonetheless, new evidence has come to light which necessitates the reopening of discovery for limited purposes. Previously conducted discovery revealed a municipality that had largely absconded its oversight and discipline obligations relating to officers. As laid out at length in Plaintiffs' response in opposition to the motion for summary judgment, the Vallejo police department had a history of ignoring misconduct and stomping out efforts at accountability. While large portions of discovery were dedicated to the department's oversight of officers – including Defendant Tonn – recently publicized deposition transcripts reveal that the full picture of Vallejo's misconduct may have been obscured in the discovery process in this case, as well as countless others.

On July 24, 2025, the ACLU of Northern California issued a letter to Vallejo City Council requesting an independent investigation into the City Attorney's Office. (*See* Ex. A.) Among

other allegations, the letter cited to deposition testimony of John Whitney in two matters which indicate that the Vallejo Police Department maintained a second cabinet that it referred to as informal resolutions. (*See* Ex. B: *Jenkins v. City of Vallejo, et al.*, Case No. 2:19-cv-01896 (TLN-SCR) (E.D. Cal.), Dep. Testimony of Whitney at 32:8-10, 33:23-34:16, 35:9-22.)  This second cabinet was kept separate from the *Pitchess* files that were turned over to civil litigants and criminal defendants who were entitled to them.

Undersigned counsel first became aware of the ACLU letter on July 31, 2025 and began investigating the allegations contained therein.  Counsel then conferred with clients and now files the instant Motion to Amend the Scheduling Order and Reopen Discovery.  Plaintiffs seek to reopen discovery for the limited purpose of discovery regarding allegations that the Vallejo PD intentionally withheld evidence of misconduct by officers from the civil and criminal judicial processes and to determine whether these materials contain any allegations of misconduct against Defendant Tonn.

## ARGUMENT

Under Federal Rule of Civil Procedure 16(b)(4), "a scheduling order may be modified only for good cause and with the judge's consent."  The good cause standard "primarily considers the diligence of the party seeking the amendment. *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1294 (9th Cir. 2000); *see also, Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) ("Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification… If that party was not diligent, the inquiry should end."). In the instant matter, Plaintiffs were diligent in conducting discovery and the basis for reopening discovery arises from under oath testimony that Vallejo had intentionally cabined off certain documents from discovery, both in this matter and as a matter of process in all litigation.

Here, Plaintiffs were diligent in conducting discovery.  They exchanged document requests and conducted 17 depositions including three corporate designee depositions.  Included in the topics for the corporate designee was testimony related to complaints of excessive force or

dishonesty for Detective Tonn. (*See* Ex. C: Dep. Trans. of Knight at 12:8- 19:15.)  Corporate Designee Knight explained that all complaints of excessive force or dishonesty were logged in IAPro and were maintained in a *Pitchess* log. (*Id.*)  A request was made for that log based on the representation that all incidents, investigations, and citizen's complaints were maintained in the log. (*Id.*)  However, in the *Jenkins* matter the testimony of John Whitney on May 13, 2025 – long after the close of discovery in this case - exposed that this representation was inaccurate.

Whitny testified he "learned of a filing cabinet that they referred to as informal resolutions and they weren't being included in the internal affairs folder." (Ex. B at 32:8-10.) Testimony further revealed that materials kept in this separate filing cabinet were not being disclosed in civil matters and were kept separate from the *Pitchess* files:

> Q. When you had mentioned the filing cabinet, the *Pitchess* cabinet, it's my understanding – let me know if this is also your understanding – Captain Jason Potts and maybe others had a separate distinct cabinet referred to as the *Pitchess* cabinet whereas there was a whole other system of claims and complaints and formal complaints and things that were never making it to court, that were never being turned over to civil plaintiffs and things like that. It's my understanding it went on like that for quite some time. Is that what you're talking about?
>
> A. Yes… Jason Potts, when he was a sergeant in internal affairs, actually showed me the cabinet where they kept everything, and it was separate from the cabinet that sat across from the admin and analyst Joni Brown, who worked in internal affairs at the time. Two separate cabinets."

(*Id.* At 33:23-34:16.)  Here, Plaintiffs have demonstrated that good cause exists for discovery to be reopened to ascertain whether Vallejo was intentionally covering up misconduct by officers by not producing complaints and other misconduct related materials, as well as whether any materials in this "separate cabinet" related to Defendant Tonn.

## **CONCLUSION**

Wherefore, for the reasons stated herein, Plaintiffs respectfully request that the Scheduling Order be amended and discovery reopened for the purpose of determining the extent of Vallejo's failure to produce relevant materials in criminal and civil actions, as well as whether all materials related to Defendant Tonn have been produced and to allow Plaintiffs to fully explore any relevant information that comes from this additional discovery.  Plaintiffs request the proposed order submitted herewith be adopted by the Court.

|   |   |
|---|---|
|   | Respectfully submitted, |
|   | /s/ John J. Coyle |
|   | John J. Coyle, Esq. |

Date: August 20, 2025

**CERTIFICATE OF SERVICE**

I certify that the foregoing Motion to Reopen Discovery and Amend the Scheduling Order was filed via the Court's electronic filing system and thereby served upon all parties of record.

/s/ John J. Coyle