**ACLU**
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION

Northern
California

**July 24, 2025**

Vallejo Mayor Andrea Sorce
<*Andrea.Sorce@cityofvallejo.net*>

Councilmember Peter Bregenzer
<*Peter.Bregenzer@cityofvallejo.net*>

Councilmember Helen-Marie Gordon
<*Helen-Marie.Gordon@cityofvallejo.net*>

Councilmember Tonia Lediju
<*Tonia.Lediju@cityofvallejo.net*>

Councilmember Alexander Matias
<*Alexander.Matias@cityofvallejo.net*>

Councilmember JR Matulac
<*JR.Matulac@cityofvallejo.net*>

Councilmember Charles Palmares
<*Charles.Palmares@cityofvallejo.net*>

*RE: Request for Independent Investigation Into the City Attorney's Office*

I write on behalf of the ACLU of Northern California to call for an independent investigation of the City Attorney's Office. We note that Mayor Andrea Sorce has similarly called for such an investigation. We specifically support an investigation into the various misconduct allegations against the City Attorney's Office concerning its handling of misconduct by officers of the Vallejo Police Department (hereinafter "VPD"). The allegations of misconduct by the City Attorney's Office are numerous, troubling, and come from a broad base including residents, City employees, advocacy organizations, other professionals, and media. If the allegations are found to be true, the conduct ultimately rises to willful misconduct, neglect of duties, and violations of the City Charter as well as potential civil and criminal violations. Failure to thoroughly and independently investigate these serious allegations will further erode public trust and may expose the City to liability. The City Attorney's Office cannot conduct the necessary investigation owing to an obvious conflict of interest, and the City Council is

**American Civil Liberties Union Foundation of Northern California**
FRESNO • SACRAMENTO • SAN FRANCISCO
39 Drumm St. San Francisco, CA 94111
TEL (415) 621-2493 • FAX (415) 255-1478 • TTY (415) 863-7832 • WWW.ACLUNC.ORG

accordingly empowered to commission an independent investigation on its own. It must do so now.

### i. The City Attorney Has Been Credibly Accused of Serious, Sustained Misconduct Throughout Her Tenure.

Numerous, credible sources have provided concerning evidence of serious misconduct by City Attorney Veronica Nebb and her staff, including (though not limited to) the following allegations:

- Destruction of records "encompass[ing] hundreds of pieces of physical and audiovisual evidence from six police shootings that occurred in 2012 and 2013";[1] a superior court *confirmed* this allegation and deemed it "illegal"[2]
- Maintenance of a shadow document management system for VPD records shielding extensive records of misconduct from public disclosure. VPD Captain John Whitney testified under oath that the VPD kept "[t]wo separate cabinets" related to complaints, investigations, and discipline regarding alleged police misconduct: a formal internal affairs file, which held records produced in criminal and civil matters pursuant to the *Pitchess* statutes, and a second "cabinet that they referred to as informal resolutions" from which records "were not being turned over" to civil litigants and criminal defendants who were entitled to them;[3] as a result of this shadow filing system, the City Attorney failed to turn over pertinent discovery in more than 150 criminal and civil cases. While the City Attorney's Office's specific knowledge of this fraudulent scheme is unknown, it requires investigation—particularly because there is evidence that the City Attorney worked to circumvent her obligation to disclose pertinent evidence in litigation by other means, including by attempting to manufacture attorney-client privilege, and destroying evidence of government tort claims against the City;[4] if the City Attorney was

---

[1] Laurence Du Sault and Geoffrey King, *Senior officials ordered destruction of Vallejo police shooting evidence*, Open Vallejo (Feb 5, 2023) <https://openvallejo.org/2023/02/05/vallejo-destroyed-evidence-of-police-killings/>.

[2] Geoffrey King, *Court rules Vallejo illegally destroyed evidence in police killings*, Open Vallejo (June 27, 2023) <https://openvallejo.org/2023/06/27/court-rules-vallejo-illegally-destroyed-evidence-in-police-killings/>.

[3] Deposition Transcript of Captain John Whitney (Exhibit 1 to Declaration of Melissa Nold in support of Motion to Extend Deposition Limits, *Jenkins v. City of Vallejo et al.*, Case No. 2:19-cv-01896 (TLN-SCR) (E.D. Cal), ECF No. 71-2) at pp. 32:8-10, 33:23-34:16, 35:9-22; *see also* Scott Morris, *Testimony describes systematic coverup of Vallejo police misconduct and culture of retaliation*, Vallejo Sun (June 19, 2025) <https://www.vallejosun.com/vallejo-police-coverup-john-whitney-ron-tabron-melissa-nold/>.

[4] Declaration of Melissa Nold in support of Motion to Extend Deposition Limits, *Jenkins v. City of Vallejo*, *supra*, ECF No. 71-1 at ¶ 13-15; Deposition Transcript of Captain John Whitney, *supra*, at pp. 89:24-90:7.

complicit in this shadow document management scheme, that would be outrageous misconduct, and how City governance responds will itself have significant consequences for liability

- Retaliation and/or failure to investigate allegations of misconduct within the VPD reported by current or former officers.[5] Former VPD officers and former VPD Captain Whitney have alleged retaliation in response to conduct including refusal to document reports of misconduct by fellow officers, to report unlawful practices within VPD, and to redress systemic delays in IA investigations;[6] former VPD Chief Williams alleges that City Attorney Nebb knew about racist threats he received while employed yet failed to disclose them to the public or to the California Department of Justice[7]
- Assisting in cover-ups for VPD hiring of officers with disqualifying personal and professional histories[8]
- Obstructing the civilian Police Oversight and Accountability Commission through delays in bargaining, introduction of amendments designed to weaken the Commission, and

---

[5] See, e.g. *Christina Lee v. City of Vallejo et. al*, Case No. CU25-01773 (Solano Super. Ct.), complaint available at <https://www.documentcloud.org/documents/25541367-christina-lee-v-vallejo/?ref=vallejosun.com>; Geoffrey King and Anna Bauman, *Vallejo deputy police chief leaves department effective immediately*, Open Vallejo (Mar. 27, 2024) <https://openvallejo.org/2024/03/27/vallejo-deputy-police-chief-leaves-department-effective-immediately/>; *Joseph Gomez v. City of Vallejo et al.*, Case No. CU25-03771 (Solano Super. Ct.), complaint available at <https://www.documentcloud.org/documents/25912966-joseph-gomez-v-city-of-vallejo/?ref=vallejosun.com>; Carlos Miller, *Black Police Chief mocked as 'Black Jesus' by fellow cops for stopping mostly white department from terrorizing residents forced to step down after threats from officers, lawsuit claims*, Atlanta Blackstar (Mar. 31, 2025) <https://atlantablackstar.com/2025/03/31/black-police-chief-mocked-as-black-jesus-by-fellow-cops-for-prioritizing-police-reform-forced-to-step-down-after-threats-from-cops-lawsuit-claims/>.

[6] Deposition Transcript of Captain John Whitney, *supra*, at pp. 24:3-25:15, 32:24-33:11, 70:21-71:19, 72:25-77:16, 78:11-79:15, 81:15-82:5, 127:5-17, 179:2-181:7, 201:6-16; *Joseph Gomez v. City of Vallejo et al.*, *supra*, Complaint at ¶¶ 9-10; Scott Morris, *Former Vallejo Spokesperson sues City, alleging retaliation for reporting unethical behavior*, Vallejo Sun (Feb. 21, 2025) <https://www.vallejosun.com/former-vallejo-spokesperson-sues-city-alleging-retaliation-for-reporting-unethical-behavior/>.

[7] Natalie Hanson, *Former Vallejo police chief received threats before resigning, lawsuit alleges*, Vallejo Sun (Mar. 25, 2025) <https://www.vallejosun.com/former-vallejo-police-chief-received-threats-before-resigning-lawsuit-alleges/>.

[8] Janis Mara, *Vallejo City Council takes a machete to proposed whistleblower policy*, Times Herald Online (May 15, 2025) <https://www.timesheraldonline.com/2025/05/15/vallejo-city-council-takes-a-machete-to-proposed-whistleblower-policy>; *see also* Scott Morris, *A cop's background check showed 'disqualifying' issues. Vallejo hired him anyway*, Vallejo Sun (July 8, 2025) <https://www.vallejosun.com/a-cops-background-check-showed-disqualifying-issues-vallejo-hired-him-anyway>; *see also* Morris, *Former Vallejo Spokesperson sues City*, *supra*.

American Civil Liberties Union Foundation of Northern California

FRESNO • SACRAMENTO • SAN FRANCISCO
39 Drumm St. San Francisco, CA 94111
TEL (415) 621-2493 • FAX (415) 255-1478 • TTY (415) 863-7832 • WWW.ACLUNC.ORG

improper collusion with the Vallejo Police Officer's Association, resulting in one Commissioner's resignation[9]

### ii. Allegations of Misconduct against the City Attorney Undermine Confidence in City Governance and Worsen an Existing Public Safety Crisis in Vallejo.

The above-listed allegations, among others, support an inference that the City Attorney is hiding evidence of police misconduct from the community. As such, they are profoundly damaging to the integrity of the City government:

> It is beyond dispute that the citizens of a city are entitled to a city attorney's office that unreservedly represents the city's best interests . . . Public perception that a city attorney and his deputies might be influenced by [improper considerations], at the expense of the best interests of the city, would insidiously undermine public confidence in the integrity of municipal government and its city attorney's office.[10]

Moreover, such allegations come amidst an ongoing, and worsening, crisis of faith in the VPD. The Vallejo community has long suffered extreme violence by officers of the VPD with neither accountability nor transparency.[11] Accumulating evidence that the City Attorney has conspired to conceal, allow, and thereby enable such police misconduct can only deepen public perception that its policing problems are intractable, and that its government is corrupted. Public safety is seriously imperiled when these sentiments take hold.[12] To uproot them, the City must investigate and expose wrongdoing as a first step towards accountability and renewal of trust.

---

[9] Anna Bauman & Matthew Brown, *Vallejo police commissioner resigns, questioning city's commitment to reforms*, Open Vallejo (Mar. 3, 2025) <https://openvallejo.org/2025/03/03/vallejo-police-commissioner-resigns-questioning-citys-commitment-to-reforms/>.

[10] *City and County of San Franisco v. Cobra Solutions, Inc.* (2006) 38 Cal.4th 839, 854.

[11] See, e.g., Scott Morris, *Body camera gives close up view of Vallejo officer punching woman*, Vallejo Sun (Dec. 7, 2023) <https://www.vallejosun.com/body-camera-gives-close-up-view-of-viral-vallejo-police-incident/>; Andre Torrez, *City of Vallejo to pay $5m lawsuit settlement to family of rapper killed by police, Willie McCoy*, KTVU FOX 2 (Jan. 10, 2024) <https://www.ktvu.com/news/city-of-vallejo-to-pay-5m-lawsuit-settlement-to-family-of-willie-mccoy>; Geoffrey King, *Vallejo police bend badges to mark fatal shootings*, Open Vallejo (July 28, 2020) <https://openvallejo.org/2020/07/28/vallejo-police-bend-badge-tips-to-mark-fatal-shootings/>; Plaintiffs' First Amended Complaint, *Jenkins v. City of Vallejo, supra*, ECF No. 35 at p. 4, available at <https://s3.documentcloud.org/documents/23692019/govuscourtscaed361561350.pdf> (complaint from victim Willie McCoy's relative alleging excessive force and abuse of force against VPD officers).

[12] *Pasadena Police Officers Assn. v. City of Pasadena* (1990) 51 Cal.3d 564, 568 ("To keep the peace and enforce the law, a police department needs the confidence and cooperation of the

### iii. The City Attorney Cannot Investigate or Oversee Investigation of Its Own Office Due to an Irremediable Conflict of Interest.

Conflict of interest rules are designed to "assure the attorney's absolute and undivided loyalty and commitment to the client and the protection of client confidences."[13] Under the Rules of Professional Conduct, "[a] lawyer shall not . . . represent a client if there is a significant risk the lawyer's representation of the client will be materially limited by . . . the lawyer's own interests."[14] The City Attorney must not only comply with these ethical rules as a practicing attorney, but indeed must exercise scrupulous vigilance in keeping with her role as a public servant: "Attorneys who head public law offices . . . possess such broad discretion that the public may justifiably demand that they exercise their duties consistent with the highest degree of integrity and impartiality, and with the appearance thereof."[15]

The City Attorney plainly has an irreconcilable conflict in regard to investigating allegations of misconduct in her own office. The credible allegations raised against her portend both professional and personal liabilities that compromise her duties of loyalty and truthfulness to the client, in this case, the City of Vallejo through its City Council. Accordingly, the City Attorney cannot be entrusted to investigate the serious allegations against her. That function must be assigned to outside, independent counsel.

### iv. City Council Has Authority to Commission an Independent Investigation of the City Attorney's Office.

The City Council may hire outside legal counsel to conduct an independent investigation into allegations against the City Attorney's Office. Under the Vallejo City Charter, "[t]he Council may appoint… special legal counsel . . . necessary for the handling of any pending or proposed litigation, proceeding, or other legal matter."[16] California courts have routinely interpreted similar charter provisions—dating as far back as 1859—to hold that local legislative bodies may procure "the employment of other counsel when it is impossible for the Attorney of

---

community it serves. Even if not criminal in nature, acts of a police officer that tend to impair the public's trust in its police department can be harmful to the department's efficiency and morale. Thus, when allegations of officer misconduct are raised, it is essential that the department conduct a prompt, thorough, and fair investigation. Nothing can more swiftly destroy the community's confidence in its police force than its perception that concerns raised about an officer's honesty or integrity will go unheeded or will lead only to a superficial investigation.").

[13] Mark L. Tuft et al., *Cal. Practice Guide: Professional Responsibility* (The Rutter Group 2019) ¶ 4:4, p. 4-4.

[14] Rules Prof. Conduct, rule 1.7, subd. (b).

[15] *Cobra Solutions*, *supra*, 38 Cal. 4th at p. 851 (citation and quotation marks omitted).

[16] Vallejo City Charter, article IV, § 401.

American Civil Liberties Union Foundation of Northern California
FRESNO • SACRAMENTO • SAN FRANCISCO
39 Drumm St. San Francisco, CA 94111
TEL (415) 621-2493 • FAX (415) 255-1478 • TTY (415) 863-7832 • WWW.ACLUNC.ORG

the city to discharge the required duty."[17] That the Vallejo City Charter created the position of City Attorney to perform the City's legal duties does not suggest otherwise—a city's creation of official positions by charter is not construed to limit the power of its legislative body to conduct municipal affairs in the public interest:

> While it is true that the charter provides for an independence of the various departments of the city in the performance of their respective duties, and while it is true that to the various commissions certain duties have been delegated, yet there is nothing . . . which suggests a limitation upon the powers of the board of supervisors to plan, study and legislate for civic betterment and improved conditions of municipal affairs.[18]

This is especially true in matters of investigation. As one court stated, "it would be passing strange if [the City Council] could have recourse to no other source of information than the person upon whose work they sit in judgment."[19] And as another court recognized, where "[t]he efficient performance of its duties would not permit the Council to accept as conclusive information" provided by a subordinate, appointed officer, "it is within the power of the Council to secure the contractual services of [an independent contractor] on an ad hoc basis."[20] Indeed, the City Attorney is subordinate to the Council: the Council is responsible for her appointment;[21] she "shall perform other duties as directed by the Council";[22] and she may be terminated by the Council at-will.[23] The City Attorney is, thus, no obstacle to the City Council's hiring of independent legal counsel to investigate the City Attorney's Office to promote the public good.

Finally, California statutory law is in complete accord. California Government Code authorizes local legislative bodies to "contract with any specially trained and experienced person, firm, or corporation for special services and advice in financial, economic, accounting, engineering, *legal*, or administrative matters."[24] Thus, State and local law both contemplate and specifically authorize the action contemplated by Mayor Sorce to determine the facts surrounding damaging allegations of misconduct by the City Attorney's Office.

The City must conduct a comprehensive, independent investigation into the City Attorney's Office. The investigation must be comprehensive, independent, and swiftly initiated, and it must cover the entire tenure of City Attorney Nebb. The integrity of the Vallejo City

---

[17] *Smith v. City of Sacramento* (1859) 13 Cal. 531, 533; *see also Rafael v. Boyle* (1916) 31 Cal.App. 623, 625 ("In general, unless forbidden by law, when necessity arises therefor and the interests of the municipal corporation require it, the employment of attorneys has usually been sanctioned.").

[18] *San Francisco v. Boyd* (1941) 17 Cal.2d 606, 617-618.

[19] *Maurer v. Weatherby* (1905) 1 Cal.App. 243, 245.

[20] *Hubbard v. City of San Diego* (1976) 55 Cal.App.3d 380, 389-90.

[21] Vallejo City Charter, article IV, § 401.

[22] *Id.*

[23] City Attorney Employment Contract, available at <https://vallejoca.hosted.civiclive.com/common/pages/GetFile.ashx?key=VDwdAbbC>.

[24] Gov. Code, § 37103 (italics added).

American Civil Liberties Union Foundation of Northern California
FRESNO • SACRAMENTO • SAN FRANCISCO
39 Drumm St. San Francisco, CA 94111
TEL (415) 621-2493 • FAX (415) 255-1478 • TTY (415) 863-7832 • WWW.ACLUNC.ORG

government and public safety in the community require nothing less. We support the Mayor's call for an independent investigation into the City Attorney's Office and urge the Council to order its commission by ordinance immediately.

Sincerely,

Allyssa Victory, Esq.
Senior Staff Attorney
Criminal Law & Immigration Program
ACLU of Northern California
avictory@aclunc.org