**VERONICA A.F. NEBB**
City Attorney, SBN 140001
**BY:  KATELYN M. KNIGHT**
Assistant City Attorney, SBN 264573
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, Third Floor
Vallejo, CA  94590
Tel:    (707) 648-4545
Email: katelyn.knight@cityofvallejo.net

Attorneys for Defendant CITY OF VALLEJO

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

NEFTALI MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; NORA MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; MICHELLE MONTERROSA, individually; ASHLEY MONTERROSA, individually,

    Plaintiffs,

v.

CITY OF VALLEJO, a municipal corporation; JARRETT TONN, individually, and, Vallejo police officers DOES 1-25, inclusive,

    Defendants.

Case No. 2:20-cv-01563-DAD-SCR

**DECLARATION OF KATELYN M. KNIGHT IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN DISCOVERY AND AMEND THE SCHEDULING ORDER**

**DATE:**    October 6, 2025
**TIME:**    1:30 p.m.
**CTRM:**    4

I, KATELYN M. KNIGHT, hereby declare and state:

1.    I am an attorney-at-law licensed to practice in the state of California.  I am an Assistant City Attorney in the Vallejo City Attorney's Office, and I am one of the attorneys responsible for handling the defense of this matter on behalf of the City of Vallejo.  I have personal knowledge of the matters set forth in this Declaration except where stated on information and belief.  I have personal knowledge of the facts stated below.  If I were to be called to testify under oath as a witness, I could and would competently testify on the matters stated.

2.    Attached hereto as Exhibit A is a true and correct copy of the FRCP 30(b)(6) deposition notice served by Plaintiffs in this action.  The parties were able to narrow down these topics somewhat through meet and confer efforts, a discovery motion, and agreements to provide documents and information in lieu of testimony on certain topics, but the FRCP 30(b)(6) depositions were nevertheless extensive and required production of three different individuals to cover all of the narrowed topics.

3.    Counsel for the parties met and conferred regarding this motion on August 25, 2025.  Plaintiffs' counsel indicated during the parties' meet and confer that they might seek to conduct additional depositions.

4.    In this case, Plaintiffs issued six sets of written discovery and eight subpoenas for business records, and conducted sixteen depositions.  Of those sixteen depositions, four were of percipient witnesses, four were experts, and the remaining eight were focused on *Monell* issues.  Those remaining eight depositions consisted of former Captain John Whitney, two former Chiefs of Police Andrew Bidou and Shawny Williams, former City Manager Greg Nyhoff, former Lieutenant Kent Tribble, and three additional witnesses produced pursuant to a FRCP 30(b)(6) notice.

5.    John Whitney's employment with the City of Vallejo was terminated on August 26, 2019.

6.    Since I began working for the City of Vallejo in January of 2018, my duties have included handling *Pitchess* motions and defending civil litigation.  For the duration of my employment, Inquiry Resolution files have been included in the records brought to *Pitchess* motions and have not been categorically excluded from discovery.  Inquiry Resolution files are subject to objection in civil discovery on relevance and privacy grounds and it is not unusual for the City to agree to produce responsive files limited only to certain topics, or in appropriate cases only those complaints that have resulted in a sustained finding.  Any objections and limitations are set forth in the City's written discovery responses.

7.    Attached hereto as Exhibit B is a true and correct copy of the City responses to Plaintiffs' requests for production of documents.

8.      Plaintiffs suggest that the IAPro log they were provided of incidents related to Officer Tonn may be incomplete based on Whitney's testimony.  (Motion at 4:1-6.)  That log was limited by agreement to incidents pertaining to use of force and veracity.  After receiving Plaintiffs' motion, I requested and re-reviewed the log of all complaints against Officer Tonn including all Inquiry Resolution files.  I confirmed that the log produced to Plaintiffs pursuant to the parties agreement does not omit any responsive entries.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 3rd day of September 2025, at Vallejo, California.


_____*/s/ Katelyn M. Knight*_____
KATELYN M. KNIGHT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

**IN THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF
CALIFORNIA**

| | |
|---|---|
| **NEFTALI MONTERROSA, et al.,** : | |
| : | |
| : | |
| **Plaintiffs,** : | |
| **v.** : | **Civil Action No. 2:20-cv-01563** |
| : | |
| **CITY OF VALLEJO, et al.,** : | |
| : | |
| **Defendants.** : | |

## NOTICE OF DEPOSITION OF 30B6 CORPORATE DESIGNEE(S)

## DIRECTED TO ALL DEFENDANTS

TO:     **DEFENDANT, CITY OF VALLEJO**

**CORPORATE REPRESENTATIVE(S)**

c/o     KATELYN M. KNIGHT
CITY OF VALLEJO, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA 94590
Katelyn.Knight@cityofvallejo.net

PLEASE TAKE NOTICE that on December 1st beginning at 10AM Pacific Time and continuing until completion, the Plaintiff by and through his attorneys, McEldrew Young, will take the zoom video deposition of the Corporate Representative(s) of Defendant, City of Vallejo (hereinafter referred to as "DEFENDANT" or "YOUR").

All parties and participants are to utilize zoom for the deposition. The deponent must utilize a computer or tablet large enough to view documents and is expressly prohibited from utilizing a handheld device and/or cellular phone.

If the deponent does not have sufficient internet service and/or computer access, Counsel for deponent is to notify Plaintiff's Counsel within five (5) days of the receipt of the present notice and Plaintiff will provide the necessary technology to complete the deposition.

All parties and/or participants are to practice sufficient social distancing to ensure that masks are not necessary. The Deponent will not wear a mask for the duration of the deposition.

You are to produce a complete copy, produced consistent with the underlying e-discovery protocol, of any/all responsive document, data and/or information reviewed in advance of the deposition, twenty-four (24) hours prior to the deposition.

The deposition will be conducted on **December 1, 2023** at **10:00 AM** and **will occur via Zoom videoconference with audio and video recording** through the services of Veritext Court Reporters. We also reserve the right to utilize picture-in-picture technology in which any exhibit reviewed by the deponent during the deposition can be captured visually. Should the deposition be recorded in either video format we reserve the right to utilize any portion of the audio or video recording of the proceeding at trial. In the event we utilize the stenographic reporting method, we reserve the right to utilize instant visual display such that the reporter's writing of the proceeding will be available to all who are a party to this proceeding to request and receive it in real-time.

The deposition shall be taken before a court reporter or other person authorized by law to administer oaths and be recorded by stenographic means, videotape, and/or Case Notebook. The deposition shall be taken for the purposes of discovery, for use in the present suit, and for any other purpose whatsoever permitted under the Federal Rules of Civil Procedure.

 **Videoconference information:** (To be provided upon designation and confirmed from defense counsel**)**

- Link:

- Dial-in:

- Meeting ID:

- Passcode:

**NOTICE IS FURTHER GIVEN** that we reserve the right to conduct this deposition utilizing a paperless exhibit display process through Veritext. However, no paper copies will be provided as they will be available for visual display using Veritext technology and stamped electronically. For information and or a demo please contact Veritext at scheduling@veritext.com.

**NOTICE IS FURTHER GIVEN** that we reserve the right to conduct this deposition utilizing the secure web-based deposition option afforded by Veritext or in the alternative video teleconferencing (VTC) services or telephonically only to provide remote/virtual access for those parties wishing to participate in the deposition via the internet and/or telephone. Also take notice that, the court reporter may also be remote via one of the options above for the purposes of

reporting the proceeding and may or may not be in the presence of the deponent. Please contact the noticing attorney at least three (3) calendar days prior to the deposition to advise that it is your desire to appear via this remote participating means so that the necessary credentials, call-in numbers, testing and information, if necessary, can be provided to you prior to the proceedings. In addition, we also reserve the right to utilize instant visual display technology such that the court reporter's writing of the proceeding will be displayed simultaneous to their writing of same on one's laptop, iPad, tablet or other type of display device connected to the court reporter.

Pursuant to F.R.C.P 30B5 and/or 30B6 the present Defendants, shall designate, sufficiently prepare, and present one or more officers, directors or managing agents or persons to provide binding testimony on its behalf regarding the below listed topics to determine the extent of Defendants corporate knowledge.

Furthermore, pursuant to F.R.C.P 30B5 and/or 30B6 at the time of deposition, Defendants are instructed to provide sequential bates-stamped copies of documents, consistent with the underlying e-discovery plan, in original format, color copies (where available), electronic version with electronica and/or meta data (where applicable), that are responsive to, will be referenced within, relied upon and/or invoked within the following topics of inquiry and subsequent testimony.

For any/all documents withheld due to privilege and/or peer review, Defendant is instructed to produce a compliant privilege log at the time of deposition. Additionally, without waiving objections to the respective privilege claims, any/all documents, material and/or information that are not subject to claim of privilege are to be produced twenty-four (24) hours prior to deposition.

Defendant is hereby instructed to identify, prepare and present the necessary witness(es) and produce any/all responsive non-privileged documents for the following topics, as described below with reasonable and sufficient particularity:

1. The concise officer history, IA Pro file, and/or force incident files for Defendant Tonn.

2. Any and all administrative investigations into Defendant Tonn.

3. The circumstances, investigation, administrative review, administrative determination, subsequent litigation and/or settlements related to the following incidents involving Defendant Tonn:

   a. November 17, 2014 force incident involving Anthony Felix.

    b.   November 4, 2018 force incident involving Jose Villalobos.

    c.   July 30, 2017 force incident involving Mychael Nelson.

    d.   March 6, 2019 force incident involving Tino Armstrong.

    e.   February 22, 2015 force incident involving Gerald Brown.

    f.   March 31, 2017 force incident involving Kevin DeCarlo.

    g.   July 8, 2017 force incident involving Victor Hurtado.

    h.   June 2, 2020 force incident involving Sean Monterrosa

4.   For Defendant Tonn, each prior citizen complaint, internal investigation, or personnel file entry reflecting in the ten years prior to June 2, 2020:

    a.   Any issue related to excessive or unreasonable force, including without limitation lethal force

    b.   Any issue related to reporting or to the officer's credibility or trustworthiness

5.   A person who can speak on behalf of the City who has direct and relevant knowledge of all documents, data and records relating to, from, or generated by any ECM (electronic control module), GPS, global positioning system, EDR, black box or event data recorder, any on-board recording device on-board computer, tachograph, trip monitor, trip recorder, trip master or other recording or tracking device on the grey Ford pickup truck with California license plates 6SFM345 that was used during the officer-involved shooting incident that took place on June 2, 2020.

6.   The VPD's current standards and the substance of the VPD's training for peace officers regarding each of the following subjects, as well as any differences in that standard training (if any) which the VPD published or advised in the ten years prior to June 2, 2020:

    a.   Use of deadly force

    b.   Use of force

    c.   De-escalation

    d.   On the air (radio) communication;

    e.   Body worn cameras

    f.   Badge bending or manipulation

    g.   Undercover operations

     h.  Imminent threat assessment

     i.  Furtive movement identification

     j.  Preserving evidence

7. The policies of the City of Vallejo regarding the following topics in the ten years prior to June 2, 2020:

     a.  Processing, auditing and maintaining evidence

     b.  Use of Force policies

     c.  Deadly Force Applications

     d.  De-Escalation

     e.  Policy #321.6 (Efficiency)

     f.  Policy #423.4 (Portable Audio/video Recorders).

     g.  Racial- or bias-based profiling, racial prejudice, or racial bias

     h.  Maintaining evidence

     i.  Internal Affairs investigations

     j.  Critical Incident reviews

8. The operations, processes, programs, review protocols, and audits of the City of Vallejo on the following topics:

     a.  Internal Affairs Investigations

     b.  Critical Incident Reviews

     c.  Disciplinary Action

     d.  Early warning systems for officers repeated uses of force

     e.  Early warning systems for officers repeated uses of deadly force

9. The City's policies regarding, and the identity of individuals responsible for maintaining, the collection and organization of any other electronic communication among VPD personnel, including communication by phone, work computer, home computer, text message, other electronic device, and/or social media in the ten years prior to June 2, 2020.

10. The extent to which VPD collected any information from the individual electronic devices of VPD personnel, including text messages, e-mail, social media information, and any other information relating to Sean Monterrosa.

11. A person who can speak on behalf of the City who has direct and relevant knowledge of any documents or data YOU have collected and/or analyzed and/or any research YOU have conducted regarding officer involved shootings in the ten years prior to June 2, 2020.

12. A person who can speak on behalf of the City who has direct and relevant knowledge of the timing of, factual basis for, the findings of, and communications pertaining to the compliance investigations and internal affairs investigations, of the following officer involved shootings:
    a. Angel Ramos
    b. Andrew Powell
    c. Willie McCoy
    d. Mario Romero
    e. Jared Huey

13. Any and all processes, procedures, policies, and/or programs wherein the VPD was informed of settlements reached by the City resolving lawsuits stemming from the use of force by police and any and all processes, procedures, policies, and/or programs of reviewing such incidents after settlement.

14. A person who can speak on behalf of the City who has direct and relevant knowledge of the Collaborative Reform Agreement entered into by the Vallejo Police Department and the California Department of Justice.

15. A person who can speak on behalf of the City who has direct and relevant knowledge of the Stipulated Judgment entered into by the Vallejo Police Department and the California Department of Justice.

16. A person who can speak on behalf of the City who has direct and relevant knowledge of the evaluation, assessment, review, or reform of the critical incident review and/or the critical

incident review board as well as any differences in the operation of the critical incident review and/or the critical incident review board (if any) which the VPD published or advised in the ten years prior to June 2, 2020.

17. A person who can speak on behalf of the City who has direct and relevant knowledge of VPD's policy on how supervisors review arrest and use of force reports and how and when they recommend remedial or corrective measures in the ten years prior to June 2, 2020.

18. A person who can speak on behalf of the City who has direct and relevant knowledge of any data YOU are aware of as of the date of this Notice that the VPD has previously collected and/or analyzed, and/or any research the VPD has conducted including the resulting documents regarding the categorization and investigation of complaints in the ten years prior to June 2, 2020:

    a. Inquiry resolution

    b. Mis-categorization of formal complaints

    c. Checks and balances to ensure compliance with Internal Affairs or Administrative investigation process

19. A person who can speak on behalf of the City who has direct and relevant knowledge of the oversight and accountability structures in place at the VPD at the time of the incident in this case and in the in the ten years prior to June 2, 2020 to address the following concerns included in the May 2020 OIR Group Report:

    a. The City's risk management crisis

    b. Higher insurance premiums

    c. Negative claim trends

    d. The "siege mentality" of the VPD

    e. Officer performance

    f. The VPD's internal assessments

    g. Compliance in policy and training

20. A person who can speak on behalf of the City who has direct and relevant knowledge of insurance claims paid out in the ten years prior to June 2, 2020 by YOUR insurers that involved/related to the VPD including:

    a.  Payment amounts

    b.  Dates of payments

    c.  Factual allegations

    d.  Claim investigations

    e.  Premium increases and justifications by insurer

21. The timeline and details of the City's knowledge of and investigation into badge bending, including but not limited to receipts for replacement or repaired badges, emails and communications regarding badge bending, information sharing between the VPD and city council regarding badge bending.

22. A person who can speak on behalf of the City who has direct and relevant knowledge of the Administrative Investigation into "Badge Bending Allegation[s]" completed by R. Giordano Consulting and Investigations, LLC, including:

    a.  The retention and selection of R. Giordano Consulting and Investigations, LLC

    b.  Communications between Chief Williams and Christine Maloney and Chief Williams and R. Giordano Consulting and Investigations, LLC between the following drafts: 7/25/21, 8/11/21, 8/28/21, 9/8/21

    c.  The communications, advice and voicemail referenced on GIORDANO 002009

    d.  And any all edits made by, suggested by or ordered by YOU including but not limited to Chief Williams and Christine Maloney

    e.  Revisions made to: GIORDANO 000157, GIORDANO 001796, GIORDANO 001962, GIORDANO 001642

    f.  The decision to rewrite sections involving Kyle Wylie significantly including removing dates from later drafts that identified when the badge bending happened.

    g.  References to Ryan McMahon and Terry Poser

23. A person who can speak on behalf of the City who has direct and relevant knowledge of the collective bargaining agreement with the VPOA in force during the years 2019-2021, as well

as any differences in that agreement (if any) which YOU published or advised in the ten years prior to June 2, 2020.

24. A person who can speak on behalf of the City who has direct and relevant knowledge of the basis for any changes made to the collective bargaining agreement with the VPOA in force during the years 2019-2021.

25. A person who can speak on behalf of the City who has direct and relevant knowledge of whether the Vallejo Police Officer's Association president or counsel had any input, oversight, commentary, requirements, grievances, demands or control over practices relating to quality assurance, quality assessment, or quality improvement, and/or analysis of policies, procedures, guidelines, recommendations, practices, and training that is disseminated regarding each of the following in the ten years prior to June 2, 2020.:
    a.  Recruitment and hiring
    b.  Training
    c.  Usage of body cameras
    d.  Any issue related to failure to intervene or supervise
    e.  Officer discipline
    f.  Any issue related to racial bias, profiling, or prejudice

26. A person who can speak on behalf of the City who has direct and relevant knowledge of the basis for the termination of John Whitney, including without limitation:

    a.  The basis for the termination
    b.  Terms of the termination
    c.  The factual basis and reasons for his termination
    d.  The identity of all persons involved in his termination
    e.  The timing of his termination

27. A person who can speak on behalf of the City who has direct and relevant knowledge of the resignation of Shawney Williams, including without limitation:

    a.  The basis for the resignation

      b.  Terms of the resignation

      c.  The factual basis and reasons for his resignation

      d.  The identity of all persons involved in his resignation

      e.  The timing of his resignation

28. A person who can speak on behalf of the City who has direct and relevant knowledge of policies requiring officers to be aware, report, recognize, and prevent abuse of police power if it occurs in their presence (i.e. Reporting on the misconduct of colleagues including policies implemented in the ten years prior to June 2, 2020 by the City to protect whistleblower/reporting officer).

Respectfully submitted,

**MCELDREW PURTELL**

/s/ John J. Coyle
John J. Coyle, Esq.
Mark V. Maguire, Esq.
Amanda Jonas Lorentson, Esq.
123 South Broad Street
Suite 2250
Philadelphia, PA 19109
215-545-8800
jcoyle@mceldrewpurtell.com
mmaguire@mceldrewpurtell.com
alorentson@mceldrewpurtell.com

**REED SMITH LLP**
Carla Wirtschafter, Esq.
1901 Avenue of the Stars, Suite 700 Los Angeles, CA 90067
310-734-5253
cwirtschafter@reedsmith.com

Dated: November 20, 2023

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

**VERONICA A.F. NEBB**
City Attorney, SBN 140001
BY:    **MEERA BHATT**
Assistant City Attorney, SBN 259203
**KATELYN M. KNIGHT**
Assistant City Attorney, SBN 264573
**FARRAH HUSSEIN**
Deputy City Attorney, SBN 305726
**CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
Vallejo, CA  94590
Tel:    (707) 648-4545
Fax:    (707) 648-4687
Email: Meera.Bhatt@cityofvallejo.net
Katelyn.Knight@cityofvallejo.net
Farrah.Hussein@cityofvallejo.net

Attorneys for Defendants CITY OF VALLEJO and JARRETT TONN

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NEFTALI MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; NORA MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; MICHELLE MONTERROSA, individually; ASHLEY MONTERROSA, individually, <br><br> Plaintiff, <br><br> vs. <br><br> CITY OF VALLEJO, a municipal corporation; JARRETT TONN, individually, and, Vallejo police officers DOES 1-25, inclusive, <br><br> Defendants. | Case No.  2:20-cv-01563-TLN-DB <br><br> **DEFENDANTS' RESPONSES TO REQUEST FOR PRODUCTION (SET ONE)** |

PROPOUNDING PARTY:    Plaintiffs NEFTALI MONTERROSA, et al.

RESPONDING PARTY:    Defendant, CITY OF VALLEJO

Case No. 2:20-cv-01563-TLN-DB    DEFENDANTS' RESPONSES TO REQUEST FOR PRODUCTION (SET ONE)

-1-

SET NUMBER:                ONE

**REQUEST FOR PRODUCTION NO. 1:**

All documents identified in Defendant CITY's Initial Disclosure designations.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection is hereby made that this request seeks material that is subject to the Official Information Privilege and are confidential and sensitive, the release of which impacts the privacy rights of third parties and official functions of the police department.  *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) and followed in *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990).  Further objection is made on the grounds that the records requested are the subject of an ongoing criminal investigation.  Further objection is made that the City is unable to release physical evidence seized under warrant pursuant to California Penal Code § 1536.

Without waiving these objections, the City will produce all responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation.  Additionally, the Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the involved officer's physical safety.

**REQUEST FOR PRODUCTION NO. 2:**

The complete Officer Involved Shooting ("OIS") investigation into the subject incident giving rise to the instant lawsuit.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection is hereby made that this request is vague and ambiguous as to the phrase "OIS investigation" and seeks material that is subject to the Official Information Privilege and are confidential and sensitive, the release of which impacts the privacy rights of third parties and

official functions of the police department. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) and followed in *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990).

Without waiving these objections, the City will produce all responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation. Additionally, the Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the involved officer's physical safety.

## REQUEST FOR PRODUCTION NO. 3:

Copy of any and all memorandum, reports or other writings relating to any investigation into the incident that gave rise to this lawsuit.

## RESPONSE TO INTERROGATORY NO. 3:

Objection is hereby made that this request seeks material that is subject to the Official Information Privilege and are confidential and sensitive, the release of which impacts the privacy rights of third parties and official functions of the police department. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987) and followed in *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990). Further objection is made on the basis that this request seeks material that is subject to the attorney-client and attorney-work product privilege and seeks information that would invade the right of privacy.

Without waiving these objections, the City will produce all non-privileged responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation. Additionally, the Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the

1  involved officer's physical safety.

2  **REQUEST FOR PRODUCTION NO. 4:**

3      Any and all job applications pertaining to Defendant Officer JARRETT TONN

4  ("TONN").

5  **RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

6      Objection is hereby made that this request seeks materials that are protected by the

7  constitutional right of privacy and on the grounds that police officers in particular have a

8  recognized expectation of privacy as to personnel files. *Denver Policemen's Protective Ass'n v.*

9  *Lichtenstein*, 660 F.2d 432 (10th Cir. 1981). *See also* declaration of Lt. Knight served herewith.

10 Further objection is made on the grounds that this request seeks material that is not relevant to

11 this lawsuit.

12 **REQUEST FOR PRODUCTION NO. 5:**

13     Any and all psychological tests of Defendant Officer TONN.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

15     Objection is made that this request is vague ambiguous as to the phrase "psychological,"

16 overbroad and seeks information outside the scope of permissible discovery.  Further, this

17 request seeks information protected by the constitutional right of privacy and Official

18 Information Privilege as disclosure of the requested documents would interfere with the

19 operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police

20 Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of*

21 *Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et

22 seq.  *See also* declaration of Lt. Knight served herewith.

23 **REQUEST FOR PRODUCTION NO. 6:**

24     Any and all alcohol and toxicological test results of Defendant Officer TONN.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

26     Objection is made that this request is overbroad and seeks information outside the scope

27 of permissible discovery.  Further, this request seeks information protected by the constitutional

28 right of privacy and Official Information Privilege as disclosure of the requested documents

---

**Case No. 2:20-cv-01563-TLN-DB**

**DEFENDANTS' RESPONSES TO REQUEST FOR PRODUCTION (SET ONE)**

1  would interfere with the operations of the Vallejo Police Department and invade the right to

2  privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal.

3  1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7;

4  Cal. Evid. Code § 1043 et seq.  *See also* declaration of Lt. Knight served herewith.

5      Without waiving these objections, responding party does not have any records responsive

6  to this request.

7  **REQUEST FOR PRODUCTION NO. 7:**

8      Any and all vision tests pertaining to Defendant Officer TONN.

9  **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

10     Objection is made that this request is vague, ambiguous, overbroad and seeks information

11 outside the scope of permissible discovery.  Further, this request seeks information protected by

12 the constitutional right of privacy and Official Information Privilege as disclosure of the

13 requested documents would interfere with the operations of the Vallejo Police Department and

14 invade the right to privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D.

15 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen.

16 Code § 832.7; Cal. Evid. Code § 1043 et seq.

17     Without waiving these objections, responding party does not possess any records

18 responsive to this Request.

19 **REQUEST FOR PRODUCTION NO. 8:**

20     Any and all shooting qualification results pertaining to Defendant Officer TONN.

21 **RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

22     Objection is made that this request is overbroad and seeks information outside the scope

23 of permissible discovery.  Further, this request seeks information protected by the constitutional

24 right of privacy and Official Information Privilege as disclosure of the requested documents

25 would interfere with the operations of the Vallejo Police Department and invade the right to

26 privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal.

27 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7;

28 Cal. Evid. Code § 1043 et seq.

1    Without waiving these objections, responding party will produce all requested records

2    subject to a protective order.

3    **REQUEST FOR PRODUCTION NO. 9:**

4    Any and all documents containing background history relating to Defendant Officer

5    TONN.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

7    Objection is made that this request is vague and ambiguous as to the phrase "background

8    history". The request is also overbroad and seeks information outside the scope of permissible

9    discovery. Further, to the extent the term "background history" is intended to mean records

10   related to a background investigation, this request seeks information protected by the

11   constitutional right of privacy and Official Information Privilege as disclosure of the requested

12   documents would interfere with the operations of the Vallejo Police Department and invade the

13   right to privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D.

14   Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code §

15   832.7; Cal. Evid. Code § 1043 et seq. *See also* declaration of Lt. Knight served herewith.

16   Further objection is made on the grounds that police officers in particular have a recognized

17   expectation of privacy as to personnel files.

18   **REQUEST FOR PRODUCTION NO. 10:**

19   Any and all documents, reports, or memorandum, relating to prior allegations against

20   Defendant Officer TONN of excessive force, dishonesty, perjury, fabrication, and/or falsifying

21   evidence, police reports, and/or court affidavits.

22   **RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

23   Objection is made that this request is overbroad, seeks materials not relevant to the

24   instant lawsuit, and seeks information outside the scope of permissible discovery in that it

25   arguably calls for all documents related to prior and pending litigated files. Further, this request

26   seeks information protected by the constitutional right of privacy and Official Information

27   Privilege as disclosure of the requested documents would interfere with the operations of the

28   Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See Kelly v.*

1  *City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677

2  (E.D. Cal. 1990); Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  *See also* declaration of

3  Lt. Knight served herewith.

4       Without waiving these objections, the City will produce any citizen complaints, inquiry

5  resolutions, and internal affairs or other administrative investigations involving allegations of

6  excessive force, dishonesty, perjury, fabrication, and/or falsifying evidence, police reports,

7  and/or court affidavits.

8  **REQUEST FOR PRODUCTION NO. 11:**

9       The complete investigative file, including, but not limited to, conclusions as to whether

10  the shooting was within Vallejo Police Department policy, pertaining to Defendant TONN's

11  2015 Officer Involved Shooting of Gerald Brown.

12  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

13       Objection is made that this request seeks materials that are not relevant to the instant

14  lawsuit.  Further objection is made on the basis that it is more convenient, less burdensome, and

15  less expensive for Plaintiffs to obtain the documents sought from some other source. See Fed. R.

16  Civ. P. 26(b)(2)(i).

17       Without waiving these objections, the requested materials are available online at:

18  https://vallejopd.net/common/pages/DisplayFile.aspx?itemId=17037238 .

19  **REQUEST FOR PRODUCTION NO. 12:**

20       The complete investigative file, including, but not limited to, conclusions as to whether

21  the shooting was within Vallejo Police Department policy, pertaining to Defendant TONN's

22  2017 Officer Involved Shooting of Kevin DeCarlo.

23  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

24       Objection is made that this request seeks materials that are not relevant to the instant

25  lawsuit.  Further objection is made on the basis that it is more convenient, less burdensome, and

26  less expensive for Plaintiffs to obtain the documents sought from some other source. See Fed. R.

27  Civ. P. 26(b)(2)(i).  Further objection is made that the requested records pertain to an ongoing

28  lawsuit against the City of Vallejo and Officer Tonn.

1    Without waiving these objections, the requested materials are available online at:

2    https://vallejopd.net/common/pages/DisplayFile.aspx?itemId=17037368 .

3    **REQUEST FOR PRODUCTION NO. 13:**

4    The complete investigative file, including, but not limited to, conclusions as to whether

5    the shooting was within Vallejo Police Department policy, pertaining to Defendant TONN's

6    2017 Officer Involved Shooting of Victor Hurtado.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

8    Objection is made that this request seeks materials that are not relevant to the instant

9    lawsuit. Further objection is made on the basis that it is more convenient, less burdensome, and

10   less expensive for Plaintiffs to obtain the documents sought from some other source. See Fed. R.

11   Civ. P. 26(b)(2)(i).

12   Without waiving these objections, the requested materials are available online at:

13   https://vallejopd.net/common/pages/DisplayFile.aspx?itemId=17037145 .

14   See also  https://vallejopd.net/public_information/codes_policies/penal_codes September

15   2, 2020 release, Case No. 17-08723

16   **REQUEST FOR PRODUCTION NO. 14:**

17   The complete investigative file, including, but not limited to, conclusions as to whether

18   the use of force was within Vallejo Police Department policy, pertaining to Defendant TONN's

19   2018 use of force against Robert Strong.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

21   Objection is made that this request seeks materials that are not relevant to the instant

22   lawsuit in that the incident involving Robert Strong did not involve discharge of a firearm or

23   allegations of any conduct similar to that alleged in the present action.

24   **REQUEST FOR PRODUCTION NO. 15:**

25   Any and all documents, reports, or records of contacts prior to the subject-incident

26   between Defendant Officer TONN and Decedent SEAN MONTERROSA.

27   **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

28   Responding party has no responsive records in its possession.

Case No. 2:20-cv-01563-TLN-DB                          **DEFENDANTS' RESPONSES TO**
                                                       **REQUEST FOR PRODUCTION (SET**
                                                       **ONE)**

-8-

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents, reports, or records of contacts between any VALLEJO police officer and any plaintiff in the instant-action, including Plaintiffs NEFTALI MONTERROSA, NORA MONTERROSA, MICHELLE MONTERROSA, and ASHLEY MONTERROSA, whether individually or in any combination thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Objection is made on the grounds that the records requested are the subject of an ongoing criminal investigation.

Without waiving this objection, the City will produce all responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation. The City has no records of police contacts with any plaintiff prior to the subject incident.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all documents, reports, or records of contacts prior to the subject-incident between any Vallejo Police Officer and Decedent SEAN MONTERROSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Responding party has no responsive records in its possession.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all training records pertaining to Defendant Officer TONN regarding use of lethal force.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Objection is made that this request seeks information protected by the constitutional right of privacy and also seeks tactically sensitive information whose release would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. *See also* declaration of Lt. Knight served herewith.

Without waiving these objections, responding party will produce responsive records in its possession under a protective order.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all training records pertaining to Defendant Officer TONN regarding firing a gun from inside a moving vehicle.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Objection is made that this request seeks information protected by the constitutional right of privacy and also seeks tactically sensitive information whose release would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. *See also* declaration of Lt. Knight served herewith.

Without waiving these objections, responding party will produce responsive records in its possession under a protective order.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all training records pertaining to Defendant Officer TONN regarding responding to a public disturbance involving looting and vandalism.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Objection is made on the grounds that this request is vague and ambiguous as to the phrase "public disturbance."  Objection is further made that this request seeks information protected by the constitutional right of privacy and also seeks tactically sensitive information whose release would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.   *See also* declaration of Lt. Knight served herewith.

Without waiving these objections, responding party will produce responsive records in its possession under a protective order.

**REQUEST FOR PRODUCTION NO. 21:**

Case No. 2:20-cv-01563-TLN-DB

DEFENDANTS' RESPONSES TO
REQUEST FOR PRODUCTION (SET
ONE)

1    Any and all training records pertaining to Defendant Officer TONN regarding responding

2    to a riot.

3    **RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

4    Objection is made on the grounds that this request is vague and ambiguous as to the

5    phrase "riot."   Objection is further made that this request seeks information protected by the

6    constitutional right of privacy and also seeks tactically sensitive information whose release

7    would interfere with the operations of the Vallejo Police Department and invade the right to

8    privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal.

9    1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7;

10   Cal. Evid. Code § 1043 et seq.   *See also* declaration of Lt. Knight served herewith.

11   Without waiving these objections, responding party will produce responsive records in its

12   possession under a protective order.

13   **REQUEST FOR PRODUCTION NO. 22:**

14   Any and all statements, whether written or recorded in any manner, made by Defendant

15   Officer TONN pertaining to the subject incident.

16   **RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

17   Objection is made on the grounds that the records requested are the subject of an ongoing

18   criminal investigation.   Further objection is made on the grounds that this request seeks

19   information protected from disclosure under attorney client privilege and the work product

20   doctrine.

21   Without waiving these objections, the City will produce all non-privileged responsive

22   documents in its custody, possession or control subject to a protective order, as the criminal

23   investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of

24   the pending investigation.  Additionally, the Hon. E. Bradley Nelson of the Solano County

25   Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the

26   identity of the involved officer based on a finding that there was specific, articulable

27   particularized reasons to believe disclosure of the record would pose a significant danger to the

28   involved officer's physical safety.

Case No. 2:20-cv-01563-TLN-DB                    **DEFENDANTS' RESPONSES TO**
                                                 **REQUEST FOR PRODUCTION (SET**
                                                 **ONE)**

**REQUEST FOR PRODUCTION NO. 23:**

Any and all statements, whether written or recorded in any manner, made by any officer or agent of the VALLEJO Police Department pertaining to the subject-incident or the VALLEJO Police Department response to the subject-incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Objection is made that this request is grossly overbroad and outside the scope of discovery in that it is not time-limited or limited to statements made in connection with the investigation or to the press or general public. Further objection is made on the grounds that the records requested are the subject of an ongoing criminal investigation. Further objection is made on the grounds that this request seeks information protected from disclosure under attorney client privilege and the work product doctrine.

Without waiving these objections, the City will produce records of all non-privileged responsive documents in its custody, possession or control containing statements made at the scene of the incident, documented as part of the criminal file, and press releases, subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation. Additionally, the Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the involved officer's physical safety.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all statements, whether written or recorded in any manner, made by any purported witness to the subject-incident shooting of Decedent SEAN MONTERROSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Objection is made on the grounds that the records requested are the subject of an ongoing criminal investigation. Further objection is made on the grounds that this request seeks information protected from disclosure under attorney client privilege and the work product doctrine.

Case No. 2:20-cv-01563-TLN-DB

DEFENDANTS' RESPONSES TO REQUEST FOR PRODUCTION (SET ONE)

Without waiving these objections, the City will produce all non-privileged responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation. Additionally, the Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the involved officer's physical safety.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all memorandum and records relating to discipline against Defendant Officer TONN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

Objection is made on the grounds that this request is overbroad, seeks information outside the scope of permissible discovery, and seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. Further objection is made on the grounds that this request seeks information protected from disclosure under attorney client privilege and the work product doctrine.

Without waiving these objections, responding party does not possess any records responsive to this Request.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all notes, recordings, or any other written or recorded matter pertaining to the subject incident and/or evaluation of the subject incident regarding Defendant TONN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection is made on the grounds that this request is overbroad, seeks information outside the scope of permissible discovery, and seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  Further objection is made on the grounds that police officers in particular have a recognized expectation of privacy as to personnel files.  Moreover, objection is made on the grounds that this request seeks information protected from disclosure under attorney-client privilege and the work product doctrine.

Without waiving these objections, the City will produce all non-privileged responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation.  Additionally, the Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the involved officer's physical safety.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all notes, recordings, or any other written or recorded matter pertaining to the subject incident and/or evaluation of the subject incident regarding Defendant TONN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

Objection is made on the grounds that this request is overbroad, seeks information outside the scope of permissible discovery, and seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7;

Cal. Evid. Code § 1043 et seq.  Further objection is made on the grounds that police officers in particular have a recognized expectation of privacy as to personnel files.  Moreover, objection is made on the grounds that this request seeks information protected from disclosure under attorney-client privilege and the work product doctrine.

Without waiving these objections, the City will produce all non-privileged responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation.  Additionally, the Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the involved officer's physical safety.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all notes, recordings, or any other written or recorded matter pertaining to the subject incident and/or evaluation of the subject incident made by Defendant TONN.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 27:**

See response to Request No. 26.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all notes, recordings, or any other written or recorded matter pertaining to the subject incident and/or evaluation of the subject incident by any officer or agent of VALLEJO Police Department.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

Objection is made on the grounds that this request is overbroad, seeks information outside the scope of permissible discovery, and seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7;

Cal. Evid. Code § 1043 et seq. Further objection is made on the grounds that police officers in particular have a recognized expectation of privacy as to personnel files. Moreover, objection is made on the grounds that this request seeks information protected from disclosure under attorney-client privilege and the work product doctrine.

Without waiving these objections, the City will produce all non-privileged responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation. Additionally, the Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the involved officer's physical safety.

**REQUEST FOR PRODUCTION NO. 29:**

A copy of the Coroner's report and investigation pertaining to Decedent SEAN MONTERROSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

The City will produce all responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation.

**REQUEST FOR PRODUCTION NO. 30:**

All forensic reports pertaining to any and all weapons found at the scene of the subject incident shooting of Decedent SEAN MONTERROSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

The City will produce all responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation.

**REQUEST FOR PRODUCTION NO. 31:**

All reports and photographs purporting to identify the location of evidence found at the

1    scene of the subject-incident shooting.

2    **RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

3           The City will produce all responsive documents in its custody, possession or control

4    subject to a protective order, as the criminal investigation in this matter is ongoing and public

5    disclosure is likely to jeopardize the integrity of the pending investigation.

6    **REQUEST FOR PRODUCTION NO. 32:**

7           All records of each incident, from the time period of five years preceding the subject-

8    incident to the present in which Defendant TONN either withdrew or discharged his firearm,

9    other than in training.

10   **RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

11          Objection is made on the grounds that this request is vague and ambiguous as to the term

12   "withdrew".  Objection is further made on the grounds that the request is overbroad and seeks

13   information outside the scope of discovery.

14          Without waiving these objections, records related to incidents where Officer Tonn

15   discharged his firearm at a person within the last five years have been publicly released under SB

16   1421 and may be accessed here:

17          https://vallejopd.net/common/pages/DisplayFile.aspx?itemId=17037368

18          https://vallejopd.net/common/pages/DisplayFile.aspx?itemId=17037145

19          https://vallejopd.net/common/pages/DisplayFile.aspx?itemId=17037319

20          https://vallejopd.net/common/pages/DisplayFile.aspx?itemId=17036365

21          https://vallejopd.net/common/pages/DisplayFile.aspx?itemId=17036337

22          https://vallejopd.net/common/pages/DisplayFile.aspx?itemId=17036328

23          https://vallejopd.net/common/pages/DisplayFile.aspx?itemId=17036306

24          https://vallejopd.net/common/pages/DisplayFile.aspx?itemId=17036304

25   **REQUEST FOR PRODUCTION NO. 33:**

26          Any and all emails made by or sent to Defendant TONN through his VALLEJO Police

27   Department email address that reference in any way the subject-incident shooting of Decedent

28   SEAN MONTERROSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

Objection is made on the grounds that this request is overbroad, seeks information outside the scope of permissible discovery, and seeks information protected by the constitutional right of privacy and Official Information Privilege.  Further objection is made on the grounds that this request seeks information protected from disclosure under attorney client privilege and the work product doctrine.

Without waiving these objections, the City will produce all non-privileged responsive documents in its custody, possession or control, forwarded copies of e-mails with no text added omitted.

**REQUEST FOR PRODUCTION NO. 34:**

Any and all emails made by or sent to Defendant TONN through his VALLEJO Police Department email address that reference in any Officer-Involved Shooting, whether involving himself, another Vallejo police officer, or another law enforcement agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

Responding party objects that the request is vague and ambiguous in that it seeks e-mails "that reference in any Officer-Involved Shooting." Further objection is made on the grounds of relevance as it pertains to shootings other than the underlying incident, which responsive records are being produced in response to Request No. 34. Further objection is made on the grounds that this request is grossly overbroad in that it is not time-limited, seeks information that is outside the scope of permissible discovery, and seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq.  Further objection is made on the grounds that this request seeks information protected from disclosure under attorney client privilege and the work product doctrine.

**REQUEST FOR PRODUCTION NO. 35:**

Any and all records documenting any action taken by VALLEJO Police Department pertaining to investigation of and/or evaluation of the subject-incident shooting.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Objection is made on the grounds of relevance. Further objection is made on the grounds that this request is overbroad, seeks information that is outside the scope of permissible discovery, and seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would interfere with the operations of the Vallejo Police Department and invade the right to privacy of Vallejo Police Officers. *See Kelly v. City of San Jos*e, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Gov't Code § 6254; Cal. Pen. Code § 832.7; Cal. Evid. Code § 1043 et seq. Further objection is made on the grounds that this request seeks information protected from disclosure under attorney client privilege and the work product doctrine.

Without waiving these objections, the City will produce all non-privileged responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation. Additionally, the Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the involved officer's physical safety. Upon its completion, the City is willing to produce the administrative investigation file in his matter subject to a protective order.

**REQUEST FOR PRODUCTION NO. 36:**

All video recordings of the subject-incident.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

The City will produce all responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation. Additionally, the

1
2
3
4

Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the involved officer's physical safety.

5

**REQUEST FOR PRODUCTION NO. 37:**

6

All audio recordings of the subject-incident.

7

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

8
9
10
11
12
13
14

The City will produce all responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation.  Additionally, the Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the involved officer's physical safety.

15

**REQUEST FOR PRODUCTION NO. 38:**

16

All dispatch recordings pertaining to the subject-incident.

17

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

18
19
20
21
22
23
24

The City will produce all responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation.  Additionally, the Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the involved officer's physical safety.

25

**REQUEST FOR PRODUCTION NO. 39:**

26
27

Any and all investigations, summaries, conclusions, and/or findings of the VALLEJO POLICE DEPARTMENT pertaining to the subject-incident involving the death of Decedent.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

The City will produce all responsive documents in its custody, possession or control subject to a protective order, as the criminal investigation in this matter is ongoing and public disclosure is likely to jeopardize the integrity of the pending investigation. Additionally, the Hon. E. Bradley Nelson of the Solano County Superior Court has issued a preliminary injunction order prohibiting the City from disclosing the identity of the involved officer based on a finding that there was specific, articulable particularized reasons to believe disclosure of the record would pose a significant danger to the involved officer's physical safety. Upon its completion, the City is willing to produce the administrative investigation file in his matter subject to a protective order.

**REQUEST FOR PRODUCTION NO. 40:**

Any and all records of taser downloads and/ or taser logs for any Taser ERD issued to Defendant TONN in the five years preceding the subject-incident to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Objection is made on the grounds that this request is overbroad and seeks information that is not relevant to this lawsuit in that the underlying incident does not involve Taser usage.

**REQUEST FOR PRODUCTION NO. 41:**

Any and all VALLEJO police department policies pertaining to VALLEJO Police Department officer involved shootings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Objection is made the request is vague and ambiguous in that an officer-involved shooting may implicate any policies of the Vallejo Police Department, depending on the conduct of the officers, subjects and witnesses. Without waiving these objections, responding party will produce all responsive documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 42:**

All VALLEJO Police Department policies regarding supervision of officers involved in shootings following officer involved shootings.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

1    Objection is made the request is vague and ambiguous in that an officer-involved
2    shooting may implicate any policies of the Vallejo Police Department, depending on the conduct
3    of the officers, subjects and witnesses.  Without waiving these objections, responding party will
4    produce all responsive documents in its possession, custody or control.
5    **REQUEST FOR PRODUCTION NO. 43:**
6    All VALLEJO Police Department policies regarding the use of force.
7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**
8    Responding party will produce all responsive documents in its possession, custody or
9    control.
10    **REQUEST FOR PRODUCTION NO. 44:**
11    Any and all VALLEJO police department policies and training pertaining to responding
12    to public disturbances involving vandalism and/or riots.
13    **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**
14    Objection is made on the basis that this request is vague and ambiguous as to the phrases
15    "public disturbances" and "training", and specifically as propounding parties have not specified
16    what records they seek related to training, they have simply requested "training".  Objection is
17    further made that the request is overbroad in that it is unlimited as to time and scope.
18    Without waiving these objections, responding party will produce all current department
19    policies and documents showing the training courses attended by Officer Tonn.
20    **REQUEST FOR PRODUCTION NO. 45:**
21    Any and all VALLEJO police department policies and training pertaining to discharging
22    a firearm from inside a moving vehicle.
23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**
24    Objection is made on the basis that this request is vague and ambiguous as to the phrases
25    "public disturbances" and "training", and specifically as propounding parties have not specified
26    what records they seek related to training, they have simply requested "training".  Objection is
27    further made that the request is overbroad in that it is unlimited as to time and scope.
28

Without waiving these objections, responding party will produce all current department policies and documents showing the training on this topic attended by Officer Tonn.

**REQUEST FOR PRODUCTION NO. 46:**

Any and all VALLEJO police department policies and training pertaining to taser use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

Objection on the grounds that this request seeks information that is not relevant to this lawsuit and is overbroad in that the underlying incident does not involve taser use.

**REQUEST FOR PRODUCTION NO. 47:**

Any and all VALLEJO police department policies and training pertaining to the use of reasonable less lethal options to the use of lethal force.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Objection is made on the basis that this request is vague and ambiguous as to the phrases "public disturbances" and "training", and specifically as propounding parties have not specified what records they seek related to training, they have simply requested "training".  Objection is further made that the request is overbroad in that it is unlimited as to time and scope.

Without waiving these objections, responding party will produce all current department policies and documents showing the training courses attended by Officer Tonn.

**REQUEST FOR PRODUCTION NO. 48:**

All training materials that purport to describe a hammer as a lethal weapon when it is not in a person's hand.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 49:**

All training materials that purport to describe a hammer as a lethal weapon when it is in a person's pocket.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 50:**

All training materials and policies of Defendant CITY OF VALLEJO that assert that officers who decide to use lethal shall not be subject to having the officer's use of lethal force evaluated afterward for determining whether or not the use of force was reasonable.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 51:**

All training materials and policies of Defendant CITY OF VALLEJO that assert that its police officers have discretion to decide what constitutes a threat of imminent bodily harm or death.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

There are no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 52:**

All training materials and policies of Defendant CITY OF VALLEJO that define the word "imminent" in the context of a subject who may pose an imminent threat of great bodily injury or death.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Objection is made that the request is overbroad in that it is unlimited as to time and scope.

Without waiving these objections, responding party will produce all current department policies defining the term imminent and documents showing the training courses attended by Officer Tonn.

**REQUEST FOR PRODUCTION NO. 53:**

The complete investigative file of Defendant CITY regarding the destruction of the windshield of the patrol vehicle that Defendant TONN fired his AR-15 through 5 times during the subject-incident shooting of Decedent SEAN MONTERROSA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Objection is made that this request seeks information protected by the constitutional right of privacy and Official Information Privilege as disclosure of the requested documents would

1  interfere with the operations of the Vallejo Police Department and invade the right to privacy of

2  Vallejo Police Officers. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez*

3  *v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7; Cal. Evid. Code §

4  1043 et seq.  *See also* declaration of Lt. Knight served herewith.  Further objection is made on

5  the grounds that police officers in particular have a recognized expectation of privacy as to

6  personnel files.

7      Without waiving these objections, the City will produce all responsive records under a

8  protective order once the file is completed.

9  **REQUEST FOR PRODUCTION NO. 54:**

10     The complete internal affairs file pertaining to any and all investigation of and discipline

11  of any officer involved in the destruction of the windshield of the patrol vehicle that Defendant

12  TONN fired his AR-15 through 5 times during the subject-incident shooting of Decedent SEAN

13  MONTERROSA.

14  **RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

15     Objection is made that this request seeks information protected by the constitutional right

16  of privacy and Official Information Privilege as disclosure of the requested documents would

17  interfere with the operations of the Vallejo Police Department and invade the right to privacy of

18  Vallejo Police Officers. *See Kelly v. City of San Jose*, 114 F.R.D. 653 (N.D. Cal. 1987); *Martinez*

19  *v. City of Stockton*, 132 F.R.D. 677 (E.D. Cal. 1990); Cal. Pen. Code § 832.7; Cal. Evid. Code §

20  1043 et seq.  *See also* declaration of Lt. Knight served herewith.  Further objection is made on

21  the grounds that police officers in particular have a recognized expectation of privacy as to

22  personnel files.

23     Without waiving these objections, the City will produce all responsive records under a

24  protective order once the file is completed.

25  **REQUEST FOR PRODUCTION NO. 55:**

26     A copy of Plaintiffs' counsel's office's letter to Defendants' attorneys in the instant-

27  litigation notifying them of their representation in the instant-matter, and demanding preservation

28  of evidence, dated June 5, 2020, addressed to Randy Risner, Esq., Interim City Attorney.

Case No. 2:20-cv-01563-TLN-DB                    **DEFENDANTS' RESPONSES TO**
                                                 **REQUEST FOR PRODUCTION (SET**
                                                 **ONE)**

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

　　　　Responding party has no records responsive to this request.


DATED:  January 5, 2021　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　　 */s/ Katelyn M. Knight*
　　　　　　　　　　　　　　　　　　　　　Katelyn M. Knight
　　　　　　　　　　　　　　　　　　　　　Assistant City Attorney
　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendants, CITY OF
　　　　　　　　　　　　　　　　　　　　　VALLEJO, JARRETT TONN

1 | **VERONICA A.F. NEBB**
City Attorney, SBN 140001
2 | **BY:    KATELYN M. KNIGHT**
Assistant City Attorney, SBN 264573
3 | **MEERA BHATT**
4 | Assistant City Attorney, SBN 259203
**FARRAH HUSSEIN**
5 | Deputy City Attorney, SBN 305726
6 | **CITY OF VALLEJO**, City Hall
555 Santa Clara Street, 3rd Floor
7 | Vallejo, CA  94590
Tel:    (707) 648-4545
8 | Fax:    (707) 648-4687
9 | Email: Katelyn.Knight@cityofvallejo.net
Meera.Bhatt@cityofvallejo.net
10 | Farrah.Hussein@cityofvallejo.net
11 |
Attorneys for Defendants CITY OF VALLEJO and JARRETT TONN
12 |
13 | UNITED STATES DISTRICT COURT
14 |
EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION
15 |

| NEFTALI MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; NORA MONTERROSA, individually and as co-successor-in-interest to Decedent SEAN MONTERROSA; MICHELLE MONTERROSA, individually; ASHLEY MONTERROSA, individually,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; JARRETT TONN, individually, and, Vallejo police officers DOES 1-25, inclusive,<br><br>Defendants. | **Case No:  2:20-cv-01563-TLN-DB**<br><br>**DECLARATION OF LIEUTENANT ROBERT KNIGHT IN SUPPORT OF DEFENDANT CITY OF VALLEJO'S RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS** |

I, Lieutenant Robert Knight, do hereby declare as follows:

Case No. 2:20-cv-01563-TLN-DB                                                KNIGHT DECLARATION
-1-

1      1.     If called as a witness in this matter, I can competently testify to the following matters of fact from personal knowledge.

2.     I am employed with the Vallejo Police Department as a Lieutenant within the Support Services Bureau - Professional Standards Division. One of my responsibilities is to oversee all aspects of the Professional Standards Division of the Police Department, including internal affairs matters, citizen complaints and civil complaints against police officers and our department and officers' personnel records.

3.     I have personally reviewed the documents requested by Plaintiff, including Officer Tonn's complete personnel file and background investigation (RPD Nos. 4 and 9), psychological tests (RPD No. 5), range qualification sheets (RPD No. 8), citizen complaints and inquiry resolutions (RPD No. 10), training records including SWAT training and a record of all POST courses completed (RPD Nos. 18-21). The Requested Documents are collected and maintained by the City of Vallejo's Police Department and retained according to the appropriate retention schedules.

4.     Vallejo Police Officers have a reasonable expectation of privacy of information contained in their personnel files, including performance evaluations, training history, medical information, personal identifying information, and internal affairs documents pursuant to California Constitution and enshrined in California law at Penal Code § 832.7.

5.     Job application and background records are particularly sensitive in nature. The Vallejo Police Department's standard job application and Personal history statement requires extensive personal information including, among other things, the names and contact information for former spouses and all living parents, siblings, and children, residence history going back ten years, information for every job and volunteer position ever held, a list of every law enforcement agency the individual has ever applied to, total disposable monthly income and spending, whether the individual has ever had purchased goods repossessed. Officer Tonn's job application materials consist of extremely sensitive and highly personal information, including results of a credit check, high school transcripts, notes from interviews with family, friends, and neighbors, a copy of his driver's license and driving record, DOJ and FBI fingerprint returns and

1  firearms clearance, and medical and psychiatric clearances. Providing these sensitive records,

2  even under a protective order, would constitute a substantial intrusion into the privacy rights of

3  Officer Tonn as the records have no tendency in reason to prove or disprove any element of a

4  cause of action asserted by Plaintiffs. Disclosing the records would also infringe upon the

5  privacy interests of third parties who provided statements and information regarding their

6  relationship and experience with Officer Tonn during his background investigation.

7        6.     Similarly, records of inquiry resolutions and citizen complaints related to topics

8  other than alleged excessive force and dishonesty or falsification have no bearing on the case at

9  bar and production, even under a carefully crafted protective order, would unreasonably invade

10  the privacy rights of the involved officer. Further, any citizen complaints and/or inquiry

11  resolutions in Officer Tonn's file could include allegations related to non-party police officers,

12  and information pertaining to third-party complainants and witnesses. Non-party officers have a

13  heightened expectation of privacy in this case as no allegations of misconduct are being lodged

14  against them. They are not Defendants. The same is true for third parties or juveniles identified

15  in such documents.

16        7.     The confidentiality of the Requested Documents has been maintained except for

17  review within the confines of the Vallejo Police Department and its attorneys. To preserve the

18  confidentiality of the Requested Documents, this department will not allow them to be copied

19  except for the purpose of providing same to the public entity's attorneys.

20        8.     Police officers have a privacy interest in protecting such documents from

21  disclosure. The Constitution of the State of California guarantees certain rights to privacy that

22  would be impugned by disclosure to Plaintiff when they are not even marginally relevant to the

23  case at bar. Further, the department's self-critical analysis is intended to better the department as

24  opposed to providing information to Plaintiff or the public at large.

25        9.     The confidentiality of Internal Affairs materials is maintained so that investigators

26  and reviewers may openly discuss and when appropriate, criticize officers and/or suggest ways

27  of improvement without fear of civil liability. Disclosure of these records would chill that

28  interest and remove the protections for officers to be candid in order to improve the department.

---

10.     Further, the request for the entire personnel file of Officer Tonn, including all job application materials, citizen complaints and all administrative investigations, and training materials, policies, or otherwise are unduly burdensome and oppressive.  To prepare these documents for disclosure, an administrative analyst in the division I supervise would have to retrieve these documents, review each document and manually redact personal identifying information for any officer that is not a named Defendant, review each document and manually redact any information that references a juvenile victim/suspects and victims of certain other crimes, scan the final set into the computer, submit to the City Attorney's Office for review and bates stamping, and then finally production to Plaintiffs.

11.     The administrative analyst in the Internal Affairs office is the only person responsible for that job function, and thus the scope of Plaintiffs' request would be unduly burdensome and time-consuming for the department. The other job responsibilities of the administrative analyst include training the newly appoint administrative analyst hired to assist her as well as, the processing of new citizen complaints and investigations, providing litigation support for other lawsuits, Public Records Act requests, processing Government Tort Claims involving the Vallejo Police Department, preparing records and appearing in Court for Pitchess Motions as the Custodian of Records, gathering records requested by the Department of Justice in connection with subpoenas and under the Department's collaborative agreement with the Department of Justice, making arrangements for all department personnel attending external training, ongoing processing of Use of Force and Vehicle Pursuit reports, and general administrative support duties to the IA Sergeant, and Professional Standards Division Commander.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on the 5th day of January, 2021 at Vallejo, California.

_____
Lieutenant Robert Knight

Case No. 2:20-cv-01563-TLN-DB                    **KNIGHT DECLARATION**

PROOF OF SERVICE

*NEFTALI MONTERROSA, et al. v. CITY OF VALLEJO, et al.*
**USDC, Eastern District, Sacramento Division, Case No. 2:20-cv-01563-TLN-DB**

        I am over the age of 18 and not a party to the within entitled action. I am employed as a Legal Secretary for the City Attorney's Office, City of Vallejo and my business address is City Hall, 555 Santa Clara Street, Vallejo, California 94590.

        On the date set forth below, I served the document(s) herein on all interested parties to said action by the following means:

☒    **BY MAIL:** By placing a true copy thereof, enclosed in a sealed envelope, for collection and mailing on that date following ordinary business practices, at the Office of the City Attorney, City of Vallejo, City hall, 555 Santa Clara Street, Vallejo, CA 94590, addressed as shown below. I am readily familiar with the City government's practice of collection and processing correspondence for mailing with the United States Postal Service. Under that practice it would be deposited with the United States Postal Service on that same day it was placed for collection and processing, with postage thereon fully prepaid, in the ordinary course of business. Said envelope was addressed to the parties as shown below.

☒    **BY ELECTRONIC TRANSMISSION:** By sending a true copy thereof via e-mail to the person(s) at the e-mail address(es) as shown below. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

<u>DOCUMENT(S) SERVED</u>:    **DEFENDANTS' RESPONSES TO REQUEST FOR PRODUCTION (SET ONE) – by mail and dropox**

                                  **CONFIDENTIAL COV1-1155 (via dropbox) - dropbox only**

                                  **CONFIDENTIAL COV1156 (via Blu-Ray disc) – by mail only**

                                  **COV1157-2042 (via dropbox) – by dropbox only**

<u>ADDRESSEE(S)</u>:        **SEE ATTACHED**

        I certify and declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

        Executed on this 5th day of January 2021, at Vallejo, California.

                                Rachel M. Carranza, Declarant

### PROOF OF SERVICE

***NEFTALI MONTERROSA, et al. v. CITY OF VALLEJO, et al.***
**USDC, Eastern District, Sacramento Division, Case No. 2:20-cv-01563-TLN-DB**

### **\*\*ATTACHMENT\*\***

*Counsel for Plaintiffs*:

JOHN L. BURRIS, Esq.
BENJAMIN NISENBAUM, Esq.
JAMES COOK, Esq.
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
Email: bnisenbaum@gmail.com;
james.cook@johnburrislaw.com

NEFTALI MONTERROSA, NORA
MONTERROSA, MICHELLE MONTERROSA,
and ASHLEY MONTERROSA